IRELL & MANELLA LLP
Jonathan H. Steinberg (98044)
Samuel K. Lu (171969)
Jason G. Sheasby (205455)
C. Maclain Wells (221609)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199
E-mail: jsteinberg@irell.com
E-mail: slu@irell.com
E-mail: jsheasby@irell.com
E-mail: mwells@irell.com

Attorneys for Defendant
LSI CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>  Plaintiff<br><br>  v.<br><br>LSI CORPORATION d/b/a/ LSI LOGIC CORPORATION, a Delaware corporation,<br><br>  Defendant | Case No. CV-08-0775 JW<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **LSI CORPORATION'S ANSWER**

Defendant LSI Corporation ("LSI") hereby answers the Complaint of Plaintiff NXP Semiconductors USA, Inc. ("NXP USA") as follows:

1. In response to paragraph 1, LSI is informed and believes, and on that basis admits, that NXP USA is a Delaware Corporation with its principal place of business at 1109 McKay Drive, San Jose, California 95131. LSI is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint, and therefore denies each and every remaining allegation contained in paragraph 1 of the Complaint.

2. In response to paragraph 2, LSI admits that LSI Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business at 1621 Barber Lane, Milpitas, California 95035. Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 2 of the Complaint.

3. In response to paragraph 3, LSI admits that NXP USA contends that this is an action arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. LSI also admits that NXP USA contends that jurisdiction exists under 1331 and 1338(a). Except as expressly admitted herein, LSI denies each and every allegation of paragraph 3.

4. In response to paragraph 4, LSI admits that it has a place of business in the Northern District of California, and that LSI has sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. Except as expressly admitted herein, LSI denies each and every allegation of paragraph 4.

5. In response to paragraph 5, LSI admits that NXP USA contends that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) & (c). Except as expressly admitted herein, LSI denies each and every allegation of paragraph 5.

6. In response to paragraph 6, LSI admits that NXP USA cites to Northern District of California Local Rule 3-2(c) on the issue of intradistrict assignment. Expect as expressly admitted herein, LSI denies each and every allegation of paragraph 6.

7. In response to paragraph 7, LSI admits that the document attached as Exhibit 1 to the Complaint is entitled Patent License Agreement among American Telephone and Telegraph Company, N.V. Philips' Gloelampenfabrieken, and U.S. Philips Corp., and that the document speaks for itself. LSI admits that the document attached as Exhibit 1 states that "LIMITED PERIOD means the period commencing on the effective date of this Agreement and having a duration of seven (7) years" and states "Effective as of July 1, 1987." Except as expressly admitted herein, LSI denies each and every allegation of paragraph 7.

8. In response to paragraph 8, LSI admits that the document attached as Exhibit 2 to the Complaint speaks for itself. LSI admits that the document attached as Exhibit 2 states that "the LIMITED PERIOD shall be extended from July 1, 1994 to December 31, 1996 (the 'EXTENDED PERIOD')" and that "the licenses and rights granted in the Agreement may be sublicensed to any future divested present business of PHILIPS or of the three entities by the divesting company. Such sublicenses may be granted and retained only while the future divested business operates as a separately identifiable business and not for an existing or other acquired business of a third party acquiring the future divested businesses and only to the extent applicable to those products and services sold by the future divested business which are substantially similar to products and services sold by it prior to its divestiture" Except as expressly admitted herein, LSI denies each and every allegation of paragraph 8.

9. In response to paragraph 9, LSI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.

10. In response to paragraph 10, LSI admits that the titles and filing dates for U.S. Patent Nos. 5,373,180; 5,227,335; 5,599,739; 5,149,672; 5,022,958; 6,153,543; 4,914,500; 4,919,748; 5,600,182; 5,844,928; 5,909,149; 6,163,184; and 5,827,777 listed in paragraph 10 are those that appear on the face of those patents (the "Listed Patents"). With the exception of U.S. Patent No. 5,227,335, LSI also admits that the issue dates for the Listed Patents are those that appear on the face of those patents. LSI further admits that it is the assignee of record of U.S. Patent Nos. 5,600,182 and 5,827,777. With the exception of U.S. Patent Nos. 5,600,182 and

5,827,777, LSI denies that it is the assignee of record of the Listed Patents.  LSI admits that copies of the Listed Patents are attached as Exhibits 3-15 to the Complaint.  LSI also admits that the documents listed in Exhibits 3-15 speak for themselves.  Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 10 of the Complaint.

