| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Michael E. Molland (State Bar No. 111830)<br>Daniel Johnson, Jr. (State Bar No. 57409)<br>Brett Schuman (State Bar No. 189247)<br>Gregg P. Yates (State Bar No. 224641)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br>E-mail: mmolland@morganlewis.com<br>E-mail: djjohnson@morganlewis.com<br>E-mail: bschuman@morganlewis.com<br>E-mail: gyates@morganlewis.com | IRELL & MANELLA LLP<br>Jonathan H. Steinberg (State Bar No. 98044)<br>Samuel K. Lu (State Bar No. 171969)<br>Jason G. Sheasby (State Bar No. 205455)<br>C. Maclain Wells (State Bar No. 221609)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Tel: 310.277-1010<br>Fax: 310-203-7199<br>E-mail: jsteinberg@irell.com<br>E-mail: slu@irell.com<br>E-mail: jsheasby@irell.com<br>E-mail: mwells@irell.com |
| Attorneys for Plaintiff<br>NXP SEMICONDUCTORS USA, INC. | Attorneys for Defendant<br>LSI CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV-08-0775 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

1

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

1  Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), Plaintiff NXP
2  SEMICONDUCTORS USA, INC. ("NXP") and Defendant LSI CORPORATION ("LSI") jointly
3  submit this Case Management Statement and Proposed Order and request the Court to adopt it as
4  the Case Management Order in this case.

I.  **Jurisdiction and Service**

This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. LSI contends that this Court lacks subject matter jurisdiction over a number of NXP's claims at least because a number of the patents-in-suit are assigned to Agere Systems, Inc. ("AGERE"), who was not a party to this action at the time of LSI's answer.

On May 8, 2008, NXP sent LSI a proposed Amended Complaint and stipulation for the filing of this Amended Complaint that addresses this issue. LSI has stipulated to NXP's filing of the Amended Complaint.

The parties agree that venue is proper in this district and that the Court has personal jurisdiction over the current parties.

II.  **Description of the Case and Disputed Factual Issues**

NXP is a subsidiary of NXP BV. NXP, formerly Philips Semiconductors USA, Inc., manufactures semiconductor products. NXP has represented that NXP is the only NXP-entity importing, manufacturing, selling or offering for sale any allegedly infringing products in the U.S., and has been the only such NXP entity doing so since it was formed in 2006. Prior to the formation of NXP, Philips Semiconductors, Inc., Philips Semiconductors Manufacturing, Inc., and Philips Semiconductors USA, Inc. were the only Philips-entities that imported, manufactured, offered to sell, or sold semiconductor products in the U.S. within the past 6 years. The assets and liabilities of the aforementioned Philips entities have become part of NXP.

NXP alleges that NXP, LSI and AGERE engaged in pre-litigation negotiations regarding U.S. Patent No. 5,600,182 (the "'182 Patent"), U.S. Patent No. 5,827,777 (the "'777 Patent"), U.S. Patent No. 5,373,180 (the "'180 Patent"), U.S. Patent No. 5,227,335 (the "'335 Patent"), U.S. Patent No. 5,149,672 (the "'672 Patent"), U.S. Patent No. 5,599,739 (the "'739 Patent"), U.S. Patent No. 5,022,958 (the "'958 Patent"), U.S. Patent No. 6,153,543 (the "'543 Patent"),

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7707412.1

2

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

U.S. Patent No. 4,914,500 (the "'500 Patent"), U.S. Patent No. 4,919,748 (the "'748 Patent"), U.S. Patent No. 5,844,928 (the "'928 Patent"), U.S. Patent No. 5,909,149 (the "'149 Patent"), and U.S. Patent No. 6,163,184 (the "'184 Patent").

During such negotiations, NXP asserted, among other things, that it was licensed to many, but not all, of the aforementioned patents under a 1987 cross license agreement ("Patent License Agreement") between N.V. Philips' Gloeilampenfabrieken ("Philips"), and American Telephone And Telegraph Company ("AT&T"). NXP asserted, among other things, that both NXP and LSI were successors-in-interest to Philips and AT&T under the Patent License Agreement.

NXP filed the instant Declaratory Judgment Action on February 1, 2008. NXP contends that an actual controversy has arisen and now exists between NXP on the one hand and LSI and AGERE on the other hand with respect to the aforementioned patents.

