MORGAN, LEWIS & BOCKIUS LLP
Michael E. Molland (State Bar No. 111830)
Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Gregg P. Yates (State Bar No. 224641)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:  mmolland@morganlewis.com
E-mail:  djjohnson@morganlewis.com
E-mail:  bschuman@morganlewis.com
E-mail:  gyates@morganlewis.com

Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.

IRELL & MANELLA LLP
Jonathan H. Steinberg (State Bar No. 98044)
Samuel K. Lu (State Bar No. 171969)
Jason G. Sheasby (State Bar No. 205455)
C. Maclain Wells (State Bar No. 221609)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
Tel:  310.277-1010
Fax:  310-203-7199
E-mail:  jsteinberg@irell.com
E-mail:  slu@irell.com
E-mail:  jsheasby@irell.com
E-mail:  mwells@irell.com

Attorneys for Defendant
LSI CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV-08-0775 JW<br><br>**DECLARATION OF GREGG P. YATES IN SUPPORT OF JOINT CIV. L.R. 7-11 MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO APPEND OMITTED ATTACHMENTS TO JOINT CASE MANAGEMENT STATEMENT AND STIPULATION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7709142.1

1

YATES DECL. ISO JT MOT. APPEND OMITTED
ATTACHMENTS TO JCMS AND STIP.
CV-08-0775 JW

1      I, Gregg P. Yates, hereby declare:

2      I am an attorney at the law firm of Morgan, Lewis & Bockius LLP, attorneys for Plaintiff

3 NXP SEMICONDUCTORS USA, INC. ("NXP"). I am a member in good standing of the Bar of

4 the State of California and admitted to practice in the United States District Court for the

5 Northern District of California. I submit this declaration in support of the parties' Joint Motion

6 for Leave to Append Omitted Attachments to their Joint Case Management Statement and

7 Stipulation.

8      1.    On May 23, 2008, with the approval of C. Maclain Wells, Esq., counsel for

9 Defendant LSI Corporation ("LSI"), I electronically filed the Joint Case Management Statement

10 in this Action ("JCMS"). A true and correct copy of the JCMS, as I filed it on May 23, 2008 is

11 attached hereto as **Exhibit 1**. Part X of the JCMS expressly refers to two actions filed by LSI,

12 one with the U.S. International Trade Commission in Washington, D.C., and the other in the U.S.

13 District Court for the Eastern District of Texas. *See* Exhibit 1 at 5, 6. The JCMS also explains

14 that the Notice of Investigation from the former action, and the Complaint from the latter, were

15 attached to the JCMS. *Id.* However, in filing the JCMS, I inadvertently omitted these documents.

16      2.    Attached hereto as **Exhibit 2** is a true and correct copy of the Notice of

17 Investigation from the U.S. International Trade Commission action filed by LSI, purportedly on

18 or about April 18, 2008, with a slip sheet identifying the document as "Attachment A" to the

19 JCMS.

20      3.    Attached hereto as **Exhibit 3** is a true and correct copy of the complaint filed by

21 LSI with the U.S. District Court for the Eastern District of Texas, purportedly on or about April

22 18, 2008, with a slip sheet identifying the document as "Attachment B" to the JCMS.

23      I declare under penalty of perjury under the laws of the State of California and the United

24 States of America that the foregoing is true and correct.

25

26 Dated: May 30, 2008             /s/   Gregg P. Yates

27                              Gregg P. Yates

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7709142.1      2      YATES DECL. ISO JT MOT. APPEND OMITTED
ATTACHMENTS TO JCMS AND STIP.
CV-08-0775 JW

# EXHIBIT 1

MORGAN, LEWIS & BOCKIUS LLP
Michael E. Molland (State Bar No. 111830)
Daniel Johnson, Jr. (State Bar No. 57409)
Brett Schuman (State Bar No. 189247)
Gregg P. Yates (State Bar No. 224641)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:  mmolland@morganlewis.com
E-mail:  djjohnson@morganlewis.com
E-mail:  bschuman@morganlewis.com
E-mail:  gyates@morganlewis.com

Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.

IRELL & MANELLA LLP
Jonathan H. Steinberg (State Bar No. 98044)
Samuel K. Lu (State Bar No. 171969)
Jason G. Sheasby (State Bar No. 205455)
C. Maclain Wells (State Bar No. 221609)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
Tel:  310.277-1010
Fax:  310-203-7199
E-mail:  jsteinberg@irell.com
E-mail:  slu@irell.com
E-mail:  jsheasby@irell.com
E-mail:  mwells@irell.com

Attorneys for Defendant
LSI CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV-08-0775 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

1

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C. 08-0775 JW

1    Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), Plaintiff NXP

2    SEMICONDUCTORS USA, INC. ("NXP") and Defendant LSI CORPORATION ("LSI") jointly

3    submit this Case Management Statement and Proposed Order and request the Court to adopt it as

4    the Case Management Order in this case.

5    I.    **Jurisdiction and Service**

6        This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

7    2202.  LSI contends that this Court lacks subject matter jurisdiction over a number of NXP's

8    claims at least because a number of the patents-in-suit are assigned to Agere Systems, Inc.

9    ("AGERE"), who was not a party to this action at the time of LSI's answer .

10       On May 8, 2008, NXP sent LSI a proposed Amended Complaint and stipulation for the

11   filing of this Amended Complaint that addresses this issue.  LSI has stipulated to NXP's filing of

12   the Amended Complaint.

13       The parties agree that venue is proper in this district and that the Court has personal

14   jurisdiction over the current parties.

15   II.   **Description of the Case and Disputed Factual Issues**

16       NXP is a subsidiary of NXP BV.  NXP, formerly Philips Semiconductors USA, Inc.,

17   manufactures semiconductor products.  NXP has represented that NXP is the only NXP-entity

18   importing, manufacturing, selling or offering for sale any allegedly infringing products in the

19   U.S., and has been the only such NXP entity doing so since it was formed in 2006.  Prior to the

20   formation of NXP, Philips Semiconductors, Inc., Philips Semiconductors Manufacturing, Inc.,

21   and Philips Semiconductors USA, Inc. were the only Philips-entities that imported, manufactured,

22   offered to sell, or sold semiconductor products in the U.S. within the past 6 years.  The assets and

23   liabilities of the aforementioned Philips entities have become part of NXP.

24       NXP alleges that NXP, LSI and AGERE engaged in pre-litigation negotiations regarding

25   U.S. Patent No. 5,600,182 (the "'182 Patent"), U.S. Patent No. 5,827,777 (the "'777 Patent"),

26   U.S. Patent No. 5,373,180 (the "'180 Patent"), U.S. Patent No. 5,227,335 (the "'335 Patent"),

27   U.S. Patent No. 5,149,672 (the "'672 Patent"), U.S. Patent No. 5,599,739 (the "'739 Patent"),

28   U.S. Patent No. 5,022,958 (the "'958 Patent"), U.S. Patent No. 6,153,543 (the "'543 Patent"),

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

2

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1    U.S. Patent No. 4,914,500 (the "'500 Patent"), U.S. Patent No. 4,919,748 (the "'748 Patent"),

2    U.S. Patent No. 5,844,928 (the "'928 Patent"), U.S. Patent No. 5,909,149 (the "'149 Patent"), and

3    U.S. Patent No. 6,163,184 (the "'184 Patent").

4        During such negotiations, NXP asserted, among other things, that it was licensed to many,

5    but not all, of the aforementioned patents under a 1987 cross license agreement ("Patent License

6    Agreement") between N.V. Philips' Gloeilampenfabrieken ("Philips"), and American Telephone

7    And Telegraph Company ("AT&T"). NXP asserted, among other things, that both NXP and LSI

8    were successors-in-interest to Philips and AT&T under the Patent License Agreement.

9        NXP filed the instant Declaratory Judgment Action on February 1, 2008. NXP contends

10   that an actual controversy has arisen and now exists between NXP on the one hand and LSI and

11   AGERE on the other hand with respect to the aforementioned patents.

12       The principal factual issues in dispute are:[1]

13       1.    Whether the Patent License Agreement entered into by predecessors-in-interest to

14   the current parties, as extended and modified, grants NXP a license to the '180, '335, '739, '672,

15   '958, '500, '748, and '928 Patents;

16       2.    Whether the manufacture, use, sale, or offer for sale of NXP's product(s)

17   constitutes an infringement of any valid and enforceable claim of the '180, '335, '739, '672, '958,

18   '543, '500, '748, '928, '149, and '184 Patents.

19       3.    Whether the manufacture, use, sale, or offer for sale of NXP's product(s)

20   constitutes an inducement to infringe any valid and enforceable claim of the '180, '335, '739,

21   '672, '958, '543, '500, '748, '928, '149, and '184 Patents.

22       4.    Whether the manufacture, use, sale, or offer for sale of NXP's product(s)

23   constitutes a contributory infringement of any valid and enforceable claim of the '180, '335, '739,

24   '672, '958, '543, '500, '748, '928, '149, and '184 Patents.

25       5.    Whether the following LSI or AGERE patents are valid: the '335, '739, '958,

26   '543, '500, '748, '182, '928, '149, '184, and '777 Patents.

27   III.   **Description of the Legal Issues**

28   _____

[1] The following factual issues are based on the allegations in NXP's proposed Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

3

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C. 08-0775 JW

1    As currently pled, the principal disputed legal issues in this action are:

2    1.    The legal effect of the Patent License Agreement, as extended and modified, on

3    the rights and duties of the parties with respect to the patents-in-suit;

4    2.    The construction of the claims of the patents-in-suit; and

5    3.    The validity of the patents in suit.

6    **IV.    Motions**

7    The parties anticipate that motions for summary judgment will be filed as to non-

8    infringement, invalidity, and the meaning of the Patent License Agreement.

9    **V.    Amendment of Pleadings**

10    NXP has sent LSI a proposed amended complaint to add LSI's wholly-owned subsidiary

11    AGERE as a defendant and to assert additional claims for declaratory judgment of

12    noninfringement.  LSI has stipulated to the filing of this amended complaint.

13    LSI and AGERE intend to assert counterclaims of infringement with regard to one or

14    more of the patents-in-suit, once NXP amends the Complaint to add AGERE.

15    LSI and AGERE anticipate that discovery may be necessary to form a basis for asserting

16    counterclaims with regard to infringement of one or more additional patents-in-suit.  LSI and

17    AGERE anticipate moving to file counterclaims for infringement of such patents once such

18    discovery is completed.  NXP reserves its right to oppose such discovery or amendment, as

19    appropriate.

20    LSI anticipates that, as discovery progresses, it may identify additional NXP-related

21    entities that infringe or have infringed the patents-in-suit and that these entities may need to be

22    added to the Complaint.  NXP reserves its right to oppose any motion for leave to add additional

23    parties, as appropriate.

24    Both parties reserve the right to add claims based on other patents as this matter

25    progresses.

26    **VI.    Evidence Preservation**

27    Both parties have taken steps to preserve evidence relevant to the issues reasonably

28    evident in this action.  These steps include the suspension of normal document destruction

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                1-SF/7707412.1

4

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1  programs, ongoing erasure of e-mails, voice-mails, and other electronically-recorded material,

2  and the institution of a litigation hold for both hardcopy documents and electronic documents.

