1  IRELL & MANELLA LLP
   Jonathan H. Steinberg (98044)
2  Samuel K. Lu (171969)
   Jason G. Sheasby (205455)
3  C. Maclain Wells (221609)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
5  Facsimile:  (310) 203-7199
   E-mail: jsteinberg@irell.com
6  E-mail: slu@irell.com
   E-mail: jsheasby@irell.com
7  E-mail: mwells@irell.com

8  Attorneys for Defendant LSI CORPORATION and

9  Defendant and Counterclaimant AGERE SYSTEMS, INC.

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14 NXP SEMICONDUCTORS USA, INC., )   Case No. CV-08-0775 JW
15 a Delaware corporation,        )
                                  )
16          Plaintiff,            )   **ANSWER TO AMENDED**
                                  )   **COMPLAINT AND**
17      v.                        )   **COUNTERCLAIMS**
                                  )
18 LSI CORPORATION d/b/a/ LSI LOGIC )  **DEMAND FOR JURY TRIAL**
   CORPORATION, a Delaware        )
19 corporation, and AGERE SYSTEMS, )
   INC., a Delaware corporation,  )
20                                )
          Defendants.            )
21 _____ )
   AGERE SYSTEMS, INC., a Delaware )
22 corporation,                    )
                                   )
23          Counterclaimant,       )
                                   )
24      v.                         )
                                   )
25 NXP SEMICONDUCTORS USA, INC.,   )
   a Delaware corporation, and     )
26                                 )
          Counterclaim-Defendant.  )
27 _____ )
                                   )
28

## LSI CORPORATION AND AGERE SYSTEMS, INC.'S ANSWER

Defendants LSI Corporation ("LSI") and Agere Systems, Inc. ("Agere") (collectively, "Defendants") hereby answer the Amended Complaint of Plaintiff NXP Semiconductors USA, Inc. ("NXP USA") as follows:

1.   In response to paragraph 1, Defendants are informed and believe, and on that basis admit, that NXP USA is a Delaware Corporation with its principal place of business at 1109 McKay Drive, San Jose, California 95131.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Amended Complaint, and therefore deny each and every remaining allegation contained in paragraph 1.

2.   In response to paragraph 2, Defendants admit that LSI Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business at 1621 Barber Lane, Milpitas, California 95035.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 2.

3.   In response to paragraph 3, Defendants admit that Agere Systems, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business at 1110 American Parkway NE, Allentown, Pennsylvania 18109.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 3.

4.   In response to paragraph 4, Defendants admit that NXP USA contends that this is an action arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  Defendants also admit that NXP USA contends that jurisdiction exists under 1331 and 1338(a).  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 4.

5.   In response to paragraph 5, Defendants admit that LSI has a place of business in the Northern District of California, and that LSI has sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure.  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 5.

6.   In response to paragraph 6, Defendants admit that Agere has voluntarily appeared in this action and therefore jurisdiction exists over Agere for the purposes of this action.  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 6.

7.   In response to paragraph 7, Defendants admit that NXP USA contends that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) & (c).  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 7.

8.   In response to paragraph 8, Defendants admit that NXP USA cites to Civil L.R. 3-2(c) on the issue of intradistrict assignment.  Expect as expressly admitted herein, Defendants deny each and every allegation of paragraph 8.

9.   In response to paragraph 9, Defendants admit that the document attached as Exhibit 1 to the Amended Complaint is entitled Patent License Agreement among American Telephone and Telegraph Company, N.V. Philips' Gloelampenfabrieken, and U.S. Philips Corp., and that the document speaks for itself.  Defendants admit that the document attached as Exhibit 1 states that "LIMITED PERIOD means the period commencing on the effective date of this Agreement and having a duration of seven (7) years" and states "Effective as of July 1, 1987."  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 9.

10. In response to paragraph 10, Defendants admit that the document attached as Exhibit 2 to the Amended Complaint speaks for itself.  Defendants admit that the document attached as Exhibit 2 states that "the LIMITED PERIOD shall be extended from July 1, 1994 to December 31, 1996 (the 'EXTENDED PERIOD')" and that "the licenses and rights granted in the Agreement may be sublicensed to any future divested present business of PHILIPS or of the three entities by the divesting company.  Such sublicenses may be granted and retained only while the future divested business operates as a separately identifiable business and not for an existing or other acquired business of a third party acquiring the future divested businesses and only to the extent applicable to those products and services sold by the future divested business which are substantially similar to products and services sold by it prior to its divestiture."  Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 10.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  11. In response to paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint, and therefore deny them.

