MICHAEL E. MOLLAND (State Bar No. 111830)
DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
GREGG P. YATES (State Bar No. 224641)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com

Attorneys for Plaintiff and Counterclaim-Defendant
NXP SEMICONDUCTORS USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation<br><br>　　　　　　Defendant.<br><br>AGERE SYSTEMS, INC., a Delaware Corporation,<br><br>　　　　　　Counterclaimant<br><br>　　v.<br><br>NXP SEMICONDUCTORS USA, INC., a Delaware corporation<br><br>　　　　　　Counterclaim-Defendant. | Case No. C 08-0775 JW<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:　October 27, 2008<br>Time:　　　　　9:00 a.m.<br>Judge:　　　　Hon. James Ware |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................................1
II. STATEMENT OF THE CASE ...................................................................................................1
III. ARGUMENT ...............................................................................................................................3
    A. All Of The Prerequisites To Application Of Issue Preclusion Are Met Here .........3
    B. The Settlement Of The Atmel Litigation, And The Associated Vacatur Order, Have No Impact On The Application Of Issue Preclusion Against Agere .........................................................................................................................6
    C. In Any Event, On Its Face The Vacatur Does Not Apply To The District Court's JMOL Ruling of Obviousness ......................................................................10
IV. CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Asustek Computer Inc. v. Ricoh Co., Ltd.*,
  2007 U.S. Dist. LEXIS 86302 (N.D. Cal. Nov. 21, 2007) ..................................................10

*Bates v. Union Oil Co. of California*,
  944 F.2d 647 (9th Cir. 1991) ................................................................................ 7, 8, 9, 10

*Blonder-Tongue Labs., Inc. v. University of lll. Found.*,
  402 U.S. 313 (1971) ............................................................................................................9

*Cardinal Chem. Co.v. Morton Int'l, Inc.*,
  508 U.S. 83 (1993) .........................................................................................................9, 10

*Graham v. John Deere Co. of Kansas City*,
  383 U.S. 1 (1966) ................................................................................................................3

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
  802 F.2d 1367 (Fed. Cir. 1986) ..........................................................................................3

*In re Freeman*,
  30 F.3d 1459 (Fed. Cir. 1994) ....................................................................................4, 5, 6

*Luben Indus., Inc. v. United States*,
  707 F.2d 1037 (9th Cir. 1983) ............................................................................................5

*Medinol Ltd. v. Guidant Corp.*,
  341 F.Supp.2d 301 (S.D.N.Y. 2004) .................................................................................10

*Mendenhall v. Barber Greene Co.*,
  26 F.3d 1573 (Fed. Cir. 1994) ..........................................................................................10

*Partmar Corp. v. Paramount Pictures Theatres Corp.*,
  347 U.S. 89 (1954) ..............................................................................................................5

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
  170 F.3d 1373 (Fed. Cir. 1999) ........................................................................................10

*Purdue Pharma L.P. v. Teva Pharmaceuticals USA, Inc.*,
  2004 WL 1444883 (S.D.N.Y. June 28, 2004) ..................................................................10

*Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters*,
  686 F.2d 720 (9th Cir. 1982) ..................................................................................... 7, 8, 9

*Security People, Inc. v. Medeco Security Locks, Inc.*,
  59 F. Supp. 2d 1040 (N.D. Cal. 1999) ............................................................................4, 5

*Sentinel Trust Co. v. Universal Bonding Ins. Co.*,
  316 F.3d 213 (3d Cir. 2003) ...............................................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Syverson v. IBM*,
   472 F.3d 1072 (9th Cir. 2007) ............................................................................................... 4

*Truth Hardware Corp. v. Ashland*,
   2003 WL 22005839 (D. Del. Aug. 19, 2003) ...................................................................... 10

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,
   513 U.S. 18 (1994) ............................................................................................................ 8, 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii   NXP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DB1/61913570.3

