| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Michael E. Molland (State Bar No. 111830)<br>Daniel Johnson, Jr. (State Bar No. 57409)<br>Brett Schuman (State Bar No. 189247)<br>Gregg P. Yates (State Bar No. 224641)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br>E-mail: mmolland@morganlewis.com<br>E-mail: djjohnson@morganlewis.com<br>E-mail: bschuman@morganlewis.com<br>E-mail: gyates@morganlewis.com<br><br>Attorneys for Plaintiff and Counterclaim Defendant NXP SEMICONDUCTORS USA, INC. | IRELL & MANELLA LLP<br>Jonathan H. Steinberg (State Bar No. 98044)<br>Samuel K. Lu (State Bar No. 171969)<br>Jason G. Sheasby (State Bar No. 205455)<br>C. Maclain Wells (State Bar No. 221609)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Tel: 310.277.1010<br>Fax: 310.203.7199<br>E-mail: jsteinberg@irell.com<br>E-mail: slu@irell.com<br>E-mail: jsheasby@irell.com<br>E-mail: mwells@irell.com<br><br>Attorneys for Defendant LSI CORPORATION and Defendant and Counterclaimant AGERE SYSTEMS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. CV-08-0775 JW<br><br>**STIPULATED PROTECTIVE ORDER** |
| AGERE SYSTEMS, INC., a Delaware corporation,<br><br>　　　　　Counterclaimant,<br><br>　　vs.<br><br>NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>　　　　　Counterclaim-Defendant. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.

STIP. PROT. ORDER
CV-08-0775 JW

PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

DEFINITIONS

Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

"Highly Confidential – Attorneys' Eyes Only" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                      - 2 -                          STIP. PROT. ORDER
                                                                             CV-08-0775 JW

1    <u>Designating Party</u>:  a Party or non-party that designates information or items that it
2 produces in disclosures or in responses to discovery as "Highly Confidential — Attorneys' Eyes
3 Only."

4    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as
5 "Highly Confidential – Attorneys' Eyes Only."

6    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained
7 to represent or advise a Party in this action.

8    <u>In-House Counsel</u>:  attorneys who are employees of a Party.

9    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as
10 their support staffs).

11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to
12 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a
13 consultant in this action and who is not a past or a current employee of a Party or of a Party's
14 competitor and who, at the time of retention, is not anticipated to become an employee of a Party
15 or of a Party's competitor.  This definition includes a professional jury or trial consultant retained
16 in connection with this litigation.

17    <u>Professional Vendors</u>:  persons or entities that provide litigation support services
18 (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,
19 storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

20    <u>SCOPE</u>

21    The protections conferred by this Stipulation and Order cover not only Protected Material
22 (as defined above), but also any information copied or extracted therefrom, as well as all copies,
23 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
24 parties or counsel to or in court or in other settings that might reveal Protected Material.

25    <u>DURATION</u>

26    Even after the termination of this litigation, the confidentiality obligations imposed by this
27 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
28 otherwise directs.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                          - 3 -                          STIP. PROT. ORDER
                                                                 CV-08-0775 JW

DESIGNATING PROTECTED MATERIAL

<u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

<u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

<u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or a legend substantially similar, on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection, including via production of a database or large collection of preexisting documents, need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                         - 4 -                        STIP. PROT. ORDER
                                                                              CV-08-0775 JW

1  produced, the Producing Party must determine which documents, or portions thereof, qualify for
2  protection under this Order, then, before producing the specified documents, the Producing Party
3  must affix the appropriate legend on each page that contains Protected Material.  If only a portion
4  or portions of the material on a page qualifies for protection, the Producing Party also must clearly
5  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

6  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
7  that the Party or non-party offering or sponsoring the testimony identify on the record, before the
8  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
9  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'
10 EYES ONLY."  When it is impractical to identify separately each portion of testimony that is
11 entitled to protection, and when it appears that substantial portions of the testimony may qualify
12 for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on
13 the record (before the deposition or proceeding is concluded) a right to have up to 20 days to
14 identify the specific portions of the testimony as to which protection is sought.  Only those
15 portions of the testimony that are appropriately designated for protection within the 20 days shall
16 be covered by the provisions of this Stipulated Protective Order.

