Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com


Morgan Lewis
COUNSELORS AT LAW

**Brett M. Schuman**
415.442.1024
bschuman@morganlewis.com

July 29, 2008

The Honorable James Ware
United States District Court
280 South First Street
San Jose, CA 95113

    Re:    NXP *Semiconductors USA, Inc. v. LSI Corporation and Agere Systems, Inc.*
           No. CV-08-0775 JW

Dear Judge Ware:

    We write in response to the letter filed yesterday by counsel for defendants LSI Corporation and Agere Systems, Inc. (collectively, "LSI"), Docket #36, which asks the Court to take off calendar or continue NXP's pending Motion for Partial Summary Judgment.

    Preliminarily, we object to LSI's form of procedure. Nothing in the Federal Rules of Civil Procedure or the Northern District Local Rules authorizes a letter from LSI asking this Court to take NXP's motion off calendar. However, we think LSI's request can and should be denied without the need for proper motion practice.

**The Court's Scheduling Order Does Not Prohibit NXP From
Seeking Partial Summary Judgment Based On Collateral Estoppel**

    As LSI stated in the Joint Case Management Conference Statement, the parties' proposal to phase this case was designed to postpone discovery and disclosures under the Patent Local Rules regarding claim construction, infringement and invalidity:

> LSI requests that the Court phase the litigation by allowing ample time for discovery on licensing-related issues before deadlines for patent disclosures begin.

*See* Docket #22, at 7:10-15.

    NXP's Motion for Partial Summary Judgment asks the Court to decide only whether prior determinations that the '335 patent is invalid are entitled to collateral estoppel effect in this case. It does not require discovery, claim construction, etc., and LSI does not argue otherwise.

DB2/20782460.1



The Honorable James Ware
July 29, 2008
Page 2

In its July 28, 2008 letter, LSI quotes NXP's request that the Court allow the parties to litigate the effect of the Patent License Agreement "before issues relating to the noninfringement or invalidity of the patents-in-suit." NXP's pending Motion for Partial Summary Judgment does not ask the Court to adjudicate, in the first instance, any issues of noninfringement or invalidity. It asks the Court to apply collateral estoppel.

Perhaps more important than characterizations of what the parties *requested* is what the Court understood and *ordered* with respect to case management. In its Scheduling Order, Docket #28, the Court said: "the parties represented that they wish to file summary judgment motions (re: the patent license at issue in this case) *before proceeding with claim construction under the Patent Local Rules*." (emphasis added). Again, NXP's Motion for Partial Summary Judgment does not require claim construction or any other procedures under the Patent Local Rules. Thus, nothing in the Court's Scheduling Order precluded NXP from filing its pending Motion for Partial Summary Judgment.

### NXP's Motion Requires No Discovery And Promotes Efficiency

In its letter, LSI does not contend that a discovery is required before the Court can adjudicate NXP's motion. Nor does LSI contend that claim construction or other disclosures under the Patent Local Rules are required before the Court can adjudicate NXP's motion. In fact, none of that is required for the Court to decide whether collateral estoppel precludes LSI from asserting the invalidated '335 patent against NXP.

LSI suggests that it would be more efficient for the Court to postpone NXP's pending Motion For Partial Summary Judgment on collateral estoppel until after the Court resolves NXP's anticipated motion for summary judgment regarding the Patent License Agreement: "A possible result of the February 2009 hearing is that the Court will conclude that NXP has a complete license to the '335 patent. If this is the case, NXP's collateral estoppel motion regarding the '335 patent may be moot." *See* Docket #36, p. 2.

LSI has it entirely backwards. If, as NXP contends in its pending Motion for Partial Summary Judgment, LSI is precluded from asserting the '335 patent against NXP, neither the parties nor the Court need to be concerned with litigating and deciding whether NXP is licensed to that patent.

### LSI's Mention Of The ITC Proceeding Is Irrelevant

LSI fails to explain how the pending motion in the ITC proceeding affects this case, if at all. Significantly, LSI does not argue (or cite any authority supporting the proposition) that a final decision by the ITC regarding collateral estoppel would be binding on this Court. Nor can LSI say when a final ITC decision on the issue may come. In short, this Court need not and

DB2/20782460.1



**Morgan Lewis**
COUNSELORS AT LAW

The Honorable James Ware
July 29, 2008
Page 3

should not abstain from deciding a properly noticed motion simply because the ITC may decide a similar issue in a separate case pending there.

*  *  *

For the foregoing reasons, LSI's request that NXP's pending Motion for Partial Summary Judgment be taken off calendar should be denied, and NXP's Motion for Partial Summary Judgment should be heard as scheduled.

Respectfully submitted,

Brett M. Schuman

DB2/20782460.1