11.     In response to paragraph 11, LSI admits that it has had communications with NXP USA in 2007 and 2008.  Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 11 of the Complaint.

12.     In response to paragraph 12, LSI admits that NXP USA has filed a declaratory judgment action disputing the validity and/or the infringement of certain of the Listed Patents.  Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13, LSI admits that NXP USA seeks a declaratory judgment that the claims of certain of the Listed Patents are invalid and/or that NXP USA does not infringe any valid claim of certain of the Listed Patents.  Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 13 of the Complaint.

14.     In response to paragraph 14, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

15.     LSI admits that NXP USA contends that, for the Listed Patents filed during what NXP USA terms the "Extended Period," any use of the patented methods or technology by NXP USA is licensed and therefore non-infringing.  Except as expressly admitted herein, LSI denies each and every allegation contained in paragraph 15 of the Complaint.

16.     In response to paragraph 16, LSI admits that NXP USA seeks a judicial determination of the rights and duties of the parties under what it terms the "PLA" and that it seeks a declaration that any use by NXP USA of the methods or technology claimed in patents that were filed by AT&T or what NXP USA designed as "related companies" during what it terms the "Extended Period" is licensed and therefore non-infringing.  LSI denies that NXP USA is entitled to this relief, and except as so admitted in the previous sentence, LSI denies each and every allegation of paragraph 16.

17. In response to paragraph 17, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

18. In response to paragraph 18, LSI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.

19. In response to paragraph 19, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

20. In response to paragraph 20, LSI denies each and every allegation contained in paragraph 20 of the Complaint.

21. In response to paragraph 21, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

22. In response to paragraph 22, LSI denies each and every allegation contained in paragraph 22 of the Complaint.

23. In response to paragraph 23, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

24. In response to paragraph 24, LSI denies each and every allegation contained in paragraph 24 of the Complaint.

25. In response to paragraph 25, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

26. In response to paragraph 26, LSI denies each and every allegation contained in paragraph 26 of the Complaint.

27. In response to paragraph 27, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

28. In response to paragraph 28, LSI denies each and every allegation contained in paragraph 28 of the Complaint.

29. In response to paragraph 29, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

30. In response to paragraph 30, LSI denies each and every allegation contained in paragraph 30 of the Complaint.

31. In response to paragraph 31, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

32. In response to paragraph 32, LSI denies each and every allegation contained in paragraph 32 of the Complaint.

33. In response to paragraph 33, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

34. In response to paragraph 34, LSI denies each and every allegation contained in paragraph 34 of the Complaint.

35. In response to paragraph 35, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

36. In response to paragraph 36, LSI denies each and every allegation contained in paragraph 36 of the Complaint.

37. In response to paragraph 37, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

38. In response to paragraph 38, LSI denies each and every allegation contained in paragraph 38 of the Complaint.

39. In response to paragraph 39, LSI incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

40. In response to paragraph 40, LSI denies each and every allegation contained in paragraph 40 of the Complaint.

## FIRST DEFENSE

Communications between LSI and NXP USA regarding the subject matter of the Complaint are subject to a non-disclosure agreement and are not admissible in this litigation.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over the complaint or, in the alternative, should exercise its discretion to decline subject matter jurisdiction.

## THIRD DEFENSE

NXP USA's First Claim for Relief is bared based on laches and/or estoppel.

## FOURTH DEFENSE

The claims of the Listed Patents are valid and enforceable.

## FIFTH DEFENSE

NXP USA has failed to join parties required by Federal Rules of Civil Procedure 19.

## PRAYER FOR RELIEF ON NXP USA'S COMPLAINT

WHEREFORE, LSI prays for judgment against NXP USA on NXP USA's Complaint, as follows:

A. That NXP USA take nothing by its claims for relief;

B. That NXP USA's claims for relief be dismissed with prejudice;

C. That the Court enter judgment against NXP USA and in favor of LSI in all respects;

D. That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and award attorneys' fees and costs to LSI in this action; and

E. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LSI hereby demands a trial by jury on any issue triable of right by a jury.

Dated:  April 24, 2008                         Respectfully submitted,

                                               IRELL & MANELLA LLP
                                               Jonathan H. Steinberg
                                               Samuel K. Lu
                                               Jason G. Sheasby
                                               C. Maclain Wells


                                               By: /s/ C. Maclain Wells
                                                     C. Maclain Wells

                                               Attorneys for Defendant and Counterclaimant
                                               LSI Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on file with the Clerk of Court.

By: /s/ C. Maclain Wells
C. Maclain Wells