The principal factual issues in dispute are:[1]

1. Whether the Patent License Agreement entered into by predecessors-in-interest to the current parties, as extended and modified, grants NXP a license to the '180, '335, '739, '672, '958, '500, '748, and '928 Patents;

2. Whether the manufacture, use, sale, or offer for sale of NXP's product(s) constitutes an infringement of any valid and enforceable claim of the '180, '335, '739, '672, '958, '543, '500, '748, '928, '149, and '184 Patents.

3. Whether the manufacture, use, sale, or offer for sale of NXP's product(s) constitutes an inducement to infringe any valid and enforceable claim of the '180, '335, '739, '672, '958, '543, '500, '748, '928, '149, and '184 Patents.

4. Whether the manufacture, use, sale, or offer for sale of NXP's product(s) constitutes a contributory infringement of any valid and enforceable claim of the '180, '335, '739, '672, '958, '543, '500, '748, '928, '149, and '184 Patents.

5. Whether the following LSI or AGERE patents are valid: the '335, '739, '958, '543, '500, '748, '182, '928, '149, '184, and '777 Patents.

III. **Description of the Legal Issues**

---

[1] The following factual issues are based on the allegations in NXP's proposed Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

3

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

As currently pled, the principal disputed legal issues in this action are:

1. The legal effect of the Patent License Agreement, as extended and modified, on the rights and duties of the parties with respect to the patents-in-suit;

2. The construction of the claims of the patents-in-suit; and

3. The validity of the patents in suit.

## IV. Motions

The parties anticipate that motions for summary judgment will be filed as to non-infringement, invalidity, and the meaning of the Patent License Agreement.

## V. Amendment of Pleadings

NXP has sent LSI a proposed amended complaint to add LSI's wholly-owned subsidiary AGERE as a defendant and to assert additional claims for declaratory judgment of noninfringement. LSI has stipulated to the filing of this amended complaint.

LSI and AGERE intend to assert counterclaims of infringement with regard to one or more of the patents-in-suit, once NXP amends the Complaint to add AGERE.

LSI and AGERE anticipate that discovery may be necessary to form a basis for asserting counterclaims with regard to infringement of one or more additional patents-in-suit. LSI and AGERE anticipate moving to file counterclaims for infringement of such patents once such discovery is completed. NXP reserves its right to oppose such discovery or amendment, as appropriate.

LSI anticipates that, as discovery progresses, it may identify additional NXP-related entities that infringe or have infringed the patents-in-suit and that these entities may need to be added to the Complaint. NXP reserves its right to oppose any motion for leave to add additional parties, as appropriate.

Both parties reserve the right to add claims based on other patents as this matter progresses.

## VI. Evidence Preservation

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. These steps include the suspension of normal document destruction

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

4

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

programs, ongoing erasure of e-mails, voice-mails, and other electronically-recorded material, and the institution of a litigation hold for both hardcopy documents and electronic documents.

## VII. Disclosures

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on May 12, 2008. The parties agreed that both parties' Fed. R. Civ. P. 26(a) disclosures would be due ten (10) days following the case management conference. Under these rules and Fed. R. Civ. P. 6, these disclosures shall take place on June 16, 2008. The parties each reserve the right to supplement their disclosures as discovery continues.

## VIII. Discovery

Both parties presently anticipate that the limits provided for in the Federal Rules of Civil Procedure, such as limits on depositions and the number of interrogatories, may be too restrictive in light of the number of patents potentially at issue in this case. However, until LSI asserts its counterclaims, thereby clarifying the scope of this action, the parties cannot predict how much discovery will be required. The parties agree to revisit these limits on discovery when their threshold issues are resolved.

The parties also agree as to a number of other discovery-related matters: The parties agree to accept service by e-mail with hard copies to follow by overnight mail. Each counsel will establish an e-mail distribution list accessible through a single external e-mail address. E-mail service shall be completed by 7 pm PST. The parties will separately send an e-mail without attachments confirming service of any email sent with attachments.

Finally, the parties agree that a stipulated protective order will be required.

## IX. Class Action

This is not a class action.