3  VII.  **Disclosures**

4  The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on

5  May 12, 2008.  The parties agreed that both parties' Fed. R. Civ. P. 26(a) disclosures would be

6  due ten (10) days following the case management conference.  Under these rules and Fed. R. Civ.

7  P. 6, these disclosures shall take place on June 16, 2008.  The parties each reserve the right to

8  supplement their disclosures as discovery continues.

9  VIII.  **Discovery**

10  Both parties presently anticipate that the limits provided for in the Federal Rules of Civil

11  Procedure, such as limits on depositions and the number of interrogatories, may be too restrictive

12  in light of the number of patents potentially at issue in this case.  However, until LSI asserts its

13  counterclaims, thereby clarifying the scope of this action, the parties cannot predict how much

14  discovery will be required.  The parties agree to revisit these limits on discovery when their

15  threshold issues are resolved.

16  The parties also agree as to a number of other discovery-related matters:  The parties agree

17  to accept service by e-mail with hard copies to follow by overnight mail.  Each counsel will

18  establish an e-mail distribution list accessible through a single external e-mail address.  E-mail

19  service shall be completed by 7 pm PST.  The parties will separately send an e-mail without

20  attachments confirming service of any email sent with attachments.

21  Finally, the parties agree that a stipulated protective order will be required.

22  IX.  **Class Action**

23  This is not a class action.

24  X.  **Related Cases**

25  On April 18, 2008, LSI and AGERE filed a complaint with the U.S. International Trade

26  Commission in Washington, D.C. ("ITC Action") against eighteen (18) defendants, including

27  NXP USA's corporate parent, NXP B.V.  In the ITC Action, LSI and AGERE allege that

28  defendants are engaging or have engaged in conduct that infringes the '335 Patent.  On May 15,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

5

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C. 08-0775 JW

1    2008, the ITC ordered the commencement of an investigation into infringement of the '335

2    Patent. A copy of the ITC's Notice of Institution is attached.

3           On April 18, 2008, LSI and AGERE filed an action in the U.S. District Court for the

4    Eastern District of Texas against the same eighteen (18) defendants as the ITC proceeding,

5    including NXP's corporate parent, NXP B.V. *See LSI Corp. and Agere Systems, Inc. v. United*

6    *Microelectronics Corp. et al.*, 2-08 CV-165 (E.D. Tex. filed Apr. 18, 2008). The suit claims that

7    all defendants, including NXP B.V., are engaging or have engaged in conduct that infringes the

8    '335 Patent. A copy of the complaint from the Eastern District of Texas action is attached. NXP

9    has represented that NXP B.V. is not committing any allegedly infringing acts. Once AGERE is

10   properly added as a party in the Northern District of California action, LSI and AGERE intend to

11   dismiss the Texas complaint as to NXP B.V.

12   XI.   **Relief**

13          Based upon the current pleadings and NXP's proposed Amended Complaint, NXP is

14   seeking a declaratory judgment regarding the principal factual issues listed above, as well as its

15   reasonable attorneys' fees, expenses and costs on the ground that this case is exceptional.

16   XII.  **Settlement and ADR**

17          The parties timely met and conferred pursuant to ADR Local Rule 3-5(a). The parties

18   agree that private mediation may be appropriate in this matter, but that such mediation should not

19   take place until at least after the parties have had sufficient opportunity to engage in discovery in

20   support of Claim Construction. Thus, by the parties' proposed schedule, *see* Part XVII *infra*, the

21   parties agree that any private mediation should not take place until after February 20, 2009. The

22   parties will file a Stipulation and [Proposed] Order Selecting ADR Process with the Court.

23   XIII. **Consent to Magistrate Judge For All Purposes**

24          The parties decline the assignment of this case to a U.S. Magistrate Judge.

25   XIV.  **Other References**

26          The parties do not believe that this case is suitable for reference to binding arbitration, a

27   special master, or the Judicial Panel on Multidistrict Litigation.

28          The parties agree that this Court should handle all claim construction, pretrial and trial

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

6

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C. 08-0775 JW

1    issues.

2    XV.    **Narrowing of the Issues**

3          NXP proposes that the Court phase this litigation, and that the parties litigate through

4    dispositive motion practice NXP's declaratory judgment claim regarding the effect of the Patent

5    License Agreement before issues relating to the noninfringement or invalidity of the patents-in-

6    suit. Eight of thirteen patents currently being disputed are potentially subject to a complete

7    defense under the 1987 license agreement that is the subject of NXP's First Claim for Relief in

8    this case. By litigating the effect of the Patent License Agreement first, the Court could

9    significantly clarify the scope of this dispute.

10         LSI does not believe that NXP will succeed on a motion for summary judgment.

11   However, because denial of summary judgment may facilitate resolution of this dispute, LSI

12   requests that the Court phase the litigation by allowing ample time for discovery on licensing-

13   related issues before deadlines for patent disclosures begin. This will give NXP the opportunity

14   to file a motion for summary judgment on the license defense to the extent, after taking discovery,

15   it believes such a motion is appropriate.

16   XVI.    **Expedited Schedule**

17         The parties do not believe that this case is appropriate for an expedited schedule.

18   XVII.    **Scheduling**

19         If the Court were to agree to phase the litigation, the parties would propose the following

20   schedule:

21

| Case Management Conference | June 2, 2008 |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | June 16, 2008 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement and Patent L.R. 3-5 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have not counterclaimed for infringement | March 16, 2009 |
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have | April 30, 2009 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

7

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

| | |
|---|---|
| counterclaimed for infringement | |
| Second Case Management Conference | May 15, 2009 |
| Patent L.R. 4-1 Exchange of Proposed Terms | June 1, 2009 |
| Patent L.R. 4-2 Preliminary Claim Construction | June 19, 2009 |
| Patent L.R. 4-3 Joint Claim Construction | July 17, 2009 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | August 21, 2009 |
| Patent L.R. 4-5 Claim Construction Brief | September 7, 2009 |
| Tutorial | October 2009 |
| Claim Construction Hearing | October 2009 |
| Last Day to Amend Pleadings/Add Parties | December 2009 |
| Fact Discovery Cut-off | TBD at post claim construction case management conference |
| Disclosure of Identity of Liability Experts | TBD |
| Written Expert Reports Due | TBD |
| Rebuttal Expert Reports Due | TBD |
| Expert Discovery Cut-off | TBD |
| Deadline for Filing Dispositive Motions | TBD |
| Pretrial Conference | TBD |
| TRIAL | TBD |

If the Court were to decline to phase this litigation as suggested by the parties in Part XIV, *supra*, the parties would jointly propose the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Case Management Conference | June 2, 2008 |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | June 16, 2008 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement and Patent L.R. 3-5 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have not counterclaimed for infringement | September 15, 2008 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

8

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

| | |
|---|---|
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement | October 30, 2008 |
| Second Case Management Conference | November 14, 2008 |
| Patent L.R. 4-1 Exchange of Proposed Terms | December 1, 2008 |
| Patent L.R. 4-2 Preliminary Claim Construction | December 19, 2008 |
| Patent L.R. 4-3 Joint Claim Construction | January 19, 2009 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | February 20, 2009 |
| Patent L.R. 4-5 Claim Construction Brief | March 9, 2009 |
| Tutorial | May 2009 |
| Claim Construction Hearing | May 2009 |
| Last Day to Amend Pleadings/Add Parties | December 2009 |
| Fact Discovery Cut-off | TBD at post claim construction case management conference |
| Disclosure of Identity of Liability Experts | TBD |
| Written Expert Reports Due | TBD |
| Rebuttal Expert Reports Due | TBD |
| Expert Discovery Cut-off | TBD |
| Deadline for Filing Dispositive Motions | TBD |
| Pretrial Conference | TBD |
| TRIAL | TBD |

XVIII. **Trial**

The parties jointly request a jury trial. The length of the trial can be better ascertained after the parties have determined and added all their patent-related claims.

XIX. **Disclosure of Nonparty Interested Entities or Persons**

NXP has filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

9

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1    NXP certifies that the following listed persons, associations of persons, firms,

2    partnerships, corporations (including parent corporations) or other entities (i) have a financial

3    interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

4    financial interest in that subject matter or in a party that could be substantially affected by the

5    outcome of this proceeding:  NXP B.V.

6        LSI has filed the required Certification of Interested Entities or Persons as required by

7    Civil Local Rule 3-16.

8        LSI certifies that the following listed persons, associations of persons, firms, partnerships,

9    corporations (including parent corporations) or other entities (i) have a financial interest in the

10   subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest

11   in that subject matter or in a party that could be substantially affected by the outcome of this

12   proceeding:  None.

13   XX.    **Patent Related Issues Pursuant to Patent Local Rule 2-1(a)**

14       A.    **Proposed Modification of the Deadlines Provided for in the Patent Local**
             **Rules**
15

16   *See* Part XVII, *supra.*

17       B.    **Extrinsic Evidence and Live Testimony at the Claims Construction Hearing**

18       The parties do not currently anticipate presenting extrinsic evidence and live testimony at

19   the Claim Construction hearing.  If these positions were to change during the course of discovery

20   and briefing, the parties would seek the Court's approval to present such evidence at the hearing

21   pursuant to the Court's Standing Order for Patent Cases ¶ 10.

22       C.    **Order of Presentation at the Claim Construction Hearing**

23       Currently, the only patents at issue are owned by LSI or its wholly-owned subsidiary

24   AGERE.  The parties agree that LSI and/or AGERE will present first with respect to their own

25   patents-in-suit.

26       D.    **Need for Limits on Discovery Related to Claim Construction**

27       The parties do not envision any further limits on discovery related to claim construction.

28   The parties anticipate expanding the limitations of the Federal Rules of Civil Procedure upon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

10

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1   certain methods of discovery, after the parties have determined which patents will be litigated in

2   this action.

3       **E.**    **Scheduling of a Claims Construction Prehearing Conference**

4       The parties propose a second case management conference on either November 14, 2008

5   or May 15, 2009 (depending on whether the Court phases the litigation).

6

7   Dated: May 23, 2008                                 MORGAN, LEWIS & BOCKIUS LLP

8

9                                                        By /s/ Gregg P. Yates

10                                                          Gregg P. Yates
                                                           Attorneys for Plaintiff

11  Dated: May 23, 2008                                 IRELL & MANELLA LLP

12

13

14                                                       By /s/ C. Maclain Wells

15                                                          C. Maclain Wells
                                                           Attorneys for Defendant

16                        **[PROPOSED] CASE MANAGEMENT ORDER**

17      The Case Management Statement and Proposed Order is hereby adopted by the Court as

18  the Case Management Order for the case.  The parties shall comply with this Order.

19      **IT IS SO ORDERED.**

20

21  Dated: May ___, 2008

22

23                                                       By _____

24                                                          HON. JAMES WARE
                                                           UNITED STATES DISTRICT JUDGE

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

11

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

1    Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Gregg P. Yates,

2    attest that concurrence in the filing of this document has been obtained from each of the other

3    signatories.  I declare under penalty of perjury under the laws of the United States of America that

4    the foregoing is true and correct.