  12. In response to paragraph 12, Defendants admit that the titles and filing dates for U.S. Patent Nos. 5,373,180; 5,227,335; 5,599,739; 5,149,672; 5,022,958; 6,153,543; 4,914,500; 4,919,748; 5,600,182; 5,844,928; 5,909,149; 6,163,184; and 5,827,777 listed in paragraph 12 are those that appear on the face of those patents (the "Listed Patents"). Defendants also admit that the issue dates for the Listed Patents are those that appear on the face of those patents. Defendants further admit that LSI is the assignee of U.S. Patent Nos. 5,600,182 and 5,827,777 and Agere is the assignee of U.S. Patent Nos. 5,373,180; 5,227,335; 5,599,739; 5,149,672; 5,022,958; 6,153,543; 4,914,500; 4,919,748; 5,844,928; 5,909,149; and 6,163,184. Defendants also admit that the documents listed in Exhibits 3-15 speak for themselves. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 12.

  13. In response to paragraph 13, Defendants admit that they have had communications with NXP USA in 2007 and 2008. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 13.

  14. In response to paragraph 14, Defendants admit that NXP USA has filed a declaratory judgment action disputing the validity and/or the infringement of certain of the Listed Patents. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 14.

  15. In response to paragraph 15, Defendants admit that NXP USA seeks a declaratory judgment that the claims of certain of the Listed Patents are invalid and/or that NXP USA does not infringe any valid claim of certain of the Listed Patents. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 15.

  16. In response to paragraph 16, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

  17. In response to paragraph 17, Defendants admit that NXP USA contends that, for the Listed Patents filed during what NXP USA terms the "Extended Period," any use of the patented

methods or technology by NXP USA is licensed and therefore non-infringing.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 17.

18. In response to paragraph 18, Defendants admit that NXP USA seeks a judicial determination of the rights and duties of the parties under what it terms the "PLA" and that it seeks a declaration that any use by NXP USA of the methods or technology claimed in patents that were filed by AT&T or what NXP USA designed as "related companies" during what it terms the "Extended Period" is licensed and therefore non-infringing.  Defendants deny that NXP USA is entitled to this relief, and except as so admitted in the previous sentence, Defendants deny each and every allegation of paragraph 18.

19. In response to paragraph 19, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

20. In response to paragraph 20, Defendants deny each and every allegation contained in paragraph 20.

21. In response to paragraph 21, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

22. In response to paragraph 22, Defendants deny each and every allegation contained in paragraph 22.

23. In response to paragraph 23, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

24. In response to paragraph 24, Defendants deny each and every allegation contained in paragraph 24.

25. In response to paragraph 25, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

26. In response to paragraph 26, Defendants deny each and every allegation contained in paragraph 26.

27. In response to paragraph 27, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

28. In response to paragraph 28, Defendants deny each and every allegation contained in paragraph 28.

29. In response to paragraph 29, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

30. In response to paragraph 30, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and therefore deny them.

31. In response to paragraph 31, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

32. In response to paragraph 32, Defendants deny each and every allegation contained in paragraph 32.

33. In response to paragraph 33, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

34. In response to paragraph 34, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore deny them.

35. In response to paragraph 35, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

36. In response to paragraph 36, LSI denies each and every allegation contained in paragraph 36.

37. In response to paragraph 37, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

38. In response to paragraph 38, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38, and therefore deny them.

39. In response to paragraph 39, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

40. In response to paragraph 40, Defendants deny each and every allegation contained in paragraph 40 of the Amended Complaint.

41. In response to paragraph 41, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

42. In response to paragraph 42, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42, and therefore deny them.

43. In response to paragraph 43, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

44. In response to paragraph 44, Defendants deny each and every allegation contained in paragraph 44.

45. In response to paragraph 45, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

46. In response to paragraph 46, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46, and therefore deny them.

47. In response to paragraph 47, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

48. In response to paragraph 48, Defendants deny each and every allegation contained in paragraph 48.

49. In response to paragraph 49, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

50. In response to paragraph 50, Defendants deny each and every allegation contained in paragraph 50.

51. In response to paragraph 51, Defendants incorporate by reference their responses to paragraphs 1 – 15 of the Amended Complaint.

1

2      52. In response to paragraph 52, Defendants are without knowledge or information

3  sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52, and

   therefore deny them.