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that on October 27, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, Plaintiff and Counterclaim Defendant NXP Semiconductors USA, Inc. ("NXP") will and hereby does move for partial summary judgment on (1) NXP's Third Claim For Relief (Invalidity of United States Patent No. 5,227,335) and (2) Defendant and Counterclaimant Agere Systems, Inc. ("Agere")'s Third Claim for Relief Against NXP For Patent Infringement (U.S. Patent No. 5,227,335), on the ground that collateral estoppel precludes Agere from asserting the patent against NXP. The motion is based upon this Notice, the following Memorandum of Points and Authorities, the accompanying declaration of Brett M. Schuman, all pleadings and papers on file in this case, and upon such other matters as may be presented to the court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Agere has asserted a claim against NXP for purported infringement of a patent – United States Patent No. 5,227,335 ("the '335 patent") – that has been found invalid in a prior case by a jury (on anticipation grounds) and a judge (on obviousness grounds). Agere had a full and fair opportunity to litigate the validity of the '335 patent in the prior litigation, and it lost. Agere improperly seeks to relitigate those determinations here. Allowing Agere to do so would needlessly expend the resources of this Court and burden NXP.

Collateral estoppel defeats Agere's gambit. To try to avoid collateral estoppel, Agere settled the prior litigation and procured a vacatur of the judgment from the district court in that case. But the vacatur is irrelevant. Under controlling law, it is for this Court to decide whether to give preclusive effect to the determinations made by the jury and judge in the prior litigation. For the reasons explained below, this Court should apply collateral estoppel and reject Agere's attempt to force NXP – and this Court, and another jury – to re-try issues which were fully and fairly litigated in a prior case.

## II. STATEMENT OF THE CASE

NXP commenced this action on February 1, 2008. *See* Docket # 1. On May 30, 2008, NXP filed an amended complaint for declaratory judgment relating to thirteen patents, including a declaration that the '335 patent was invalid. *See* Docket # 24. On June 12, 2008, Agere counterclaimed for purported infringement of the '335 patent against NXP.[1] *See* Docket # 30.

Previously, on February 20, 2002, Agere filed suit against Atmel Corporation ("Atmel") alleging infringement of claims 1-6 and 11 of the '335 patent in the Eastern District of Pennsylvania. *See* Schuman Decl., Ex. 2. After over three years of litigation, and a nearly three week jury trial, the Agere-Atmel case culminated in a jury verdict that the asserted claims of the '335 patent were invalid as anticipated. *See Agere Systems Inc. v. Atmel Corp.,* No. 02-864, 2005 WL 2994702 at *16-17 (E.D. Pa. Aug. 17, 2005) (attached to the Schuman Declaration as Exhibit 3). The jury's verdict and the district court's judgments were not surprising, given the prior art that existed before the claimed inventions in the '335 patent, including work done by employees at IBM (a rival company of the named inventor's employer) over a year before the application for the '335 patent was even submitted to the PTO. *See* Schuman Decl., Ex. 4 (Amended Transcript of Proceedings held on 03/15/05, *Agere Systems Inc., et al. v. Atmel Corp.*, 2:02-cv-00864-LDD (E.D. Pa. Mar. 22, 2005) at 27:22-29:22). Indeed, a named inventor of the '335 patent, Dr. Rana, made the admission at trial that the employees at IBM had in fact conceived of the *same* invention claimed in the '335 patent:

    12 Q If your earliest work --

    13 A Yes.

    14 Q -- was after the date shown on Exhibit 11 1 I--

    15 A Yes.

    16 Q -- would you agree with me that somebody at least drew

---

[1] Agere's counterclaim in this litigation does not specify which claims of the '335 patent it alleges are infringed by NXP. However, on April 18, 2008 LSI and Agere filed a complaint with the U.S. International Trade Commission ("ITC") alleging infringement of only claim 1 of the '335 patent against NXP and others. *See* Declaration of Brett M. Schuman dated July 8, 2008 ("Schuman Decl."), Exhibit 1. Agere has never accused NXP of infringement of any claims of the '335 patent besides those declared invalid in the prior litigation.

```
17 what you considered to be your invention prior to your
18 beginning your work?
19 A Yeah, if it is proven after looking at my notebooks in
20 my-- at our company, if my notebooks show that I started my
21 work after that date then, yes, then *they are the inventors,*
22 yes.
```