17  Transcript pages containing Protected Material must be separately bound by the court
18 reporter, who must affix on each such page the appropriate legend, as instructed by the Party or
19 nonparty offering or sponsoring the witness or presenting the testimony.

20 <u>for information produced in some form other than documentary, and for any
21 other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
22 container or containers in which the information or item is stored the appropriate legend.  If only
23 portions of the information or item warrant protection, the Producing Party, to the extent
24 practicable, shall identify the protected portions.

25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                           - 5 -                          STIP. PROT. ORDER
                                                                                  CV-08-0775 JW

1        <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
2  designate qualified information or items as "Highly Confidential – Attorneys' Eyes Only" does
3  not, standing alone, waive the Designating Party's right to secure protection under this Order for
4  such material.  If material is appropriately designated as "Highly Confidential – Attorneys' Eyes
5  Only" after the material was initially produced, the Receiving Party, on timely notification of the
6  designation, must make reasonable efforts to assure that the material is treated in accordance with
7  the provisions of this Order.

8        <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9        <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
10 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
11 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
12 waive its right to challenge a confidentiality designation by electing not to mount a challenge
13 promptly after the original designation is disclosed.

14       <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating
15 Party's confidentiality designation must do so in good faith and must begin the process by
16 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
17 with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis
18 for its belief that the confidentiality designation was not proper and must give the Designating
19 Party an opportunity to review the designated material, to reconsider the circumstances, and, if no
20 change in designation is offered, to explain the basis for the chosen designation.  A challenging
21 Party may proceed to the next stage of the challenge process only if it has engaged in this meet
22 and confer process first.

23       <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality
24 designation after considering the justification offered by the Designating Party may file and serve
25 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
26 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each
27 such motion must be accompanied by a competent declaration that affirms that the movant has
28 complied with the meet and confer requirements imposed in the preceding paragraph and that sets

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                                         - 6 -                                                 STIP. PROT. ORDER
                                                                                                                       CV-08-0775 JW

1  forth with specificity the justification for the confidentiality designation that was given by the
2  Designating Party in the meet and confer dialogue.

3        The burden of persuasion in any such challenge proceeding shall be on the Designating
4  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in
5  question the level of protection to which it is entitled under the Producing Party's designation.

6        <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7        <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or
8  produced by another Party or by a non-party in connection with this case only for prosecuting,
9  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to
10 the categories of persons and under the conditions described in this Order.  When the litigation has
11 been terminated, a Receiving Party must comply with the provisions below (FINAL
12 DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party at a location and in
14 a secure manner that ensures that access is limited to the persons authorized under this Order.

15       <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
16 <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the
17 Designating Party, a Receiving Party may disclose any information or item designated <u>HIGHLY</u>
18 <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u> only to:

19       the Receiving Party's Outside Counsel of record in this action, as well as
20 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
21 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
22 hereto as Exhibit A;

23       two identified In-House Counsel of the Receiving Party to whom disclosure
24 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
25 Protective Order" (Exhibit A);

26       experts (as defined in this Order) of the Receiving Party to whom disclosure
27 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
28 Protective Order" (Exhibit A);

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                                             - 7 -                                        STIP. PROT. ORDER
                                                                                                                     CV-08-0775 JW

1  the Court and its personnel;

2  court reporters, their staffs, and professional vendors to whom disclosure is
3  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
4  Protective Order" (Exhibit A);

5  during their depositions, witnesses in the action to whom disclosure is
6  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
7  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal
8  Protected Material must be separately bound by the court reporter and may not be disclosed to
9  anyone except as permitted under this Stipulated Protective Order.

10  the author of the document or the original source of the information.

11  <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
12  ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

13  Unless otherwise ordered by the court or agreed in writing by the
14  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any
15  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
16  EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full
17  name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the
18  Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person
19  or entity from whom the Expert has received compensation for work in his or her areas of
20  expertise or to whom the expert has provided professional services at any time during the
21  preceding five years, and (5) identifies (by name and number of the case, filing date, and location
22  of court) any litigation in connection with which the Expert has provided any professional services
23  during the preceding five years.