## X. Related Cases

On April 18, 2008, LSI and AGERE filed a complaint with the U.S. International Trade Commission in Washington, D.C. ("ITC Action") against eighteen (18) defendants, including NXP USA's corporate parent, NXP B.V. In the ITC Action, LSI and AGERE allege that defendants are engaging or have engaged in conduct that infringes the '335 Patent. On May 15,

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7707412.1

5

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

2008, the ITC ordered the commencement of an investigation into infringement of the '335 Patent. A copy of the ITC's Notice of Institution is attached.

On April 18, 2008, LSI and AGERE filed an action in the U.S. District Court for the Eastern District of Texas against the same eighteen (18) defendants as the ITC proceeding, including NXP's corporate parent, NXP B.V. *See LSI Corp. and Agere Systems, Inc. v. United Microelectronics Corp. et al.*, 2-08 CV-165 (E.D. Tex. filed Apr. 18, 2008). The suit claims that all defendants, including NXP B.V., are engaging or have engaged in conduct that infringes the '335 Patent. A copy of the complaint from the Eastern District of Texas action is attached. NXP has represented that NXP B.V. is not committing any allegedly infringing acts. Once AGERE is properly added as a party in the Northern District of California action, LSI and AGERE intend to dismiss the Texas complaint as to NXP B.V.

XI. **Relief**

Based upon the current pleadings and NXP's proposed Amended Complaint, NXP is seeking a declaratory judgment regarding the principal factual issues listed above, as well as its reasonable attorneys' fees, expenses and costs on the ground that this case is exceptional.

XII. **Settlement and ADR**

The parties timely met and conferred pursuant to ADR Local Rule 3-5(a). The parties agree that private mediation may be appropriate in this matter, but that such mediation should not take place until at least after the parties have had sufficient opportunity to engage in discovery in support of Claim Construction. Thus, by the parties' proposed schedule, *see* Part XVII *infra*, the parties agree that any private mediation should not take place until after February 20, 2009. The parties will file a Stipulation and [Proposed] Order Selecting ADR Process with the Court.

XIII. **Consent to Magistrate Judge For All Purposes**

The parties decline the assignment of this case to a U.S. Magistrate Judge.

XIV. **Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties agree that this Court should handle all claim construction, pretrial and trial

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7707412.1

6

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

issues.

XV. **Narrowing of the Issues**

NXP proposes that the Court phase this litigation, and that the parties litigate through dispositive motion practice NXP's declaratory judgment claim regarding the effect of the Patent License Agreement before issues relating to the noninfringement or invalidity of the patents-in-suit. Eight of thirteen patents currently being disputed are potentially subject to a complete defense under the 1987 license agreement that is the subject of NXP's First Claim for Relief in this case. By litigating the effect of the Patent License Agreement first, the Court could significantly clarify the scope of this dispute.

LSI does not believe that NXP will succeed on a motion for summary judgment. However, because denial of summary judgment may facilitate resolution of this dispute, LSI requests that the Court phase the litigation by allowing ample time for discovery on licensing-related issues before deadlines for patent disclosures begin. This will give NXP the opportunity to file a motion for summary judgment on the license defense to the extent, after taking discovery, it believes such a motion is appropriate.

XVI. **Expedited Schedule**

The parties do not believe that this case is appropriate for an expedited schedule.

XVII. **Scheduling**

If the Court were to agree to phase the litigation, the parties would propose the following schedule:

| | |
|---|---|
| Case Management Conference | June 2, 2008 |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | June 16, 2008 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement and Patent L.R. 3-5 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have not counterclaimed for infringement | March 16, 2009 |
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have | April 30, 2009 |

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7707412.1

7

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

| | |
|---|---|
| counterclaimed for infringement | |
| Second Case Management Conference | May 15, 2009 |
| Patent L.R. 4-1 Exchange of Proposed Terms | June 1, 2009 |
| Patent L.R. 4-2 Preliminary Claim Construction | June 19, 2009 |
| Patent L.R. 4-3 Joint Claim Construction | July 17, 2009 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | August 21, 2009 |
| Patent L.R. 4-5 Claim Construction Brief | September 7, 2009 |
| Tutorial | October 2009 |
| Claim Construction Hearing | October 2009 |
| Last Day to Amend Pleadings/Add Parties | December 2009 |
| Fact Discovery Cut-off | TBD at post claim construction case management conference |
| Disclosure of Identity of Liability Experts | TBD |
| Written Expert Reports Due | TBD |
| Rebuttal Expert Reports Due | TBD |
| Expert Discovery Cut-off | TBD |
| Deadline for Filing Dispositive Motions | TBD |
| Pretrial Conference | TBD |
| TRIAL | TBD |