5    Executed this 23d day of May 2008, at San Francisco.

6

7

8                        /s/  Gregg P. Yates
                        Gregg P. Yates

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

12

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

# EXHIBIT 2

# ATTACHMENT A
# TO THE JCMS

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, D.C. 20436

In the Matter of

**CERTAIN SEMICONDUCTOR
INTEGRATED CIRCUITS USING
TUNGSTEN METALLIZATION AND
PRODUCTS CONTAINING SAME**

Inv. No. 337-TA-648

## NOTICE OF INVESTIGATION

AGENCY: U.S. International Trade Commission

ACTION: Institution of investigation pursuant to 19 U.S.C. § 1337

SUMMARY: Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on April 18, 2008, under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, on behalf of LSI Corporation of Milpitas, California and Agere Systems Inc. of Allentown, Pennsylvania. The complaint alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain semiconductor integrated circuits using tungsten metallization and products containing same that infringe claim 1 of U.S. Patent No. 5,227,335. The complaint further alleges that an industry in the United States exists as required by subsection (a)(2) of section 337.

   The complainants request that the Commission institute an investigation and, after the investigation, issue an exclusion order and cease and desist orders.

ADDRESSES: The complaint, except for any confidential information contained therein, is available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Room 112, Washington, D.C. 20436, telephone 202-205-2000. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202-205-1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202-205-2000. General information concerning the Commission may also be obtained by accessing its internet server at http://www.usitc.gov. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at http://edis.usitc.gov.

FOR FURTHER INFORMATION CONTACT: Thomas S. Fusco, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, telephone (202) 205-2571.

AUTHORITY: The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.10 (2008).

SCOPE OF INVESTIGATION: Having considered the complaint, the U.S. International Trade Commission, on May 14, 2008, ORDERED THAT –

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain semiconductor integrated circuits using tungsten metallization or products containing same that infringe claim 1 of U.S. Patent No. 5,227,335, and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainants are –

LSI Corporation
1621 Barber Lane
Milpitas, California 95035

Agere Systems, Inc.
1110 American Parkway NE
Allentown, Pennsylvania 18109

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:

United Microelectronics Corporation
No 3 Li-Hsin 2nd Road
Hsinchu Science Park
Hsinchu-Chu City
Taiwan

Integrated Device Technology, Inc.
6024 Silver Creek Valley Road
San Jose, California 95138

2

AMIC Technology Corporation
No. 2 Li-Hsin 6th Road,
Science-Based Industrial Park,
Hsinchu
Taiwan

Cypress Semiconductor Corporation
198 Champion Court
San Jose, California  95134

Elpida Memory, Inc.
Sumitomo Seimei Yaesu Building
3rd Floor 2-1 Yaesu 2-chome Chuo-ku,
Tokyo 104-0028
Japan

Freescale Semiconductor, Inc.
6501 William Cannon Drive West
Austin, Texas  78735

Grace Semiconductor Manufacturing Corporation
1399 Zu Chong Zhi Road
Zhangjiang Hi-Tech Park
Shanghai 201203
China

Microchip Technology, Inc.
2355 West Chandler Boulevard
Chandler, Arizona 85224

Micronas Semiconductor Holding, AG
Technopark Technoparkstrasse 1
Zurich, 8005
Switzerland

National Semiconductor Corporation
2900 Semiconductor Drive
Santa Clara, California  95052

3

Nanya Technology Corporation
HWA Ya Technology Park
669 Fu Hsing 3rd Road
Kueishan, Taoyuan County
Taiwan

NXP B.V.
High Tech Campus 60
Eindhoven, 5656
Netherlands

ON Semiconductor Corporation
5005 East McDowell Road
Phoenix, Arizona  85008

Powerchip Semiconductor Corporation
No 12 Li-Hsin Road
1 Hsinchu Science-Based Industrial Park
Hsinchu
Taiwan

ProMOS Technologies, Inc.
19 Li-Hsin Road Hsinchu Science-Based
Industrial Park
Hsinchu
Taiwan

Spansion, Inc.
915 DeGuigne Drive, P.O. Box 3453
Sunnyvale, California  94088-3453

STMicroelectronics NV
39 Chemin du Champ des Filles Plan-Les-Quates C P 21
Geneva, 1228
Switzerland

Vanguard International Semiconductor Corporation
Headquarter, Fab 1
123 Park Avenue-3rd
Hsinchu Science Park
Hsinchu
Taiwan 30077

(c) The Commission investigative attorney, party to this investigation, is Thomas S. Fusco, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street, S.W., Suite 401, Washington, D.C. 20436; and

(3) For the investigation so instituted, the Honorable Carl C. Charneski is designated as the presiding administrative law judge.

The Commission notes that the patent at issue was the subject of earlier litigation which raises the issue of whether the complainants are precluded from asserting that patent. In instituting this investigation, the Commission has not made any determination as to whether the complainants are so precluded. Accordingly, the presiding administrative law judge may wish to consider this issue at an early date. Any such decision should be issued in the form of an initial determination (ID). The ID will become the Commission's final determination 45 days after the date of service of the ID unless the Commission determines to review the ID. Any petitions for review of the ID must be filed within ten (10) days after service thereof. Any review will be conducted in accordance with Commission Rules 210.43, 210.44 and 210.45, 19 C.F.R. §§ 210.43, 210.44, and 210.45.

Responses to the complaint and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.13. Pursuant to 19 C.F.R. §§ 201.16(d) and 210.13(a), such responses will be considered by the Commission if received not later than 20 days after the date of service by the Commission of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 15, 2008

5

CERTAIN SEMICONDUCTOR INTEGRATED CIRCUITS          337-TA-648
USING TUNGSTEN METALLIZATION AND PRODUCTS
CONTAINING SAME

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **NOTICE OF INVESTIGATION**
has been served by hand upon the Commission Investigative Attorney, Thomas S. Fusco,
Esq., and the following parties as indicated, on ___May 16, 2008_____.


Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

## COMPLAINANTS:

LSI Corporation                          ( ) Via Hand Delivery
1621 Barber Lane                         (✓) Via Overnight Mail
Milpitas, CA 95035                       ( ) Via First Class Mail
P-1-800-372-2447                         ( ) Other: _____

Agree Systems Incorporated               ( ) Via Hand Delivery
1110 American Parkway NE                  (✓) Via Overnight Mail
Allentown, PA 18109                      ( ) Via First Class Mail
                                         ( ) Other: _____

## COUNSEL FOR COMPLAINANTS:

Louis S Mastriani, Esq.                  ( ) Via Hand Delivery
Sarah E. Hamblin, Esq.                   (✓) Via Overnight Mail
David H. Hollander, Esq.                 ( ) Via First Class Mail
**ADDUCI MASTRIANI & SCHAUMBERG, LLP**    ( ) Other: _____
1200 Seventeenth Street, NW – 5th Floor
Washington, DC 200036
P-202-467-6300
F-202-466-2006

Page 2 – Certificate of Service

David E. Sipiora, Esq.                                    ( ) Via Hand Delivery
**TOWNSEND AND TOWNSEND AND CREW LLP**         (✓) Via Overnight Mail
1200 0 17th Street – Suite 2700                           ( ) Via First Class Mail
Denver, CO 80202                                         ( ) Other: _____
P-303-571-4000
F-303-571-4321

Iris Sockel Mitrakos, Esq.                               ( ) Via Hand Delivery
**TOWNSEND AND TOWNSEND AND CREW LLP**         (✓) Via Overnight Mail
12730 High Bluff Drive – Suite 400                        ( ) Via First Class Mail
San Diego, CA 92130                                      ( ) Other: _____
P-858-350-6100
F-858-350-6111

Jonathan D. Link, Esq.                                   ( ) Via Hand Delivery
**TOWNSEND AND TOWNSEND CREW LLP**             (✓) Via Overnight Mail
1301 K Street, NW                                        ( ) Via First Class Mail
Ninth Floor, East Tower                                  ( ) Other: _____
Washington, DC 20005
P-202-481-9900
F-202-481-3972

Tali L. Alban, Esq.                                      ( ) Via Hand Delivery
**TOWNSEND AND TOWNSEND CREW LLP**             (✓) Via Overnight Mail
2 Embarcadero Center, 8th Floor                          ( ) Via First Class Mail
San Francisco, CA 94111                                  ( ) Other: _____
P-415-576-0200
F-415-576-0300

## **RESPONDENTS:**

United Microelectronics Corporation                      ( ) Via Hand Delivery
No 3 Li-Hsin 2nd Road                                    (✓) Via Overnight Mail
Hsinchu Science Park                                     ( ) Via First Class Mail
Hsinchu-Chu City                                         ( ) Other: _____
Taiwan

Integrated Device Technology, Inc.                       ( ) Via Hand Delivery
6024 Silver Creek Valley Road                            (✓) Via Overnight Mail
San Jose, CA 95138                                       ( ) Via First Class Mail
                                                         ( ) Other: _____

Page 3 -- Certificate of Service

AMIC Technology Corporation                           ( ) Via Hand Delivery
No. 2 Li-Hsin 6th Road,                    (✓) Via Overnight Mail
Science-Based Industrial Park,                        ( ) Via First Class Mail
Hsinchu                                               ( ) Other: _____
Taiwan

Cypress Semiconductor Corporation                    ( ) Via Hand Delivery
198 Champion Court                                   (✓) Via Overnight Mail
San Jose, CA 95134                                   ( ) Via First Class Mail
                                                     ( ) Other: _____

Elpida Memory, Incorporated                          ( ) Via Hand Delivery
Sumitomo Seimei Yaesu Building                       (✓) Via Overnight Mail
3rd Floor 2-1 Yaesu 2-chome Chuo-ku,       ( ) Via First Class Mail
Tokyo 104-0028                                        ( ) Other: _____
Japan

Freescale Semiconductor, Incorporated                ( ) Via Hand Delivery
6501 William Cannon Drive West                       (✓) Via Overnight Mail
Austin, TX 78735                                      ( ) Via First Class Mail
                                                     ( ) Other: _____

Grace Semiconductor Manufacturing                    ( ) Via Hand Delivery
Corporation                                          (✓) Via Overnight Mail
1399 Zu Chong Zhi Road                               ( ) Via First Class Mail
Zhangjiang Hi-Tech Park                              ( ) Other: _____
Shanghai 201203
China

Microchip Technology, Incorporated                   ( ) Via Hand Delivery
2355 West Chandler Boulevard                         (✓) Via Overnight Mail
Chandler, AZ 85224                                    ( ) Via First Class Mail
                                                     ( ) Other: _____

Micronas Semiconductor Holding, AG                   ( ) Via Hand Delivery
Technopark Technoparkstrasse 1                        (✓) Via Overnight Mail
Zurich, 8005                                          ( ) Via First Class Mail
Switzerland                                           ( ) Other: _____

National Semiconductor Corporation                   ( ) Via Hand Delivery
2900 Semiconductor Drive                             (✓) Via Overnight Mail
Santa Clara, CA 95052                                ( ) Via First Class Mail
                                                     ( ) Other: _____

Page 4 – Certificate of Service

Nanya Technology Corporation                           ( ) Via Hand Delivery
HWA Ya Technology Park                                 (✓) Via Overnight Mail
669 Fu Hsing 3rd Road                        ( ) Via First Class Mail
Kueishan, Taoyuan County                               ( ) Other: _____
Taiwan

NXP B.V.                                               ( ) Via Hand Delivery
High Tech Campus 60                                    (✓) Via Overnight Mail
Eindhoven, 5656                                        ( ) Via First Class Mail
Netherlands                                            ( ) Other: _____

ON Semiconductor Corporation                           ( ) Via Hand Delivery
5005 East McDowell Road                                (✓) Via Overnight Mail
Phoenix, AZ 85008                                      ( ) Via First Class Mail
                                                       ( ) Other: _____

Powerchip Semiconductor Corporation                    ( ) Via Hand Delivery
No 12 Li-Hsin Road                                     (✓) Via Overnight Mail
1 Hsinchu Science-Based Industrial Park                ( ) Via First Class Mail
Hsinchu                                                ( ) Other: _____
Taiwan

ProMOS Technologies, Inc.
19 Li-Hsin Road Hsinchu Science-Based                  ( ) Via Hand Delivery
Industrial Park                                        (✓) Via Overnight Mail
Hsinchu                                                ( ) Via First Class Mail
Taiwan                                                 ( ) Other: _____

Spansion, Incorporated
915 DeGuigne Drive                                     ( ) Via Hand Delivery
PO Box 3453                                            (✓) Via Overnight Mail
Sunnyvale, CA 94088-3453                               ( ) Via First Class Mail
                                                       ( ) Other: _____

STMicroelectronics NV
39 Chemin du Champ des Filles Plan-Les-Quates C P 21
Geneva, 1228                                           ( ) Via Hand Delivery
Switzerland                                            (✓) Via Overnight Mail
                                                       ( ) Via First Class Mail
                                                       ( ) Other: _____

Vanguard International Semiconductor
Corporation                                            ( ) Via Hand Delivery
Headquarter, Fab 1                                     (✓) Via Overnight Mail
123 Park Avenue-3rd                          ( ) Via First Class Mail
Hsinchu Science Park                                   ( ) Other: _____
Hsinchu
Taiwan 30077

Page 5 – Certificate of Service

**EMBASSIES:**

Embassy of Taiwan                                    ( ) Via Hand Delivery
Taipei Economics & Cultural Representative          ( ) Via Overnight Mail
Office of the United States                          ( ) Via First Class Mail
4301 Connecticut Avenue, NW – Suite 420             (✓) Other: _certified_
Washington, DC 20008-2387

Embassy of Japan                                     ( ) Via Hand Delivery
2520 Massachusetts Avenue, NW                        ( ) Via Overnight Mail
Washington, DC 20008                                 ( ) Via First Class Mail
                                                     (✓) Other: _certified_

Commercial Consulate Office                          ( ) Via Hand Delivery
Embassy of China                                     ( ) Via Overnight Mail
2133 Wisconsin Avenue, NW                            ( ) Via First Class Mail
Washington, DC 20007                                 (✓) Other: _certified_

Embassy of Switzerland                               ( ) Via Hand Delivery
2900 Cathedral Avenue, NW                            ( ) Via Overnight Mail
Washington, DC 20008                                 ( ) Via First Class Mail
                                                     (✓) Other: _certified_

Embassy of Netherlands                               ( ) Via Hand Delivery
4200 Linnean Avenue, NW                              ( ) Via Overnight Mail
Washington, DC 20008                                 ( ) Via First Class Mail
                                                     (✓) Other: _certified_

**GOVERNMENT AGENCIES:**

Edward T. Hand                                       ( ) Via Hand Delivery
Chief, Foreign Commerce Section                      ( ) Via Overnight Mail
Antitrust Division                                   (✓) Via First Class Mail
U.S. Department of Justice                           ( ) Other: _____
601 D Street, NW- Room 10023
Washington, DC  20530

George F. McCray, Esq.                               ( ) Via Hand Delivery
Chief, Intellectual Property Rights Branch           ( ) Via Overnight Mail
U.S. Bureau of Customs and Border Protection         (✓) Via First Class Mail
Mint Annex Building                                  ( ) Other: _____
1300 Pennsylvania Avenue, NW
Washington, DC 20229

Page 6 – Certificate of Service

Elizabeth Kraus, Esq.                                    ( ) Via Hand Delivery
Deputy Director, International Antitrust                 ( ) Via Overnight Mail
Federal Trade Commission, Room 498                      (✓) Via First Class Mail
600 Pennsylvania Avenue at Sixth Street, NW             ( ) Other: _____
Washington, DC  20580

Richard Lambert, Esq.                                   ( ) Via Hand Delivery
Department of Health & Human Services                   ( ) Via Overnight Mail
Office of General Counsel                               (✓) Via First Class Mail
National Institute of Health                            ( ) Other: _____
Building 31, Room 2B50
9000 Rockville Pike
Bethesda, MD  20892-2111



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

LSI Corporation
1621 Barber Lane
Milpitas, California 95035

> Re:   **Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same
> Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Agere Systems Inc.
1110 American Parkway NE
Allentown, Pennsylvania 18109

> **Re:    Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same
> Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Louis S. Mastriani, Esq.
Adduci, Mastriani, & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036

       **Re:**    **Certain Semiconductor Integrated Circuits Using
               Tungsten Metallization and Products Containing Same
               Inv. No. 337-TA-648**

Dear Mr. Mastriani:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

David E. Sipiora, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, Colorado 80202

      **Re:   Certain Semiconductor Integrated Circuits Using
                  Tungsten Metallization and Products Containing Same
                  Inv. No. 337-TA-648**

Dear Mr. Sipiora:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

                              Sincerely,

                              Marilyn R. Abbott
                              Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Iris Sockel Mitrakos, Esq.
Townsend and Townsend and Crew LLP
12730 High Bluff Drive, Suite 400
San Diego, California 92130

   **Re: Certain Semiconductor Integrated Circuits Using**
     **Tungsten Metallization and Products Containing Same**
     **Inv. No. 337-TA-648**

Dear Mr. Mitrakos:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

       Sincerely,

       Marilyn R. Abbott
       Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Jonathan D. Link, Esq.
Townsend and Townsend and Crew LLP
1301 K Street, N.W.
Ninth Floor, East Tower
Washington, DC 20005

> Re:   **Certain Semiconductor Integrated Circuits Using**
> **Tungsten Metallization and Products Containing Same**
> **Inv. No. 337-TA-648**

Dear Mr. Link:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Tali L. Alban, Esq.
Townsend and Townsend and Crew LLP
2 Embarcadero Center, 8th Floor
San Francisco, California 94111

Re:    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Mr. Alban:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation pursuant to section 337 of the Tariff Act of 1930
(19 U.S.C. 1337). A copy of the Commission's notice of investigation is
enclosed.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



**UNITED STATES INTERNATIONAL TRADE COMMISSION**

WASHINGTON, DC 20436

May 16, 2008

United Microelectronics Corporation
No 3 Li-Hsin 2nd Road
Hsinchu Science Park
Hsinchu-Chu City
Taiwan

> **Re:**    **Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same
> Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).  **United Microelectronics
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Integrated Device Technology, Inc.
6024 Silver Creek Valley Road
San Jose, California 95138

Re:    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).  **Integrated Device
Technology, Inc.** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received **not** later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1.  Complaint
2.  Notice of Investigation
3.  Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

AMIC Technology Corporation
No. 2 Li-Hsin 6th Road
Science-Based Industrial Park,
Hsinchu, Taiwan

**Re:    Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **AMIC Technology
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Cypress Semiconductor Corporation
198 Champion Court
San Jose, California 95134

Re:    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Cypress Semiconductor
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Elpida Memory, Inc.
Sumitomo Seimei Yaesu Building
3rd Floor 2-1 Yaesu 2-Chome Chuo-ku
Tokyo 104-0028
Japan

      Re:     **Certain Semiconductor Integrated Circuits Using
              Tungsten Metallization and Products Containing Same
              Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Elpida Memory, Inc.** is a
named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

                             Sincerely,

                             Marilyn R. Abbott
                             Secretary

Enclosures:
    1. Complaint
    2. Notice of Investigation
    3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Freescale Semiconductor, Inc.
6501 William Cannon Drive West
Austin, Texas 78735

Re:   **Certain Semiconductor Integrated Circuits Using
      Tungsten Metallization and Products Containing Same
      Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).  **Freescale Semiconductor,
Inc.** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Grace Semiconductor Manufacturing Corporation
1399 Zu Chong Zhi Road
Zhangjiang Hi-Tech Park
Shanghai 201203
People's Republic of China

      **Re:**    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Grace Semiconductor
Manufacturing Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

               Sincerely,

               Marilyn R. Abbott
               Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Microchip Technology, Inc.
2355 West Chandler Boulevard
Chandler, Arizona 85224

Re:    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Microchip Technology, Inc.**
is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Micronas Semiconductor Holding, AG
Technopark Technoparkstrasse 1
Zurich, 8005
Switzerland

Re:   **Certain Semiconductor Integrated Circuits Using
      Tungsten Metallization and Products Containing Same
      Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Micronas Semiconductor
Holding, AG** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulations



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

National Semiconductor Corporation
2900 Semiconductor Drive
Santa Clara, California 95052

Re:    **Certain Semiconductor Integrated Circuits Using
       Tungsten Metallization and Products Containing Same
       Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **National Semiconductor
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1.  Complaint
2.  Notice of Investigation
3.  Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Nanya Technology Corporation
HWA Ya Techonology Park
669 Fu Hsing 3rd Road
Kueishan, Taoyuan County
Taiwan

Re:    **Certain Semiconductor Integrated Circuits Using Tungsten Metallization and Products Containing Same Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade Commission has instituted an investigation under Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337). **Nanya Technology Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice of investigation issued in this matter. Enclosed is a copy of the Code of Federal Regulations.

Please note that the notice requires a response to the allegations in the complaint and the response must be received not later than twenty (20) days after the date of service of the complaint. Failure to file a response may result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

NXP B.V.
High Tech Campus 60
Eindhoven, 5656
Netherlands

Re:    **Certain Semiconductor Integrated Circuits Using
       Tungsten Metallization and Products Containing Same
       Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).   **NXP B.V.** is a named
respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

ON Semiconductor Corporation
5005 East McDowell Road
Phoenix, Arizona 85008

Re:    **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).  **ON Semiconductor
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Powerchip Semiconductor Corporation
No 12 Li-Hsin Road
1 Hsinchu Science-Based Industrial Park
Hsinchu
Taiwan

Re:    **Certain Semiconductor Integrated Circuits Using
       Tungsten Metallization and Products Containing Same
       Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **Powerchip Semiconductor
Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

### WASHINGTON, DC 20436

May 16, 2008

ProMOS Technologies, Inc.
19 Li-Hsin Road Hsinchu Science-Based
Industrial Park
Hsinchu
Taiwan

Re:     **Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337). **ProMOS Technologies, Inc.**
is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter. Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint. Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Spansion, Inc.
915 DeGuigne Drive, P.O. Box 3453
Sunnyvale, California 94088-3453

Re:   **Certain Semiconductor Integrated Circuits Using Tungsten Metallization and Products Containing Same Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade Commission has instituted an investigation under Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337). **Spansion, Inc.** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice of investigation issued in this matter. Enclosed is a copy of the Code of Federal Regulations.

Please note that the notice requires a response to the allegations in the complaint and the response must be received not later than twenty (20) days after the date of service of the complaint. Failure to file a response may result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

STMicoroelectronics NV
39 Chemin du Champ des Filles Plan-Les-
Quates C P 21
Geneva, 1228
Switzerland

> Re:  **Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same
> Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade
Commission has instituted an investigation under Section 337 of the Tariff
Act of 1930, as amended (19 U.S.C. 1337).  **STMicroelectronics NV**
is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice
of investigation issued in this matter.  Enclosed is a copy of the Code of
Federal Regulations.

Please note that the notice requires a response to the allegations in the
complaint and the response must be received not later than twenty (20) days
after the date of service of the complaint.  Failure to file a response may
result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Vanguard International Semiconductor Corporation
Headquarter, Fab 1
123 Park Avenue-3rd
Hsinchu Science Park
Hsinchu
Taiwan 30077

Re:   **Certain Semiconductor Integrated Circuits Using Tungsten Metallization and Products Containing Same Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the United States International Trade Commission has instituted an investigation under Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337).  **Vanguard International Semiconductor Corporation** is a named respondent in this investigation.

We are hereby serving you with a copy of the complaint filed and the notice of investigation issued in this matter.  Enclosed is a copy of the Code of Federal Regulations.

Please note that the notice requires a response to the allegations in the complaint and the response must be received not later than twenty (20) days after the date of service of the complaint.  Failure to file a response may result in inferences being drawn against your interests.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosures:
1. Complaint
2. Notice of Investigation
3. Code of Federal Regulation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Embassy of Taiwan
Taipei Economics & Cultural Representative
Office of the United States
4301 Conn. Ave., NW – Suite 420
Washington, DC 20008-2387

      **Re: Certain Semiconductor Integrated Circuits Using Tungsten**
         **Metallization and Products Containing Same**
         **Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has instituted an investigation under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337). One or more of the party-respondents named in the investigation is located in **Taiwan.**

Pursuant to Commission rule 210.11(a)(3), we are hereby serving you with a copy of the complaint filed in this investigation together with a copy of the Commission's notice of investigation.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Complaint
2. Notice of Investigation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Embassy of Japan
2520 Massachusetts Avenue, NW
Washington, DC 20008

      **Re: Certain Semiconductor Integrated Circuits Using Tungsten**
         **Metallization and Products Containing Same**
         **Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has instituted an investigation under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337). One or more of the party-respondents named in the investigation is located in **Japan**.

Pursuant to Commission rule 210.11(a)(3), we are hereby serving you with a copy of the complaint filed in this investigation together with a copy of the Commission's notice of investigation.

                Sincerely,

                *Marilyn R. Abbott*

                Marilyn R. Abbott
                Secretary

Enclosure:
1. Complaint
2. Notice of Investigation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Commercial Consolate Office
Embassy of China
2133 Wisconsin Avenue, NW
Washington, DC 20007

     **Re: Certain Semiconductor Integrated Circuits Using Tungsten**
       **Metallization and Products Containing Same**
       **Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation under section 337 of the Tariff Act of 1930 (19
U.S.C. 1337). One or more of the party-respondents named in the
investigation is located in **China.**

Pursuant to Commission rule 210.11(a)(3), we are hereby serving you with a
copy of the complaint filed in this investigation together with a copy of the
Commission's notice of investigation.

               Sincerely,

               Marilyn R. Abbott
               Secretary

Enclosure:
1. Complaint
2. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Embassy of Switzerland
2900 Cathedral Ave, NW
Washington, DC 20008

**Re: Certain Semiconductor Integrated Circuits Using Tungsten**
**Metallization and Products Containing Same**
**Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation under section 337 of the Tariff Act of 1930 (19
U.S.C. 1337). One or more of the party-respondents named in the
investigation is located in **Switzerland.**

Pursuant to Commission rule 210.11(a)(3), we are hereby serving you with a
copy of the complaint filed in this investigation together with a copy of the
Commission's notice of investigation.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Complaint
2. Notice of Investigation



## UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

May 16, 2008

Royal Netherlands Embassy
4200 Linnean Ave, NW
Washington, DC 20008

**Re: Certain Semiconductor Integrated Circuits Using Tungsten
Metallization and Products Containing Same
Inv. No. 337-TA-648**

Dear Sir/Madam:

This letter is to advise you that the U.S. International Trade Commission has
instituted an investigation under section 337 of the Tariff Act of 1930 (19
U.S.C. 1337). One or more of the party-respondents named in the
investigation is located in **Netherlands.**

Pursuant to Commission rule 210.11(a)(3), we are hereby serving you with a
copy of the complaint filed in this investigation together with a copy of the
Commission's notice of investigation.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Complaint
2. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Mr. Edward T. Hand
Chief, Foreign Commerce Section
Antitrust Division
U.S. Department of Justice
601 D Street, NW-Room 10023
Washington, DC 20530

        **Re:**    **Certain Semiconductor Integrated Circuits Using**
               **Tungsten Metallization and Products Containing Same**
               **Inv. No. 337-TA-648**

Dear Mr. Hand:

The Commission has instituted an investigation under section 337 of the Tariff Act of 1930 (19 U.S.C. §337). A copy of the notice of investigation is enclosed. Non-confidential copies of the complaint and any supplements filed in the investigation will be provided upon request. Requests should be directed to Marilyn R. Abbott, Secretary at (202) 205-1802.

If you have questions concerning this investigation, please contact the Commission investigative attorney whose name and telephone number appear in the enclosed notice.

                    Sincerely,

                    Marilyn R. Abbott
                    Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

### WASHINGTON, DC 20436

May 16, 2008

George F. McCray, Esq.
Chief, Intellectual Property Rights Branch
U.S. Bureau of Customs and Border Protection
1300 Pennsylvania Avenue, N.W.
Mint Annex Building
Washington, DC 20229

> **Re:** **Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same**
> **Inv. No. 337-TA-648**

Dear Mr. McCray:

The Commission has instituted an investigation under section 337 of the Tariff Act of 1930 (19 U.S.C. §337). A copy of the notice of investigation is enclosed. Non-confidential copies of the complaint and any supplements filed in the investigation will be provided upon request. Requests should be directed to Marilyn R. Abbott, Secretary at (202) 205-1802.

If you have questions concerning this investigation, please contact the Commission investigative attorney whose name and telephone number appear in the enclosed notice.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1. Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Elizabeth Kraus, Esq.
Deputy Director, International Antitrust
Federal Trade Commission, Room 498
600 Pennsylvania Avenue at Sixth Street, NW
Washington, DC  20580

> **Re:   Certain Semiconductor Integrated Circuits Using
> Tungsten Metallization and Products Containing Same**
> **Inv. No. 337-TA-648**

Dear Ms. Kraus:

The Commission has instituted an investigation under section 337 of the Tariff Act of
1930 (19 U.S.C. §337).  A copy of the notice of investigation is enclosed.  Non-
confidential copies of the complaint and any supplements filed in the investigation will
be provided upon request.  Requests should be directed to Marilyn R. Abbott,
Secretary at (202) 205-1802.

If you have questions concerning this investigation, please contact the Commission
investigative attorney whose name and telephone number appear in the enclosed
notice.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1.  Notice of Investigation



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## WASHINGTON, DC 20436

May 16, 2008

Richard Lambert, Esq.
Department of Health & Human Services
Office of General Counsel
National Institute of Health
Building 31, Room 2B50
9000 Rockville Pike
Bethesda, MD 20892-2111

**Re:   Certain Semiconductor Integrated Circuits Using
Tungsten Metallization and Products Containing Same**
Inv. No. 337-TA-648

Dear Mr. Lambert:

The Commission has instituted an investigation under section 337 of the Tariff Act of 1930 (19 U.S.C. §337).  A copy of the notice of investigation is enclosed.  Non-confidential copies of the complaint and any supplements filed in the investigation will be provided upon request.  Requests should be directed to Marilyn R. Abbott, Secretary at (202) 205-1802.

If you have questions concerning this investigation, please contact the Commission investigative attorney whose name and telephone number appear in the enclosed notice.

Sincerely,

Marilyn R. Abbott
Secretary

Enclosure:
1.   Notice of Investigation

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Embassy of Switzerland
2900 Cathedral Avenue, NW
Washington, DC 20008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7003 2260 0004 5454 4105

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

NoI 337 648

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Embassy of Netherlands
4200 Linnean Avenue, NW
Washington, DC 20008

NoI 337·648

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7003 2260 0004 5454 4112

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Embassy of Taiwan
Taipei Economics & Cultural Representative
Office of the United States
4301 Connecticut Avenue, NW ☐ Suite 420
Washington, DC 20008-2387

NoI 337·648

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
ter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7003 2260 0004 5454 4266

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Commercial Consulate Office
Embassy of China
2133 Wisconsin Avenue, NW
Washington, DC 20007

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

NOI 337·648

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0004 5454 4242

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. A

Embassy of Japan
2520 Massachusetts Avenue, NW
Washington, DC 20008

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

337·648 NOI

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0004 5454 4259

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT 3

# ATTACHMENT B
# TO THE JCMS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

2008 APR 18  PM 4: 29

TX EASTERN-MARSHALL

| | | |
|---|---|---|
| LSI CORPORATION and AGERE SYSTEMS INC., | § | Civil Action No. **2 - 0 8 C V - 1 6 5** |
| | § | BY |
| Plaintiffs, | § | |
| | § | **JURY TRIAL DEMANDED** |
| vs. | § | |
| | § | |
| UNITED MICROELECTRONICS CORPORATION, INTEGRATED DEVICE TECHNOLOGY, INC., AMIC TECHNOLOGY CORPORATION, CYPRESS SEMICONDUCTOR CORPORATION, ELPIDA MEMORY INC., FREESCALE SEMICONDUCTOR INC., GRACE SEMICONDUCTOR MANUFACTURING CORPORATION, MICROCHIP TECHNOLOGY INC., MICRONAS SEMICONDUCTOR HOLDING AG, NANYA TECHNOLOGY CORPORATION, NATIONAL SEMICONDUCTOR CORPORATION, NXP B.V., ON SEMICONDUCTOR CORPORATION, POWERCHIP SEMICONDUCTOR CORPORATION, PROMOS TECHNOLOGIES, INC., SPANSION, INC., STMICROELECTRONICS NV, and VANGUARD INTERNATIONAL SEMICONDUCTOR CORPORATION, | § § § § § § § § § § § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Plaintiffs LSI Corporation ("LSI") and its wholly owned subsidiary, Agere Systems Inc.

("Agere") (collectively "Plaintiffs") allege the following:

## JURISDICTION AND VENUE

1      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## PARTIES

2      Plaintiff LSI is and was at all times relevant herein a Delaware corporation with its principal place of business at 1621 Barber Lane, Milpitas, California

3.      Plaintiff Agere is and was at all times relevant herein a Delaware corporation with its principal place of business at 1110 American Parkway NE, Allentown, Pennsylvania

4      On information and belief, United Microelectronics Corporation ("UMC") is a corporation organized under the laws of Taiwan with its principal place of business at No 3 Li-Hsin 2nd Road, Hsinchu Science Park, Hsinchu, Taiwan. On information and belief, UMC is a manufacturer and importer of semiconductor devices that are sold under the brand names of other companies. On information and belief, UMC resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

5.      On information and belief, Integrated Device Technology, Inc ("IDT") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 6024 Silver Creek Valley Road, San Jose, CA. On information and belief, IDT is a manufacturer and importer of semiconductor devices. On information and belief, IDT resides in this judicial district within the meaning of 28 U.S.C. § 1400(b)

6.      On information and belief, AMIC Technology Corporation ("AMIC") is a corporation organized under the laws of Taiwan with its principal place of business at No. 2 Li-

2

Hsin Road 6, Science Based Industrial Park, Hsinchu, Taiwan. On information and belief,

AMIC is a manufacturer and importer of semiconductor devices. On information and belief,

AMIC resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

      7.    On information and belief, Cypress Semiconductor Corporation ("Cypress") is a

corporation organized under the laws of the State of Delaware with its principal place of business

at 198 Champion Court, San Jose, CA. On information and belief, Cypress is a manufacturer

and importer of semiconductor devices. On information and belief, Cypress resides in this

judicial district within the meaning of 28 U.S.C. § 1400(b).

      8.    On information and belief, Elpida Memory, Inc. ("Elpida") is a corporation

organized under the laws of Japan with its principal place of business at Sumitomo Seimei Yaesu

Building, 3rd Floor, 2-1 Yaesu 2-chome Chuo-ku, Tokyo, Japan. On information and belief,

Elpida is a manufacturer and importer of semiconductor devices. On information and belief,

Elpida resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

      9.    On information and belief, Freescale Semiconductor, Inc. ("Freescale") is a

corporation organized under the laws of the State of Delaware with its principal place of business

at 6501 William Cannon Drive West, Austin, TX. On information and belief, Freescale is a

manufacturer and importer of semiconductor devices. Upon information and belief, Freescale

resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

      10.    On information and belief, Grace Semiconductor Manufacturing Corporation

("Grace") is a corporation organized under the laws of China with its principal place of business

at 1399 Zu Chong Zhi Road, Zhangjiang Hi-Tech Park, Shanghai, China. On information and

belief, Grace is a manufacturer and importer of semiconductor devices that are sold under the

brand names of other companies. On information and belief, Grace resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

11.   On information and belief, Microchip Technology, Inc. ("Microchip") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 2355 West Chandler Boulevard, Chandler, AZ. On information and belief, Microchip is a manufacturer and importer of semiconductor devices. On information and belief, Microchip resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

12.   On information and belief, Micronas Semiconductor Holding, AG ("Micronas") is a corporation organized under the laws of Switzerland with its principal place of business located at Technopark Technopartstrasse 1, Zurick, Switzerland. On information and belief, Micronas is a manufacturer and importer of semiconductor devices. On information and belief, Micronas resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

13.   On information and belief, Nanya Technology Corporation ("Nanya") is a corporation organized under the laws of Taiwan with its principal place of business located at HWA YA Technology Park, 669 Fu Hsing 3rd Road, Kueishan Taoyuan, Taiwan. On information and belief, Nanya is a manufacturer and importer of semiconductor devices. On information and belief, Nanya resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

14.   On information and belief, National Semiconductor Corporation ("National") is a corporation organized under the laws of the State of Delaware with a principal place of business located at 2900 Semiconductor Dr. Santa Clara, CA. On information and belief, National is a manufacturer and importer of semiconductor devices. On information and belief, National resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

15.     On information and belief, NXP B.V. ("NXP") is a corporation organized under the laws of the Netherlands with its principal place of business located at High Tech Campus 60, Eindhoven, Netherlands. On information and belief, NXP is a manufacturer and importer of semiconductor devices. On information and belief, NXP resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

16.     On information and belief, ON Semiconductor Corporation ("ON Semi") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 5005 East McDowell Road, Phoenix, AZ. On information and belief, ON Semi is a manufacturer and importer of semiconductor devices. On information and belief, ON Semi resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

17.     On information and belief, Powerchip Semiconductor Corporation ("Powerchip") is a corporation organized under the laws of Taiwan with its principal place of business at No. 12 Li-Hsin Road, 1 Science-Based Industrial Park, Hsinchu, Taiwan. On information and belief, Powerchip is a manufacturer and importer of semiconductor devices. On information and belief, Powerchip resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

18.     On information and belief, ProMOS Technologies, Inc. ("ProMOS") is a corporation organized under the laws of Taiwan with its principal place of business located at 19 Li-Hsin Road Hsinchu Science Park, Hsinchu, Taiwan. On information and belief, ProMOS is a manufacturer and importer of memory devices. On information and belief, ProMos resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

19.     On information and belief, Spansion, Inc. ("Spansion") is a corporation organized under the laws of the State of Delaware with its principal place of business at 915 Deguigne Drive, Sunnyvale, CA. On information and belief, Spansion is a manufacturer and importer of

semiconductor devices  On information and belief, Spansion resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

20.     On information and belief, STMicroelectronics NV ("STMicro") is a corporation organized under the laws of the Netherlands with its principal place of business located at 39 Chemin du Champ des Filles Plan-Les-Ouates C P 21, Geneva, Switzerland   On information and belief, STMicro is a manufacturer and importer of semiconductor devices.  On information and belief, STMicro resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

21.     On information and belief, Vanguard International Semiconductor Corporation ("Vanguard") is a corporation organized under the laws of Taiwan with its principal place of business at 129 Park Avenue-3rd, Hsinchu Science Park, Hsinchu, Taiwan.  On information and belief, Vanguard is a manufacturer and importer of semiconductor devices that are sold under the brand names of other companies.  On information and belief, Vanguard resides in this judicial district within the meaning of 28 U.S.C. 1400(b).

### THE PATENT

22.     On July 13, 1993, United States Patent No. 5,227,335 B1 (the "'335 patent") entitled "Tungsten Metallization" was duly and legally issued to Lowell H. Holschwandner, *et al.* The patent is valid and subsisting   A true and correct copy of the '335 patent is attached hereto and incorporated herein by reference as Exhibit A   The patent has been assigned to Agere.

### COUNT ONE

### (Infringement of U.S. Patent No. 5,227,335 B1)

23      Plaintiffs reallege paragraphs 1-22 of this Complaint.

UMC

6

24.    On information and belief, UMC directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a MIPS 64 CPU (UMC part no. SR71010A) and a Virtex-E Extended Memory FPGA ("Field Programmable Gate Array") (UMC part no. XCV405E). UMC is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

25.    Plaintiffs are informed and believe, and thereon allege, UMC's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

27.    UMC's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. UMC's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

<u>IDT</u>

26.    On information and belief, IDT directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a synchronous SRAM (static random access memory) (IDT part no. 71V546S100PF) and a 32 bit microprocessor

system-on-chip (IDT part no. 79RC32T355). IDT is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

27.    Plaintiffs are informed and believe, and thereon allege, IDT's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

28.    IDT's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. IDT's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

<u>AMIC</u>

29.    On information and belief, AMIC directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, an AMIC 2 Mbit Low Power SRAM (LP62S2048X-70LLT). AMIC is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

30.    Plaintiffs are informed and believe, and thereon allege, AMIC's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

31.    AMIC's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. AMIC's infringement of Plaintiffs' rights under

the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court

Cypress

32.     On information and belief, Cypress directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent  Such infringing products include, but are not limited to, a flash programmable clock generator (Cypress part no  CY22381FC) and a programmable system on chip (Cypress part no CY8C21434)  Cypress is liable for its infringement of the '335 patent pursuant to 35 U.S.C  § 271.

33     Plaintiffs are informed and believe, and thereon allege, Cypress's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

34.     Cypress's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial  Cypress's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court

Elpida

35.     On information and belief, Elpida directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the

9

'335 patent. Such infringing products include, but are not limited to, a 512 Mbit DDR2

SDRAMs (Elpida part nos. EDE5116AJBG-6E-E and EDD5108AFTA). Elpida is liable for its

infringement of the '335 patent pursuant to 35 U.S.C. § 271.

  36. Plaintiffs are informed and believe, and thereon allege, Elpida's infringement of

the '335 patent has been and continues to be willful, deliberate and in conscious disregard of

Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

  37. Elpida's infringement of the '335 patent has caused and continues to cause damage

to Plaintiffs in an amount to be proven at trial. Elpida's infringement of Plaintiffs' rights under

the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is

no adequate remedy at law unless enjoined by this Court.

  <u>Freescale</u>

  38. On information and belief, Freescale directly, indirectly, contributorily, and/or by

inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe

the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within

this judicial district and elsewhere in the United States, that infringe one or more claims of the

'335 patent. Such infringing products include, but are not limited to, a 32 bit Communication

Processor (Freescale part no. MPC857DSLCVR66B) and a 32 bit 4k SRAM (Freescale part no.

MCF5407AI162). Freescale is liable for its infringement of the '335 patent pursuant to 35

U.S.C. § 271.

  39. Plaintiffs are informed and believe, and thereon allege, Freescale's infringement

of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of

Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

40.    Freescale's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Freescale's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Grace

41.    On information and belief, Grace directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a 16 Mbit (x8/x16) Concurrent SuperFlash Memory (part no. SST36VF1601E). Grace is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

42.    Plaintiffs are informed and believe, and thereon allege, Grace's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

43.    Grace's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Grace's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Microchip

44.    On information and belief, Microchip directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of

11

products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, an enhanced FLASH microcontroller with 10 bit A/D (Microchip part no. PIC18F452-E/PT). Microchip is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

45.    Plaintiffs are informed and believe, and thereon allege, Microchip's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

46.    Microchip's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Microchip's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Micronas

47.    On information and belief, Micronas directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a MPEG 1/2 Layer 2/3 Audio Decoder (Micronas part no. MAS3507DG10). Micronas is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

48.    Plaintiffs are informed and believe, and thereon allege, Micronas' infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

49    Micronas' infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Micronas' infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Nanya

50.    On information and belief, Nanya directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include a 256 Mb DDR SDRAM (Nanya part no. NT5DS16M16CT-6K) and a 512 Mb DDR2 SDRAM (Nanya part no. NT5TU64M8AE-37B). Nanya is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

51    Plaintiffs are informed and believe, and thereon allege, Nanya's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

52    Nanya's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Nanya's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

National

53    On information and belief, National directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within

13

this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a 12 bit, 66 MSPS, 350 MH Bandwidth A/D Converter with Internal Sample-and-Hold (National part no ADC12L066CIVY). National is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

54.    Plaintiffs are informed and believe, and thereon allege, National's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

55.    National's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. National's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

NXP

56.    On information and belief, NXP directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a UHF Power LDMOS Transistor (NXP part no. BLF4G22LS). NXP is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

57.    Plaintiffs are informed and believe, and thereon allege, NXP's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

14

58.    NXP's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial  NXP's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court

ON Semi

59.    On information and belief, ON Semi directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a 3 3V LVTTL/LVCMOS to Differential LVPECL Translator MC100EPT (ON Semi part no. MC100EPT 23 DTG) and a 2 5V/3 3V 12 Gb/s Differential Clock/Data SmartGate with CML Output and Internal Termination (ON Semi part no. NB7L86MMNG)  ON Semi is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

60.    Plaintiffs are informed and believe, and thereon allege, ON Semi's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

61.    ON Semi's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. ON Semi's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Powerchip

62.    On information and belief, Powerchip directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, memory devices such as Powerchip part no. P2V64540BTP-7A. Powerchip is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

63.    Plaintiffs are informed and believe, and thereon allege, Powerchip's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

64.    Powerchip's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Powerchip's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

ProMOS

65.    On information and belief, ProMOS directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a 256 MB DRAM (ProMOS part no. V58C2256164SAT6). ProMOS is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

66.    Plaintiffs are informed and believe, and thereon allege, ProMOS's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

67.    ProMOS's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. ProMOS's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Spansion

68.    On information and belief, Spansion directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a 64 Mb CMOS 3.0 Volt-only Simultaneous Read/Write Flash Memory (Spansion part no. S29JL064H70TA100) and a 1 G Mirro Bit NOR Flash (Spansion part no. S29GL01GP12TFI02). Spansion is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

69.    Plaintiffs are informed and believe, and thereon allege, Spansion's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

70.    Spansion's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Spansion's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

17

STMicro

71.    On information and belief, STMicro directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a TDMI 16/32-Bit MCY with Flash, USD, CAN 5 Times, ADC 10 Communications Interface (STMicro part no. STR710FZ2T6 MCU ARM 7). STMicro is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

72.    Plaintiffs are informed and believe, and thereon allege, STMicro's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

73.    STMicro's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. STMicro's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

Vanguard

74.    On information and belief, Vanguard directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, has infringed and continues to infringe the '335 patent by its manufacture, use, sale, offer for sale and/or importation of products, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '335 patent. Such infringing products include, but are not limited to, a CMPS Dynamic RAM

(Vanguard part no. VG2617400DJ-6). Vanguard is liable for its infringement of the '335 patent pursuant to 35 U.S.C. § 271.

75.    Plaintiffs are informed and believe, and thereon allege, Vanguard's infringement of the '335 patent has been and continues to be willful, deliberate and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

76.    Vanguard's infringement of the '335 patent has caused and continues to cause damage to Plaintiffs in an amount to be proven at trial. Vanguard's infringement of Plaintiffs' rights under the patent-in-suit will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in its favor and against UMC, IDT, AMIC, Cypress, Elpida, Freescale, Grace, Microchip, Micronas, National, Nanya, NXP, ON Semi, Powerchip, ProMOS, Spansion, STMicro, and Vanguard as follows:

1       Declaring that United States Patent No. 5,227,335 B1 is valid;

2.      Declaring that UMC has infringed United States Patent No. 5,227,335 B1;

3.      Declaring that IDT has infringed United States Patent No. 5,227,335 B1;

4.      Declaring that AMIC has infringed United States Patent No. 5,227,335 B1;

5.      Declaring that Cypress has infringed United States Patent No. 5,227,335 B1;

6.      Declaring that Elpida has infringed United States Patent No. 5,227,335 B1;

7       Declaring that Freescale has infringed United States Patent No. 5,227,335 B1;

8       Declaring that Grace has infringed United States Patent No. 5,227,335 B1;

9.      Declaring that Microchip has infringed United States Patent No. 5,227,335 B1;

10.     Declaring that Micronas has infringed United States Patent No. 5,227,335 B1;

11    Declaring that National has infringed United States Patent No. 5,227,335 B1;

12    Declaring that Nanya has infringed United States Patent No. 5,227,335 B1;

13    Declaring that NXP has infringed United States Patent No. 5,227,335 B1;

14    Declaring that ON Semi has infringed United States Patent No. 5,227,335 B1;

15    Declaring that Powerchip has infringed United States Patent No. 5,227,335 B1;

16.   Declaring that ProMOS has infringed United States Patent No. 5,227,335 B1;

17    Declaring that Spansion has infringed United States Patent No. 5,227,335 B1;

18.   Declaring that STMicro has infringed United States Patent No. 5,227,335 B1;

19    Declaring that Vanguard has infringed United States Patent No. 5,227,335 B1;

20.   Permanently enjoining UMC, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

21    Permanently enjoining IDT, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

22    Permanently enjoining AMIC, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

23    Permanently enjoining Cypress, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

20

24. Permanently enjoining Elpida, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

25. Permanently enjoining Freescale, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

26. Permanently enjoining Grace, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

27. Permanently enjoining Microchip, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

28. Permanently enjoining Micronas, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

29. Permanently enjoining National, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

30. Permanently enjoining Nanya, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

31    Permanently enjoining NXP, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

32.    Permanently enjoining ON Semi, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

33.    Permanently enjoining Powerchip, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

34    Permanently enjoining ProMOS, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

35    Permanently enjoining Spansion, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No 5,227,335 B1;

36.    Permanently enjoining ST Microelectronics, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No. 5,227,335 B1;

37    Permanently enjoining Vanguard, its officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of United States Patent No 5,227,335 B1;

22

38    Awarding a reasonable royalty and other damages arising from UMC's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

39.    Awarding a reasonable royalty and other damages arising from IDT's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

40    Awarding a reasonable royalty and other damages arising from AMIC's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

41.    Awarding a reasonable royalty and other damages arising from Cypress's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

42    Awarding a reasonable royalty and other damages arising from Elpida's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

43    Awarding a reasonable royalty and other damages arising from Freescale's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

44.    Awarding a reasonable royalty and other damages arising from Grace's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

45    Awarding a reasonable royalty and other damages arising from Microchip's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

46    Awarding a reasonable royalty and other damages arising from Micronas's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

47.    Awarding a reasonable royalty and other damages arising from National's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

48    Awarding a reasonable royalty and other damages arising from Nanya's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

49    Awarding a reasonable royalty and other damages arising from NXP's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

50.    Awarding a reasonable royalty and other damages arising from ON Semi's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

51.    Awarding a reasonable royalty and other damages arising from Powerchip's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

52.    Awarding a reasonable royalty and other damages arising from ProMOS's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

53.    Awarding a reasonable royalty and other damages arising from Spansion's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

54    Awarding a reasonable royalty and other damages arising from STMicro's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

55.    Awarding a reasonable royalty and other damages arising from Vanguard's infringement of United States Patent No. 5,227,335 B1, including treble damages, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

56    Declaring this to be an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding treble damages and reasonable attorneys' fees to Plaintiffs; and

57    Awarding Plaintiffs such other costs and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable of right by a jury.

DATED: April 18, 2008

Respectfully Submitted,

CAPSHAW & DERIEUX LLP

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
1127 Judson Road, Ste. 220 (75601)
P.O. Box 3999
Longview, Texas 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787


OF COUNSEL

David E. Sipiora
Iris S. Mitrakos
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO 80212
303-571-4000

Attorneys for Plaintiffs LSI Corporation and
Agere Systems Inc.

61343444 v1

26



US005227335A

# United States Patent [19]

## Holschwandner et al.

[11] Patent Number: 5,227,335

[45] Date of Patent: Jul. 13, 1993

[54] TUNGSTEN METALLIZATION

[75] Inventors: Lowell H. Holschwandner, Fountain Hill; Virendra V. S. Rana, South Whitehall Township, Lehigh County, both of Pa.

[73] Assignee: AT&T Bell Laboratories, Murray Hill, N.J.

[21] Appl. No.: 517,973

[22] Filed: Apr. 30, 1990

### Related U.S. Application Data

[63] Continuation of Ser. No. 338,473, Apr. 14, 1989, abandoned, which is a continuation of Ser. No. 929,043, Nov. 10, 1986, abandoned.

[51] Int. Cl.5 ........................................... H01L 21/283
[52] U.S. Cl. ............................... 437/192; 437/190;
437/194; 437/246
[58] Field of Search ........... 437/192, 190, 245, 246, 437/194

[56]             **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,697,343 | 10/1972 | Cuomo et al. | 437/962 |
| 4,394,678 | 7/1983 | Winchell et al. | 357/68 |
| 4,650,696 | 3/1987 | Raby | 427/89 |
| 4,666,737 | 5/1987 | Gimpelson et al. | 427/89 |

#### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1955716 | 5/1971 | Fed. Rep. of Germany | 437/192 |
| 0211269 | 12/1982 | Japan | 437/192 |

### OTHER PUBLICATIONS

Wittmer, M., J. Vac. Sci. Technol. A2(2), Apr.–Jun., 1984, pp. 273–279.

Mehta, S., et al., "Blanket CVD Tungsten ...", Jun. 9–10, 1986, V–MIC. Conf., pp. 418–435.

Higelin, G., et al., "A Contact Filling ...", Jun. 9–10, 1986, V–MIC Conf., pp. 443–449.

Smith; G., et al., "Comparison of Two Contact Plug ...", Jun. 9–10, 1986, V–MIC Conf., pp. 403–410.

Brols, D., et al., "CVD Tungsten ...", Solid State Technology, Apr. 1984, pp. 313–314.

"Tungsten–on–Conducting Nitride ...", IBM Technical Disc. Bull., vol. 31, No. 3, Aug. 1988, pp. 477–478.

Saraswat, K., et al., "Selective VCD of Tungsten ...", Procs. Second Int. Symp. VLSI, vol. 84–7, 1984, pp. 409–419.

Miller, N., et al., "Hot Wall CVD Tungsten ...", Solid State Technology, Dec. 1980, pp. 79–81.

Nicollet, M. A., "Diffusion Barriers ...", Thin Solid Films, vol. 52, 1978, pp. 415–432.

Wittmer, M., Appl. Phys. Lett., 36(6), Mar. 15, 1980, pp. 456–458.

Rosser, P. J., et al., Mat. Res. Soc. Symp. Proc. vol. 37, 1985 Material Research Society, pp. 607–612.

*Primary Examiner*—T. N. Quach
*Attorney, Agent, or Firm*—Richard D. Laumann

[57]             **ABSTRACT**

The adhesion of tungsten to an underlying dielectric layer is improved by the use of a thin glue layer of either TiN or Al.

**11 Claims, 2 Drawing Sheets**







FIG. 1



FIG. 2



U.S. Patent        July 13, 1993        Sheet 2 of 2        5,227,335

### FIG. 3



### FIG. 4



5,227,335

1

## TUNGSTEN METALLIZATION

This application is a continuation of application Ser No. 338,473, filed on Apr. 14, 1989, abandoned, which is a continuation of application Ser No 929,043, filed on Nov. 10, 1986, abandoned.

## TECHNICAL FIELD

This invention relates generally to metallizations used in semiconductor devices, and particularly to devices having such metallizations which use tungsten.

## BACKGROUND OF THE INVENTION

As the complexity of integrated circuits continues to increase, the dimensions of the components of the integrated circuits continue to decrease Not only do device dimensions decrease, but the dimensions of the interconnects, that is, the lines and windows used to connect devices decrease The windows are often termed vias by those skilled in the art. It is noted that the term window is sometimes applied only to the openings to the source, gate, or drain electrodes while the term via is applied to the opening between levels in multilevel metal structures. Vias may be conveniently visualized as cylinders which are filled with a metal so that, e g, devices located on different metallization levels can be electrically connected. As it is difficult to completely fill a small diameter cylinder with sputtered Al, a metal commonly used in integrated circuit metallizations, a heating step is frequently used to cause an overlying dielectric layer to flow into a portion of the via. The heating step creates a more easily filled conical shape. The conical shape is, of course, truncated at the bottom so that an electrical contact can be formed to the underlying conductor.

As smaller devices typically use relatively shallower junction depths than do larger devices, the use of high temperature thermal processing to taper the vias by causing a dielectric material to flow eventually becomes impossible as the via dimensions decrease Consequently, the vias that must be filled with metal not only have a high aspect ratio, that is, a high ratio of height to width, but their walls are also substantially vertical. Aluminum is difficult to deposit uniformly in such vias and poor step coverage results for conventional deposition techniques such as sputtering This not only leads to possible discontinuities in the metal coverage but also makes planarization of the surface, frequently required for subsequent processing such as second level metallization, very difficult.

Al metallizations suffer from several drawbacks Al has a low electromigration resistance and is susceptible to hillock formation. Also, because of its low melting point and tendency to react with Si, severe limitations are placed on the maximum temperature that can be used in post-metallization processing

Accordingly, alternatives to aluminum have been sought for at least portions of the metallization One commonly contemplated alternative metal is low pressure chemical vapor deposition (LPCVD) tungsten. LPCVD tungsten is a desirable alternative because it has a conformal step coverage LPCVD tungsten also offers advantages for use as interconnects. Besides having conformal step coverage, it has high electromigration resistance, resistance to hillock formation and high temperature stability Although many methods of depositing LPCVD tungsten have been proposed, they

2

are all included within two generic categories which are conveniently termed selective and blanket

Selective deposition typically relies upon the reaction of a gas, such as tungsten hexafluoride, with substrates, such as silicon, to leave tungsten on the silicon surface Selective deposition is also possible on metals and silicides A carrier gas, such as hydrogen, is commonly used Tungsten hexafluoride does not react with other materials, such as a surrounding dielectric region of silicon dioxide, and in theory, tungsten is deposited only on the silicon surface. However, selective deposition is difficult to obtain in practice in the thicknesses which are needed to fill deep vias because of the loss of selectivity This probably arises because some tungsten hexafluoride reacts with the hydrogen carrier gas thus forming HF as well as nucleating W HF reacts with and etches the SiO₂, which is obviously an undesirable result

With blanket deposition, tungsten is deposited over the entire surface and then etched back so that tungsten ideally remains only in the via or as, for example, interconnects. While this process is conceptually simple, tungsten does not adhere well to silicon dioxide and practical problems arise. For example, after the deposition has been completed, the tungsten film may simply peel off the silicon dioxide which is also an obviously undesirable result.

The use of a glue layer has been proposed to overcome the adhesion problem just discussed A glue layer is a layer of material deposited prior to the tungsten and which has good adhesion both to the underlying dielectric layer and to the tungsten Several substances have been proposed for glue layers For example, the use of both elemental metals, such as Ti, and metallic silicides, such as WSi₂, has been proposed. See, for example, Comparison of Two Contact Plug Techniques for Use with Planarized Oxide and A Contact Filling Process with CVD-Tungsten for Multilevel Metallization Systems, Proceedings of the V-MIC Conference, pp. 403–410, and pp. 443–449, Jun 9–10, 1986, respectively. A common feature of the approaches adopted by these references is the use of relatively thick glue layers. Thicknesses of approximately 100 nm or more were used It should be noted that the thickness of the Ti layer in the former reference is not explicitly given. However, FIG. 3 illustrates a plug after etching has been completed. It is evident that there is severe overetching of the glue layer which would not be visible if a thin glue layer had been used.

However, the use of a thick glue layer is undesirable because during the etch back step, severe undercutting of the tungsten layer occurs if, as is often the case, the glue layer etches more rapidly than does the tungsten The undercutting may make subsequent processing very difficult. For example, voids may be left in the oxide and in subsequent metallizations after metal deposition

Of course, the glue layer material should be electrically conducting Only metals or silicides have been proposed as glue layer materials because of the rapid film growth in these materials However, the use of some metals, such as aluminum, has not been seriously considered because a thick aluminum layer may cause spiking due to its rapid diffusion into the underlying material Other conducting compounds have not yet been proposed as glue layers

5,227,335

3

## SUMMARY OF THE INVENTION

We have found that tungsten can be blanket deposited with good adhesion over a dielectric covering a portion of a silicon surface by first depositing a film comprising either Al or a conducting nitride such as TiN as a glue layer. The glue layer film may be deposited, through openings in the dielectric, directly on the silicon or on a conducting material, such as a silicide, overlying the silicon. Of course, the glue layer is also deposited on the dielectric. Both TiN and Al films provide good adhesion down to thicknesses as small as approximately 3 nm. The minimum thickness is determined primarily by the requirement that the entire wafer surface be covered adequately. The thinner glue layers are generally preferred as they minimize any problems that might be caused by either spiking of deposited metal or undercutting during reactive sputter etching (RSE). However, if interaction of W with the substrate is to be prevented, a thicker layer of TiN may be used. To prevent spiking, the Al layer is typically less than 25 nm thick although the maximum thickness will be determined by device design and processing parameters. Uses other than plugs are contemplated. In particular, interconnects and gate structures are also contemplated.

## BRIEF DESCRIPTION OF THE DRAWING

FIG. 1 is a schematic representation of a exemplary metallization according to this invention;

FIG. 2 is a schematic representation of a via filled with tungsten after the etching step has been completed; and

FIGS. 3 and 4 are schematic representations useful in explaining interconnects according to this invention.

For reasons of clarity, the elements of the devices depicted are not drawn to scale.

## DETAILED DESCRIPTION

Our invention will be described by reference to FIG. 1 which is a schematic representation of a tungsten metallization according to this invention. Depicted are silicon layer 1, dielectric region 3, glue layer 5 and tungsten metallization 7. As can be seen, the glue layer and metallization extend into a via 9. The glue layer covers the interior surface of the via as well as the underlying silicon layer 1. The glue layer also covers the dielectric region 3. It will be readily appreciated that the individual components of the integrated circuit are not depicted for reasons of clarity.

The vias are formed by conventional VLSI processing steps which deposit, pattern and etch the dielectric, etc. These steps are well known to those skilled in the art and need not be described in detail. The dielectric region depicted comprises SiO₂ although it will be appreciated by those skilled in the art that other dielectric materials may be used. For example, B and P doped SiO₂ and Si₃N₄ might be used. It will also be appreciated that although layer 1 is described as silicon, other conducting materials might be used. For example, conducting silicides might be used. Such silicides are formed on the silicon surface. Thus, while the glue layer is described as being deposited over a silicon surface, the presence of other materials between the glue layer and the silicon surface is contemplated.

The glue layer is expediently deposited by well known techniques such as sputtering. The glue layer comprises at least one material selected from the group

4

consisting of Al and conducting nitrides such as TiN. It will be appreciated that minor amounts of other materials may be present in the glue layer. For example, either or both Si and Cu may be present in Al. These materials are metallurgically stable with respect to the tungsten film. Good adhesion, as evidenced by an inability to remove the film by pulling on an attached adhesive tape, is obtained down to glue layer thicknesses of approximately 3 nm.

The native oxides on TiN and Al₂O₃ are thin. Although the successful use of Al might seem surprising in view of its strong susceptibility to oxide formation, it is believed that during the tungsten deposition most of the aluminum oxide present is removed although residues of non-conductive fluorides may remain. To prevent spiking, the Al layer should be less than approximately 25 nm thick. However, as will be readily appreciated by those skilled in the art, a precise maximum thickness cannot be given as it depends on several factors. These factors include the desired junction depth and the post Al deposition processing parameters. Given these factors, one skilled in the art can readily determine the maximum Al thickness.

The thinness of the glue layer is surprising but it must be noted, in retrospect, that pinholes in the glue layer need not be a significant problem. That is, the presence of some pinholes will not necessarily adversely affect the adhesive properties sought. It must also be remembered that, within the vias, pinholes are not significant as the electrical contact will still be formed if W goes through a pinhole at the bottom of the via provided that there is no chemical interaction with the substrate. For example, W interaction with, e.g., TiSi₂, is not a problem. However, pinholes may be a problem for the W/Si interface although the interaction of W with a small amount of silicon can generally be tolerated. No adverse results occurs if the W touches the dielectric through a pinhole.

The growth of W films on the nitrides is surprising because it is hypothesized there are no displacement reactions which provide W nuclei for further film growth, i.e., the nitrides do not reduce WF₆. The Ti-N bonds are sufficiently strong so that the interaction of Ti with WF₆ is not energetically favored. The growth of W films on the nitrides is believed to occur by the reduction of WF₆ with H₂, solely. Upon exposure to WF₆ and H₂, H and F atoms react and nucleate W on the surface. After the resulting islands coalesce, the growth rate of films is similar to the rates on Si or Al coated surfaces. The disadvantage of using a displacement reaction is that fluorides are formed at the interface.

FIG. 2 depicts a via after etching. Conventional etching techniques can be used for the etching steps. It should be remembered that the tungsten layer is typically overetched to guarantee its complete removal from areas not covered with resist in case there are non-uniformities in layer thickness. The overetch not only removes the tungsten but removes the thin glue layer contacting layer 1 without the need for any additional etching chemistry.

The absence of significant amounts of O and F at the W/TiN interface makes TiN ideally suited for use as a glue layer with etch-back plugs and interconnects.

The use of a thin layer also minimizes the undercutting problems. It is apparent that a relatively planar surface is obtained in preparation for further processing. It should be noted that at most only a very thin layer of Al contacts the Si. This eliminates or minimizes the

5,227,335

5

possibility of spiking which occurs with thicker A1 films

Other uses for our deposition process are contemplated For example, it may be used to form interconnects or gate structures The strong adhesion provided by thin glue layers is useful for patterning W interconnects FIG 3 is useful in explaining interconnect fabrication Numerals identical to those used in FIG 1 represent identical elements Also depicted is patterned resist 11 To form interconnects, the tungsten and glue layers depicted are etched and the resist removed to yield the structure shown in FIG 4 An A1 layer under W interconnects should provide low resistance contacts The use of A1 is particularly suited for upper levels in multilevel metallization schemes where junction spiking is not a consideration Also, it is suitable for very thin A1 glue layer on Si contacts, as well as silicided junctions, where junction spiking may not occur

What is claimed is:

1. A method of fabricating an integrated circuit comprising the steps of:

  patterning a dielectric layer to form holes which expose the underlying material, said exposed underlying material comprises an electrically conducting material;

  depositing a glue layer covering said dielectric and said exposed underlying material;

6

depositing a tungsten layer by chemical vapor deposition, said tungsten layer covering said glue layer on said dielectric and said exposed material;

  CHARACTERIZED IN THAT said glue layer comprises at least one member selected from the group consisting of conducting nitrides

2. A method as recited in claim 1 in which said material comprises said silicon surface

3. A method as recited in claim 1 in which said material comprises a metallic silicide

4. A method as recited in claim 1 further comprising etching said tungsten and said glue layer to form a planar surface of said dielectric and said tungsten in said hole, said tungsten being etched before said glue layer

5. A method as recited in claim 4 in which said conducting nitride consists essentially of TiN

6. A method as recited in claim 1 in which said dielectric comprises silicon dioxide

7. A method as recited in claim 1 in which said W layer is deposited by low pressure chemical vapor deposition.

8. A method as recited in claim 7 in which said deposition uses $WF_6$ and $H_2$

9. A method as recited in claim 8 in which said glue layer comprises a conducting nitride

10. A method as recited in claim 8 in which said conducting nitride comprises TiN.

11. A method as recited in claim 1 further comprising the step of patterning said tungsten and said glue layer.

* * * * *