4
       53. In response to paragraph 53, Defendants incorporate by reference their responses to
5
   paragraphs 1 – 15 of the Amended Complaint.
6
       54. In response to paragraph 54, Defendants deny each and every allegation contained in
7
   paragraph 54.
8
       55. In response to paragraph 55, Defendants incorporate by reference their responses to
9
   paragraphs 1 – 15 of the Amended Complaint.
10
       56. In response to paragraph 56, Defendants deny each and every allegation contained in
11
   paragraph 56.
12
       57. In response to paragraph 57, Defendants incorporate by reference their responses to
13
   paragraphs 1 – 15 of the Amended Complaint.
14
       58. In response to paragraph 58, Defendants deny each and every allegation contained in
15
   paragraph 58.
16
       59. In response to paragraph 59, Defendants incorporate by reference their responses to
17
   paragraphs 1 – 15 of the Amended Complaint.
18
       60. In response to paragraph 60, Defendants deny each and every allegation contained in
19
   paragraph 60.
20
       61. In response to paragraph 61, Defendants incorporate by reference their responses to
21
   paragraphs 1 – 15 of the Amended Complaint.
22
       62. In response to paragraph 62, Defendants deny each and every allegation contained in
23
   paragraph 62.
24
                                  **FIRST DEFENSE**
25
       Communications between LSI/Agere and NXP USA regarding the subject matter of the
26
   Amended Complaint are subject to a non-disclosure agreement and are not admissible in this
27
   litigation for any purpose.
28

## SECOND DEFENSE

One or more of NXP USA's claims are bared by laches and/or estoppel.

## THIRD DEFENSE

The claims of the Listed Patents are valid and enforceable.

## PRAYER FOR RELIEF ON NXP USA'S AMENDED COMPLAINT

WHEREFORE, Defendants pray for judgment against NXP USA on NXP USA's Amended Complaint, as follows:

A.      That NXP USA take nothing by its claims for relief;

B.      That NXP USA's claims for relief be dismissed with prejudice;

C.      That the Court enter judgment against NXP USA and in favor of Defendants in all respects;

D.      That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and award attorneys' fees and costs to Defendants in this action; and

E.      For such other and further relief as the Court deems just and equitable.

## AGERE'S COUNTERCLAIMS

Counterclaimant Agere brings these counterclaims against NXP USA pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

63. Agere incorporates by reference paragraphs 1 – 62 above.

## PARTIES

64. Agere is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business at 1110 American Parkway NE, Allentown, Pennsylvania 18109.

65. Agere is informed and believes and on that basis alleges that NXP USA is a subsidiary of NXP Semiconductors, Inc. and a corporation organized and existing under the laws of the State of Delaware.  Agere is informed and believes and on that basis alleges that NXP USA has its principal place of business at 1109 McKay Drive, San Jose, California 95131, and conducts business throughout the United States, including in the Northern District of California.

1

2

**JURISDICTION AND VENUE**

66. This action arises under the United States Patent Act, 35 U.S.C. § 101, *et seq*. including

3

4

35 U.S.C. § 271.  This Court has subject matter jurisdiction over the matters pleaded herein under

28 U.S.C. §§ 1338(a) and 1331 in that this is a civil action arising out of the patent laws of the

5

6

United States of America.

67. This Court has personal jurisdiction over NXP USA because, among other reasons,

7

8

NXP USA has its principal place of business in this district.

68. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1400(b)

9

10

and 1391(b)–(c).

**FIRST CLAIM FOR RELIEF AGAINST NXP USA FOR PATENT INFRINGEMENT**

11

12

(U.S. Patent No. 5,909,149)

69. Agere incorporates by reference paragraphs 1-68 as if set forth here in full.

13

14

70. Agere is the owner of the entire right, title, and interest in and to U.S. Patent No.

5,909,149 (the "'149 patent"), entitled "Multiband Phase Locked Loop Using a Switched Voltage

15

16

Controlled Oscillator," which was duly issued on June 1, 1999, and is now assigned to Agere.

71. Agere is informed and believes and on this basis alleges that in violation of 35 U.S.C.

17

18

§ 271, NXP USA has been and is currently directly infringing, contributorily infringing, and/or

inducing infringement of the '149 patent by, among other things, making, using, offering to sell,

19

20

selling, exporting and/or importing, without authority or license from Agere, products.

72. Agere is informed and believes and on this basis alleges that NXP's infringement is

21

22

willful.

73. Unless enjoined, NXP USA will continue to infringe the '149 patent, and Agere will

23

24

suffer irreparable injury as a direct and proximate result of NXP USA's conduct.

74. Agere has been damaged by NXP USA's conduct, and, until an injunction issues, will

25

26

continue to be damaged in an amount yet to be determined.

**SECOND CLAIM FOR RELIEF AGAINST NXP USA FOR PATENT INFRINGEMENT**

27

28

(U.S. Patent No. 6,163,184)

75. Agere incorporates by reference paragraphs 1-68 as if set forth here in full.

76. Agere is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,163,184 (the "'184 patent"), "Phase Locked Loop (PLL) Circuit," which was duly issued on December 19, 2000, and is now assigned to Agere.

77. Agere is informed and believes and on this basis alleges that in violation of 35 U.S.C. § 271, NXP USA has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '184 patent by, among other things, making, using, offering to sell, selling, exporting and/or importing, without authority or license from Agere, products.

78. Agere is informed and believes and on this basis alleges that NXP's infringement is willful.

79. Unless enjoined, NXP USA will continue to infringe the '184 patent, and Agere will suffer irreparable injury as a direct and proximate result of NXP USA's conduct.

80. Agere has been damaged by NXP USA's conduct, and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**THIRD CLAIM FOR RELIEF AGAINST NXP USA FOR PATENT INFRINGEMENT**

(U.S. Patent No. 5,227,335)

81. Agere incorporates by reference paragraphs 1-68 as if set forth here in full.

82. Agere is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,227,335 (the "'335 patent"), entitled "Tungsten Metallization," which was duly issued on July 13, 1993, and is now assigned to Agere.

83. Agere is informed and believes, and on this basis alleges that in violation of 35 U.S.C. § 271, NXP USA has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '335 patent by, among other things, making, using, offering to sell, selling, exporting and/or importing, without authority or license from Agere, products.

84. Agere is informed and believes and on this basis alleges that NXP's infringement is willful.

85. NXP USA will continue to infringe the '335 patent, and Agere will suffer irreparable injury as a direct and proximate result of NXP USA's conduct.

86. Agere has been damaged by NXP USA's conduct, and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**FOURTH CLAIM FOR RELIEF AGAINST NXP USA FOR PATENT INFRINGEMENT**

(U.S. Patent No. 5,599,739)

87. Agere incorporate by reference paragraphs 1-68 as if set forth here in full.

88. Agere is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,599,739 (the "'739 patent"), entitled "Barrier Layer Treatments For Tungsten Plug," which was duly issued on February 4, 1997, and is now assigned to Agere.

89. Agere is informed and believes and on this basis alleges that in violation of 35 U.S.C. § 271, NXP USA has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '739 patent by, among other things, making, using, offering to sell, selling, exporting and/or importing, without authority or license from Agere, products

90.  Agere is informed and believes and on this basis alleges that NXP's infringement is willful.

91. Unless enjoined, NXP USA will continue to infringe the '739 patent, and Agere will suffer irreparable injury as a direct and proximate result of NXP USA's conduct.

92. Agere has been damaged by NXP USA's conduct, and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**FIFTH CLAIM FOR RELIEF AGAINST NXP USA FOR PATENT INFRINGEMENT**

(U.S. Patent No. 5,373,180)

93. Agere incorporate by reference paragraphs 1-68 as if set forth here in full.

94. Agere is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,373,180 (the "'180 patent"), entitled "Planar Isolation Technique For Integrated Circuits," which was duly issued on December 13, 1994, and is now assigned to Agere.

95. Agere is informed and believes and on this basis alleges that in violation of 35 U.S.C. § 271, NXP USA has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '180 patent by, among other things, making, using, offering to sell, selling, exporting and/or importing, without authority or license from Agere, products.

96. Agere is informed and believes and on this basis alleges that NXP's infringement is willful.

97. Unless enjoined, NXP USA will continue to infringe the '180 patent, and Agere will suffer irreparable injury as a direct and proximate result of NXP USA's conduct.

98. Agere has been damaged by NXP USA's conduct, and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### PRAYER FOR RELIEF

WHEREFORE, Agere prays for relief as follows:

1.      For a judicial determination that each of the '149 patent, the '184 patent, the '335 patent, the '739 patent, and the '180 patent (the "Counterclaim Patents") are valid and enforceable;

2.      For a judicial determination that NXP USA has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the Counterclaim Patents.

3.      For a judicial determination that NXP USA's infringement of the Counterclaim Patents is willful.

4.      For an order enjoining NXP USA and its parents, affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with it directly or indirectly, from further acts of infringement of the Counterclaim Patents;

5.      For damages resulting from infringement of the Counterclaim Patents by NXP USA in an amount to be determined at trial, and a trebling of such damages due to the willful nature of its infringement;

6.      For an award of supplemental damages and interest on all damages;

7.      For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

8.      For an award of such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6,

1

2    Defendant LSI and Defendant and Counterclaimant Agere hereby demand a trial by jury on any

3    issue triable of right by a jury.

4    Dated:  June 12, 2008                    Respectfully submitted,

5                                             IRELL & MANELLA LLP
                                             Jonathan H. Steinberg
6                                             Samuel K. Lu
                                             Jason G. Sheasby
7                                             C. Maclain Wells

8

9                                             By: /s/ C. Maclain Wells
10                                                    C. Maclain Wells

11                                            Attorneys for Defendant LSI CORPORATION and
                                             Defendant and Counterclaimant AGERE SYSTEMS,
12                                            INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on file with the Clerk of Court.

                                 By:  /s/ C. Maclain Wells
                                             C. Maclain Wells