*Id.* at 29:12-22 (emphasis added). After the jury reached its verdict, the district court entered judgment on the jury verdict of anticipation. *See* Schuman Decl., Ex. 5. Subsequently, the district court denied Agere's post-trial motions, finding that the "great weight of the evidence" supported the jury's verdict that the asserted claims of the '335 patent were invalid as anticipated. *See* Schuman Decl., Ex. 3 (*Agere Systems Inc. v. Atmel Corp.,* 2005 WL 2994702 at *17-22).

While the jury did not also find the patent to be invalid on the ground of obviousness,[2] the district court reviewed the evidence and then granted Atmel's motion for judgment as a matter of law ("JMOL"), overturning the jury's decision of no obviousness and holding that no reasonable jury could have found the asserted claims to be non-obvious. *Id.* at *22-26. The court entered a separate order granting judgment as a matter of law against Agere with regard to the invalidity of the '335 patent on the issue of obviousness. *Id.*

Agere and Atmel settled their dispute after the district court made these determinations. Based on the parties' stipulated request, the district court vacated: (i) its summary judgment orders; (ii) the jury verdict; and (iii) its judgments based on the jury verdict. *See* Schuman Decl., Ex. 7. The district court made no statement regarding the preclusive effect of the rulings it was vacating. *Id.*

---

[2] A finding of anticipation requires a single piece of prior art to show every element of the claim. *See Hybritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1378 (Fed. Cir. 1986). A finding of obviousness requires that **any differences** between the claim and the prior art be obvious. *See Graham v. John Deere Co. of Kansas City,* 383 U.S. 1, 17-18 (1966). While the jury had not found that the patent was also invalid on the ground of obviousness, this was likely because they felt there were **no differences** between the claim and the prior art, as reflected in their verdict of anticipation.

## III. ARGUMENT

Collateral estoppel (also called issue preclusion) protects NXP from having to re-litigate issues, *i.e.*, the validity of the '335 patent, that were fully and fairly litigated and decided against Agere in a prior proceeding.

### A. All Of The Prerequisites To Application Of Issue Preclusion Are Met Here

The Federal Circuit and the courts in this Circuit all apply the same factors when assessing the appropriateness of applying collateral estoppel. Specifically, collateral estoppel is appropriate if: (1) the issue of fact or law is identical to one decided in the first action; (2) the issue was actually litigated and determined in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action; and (5) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action. *See, e.g., In re Freeman,* 30 F.3d 1459, 1465 (Fed. Cir. 1994); *Syverson v. IBM*, 472 F.3d 1072, 1078 (9th Cir. 2007); *Security People, Inc. v. Medeco Security Locks, Inc.*, 59 F. Supp. 2d 1040, 1044 (N.D. Cal. 1999).

All of these prerequisites are met here. There are no disputed issues of material fact on any of them.

*First*, the issue involved in this case – the validity of the '335 patent – is identical to the issue decided by the jury and the district court in the prior proceeding. "The general principle of issue preclusion is that a right, question, or fact distinctly put in issue cannot be disputed in a second suit." *Freeman,* 30 F.3d at 1465. Here, a jury in the Eastern District of Pennsylvania found clear and convincing evidence that claim 1 of the '335 patent was invalid as anticipated. *See* Schuman Decl., Ex. 8, Doc. No. 333, Trial Transcript of Proceedings held on 03/22/05, *Agere Systems Inc., et al.* v. *Atmel Corp.,* 2:02-cv-00864-LDD (E.D. Pa. Mar. 24, 2005) at 21:7-10. The jury reached its conclusion at least in part because an inventor of the '335 patent, Dr. Rana, conceded that employees at IBM created the same invention set forth in his patent application. *See* Schuman Decl., Ex. 4 at 27:22-29:22. The district court entered judgment on that verdict. *See* Schuman Decl., Ex. 5. The district court then found "overwhelming" evidence that the '335

1  patent was invalid on obviousness grounds.  *See* Schuman Decl., Ex. 2, at *26.  These issues –
2  anticipation and obviousness of the '335 patent – are identical to the issues this Court will have to
3  consider should it allow Agere to re-litigate the '335 patent.

4       *Second*, it is beyond dispute that the validity of the '335 patent was heavily litigated and
5  actually determined by the judge and jury in the earlier proceeding.  *See* Schuman Decl., Ex. 2.
6  "The requirement that the issue have been actually decided is generally satisfied if the parties to
7  the original action disputed the issue and the trier of fact decided it."  *Freeman,* 30 F.3d at 1466.

8       *Third*, resolution of the issues regarding the validity of the '335 patent were essential to
9  the final judgment in favor of the accused infringer, Atmel, in the prior litigation.  *See* Schuman
10 Decl., Exs. 5; *see also* Schuman Decl., Ex. 6 at pp. 3-4 ("there is no doubt that a final judgment
11 has been reached on the . . . '335 . . . patent[]").  "In order to give preclusive effect to a particular
12 finding in a prior case, that finding must have been necessary to the judgment rendered in the
13 previous action.  The purpose of this requirement is to prevent the *incidental or collateral*
14 *determination of a nonessential issue* from precluding reconsideration of that issue in later
15 litigation."  *Freeman,* 30 F.3d at 1466 (emphasis added) (citation omitted).  Validity is not
16 "incidental" or "collateral" in patent litigation – it is a primary defense in nearly all patent cases,
17 and was necessary to resolve the claims and counterclaims in the prior Atmel litigation.

18      Further, once judgment is entered it is final for purposes of res judicata and collateral
19 estoppel whether or not the losing party chooses to file an appeal.  *See Partmar Corp. v.*
20 *Paramount Pictures Theatres Corp.,* 347 U.S. 89, 99 n.6 (1954).  "Ninth Circuit case law holds
21 that to be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the
22 sense of 28 U.S.C. § 1291.  Instead, a final judgment for purposes of collateral estoppel is any
23 prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be
24 accorded preclusive effect."  *Security People,* 59 F. Supp. 2d at 1045 (citing *Luben Indus., Inc. v.*
25 *United States,* 707 F.2d 1037, 1040 (9th Cir. 1983).

26      "[T]he Ninth Circuit has set forth a number of factors which should be considered in
27 determining whether a prior adjudication is 'sufficiently firm' to be accorded conclusive effect:
28 (1) whether the decision was not avowedly tentative, (2) whether the parties were fully heard, (3)

Morgan, Lewis &
Bockius LLP
Attorneys At Law
DB1/61913570.3
5
NXP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

whether the court supported its decision with a reasoned opinion, and (4) whether the decision was subject to an appeal." *Id.* Here, the court-affirmed jury verdict and the district court's JMOL order were in no sense avowedly tentative. Both anticipation and obviousness were disputed and were decided by the jury and the district court. *See* Schuman Decl., Exs. 2 & 8. Judgment was entered on the verdict, the district court provided another independent judgment in the form of the obviousness JMOL, and each was supported by a well-reasoned order. *See* Schuman Decl., Ex. 2. Finally, the decisions were subject to appeal until Agere *voluntarily* gave up that right when the parties settled the matter, thereby ending the controversy and removing appellate jurisdiction. In sum, there is no question that the parties in the earlier litigation vigorously contested both anticipation and obviousness, and the jury and district court did in fact decide those issues with sufficient firmness and finality.[3]

*Fourth*, Agere had a full and fair opportunity to litigate the validity of the '335 patent in the prior litigation. "To apply issue preclusion, the party against whom the estoppel is being asserted must have been accorded a full and fair opportunity to litigate in the prior court proceeding the very issue he now seeks to relitigate." *Freeman,* 30 F.3d at 1467. Agere participated in discovery and litigated the case for over three years from the time its case was filed until the date that trial commenced. Agere then had the opportunity to present all of its arguments regarding validity to a jury. *See* Schuman Decl., Ex. 8. The district court then entertained and denied post-trial motions filed by Agere regarding the jury's invalidity verdict. *See* Schuman Decl., Ex. 2. Agere also was heard in opposition to Atmel's JMOL motion, which was granted by the court. *See id.*

*Fifth*, and finally, it is undisputed that Agere – the party against whom issue preclusion is asserted – was a party to the prior action, *Agere Systems Inc., et al. v. Atmel Corp.,* 2:02-cv-00864-LDD (E.D. Pa.).

---

[3] We explain separately below why the district court's vacatur order does not deprive the judgment and related rulings of collateral estoppel effect. *See post*, at section III.B.

### B.  The Settlement Of The Atmel Litigation, And The Associated Vacatur Order, Have No Impact On The Application Of Issue Preclusion Against Agere

The Ninth Circuit has held that district court rulings vacated solely for purposes of settlement may continue to have preclusive effect against the parties involved in the prior litigation. *See Bates v. Union Oil Co. of California,* 944 F.2d 647, 650-51 (9th Cir. 1991); *Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters,* 686 F.2d 720, 721 (9th Cir. 1982).

In *Bates*, the Ninth Circuit considered the precise question presented here: "whether a judgment vacated as a condition of settlement can have preclusive effect." *Bates*, 944 F.2d at 649. In a prior case a group of Unocal oil dealers successfully sued Unocal on a variety of contract claims. While the appeal was pending, the parties agreed to settle, conditioned on vacatur of the district court judgment, to which the district court judge agreed. When another group of Unocal dealers sued Unocal in a new action with similar claims, the dealers moved for summary judgment against Unocal based on the preclusive effect of the judgment in the first action. Unocal argued that collateral estoppel did not apply because the judgment had been vacated. The district judge disagreed, holding that "the vacatur sa[id] nothing about the preclusive effect of the [district court] judgment." *Bates,* 944 F.2d at 649. The Ninth Circuit affirmed the district court's application of collateral estoppel based on the previously vacated judgment. *See Bates*, 944, F.2d at 650 ("We hold that the [district court] judgment did not lose preclusive effect simply because it was vacated, and that the *Ringsby* factors, although not considered at the time the [district court] judgment was vacated, were properly considered by the district court when, in this case, it confronted the question of the preclusive effect of the vacated judgment").

In *Ringsby*, 686 F.2d at 720, the parties settled and agreed that the judgment of the district court be vacated while an appeal was pending. The Ninth Circuit reasoned that:

> If the effect of post-judgment settlements were automatically to vacate the trial court's judgment, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books. … 'It would be quite destructive to the principle of judicial finality to put such a litigant in a position to destroy the collateral conclusiveness of a judgment by destroying his own right of appeal.' That possibility would undermine the risks

inherent in taking any controversy to trial and, in cases such as this one, provide the dissatisfied party with an opportunity to relitigate the same issues.

*Ringsby*, 686 F.2d at 721. Thus, the Ninth Circuit declined to vacate the district court judgment because "the appellant ha[d] by his own act caused the dismissal of the appeal and [wa]s in no position to complain that his right of review of an adverse lower court judgment ha[d] been lost." *Id.* at 722.

In *Bates*, the Ninth Circuit directed district judges to consider what it has termed "the *Ringsby* factors" before granting a request to vacate a judgment to facilitate settlement. *See Bates*, 944 F.2d at 950. By "the *Ringsby* factors" the court was referring to "the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id.* (citing *Ringsby*, 686 F.2d at 722). However, "[i]f the court does not consider Ringsby in granting or denying the motion to vacate, the question of issue preclusion from the first trial will remain open for subsequent determination in a later case." *Id.*, at 651.

Here, as in *Bates v. Unocal*, the district court in the prior litigation did not expressly consider the future consequences of its vacatur order. *See* Schuman Decl., Ex. 7. Therefore, it is this Court's prerogative to decide, in the first instance, whether to give preclusive effect in this case to the vacated invalidity judgment from the Atmel litigation. As the judge did in *Bates v. Unocal*, the Court should conclude that re-litigation of the validity of the '335 patent "'after a full and fair jury trial' of those same issues in [Atmel] would be a waste of judicial resources." *Bates*, 944 F.2d at 650.

In cases decided after *Ringsby* and *Bates*, the Supreme Court has reinforced the strong systemic interest in finality of judgments – especially in cases involving the validity of patents. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), the Court addressed the issue of whether vacatur is appropriate when an appeal is mooted by the parties' settlement of the case. The Court held that, absent exceptional circumstances, judgments should not be vacated under these circumstances: "Where mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or

certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.*, at 25. The Court added that the "public interest" justifies the general rule against vacatur:

> As always when federal courts contemplate equitable relief, our holding must also take account of the public interest. 'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by vacatur.'

*Id.*, at 26.[4]

In *Cardinal Chem. Co.v. Morton Int'l, Inc.,* 508 U.S. 83, 100-101 (1993), the Court made the point specifically in the context of judgments regarding the validity of patents. In *Cardinal*, the Court rejected "[t]he Federal Circuit's current practice of routinely vacating declaratory judgments regarding patent validity following a determination of noninfringement." *Id.*, at 88. The Court's ruling was based in large part on the "strong public interest in the finality of judgments in patent litigation." *Id.*, at 100. "[T]he Federal Circuit's practice of routinely vacating judgments of validity after finding noninfringement creates a similar potential for relitigation and imposes ongoing burdens on competitors who are convinced that a patent has been correctly found invalid." *Id.*, at 101.

In *Cardinal*, the Court relied on its prior decision in *Blonder-Tongue Labs., Inc. v. University of lll. Found.,* 402 U.S. 313 (1971). In *Blonder-Tongue,* a plaintiff's patent was declared invalid by a court in the Southern District of Iowa. *Id.* at 314-15. That same patent was also the subject of a concurrent litigation against a different defendant in the Northern District of Illinois, and the defendant in that action argued that the ruling in Iowa bound the plaintiff in the Illinois litigation. *Id.* at 316. Both the district court and the court of appeals rejected that argument, but the Supreme Court unanimously reversed. *Id.* at 316-17. The Court noted that patent litigation "is a very costly process," and that resources are wasted if parties are forced to re-litigate claims the patentee has fully litigated and lost in a prior action. *Id.* at 334. The Court held that when there has been a "perfectly sound judgment of invalidity," it makes little sense and

---

[4] In the light of *U.S. Bancorp.*, and the Third Circuit's analysis of the case in *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 220 (3d Cir. 2003), there is at least a serious question regarding whether the district court in the Atmel case should have agreed to vacate the judgment in that case.

is indeed "wasteful" to force new defendants to expend additional resources to overcome the presumption of validity yet again, and to re-litigate infringement of an invalid patent. *Id.* at 338.

Other cases decided since *Ringsby* and *Bates* show that collateral estoppel is particularly appropriate when the former adjudication involves the validity of a patent. *See, e.g., Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.,* 170 F.3d 1373, 1379 (Fed. Cir. 1999) ("once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel" (*citing Mendenhall v. Barber Greene Co.,* 26 F.3d 1573, 1577 (Fed. Cir. 1994))); *see also Medinol Ltd. v. Guidant Corp.*, 341 F.Supp.2d 301, 318-23 (S.D.N.Y. 2004) (applying collateral estoppel to invalidity determination in prior case); *Asustek Computer Inc. v. Ricoh Co., Ltd.,* 2007 U.S. Dist. LEXIS 86302 (N.D. Cal. Nov. 21, 2007) (Patel, J.) (same) (attached to the Schuman Declaration as Ex. 9); *Truth Hardware Corp. v. Ashland*, 2003 WL 22005839 (D. Del. Aug. 19, 2003) (Sleet, J.) (same) (attached to the Schuman Declaration as Ex. 10); *Purdue Pharma L.P. v. Teva Pharmaceuticals USA, Inc.*, 2004 WL 1444883 (S.D.N.Y. June 28, 2004) (same) (attached to the Schuman Declaration as Ex. 11).

Here, notwithstanding that Agere procured a vacatur of the Atmel judgment, that judgment should be given collateral estoppel effect in this litigation under the controlling case of *Bates v. Unocal*. Agere should not be permitted to relitigate the *same issues* it litigated (and lost) in Pennsylvania before *another* jury in *another* court. As the Supreme Court said in *Cardinal*, "[p]ermitting repeated litigation of the same issues as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure.'" *Cardinal*, 508 U.S. at 101, fn.23 (citation omitted).

### C. In Any Event, On Its Face The Vacatur Does Not Apply To The District Court's JMOL Ruling of Obviousness

The Pennsylvania court's vacatur order states: "The Court's summary judgment orders, jury verdicts, and *judgments based thereon*, including the March 28, 2005 Order of Civil Judgment and the underlying jury verdict, are hereby vacated." *See* Schuman Decl., Ex. 7

(emphasis added).  The district court's JMOL of obviousness, entered August 18, 2005, is not a "summary judgment order," it is not a "jury verdict," and it is certainly not a "judgment[] based" on the jury verdict – it was a judgment *notwithstanding* the jury verdict.  Thus, the vacatur order does not apply to the JMOL finding the '335 patent invalid on obviousness grounds.  The JMOL independently bars Agere from re-litigating the validity of the '335 patent in this proceeding.

## IV. CONCLUSION

For the foregoing reasons, NXP respectfully requests an order granting partial summary judgment in its favor on (1) NXP's Third Claim for Relief; and (2) Agere's Third Claim for Relief, based on the preclusive effect of the determinations and judgments in the Atmel litigation.

Dated: July 8, 2008                             MORGAN, LEWIS & BOCKIUS LLP


By /s/ Brett M. Schuman
   Brett M. Schuman
   Attorneys for NXP Semiconductors USA, Inc.

DB1/61913570.3

1  MICHAEL E. MOLLAND (State Bar No. 111830)
   DANIEL JOHNSON, JR. (State Bar No. 57409)
2  BRETT M. SCHUMAN (State Bar No. 189247)
   GREGG P. YATES (State Bar No. 224641)
3  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1126
   Tel:  415.442.1000
5  Fax:  415.442.1001
   E-mail:  mmolland@morganlewis.com
6  E-mail:  djjohnson@morganlewis.com
   E-mail:  bschuman@morganlewis.com
7
   Attorneys for Plaintiff and Counterclaim-Defendant
8  NXP SEMICONDUCTORS USA, INC.

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation<br><br>Defendant.<br><br>AGERE SYSTEMS, INC., a Delaware Corporation,<br><br>Counterclaimant<br>v.<br><br>NXP SEMICONDUCTORS USA, INC., a Delaware corporation<br><br>Counterclaim-Defendant. | Case No. C 08-00775 JW<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:   October 27, 2008<br>Time:           9:00 a.m.<br>Judge:          Hon. James Ware |

Plaintiff and Counterclaim Defendant NXP Semiconductors USA, Inc.'s ("NXP") Motion

1  for Partial Summary Judgment came on for hearing on Monday, October 27, 2008 at 9:00 a.m. in

2  Courtroom 8 of this Court, the Honorable James Ware presiding.

3      After consideration of the papers and pleadings on file and the argument of counsel, IT IS

4  HEREBY ORDERED THAT:

5      Plaintiff and Counterclaim Defendant NXP's Motion for Partial Summary Judgment is

6  GRANTED.

7      IT IS SO ORDERED.

9  DATED: _____    _____

10     Hon. James Ware
       United States District Court Judge