24  A Party that makes a request and provides the information specified in the
25  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
26  within seven court days of delivering the request, the Party receives a written objection from the
27  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                            - 8 -                              STIP. PROT. ORDER
                                                                                       CV-08-0775 JW

1  A Party that receives a timely written objection must meet and confer with
2  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
3  agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may
4  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
5  applicable) seeking permission from the court to do so.  Any such motion must describe the
6  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert
7  is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any
8  additional means that might be used to reduce that risk.  In addition, any such motion must be
9  accompanied by a competent declaration in which the movant describes the parties' efforts to
10 resolve the matter by agreement (i.e., the extent and the content of the meet and confer
11 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve
12 the disclosure.

13 In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of
14 proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
15 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

16 <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
17 LITIGATION</u>

18 If a Receiving Party is served with a subpoena or an order issued in other litigation that
19 would compel disclosure of any information or items designated in this action as "HIGHLY
20 CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the
21 Designating Party, in writing (by fax, if possible) immediately and in no event more than three
22 court days after receiving the subpoena or order.  Such notification must include a copy of the
23 subpoena or court order.

24 The Receiving Party also must immediately inform in writing the party who caused the
25 subpoena or order to issue in the other litigation that some or all the material covered by the
26 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
27 deliver a copy of this Stipulated Protective Order promptly to the party in the other action that
28 caused the subpoena or order to issue.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                - 9 -                        STIP. PROT. ORDER
                                                                     CV-08-0775 JW

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL

Disclosure of Discovery Material shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from production (a "Privilege").  Only the affirmative use of such Discovery Material by the Producing Party in preparation of a testifying expert, in deposition, briefing, hearing, or trial shall constitute waiver of such Privilege.  For example, production of a large database that may contain privileged Discovery Material does not constitute a waiver, regardless of the type of review done on the database before production, and regardless of any delay in identifying such privileged Discovery Material.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                                - 10 -                         STIP. PROT. ORDER
                                                                       CV-08-0775 JW

If a Designating Party identifies Discovery Material for which it intends to assert a Privilege, the Receiving Party shall as soon as possible and in no event later than five (5) business days after written notification from the Designating Party destroy or return to the Designating Party the Discovery Material and all copies thereof received, made or disseminated to anyone by the Receiving Party, and cease all use of the Discovery Material.  The Receiving Party shall provide notification to the Designating Party of compliance with this obligation as soon as possible and in no event later than five (5) business days after written notification.  No further discovery regarding the Discovery Material asserted to be immune from discovery shall be conducted except upon motion to and order by the Court concluding that Privilege does not exist.  Neither the disclosure of the Discovery Material, nor the delay in asserting a Privilege based upon the Discovery Material, shall be a basis for arguing or concluding that the Privilege does not exist or has been waived.

### FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                          - 11 -                          STIP. PROT. ORDER
                                                                   CV-08-0775 JW

1  constitute Protected Material remain subject to this Protective Order as set forth under the heading
2  DURATION, above.
3  MISCELLANEOUS
4  Right to Further Relief.  Nothing in this Order abridges the right of any person to
5  seek its modification by the Court in the future.
6  Right to Assert Other Objections.  By stipulating to the entry of this Protective
7  Order no Party waives any right it otherwise would have to object to disclosing or producing any
8  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no
9  Party waives any right to object on any ground to use in evidence of any of the material covered
10 by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  July 8, 2008          MORGAN, LEWIS & BOCKIUS LLP

                              By:    /s/    Brett M. Schuman
                                     Brett M. Schuman
                                     Attorneys for Plaintiff and Counterclaim
                                     Defendant NXP SEMICONDUCTORS USA,
                                     INC.

Dated:  July 8, 2008          IRELL & MANELLA LLP

                              By:    /s/    C. Maclain Wells
                                     C. Maclain Wells
                                     Attorneys for Defendant
                                     LSI CORPORATION
                                     and Defendant and Counterclaimant
                                     AGERE SYSTEMS, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  _____    _____
                                   HONORABLE JAMES WARE
                                   United States District Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.                      - 12 -                       STIP. PROT. ORDER
                                                           CV-08-0775 JW

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of NXP SEMICONDUCTORS USA, INC. v. LSI CORPORATION and AGERE SYSTEMS, INC., case no. CV-08-0775 JW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1880344.

STIP. PROT. ORDER
CV-08-0775 JW