If the Court were to decline to phase this litigation as suggested by the parties in Part XIV, *supra*, the parties would jointly propose the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Case Management Conference | June 2, 2008 |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | June 16, 2008 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement and Patent L.R. 3-5 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have not counterclaimed for infringement | September 15, 2008 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

8

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

| | |
|---|---|
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement | October 30, 2008 |
| Second Case Management Conference | November 14, 2008 |
| Patent L.R. 4-1 Exchange of Proposed Terms | December 1, 2008 |
| Patent L.R. 4-2 Preliminary Claim Construction | December 19, 2008 |
| Patent L.R. 4-3 Joint Claim Construction | January 19, 2009 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | February 20, 2009 |
| Patent L.R. 4-5 Claim Construction Brief | March 9, 2009 |
| Tutorial | May 2009 |
| Claim Construction Hearing | May 2009 |
| Last Day to Amend Pleadings/Add Parties | December 2009 |
| Fact Discovery Cut-off | TBD at post claim construction case management conference |
| Disclosure of Identity of Liability Experts | TBD |
| Written Expert Reports Due | TBD |
| Rebuttal Expert Reports Due | TBD |
| Expert Discovery Cut-off | TBD |
| Deadline for Filing Dispositive Motions | TBD |
| Pretrial Conference | TBD |
| TRIAL | TBD |

XVIII. **Trial**

The parties jointly request a jury trial. The length of the trial can be better ascertained after the parties have determined and added all their patent-related claims.

XIX. **Disclosure of Nonparty Interested Entities or Persons**

NXP has filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

9

1-SF/7707412.1

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NXP certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: NXP B.V.

LSI has filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

LSI certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: None.

XX. **Patent Related Issues Pursuant to Patent Local Rule 2-1(a)**

   A. **Proposed Modification of the Deadlines Provided for in the Patent Local Rules**

   *See* Part XVII, *supra*.

   B. **Extrinsic Evidence and Live Testimony at the Claims Construction Hearing**

   The parties do not currently anticipate presenting extrinsic evidence and live testimony at the Claim Construction hearing. If these positions were to change during the course of discovery and briefing, the parties would seek the Court's approval to present such evidence at the hearing pursuant to the Court's Standing Order for Patent Cases ¶ 10.

   C. **Order of Presentation at the Claim Construction Hearing**

   Currently, the only patents at issue are owned by LSI or its wholly-owned subsidiary AGERE. The parties agree that LSI and/or AGERE will present first with respect to their own patents-in-suit.

   D. **Need for Limits on Discovery Related to Claim Construction**

   The parties do not envision any further limits on discovery related to claim construction. The parties anticipate expanding the limitations of the Federal Rules of Civil Procedure upon

Attorneys At Law
San Francisco

1-SF/7707412.1

10

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

certain methods of discovery, after the parties have determined which patents will be litigated in this action.

### E.    Scheduling of a Claims Construction Prehearing Conference

The parties propose a second case management conference on either November 14, 2008 or May 15, 2009 (depending on whether the Court phases the litigation).

Dated: May 23, 2008                    MORGAN, LEWIS & BOCKIUS LLP

By /s/  Gregg P. Yates
    Gregg P. Yates
    Attorneys for Plaintiff

Dated: May 23, 2008                    IRELL & MANELLA LLP

By /s/ C. Maclain Wells
    C. Maclain Wells
    Attorneys for Defendant

### [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case.  The parties shall comply with this Order.

**IT IS SO ORDERED.**

Dated: May ___, 2008

By _____
    HON. JAMES WARE
    UNITED STATES DISTRICT JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

11

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1   Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Gregg P. Yates,
2   attest that concurrence in the filing of this document has been obtained from each of the other
3   signatories.  I declare under penalty of perjury under the laws of the United States of America that
4   the foregoing is true and correct.
5   Executed this 23d day of May 2008, at San Francisco.

              /s/  Gregg P. Yates
                 Gregg P. Yates

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7707412.1

12

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW