1  MICHAEL E. MOLLAND (State Bar No. 111830)
   DANIEL JOHNSON, JR. (State Bar No. 57409)
2  BRETT M. SCHUMAN (State Bar No. 189247)
   GREGG P. YATES (State Bar No. 224641)
3  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1126
   Tel:  415.442.1000
5  Fax:  415.442.1001
   E-mail:  mmolland@morganlewis.com
6  E-mail:  djjohnson@morganlewis.com
   E-mail:  bschuman@morganlewis.com
7  E-mail:  gyates@morganlewis.com

8  Attorneys for Plaintiff
   NXP SEMICONDUCTORS USA, INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  NXP SEMICONDUCTORS USA, INC.,        Case No. CV-08-0775 JW
    a Delaware corporation,
15                                        **PLAINTIFF NXP'S NOTICE OF MOTION
                    Plaintiff,            AND MOTION TO COMPEL**
16
            v.                            Date:        September 17, 2008
17                                        Time:        9:30 a.m.
    LSI CORPORATION d/b/a LSI LOGIC       Courtroom:  4, 5th Floor
18  CORPORATION, a Delaware corporation,  Judge:       Hon. Richard Seeborg
    and AGERE SYSTEMS, INC., a Delaware
19  corporation,

20                    Defendants.

21  AGERE SYSTEMS, INC., a Delaware
    Corporation,
22
                    Counterclaimant,
23
            v.
24
    NXP SEMICONDUCTORS USA, INC., a
25  Delaware corporation
26                    Counterclaim-Defendant.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20804746.3

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1

## TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION ........................................................................................................... 2

4    II.   BACKGROUND ............................................................................................................ 2

5    III.  ANALYSIS ..................................................................................................................... 4

6          A.    LSI's Response to Contention Interrogatory No. 1 Is Insufficient ......................... 4

7          B.    LSI's Failure to Provide Responsive Documents ..................................................... 9

8                1.    LSI Improperly Has Refused To Produce Documents Related To
                       Legal Challenges To The Validity Of The Patents-In-Suit...................... 10

9                2.    LSI Improperly Has Withheld Production of Documents Related To
                       Its Licensing Agreement With TSMC ...................................................... 13

10

11               3.    LSI Improperly Has Failed To Produce Documents Related To The
                       PLA ............................................................................................................ 16

12   IV.   CONCLUSION ............................................................................................................. 18

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*,
   175 F.R.D. 646 (C.D. Cal. 1997) ......................................................................... 4

5

*Johnson v. Kraft Foods North America, Inc.*,
   236 F.R.D. 535 (D. Kan. 2006) ........................................................................... 4

6

7

*Roberts v. Heim*,
   130 F.R.D. 424 (N.D. Cal. 1989) ...................................................................... 4, 6

8

**Rules**

9

Fed. R. Civ. Proc.
   33(a)(2) .............................................................................................................. 4

10

11

Fed. R. Civ. Proc.
   33(b)(3) .............................................................................................................. 4

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

1  TO DEFENDANTS LSI CORPORATION d/b/a LSI LOGIC CORPORATION and AGERE

2  SYSTEMS, INC., AND TO THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE THAT at 9:30 a.m. on September 17, 2008, at United States

4  District Court, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, California, Plaintiff NXP

5  Semiconductors USA, Inc. ("NXP") will and hereby does move to compel Defendants LSI

6  Corporation and Agere Systems, Inc. (collectively "LSI") to produce documents and information

7  pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

8       NXP bases this motion upon this Notice of Motion and Motion, the Memorandum of

9  Points and Authorities, the supporting declaration of Brett M. Schuman, and the Proposed Order,

10  filed concurrently herewith, and upon such other matters as may be presented to the Court before

11  or at the time of the hearing.

12

13  Dated:  August 11, 2008                MORGAN, LEWIS & BOCKIUS LLP

14

15                                 By   /s/ Brett M. Schuman

16                                  Brett M. Schuman
                                Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20804746.3                  1       PLAINTIFF'S NOTICE OF MOTION, MOTION TO
COMPEL, AND MEMORANDUM IN SUPPORT (CV-08-
0775 JW)

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>INTRODUCTION</u>**

3    The Court ordered a phased approach for the litigation of this case and established a

4    schedule for the briefing of NXP's motions for summary judgment regarding the patent licensing

5    issue and the alleged invalidity of certain LSI patents on the basis of collateral estoppel prior to

6    hearing other issues in the case.  Given this schedule, it is essential that NXP receive

7    comprehensive discovery in response to its requests in a timely manner to allow it to prepare for

8    the filing of these motions.  In spite of NXP's extended discussions with LSI regarding the

9    information needed by NXP to pursue the summary judgment motions related to this phase of the

10    case, LSI continues to drag its feet and/or evade its discovery responsibilities entirely.  In

11    particular, LSI fails to provide ***any*** factual information for its contentions regarding the

12    applicability of the Patent License Agreement in response to NXP's contention interrogatory.

13    Thus, instead of helping to narrow and focus the relevant issues for this phase of the case, LSI

14    improperly asserts alleged contractual requirements which NXP allegedly "has failed to establish"

15    without offering any factual support or explanation of LSI's position with regard to those alleged

16    requirements.  LSI also has failed to provide documents—clearly within LSI's possession and

17    easily produced—directly relating to key issues in this phase of the litigation and responsive to

18    requests for production served on LSI nearly three months ago.  NXP seeks the Court's assistance

19    in compelling LSI to provide a proper, complete response to NXP's contention interrogatory and

20    to fulfill its obligation promptly to provide documents and things responsive to NXP's requests

21    for production.

22    **II.    <u>BACKGROUND</u>**

23    In response to accusations by LSI that NXP, through its manufacture, offers for sale,

24    and/or sales of certain semiconductor products, was infringing certain patents allegedly held by

25    LSI, NXP initiated this lawsuit seeking a declaration of its rights under a 1987 patent license

26    agreement between AT&T and Philips, and a November 1995 extension and modification of that

27    license, (collectively, the "PLA") and a declaration that certain patents allegedly held by LSI are

28    invalid and/or not infringed by NXP.  (Doc. No. 24, at ¶¶ 9-10, 13-15)  With regard to the PLA,

1    NXP specifically sought a declaration of the Court that "any use by [NXP] of the methods or

2    technology claimed in patents that were filed by AT&T or its related companies [during a

3    contractually defined period] is licensed and therefore noninfringing." (*Id.* at ¶ 18.) In response

4    to NXP's claims, LSI disputed NXP's rights under the PLA and asserted counterclaims for patent

5    infringement. (Doc. No. 30, at ¶¶ 18, 69-98.) NXP asserted the PLA as a license defense to

6    certain of LSI's patent infringement claims. (Doc. No. 32, at ¶ 99.)

7        In light of the significance of the PLA to the resolution of the claims asserted by both

8    parties, at the June 2, 2008 initial case management conference, the parties requested that the

9    Court phase discovery and motion practice in this case to allow early consideration of NXP's

10   motion for partial summary judgment based on the PLA. (Doc. No. 28; *see also* Doc. No. 38.)

11   The Court established December 15, 2008 as the deadline for NXP to submit that motion, with a

12   hearing on the motion set for February 23, 2009. (*Id.*) The Court established the same schedule

13   for consideration of NXP's motion for partial summary judgment on the basis of collateral

14   estoppel. (Doc. No. 38.) Thus, as acknowledged by LSI, the parties have "a relatively narrow

15   window in which to obtain the relevant discovery and prepare motions." (Doc. No. 39, at p. 1:19-

16   20.)

17       Given the short timeframe, the importance of the parties' complete and expedient

18   production of documents and information in response to discovery requests is heightened. NXP

19   served LSI with requests for production and interrogatories on May 13, 2008 which sought

20   information regarding the PLA and LSI's contention that NXP and/or its products were not

21   licensed thereunder. (*See* August 11, 2008 Declaration of Brett M. Schuman (hereinafter,

22   "Schuman Decl."), Ex. 1 (NXP's First Set of Requests for Production); Ex. 2 (NXP's First Set of

23   Interrogatories).) LSI's responses to NXP's discovery requests, dated June 16, 2008, by and large

24   consisted of stock objections and refusals to provide any responsive documents or information.

25   (*See* Schuman Decl., Ex. 3 (LSI's Response to NXP's First Set of Requests for Production); Ex. 4

26   (LSI's Response to NXP's First Set of Interrogatories).) The parties engaged in an extended

27   meet-and-confer process consisting of a telephonic conference and multiples exchanges of written

28   communications and concluding with LSI producing documents on July 29, 2008 and serving its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3                    3        PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
                                           AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    Supplemental Interrogatory Responses on August 5, 2008. (*See* Schuman Decl., ¶¶ 6-8.) Despite

2    NXP's extended efforts to resolve the discovery disputes without the Court's intervention, the

3    supplemental discovery provided by LSI still fell far short of its obligations under the Federal

4    Rules of Civil Procedure. Given the extended meet-and-confer process and the expedited

5    schedule for NXP's forthcoming motions, NXP is forced to seek assistance from the Court to

6    compel LSI to complete production of its discovery comprehensively and expeditiously.

7    **III.    ANALYSIS**

8        **A.    LSI's Response To Contention Interrogatory No. 1 Is Insufficient**

9            Pursuant to Rule 33 of the Federal Rules of Civil Procedure, a party is required to answer

10   each interrogatory propounded "separately and fully in writing." Fed. R. Civ. Proc. 33(b)(3). A

11   "contention interrogatory" is an interrogatory which seeks to have a party describe all of the facts

12   upon which a specified contention is based. An interrogatory "is not objectionable merely

13   because it asks for an opinion or contention that relates to fact or to the application of law to

14   fact." Fed. R. Civ. Proc. 33(a)(2). In fact, courts have looked favorably upon the use of

15   contention interrogatories, "as they tend to narrow issues, avoid wasteful preparation, and, it is

16   hoped, expedite a resolution of the litigation." *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal.

17   1989); *see also Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006)

18   (holding that contention interrogatories "may be used to narrow and define issues for trial" and

19   "may enable the propounding party to determine the proof required to rebut the responding

20   party's position"). A party is required to respond to contention interrogatories with "as much

21   information as possible regarding his claims without delay and as early as required." *Johnson*,

22   246 F.R.D. at 544; *see also Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175

23   F.R.D. 646, 652 (C.D. Cal. 1997) (holding that party must answer contention interrogatory with

24   "information as they now possess"); *Roberts*, 130 F.R.D. at 430 (holding that party must answer

25   contention interrogatory with "all the factual information in Plaintiff's possession").

26           The first interrogatory propounded by NXP seeks discovery of all facts supporting LSI's

27   contention—which LSI consistently has asserted in pre-litigation conversations and in response to

28   NXP's claim for declaratory judgment—that NXP and/or NXP's products are not licensed under

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3                4        PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1   the PLA.  (*See* Schuman Decl., Ex. 2 at p. 5:11-14.)  Instead of providing **any** factual support for

2   its contention, LSI, in its Supplemental Response to Interrogatory No. 1, takes the unsupportable

3   position that, because NXP allegedly bears the ultimate burden of proof with regard to the

4   contract issue, LSI is somehow relieved of its obligation to provide a factual response to the

5   contention interrogatory.  (*See* Schuman Decl., Ex. 6 at pp. 8-9.)  Thus, LSI provides **no factual**

6   **information** supporting its contention that either NXP is not entitled to the protections of the PLA

7   or NXP's product lines are not licensed under the PLA.

8          Instead of providing any factual information in support of its contentions, LSI merely

9   points to alleged contractual requirements under the PLA and states that NXP "has not

10  established" that such requirements have been satisfied.  Specifically, LSI raises the following

11  issues:

12         • NXP "has failed to establish [which] patents are within the capture period of the
             1987 PLA" (*Id.* at p. 8:7-9);[1]

13         • "NXP has failed to establish that the patents assigned to Lucent upon its
14           divestment from AT&T, which were subsequently assigned to Agere upon its
             divestment from Lucent, are limited by the 1987 PLA" (*Id.* at p. 8:10-12);

15         • NXP must "satisfy the requirements of the 1995 letter agreement . . . include[ing]
16           establishing that each current NXP product '[is] substantially similar to products
             and services sold by it prior to its divestiture" (*Id.* at pp. 8:26-27 - 9:1-2); and

17         • "NXP must establish satisfaction of the requirement that 'sublicenses may be
18           granted and retained only while the future divested business operates as a
             separately identifiable business and not for any existing or other acquired business
19           of a third party acquiring the future divested business'" (*Id.* at p. 9:3-6).

20  In this way, LSI implies that these alleged contractual requirements have not been satisfied, but

21  fails to state its own position and/or to provide **any** factual support for that contention.  Thus,

22  rather than narrowing and focusing the relevant issues—the very purpose behind contention

23  interrogatories—LSI's response improperly seeks to provide an exhaustive list of potential issues,

---

[1]      Although LSI also complains in its First Supplemental Response to Interrogatory No. 1 that "NXP has failed to identify which of the Patents-In-Suit it contends are within the capture period of the 1987 PLA" (Schuman Decl., Ex. 6 at p.8:7-8.), beyond the fact that the identification of such patents is wholly irrelevant to LSI's ability to respond to Interrogatory No. 1, NXP clearly identified which of the Patents-In-Suit fall within the capture period of the 1987 Patent License Agreement, as amended by the November 1995 letter agreement, both in its meet-and-confer communications with LSI and in its Supplemental Responses to LSI's First Set of Interrogatories.  (*See* Schuman Decl., Ex. 5; Rec.Doc. 40-5 at p. 5:19-23.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3                     5      PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
                                          AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    without providing any factual support for their relevance or LSI's position with regard to them.

2    To the extent that LSI contends that any of these alleged requirements are not satisfied by the

3    facts, LSI must provide the factual bases for its contentions.

4          Similarly, in its response, LSI outlines a test for comparing NXP's current products to

5    products sold by Philips as of July 1, 1987 that allegedly is required to determine if a specific

6    NXP product is licensed under the PLA, but fails to provide any factual support for the

7    application of this test.  (Schuman Decl., Ex. 6 at p. 8:13-25.)  Nor does LSI, in spite of its

8    persistent contentions that NXP's products are not licensed under the PLA, apply this alleged test

9    to the facts of this case by analyzing any of NXP's products under the proposed test.  In fact,

10   LSI's response fails to identify a single NXP product—failing to identify or otherwise reference

11   even those NXP products LSI identified prior to the initiation of this litigation as unlicensed and

12   therefore infringing LSI's patents.  As explained above, Rule 33 requires that LSI answer

13   contention interrogatories with "all the factual information in [its] possession." *Roberts*, 130

14   F.R.D. at 430.  Clearly, LSI has not satisfied this obligation.

15         LSI's response to the contention interrogatory clearly is improper.  LSI must not be

16   permitted to evade its obligation of providing ***factual*** information in response to NXP's

17   contention interrogatory by merely stating its opinion about a question of law—*i.e.*, who has the

18   burden of proof with regard to establishing the applicability of the license. There is no legal

19   support for LSI's approach of identifying potential issues that NXP allegedly must "establish"

20   without providing ***any*** factual support for its own position with regard to those issues.  LSI's

21   approach contravenes its discovery obligations and undermines the purpose and intent of

22   contention interrogatories.  NXP requests that the Court compel LSI to supplement its response to

23   Interrogatory No. 1 within five days of the Court's Order to include all the factual information in

24   its possession relating to its contentions for why NXP and/or NXP's products are not licensed

25   under the PLA.

26         The full text of NXP's Interrogatory No. 1, and LSI's Response and Supplemental

27   Response thereto are as follows:

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/20804746.3

6

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1

**INTERROGATORY NO. 1:**

2        If you contend that NXP is not licensed to the Patents-In-Suit under the 1987

3   Patent License Agreement attached as Exhibit 1 to the complaint in this action, as

4   amended by letter attached as Exhibit 2 to the complaint in this action, state all facts

5   supporting that contention.

6   **RESPONSE TO INTERROGATORY NO. 1:**

7        In addition to the General Objections, which are incorporated fully by reference

8   herein, LSI objects to this interrogatory to the extent it calls for information that is

9   protected from discovery under the attorney-client privilege, work product doctrine,

10  settlement privilege, or any other applicable privilege or protection. LSI objects that this

11  interrogatory is a premature contention interrogatory. This matter is still in its early

12  stages. LSI is still analyzing the Patents- In-Suit and the 1987 Patent License Agreement

13  and its amendments, as well as formulating its positions. LSI reserves the right to modify

14  or supplement its response as it receives additional information from NXP or third

15  parties, as it performs additional analysis of the facts and legal issues currently known,

16  as it locates additional information, or based on a ruling by the Court.

17        Furthermore, LSI objects that NXP has not yet identified any products for which

18  NXP seeks a declaration of non-infringement. Until NXP identifies such products, it is

19  improper to request that LSI present facts supporting any contention that NXP's

20  products are not licensed under the Patents-In-Suit. NXP also objects that the phrase

21  "not licensed" is vague and ambiguous.

22        Subject to the foregoing, and the General Objections, LSI responds as follows:

23        NXP must establish that the Patents-In-Suit are within the capture period of the

24  1987 Patent License Agreement or any amendment thereto.

25        Furthermore, NXP's products must satisfy multiple requirements of the 1987

26  Patent License Agreement to be licensed, including, among others, Section 1.01(a)'s

27  requirement that they be "products and services of the kinds which are furnished or used

28  by PHILIPS or any of its present RELATED COMPANIES in the operation of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

7

business in which it is engaged on the effective date of this Agreement," which entails a factual inquiry.

Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which entails a factual inquiry.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to the foregoing, and the General Objections, LSI further responds as follows:

NXP bears the burden of proof on this issue.

NXP has failed to identify which of the Patents-In-Suit it contends are within the capture period of the 1987 PLA and has failed to establish that such patents are within the capture period of the 1987 PLA.

NXP has failed to establish that the patents assigned to Lucent upon its divestment from AT&T, which were subsequently assigned to Agere upon its divestment from Lucent, are limited by the 1987 PLA.

Furthermore, NXP has failed to demonstrate that its products satisfy the requirements of the 1987 Patent License Agreement, including, among others, Section 1.01(a)'s requirement that they be "products and services of the kinds which are furnished or used by PHILIPS or any of its present RELATED COMPANIES in the operation of the business in which it is engaged on the effective date of this Agreement." In particular, NXP must, for each product that was sold by Philips as of July 1, 1987 (a "historical Philips Product"):

(a) Identify what businesses these products were sold in; and

(b) Define the methods of manufacture, designs, functions, and uses of the products.

Then, for current NXP products, NXP must:

(1) Identify what businesses the products are sold in; and

(2) Define the methods of manufacture, designs, functions, and uses of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

8

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    products.

2    For a current NXP product to be licensed, a necessary condition is for NXP to compare

3    (1) and (2) to (a) and (b) and establish a match.

4         Furthermore, NXP must, among other things, satisfy the requirements of the

5    1995 letter agreement between Jan Galama and M.R. Greene, including Section 1 of the

6    agreement, which entails a factual inquiry. This includes establishing that each current

7    NXP product "[is] substantially similar to products and services sold by it prior to its

8    divestiture."

9         Furthermore, NXP must establish satisfaction of the requirement that

10    "sublicenses may be granted and retained only while the future divested business

11    operates as a separately identifiable business and not for any existing or other acquired

12    business of a third party acquiring the future divested business." NXP has failed to

13    provide any information demonstrating that this obligation has been satisfied. In

14    particular, LSI requires information regarding communications and documents

15    exchanged between NXP and Philips Electronics N.V. regarding the 1987 PLA and

16    information regarding the nature of the process of divestment of NXP from Philips

17    Electronics N.V.

18        **B.**    **LSI's Failure to Provide Responsive Documents.**

19         LSI's production of documents related to both the validity of the Patents-In-Suit and the

20    scope and interpretation of the PLA does not provide NXP the discovery needed for the

21    forthcoming motions for partial summary judgment. In spite of the fact that the Court's

22    scheduling order establishes the same schedule for NXP's motion for summary judgment on the

23    basis of collateral estoppel and the motion on the licensing issue, LSI has refused to provide **any**

24    documents related to other legal proceedings in which the validity of the Patents-In-Suit was

25    challenged. Further, although LSI promised to provide all documents "directed to the substance

26    of the Patent License Agreement" and documents related to its licensing agreement with Taiwan

27    Semiconductor Manufacturing Company Ltd. ("TSMC"), LSI has failed to produce certain key

28    documents—including the licensing agreement with TSMC—clearly in LSI's possession and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

9

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    readily available to be produced.  Given the short time frame remaining for discovery in

2    preparation for NXP's motion for summary judgment on the licensing issue and the extended

3    meet and confer discussions already engaged in by the parties, NXP seeks the Court's assistance

4    in obtaining these documents irrespective of LSI's vague assurances under the guise of a "rolling

5    production."  Thus, NXP is hopeful that LSI will produce the requested documents without

6    further delay and obviate the need for the Court's involvement in these matters.

7              **1.      LSI Improperly Has Refused To Produce Documents Related To Legal
                        Challenges To The Validity Of The Patents-In-Suit.**
8

9              In Interrogatory No. 2 and Request for Production No. 8, NXP seeks information and

10   documents pertaining to legal proceedings in which any person or entity has challenged the

11   validity of the Patents-In-Suit.[2]  (Schuman Decl., Exs. 1, 2.)  LSI has failed to provide any

12   discovery in response to these requests.  (*See* Schuman Decl., Exs. 3, 4 and 6.)

13             Information responsive to these requests is relevant to both of the summary judgment

14   motions the Court has scheduled to be heard during this phase of the case.  Obviously, to the

15   extent any of these legal proceedings have resulted in a ruling that any of the Patents-In-Suit are

16   invalid, information related to those proceedings is relevant to NXP's motion for partial summary

17   judgment on the basis of collateral estoppel.  In addition, information and documents relating to

18   legal challenges to the validity of the Patents-In-Suit also are relevant to the licensing issue.  To

19   the extent LSI challenges the applicability of the PLA to certain Patents-In-Suit and/or alleges

20   that certain products are not licensed to the Patents-In-Suit under the PLA, information regarding

21   the validity of the Patents-In-Suit is relevant to narrow the scope of the issues.

22             For these reasons, the Court should compel LSI to produce information and documents

23   responsive to Interrogatory No. 2 and Request for Production No. 8 related to legal challenges to

24   the validity of the Patents-In-Suit.

25             The full text of NXP's Interrogatory No. 2 and Request for Production No. 8, and LSI's

26   respective responses thereto, are as follows:

27   _____

2          During the meet and confer process, NXP agreed to narrow the scope of these requests to "identification of
28   litigations or other proceedings in which the validity of any of the patents-in-suit has been challenged or overturned."
     (Schuman Decl., Ex. 5.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3                          10      PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
                                                AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1

**INTERROGATORY NO. 2:**

2
3
4
5
6
7
8
9
10
11

     If any person or entity has ever contended, in litigation or otherwise, that any asserted claims of the LSI Patents-In-Suit or patents related to the LSI Patents-In-Suit are invalid, defective, or unenforceable identify the person(s) so contending, describe each such communication wherein such claim was alleged invalid, and identify (a) the specific prior art mentioned or referenced in the communication, (b) each limitation of each claim of the LSI Patents-In-Suit alleged to have been found in the prior art, (c) any specific combination or combinations of prior art that the person(s) contended rendered the claim obvious to one of ordinary skill, (d) what the person(s) so contending alleged suggested such combination, combinations, and/or motivation to deviate from or combine the art, and (e) any documents relating or referring to the communication.

12

**RESPONSE TO INTERROGATORY NO. 2:**

13
14
15
16
17
18
19
20
21
22
23

     In addition to the General Objections, which are incorporated fully by reference herein, LSI objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. LSI objects to this interrogatory as seeking information that is publicly available and is equally accessible to NXP from less burdensome sources. LSI objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. LSI objects to this interrogatory as vague and ambiguous. For example, the terms "defective," "related to," and "describe" are vague and ambiguous. LSI also objects to the interrogatory to the extent it calls for information that is in the possession of NXP or third parties not under LSI's control.

24
25
26
27
28

     LSI objects that this interrogatory is premature. This matter is still in its early stages. LSI reserves the right to modify or supplement its response as it receives additional information from NXP or third parties, as it performs additional analysis of the facts and legal issues currently known, and as LSI locates additional information, or based on a ruling by the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

11

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    LSI objects to the extent that this interrogatory is not directed to information

2    relevant to NXP's licensing defense in this case.

3        Subject to the foregoing, and the General Objections, LSI responds as follows:

4        LSI will meet and confer with NXP in good faith to determine an appropriate

5    narrowing of this interrogatory.

6    **REQUEST FOR PRODUCTION NO. 8:**

7        All documents from any action, litigation, or legal proceeding (including any

8    administrative proceeding) concerning any of the Patents-In-Suit, their foreign

9    counterparts, or related application(s), including but not limited to the cases captioned

10    *Agere Systems, Inc. v. Sony Corporation*, E.D. Tex. Case No. 2:2006cv00079, and *Agere*

11    *Systems, Inc. v. Atmel Corp., E.D.* Penn. Case No. 2:02-cv-00864-LDD.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

13        In addition to the General Objections, which are incorporated fully by reference

14    herein, LSI objects to this request to the extent it calls for information that is protected

15    from discovery under the attorney-client privilege, work product doctrine, settlement

16    privilege, or any other applicable privilege or protection. LSI objects to this request as

17    premature to the extent it is not directed to information relevant to NXP's licensing

18    defense in this case.

19        LSI objects to this request as overbroad and unduly burdensome. For example,

20    the requested materials are publicly available to NXP from less burdensome sources. LSI

21    further objects to this request as vague and ambiguous. For example, the phrases "from

22    any action, litigation or legal proceeding" and "concerning any of the Patents-in-Suit"

23    are vague and ambiguous. The phrase "related application" is also vague and ambiguous.

24        LSI objects to this request to the extent that it seeks disclosure of LSI's or any

25    third party's trade secret, proprietary, or other confidential or competitively sensitive

26    information. LSI reserves the right not to provide any of this information until an

27    appropriate protective order is in place, and/or until it receives appropriate approvals.

28    LSI will not provide any of this information without consent of the third party. LSI

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3    12    PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1   objects to this request to the extent it calls for information LSI does not have the legal

2   authority to release. LSI will not disclose any of this information without approval. LSI

3   objects to this request to the extent it requests information dependent upon documents or

4   other information in the possession, custody and control of NXP or third parties.  LSI

5   reserves its right to modify or supplement its responses in view of the discovery of

6   information and review of documents received from NXP or third parties.

7         Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI

8   reserves the right to modify or supplement its responses as LSI receives additional

9   information from NXP or third parties, as it performs additional analysis of the facts and

10  legal issues currently known, as LSI locates additional information, or based on a ruling

11  by the Court.

12        Subject to, and without waiving, the foregoing, and the General Objections, LSI

13  will meet and confer with NXP in good faith to discuss an appropriate scope of

14  production.

15       **2.      LSI Improperly Has Withheld Production of Documents Related To Its Licensing Agreement With TSMC.**

16

17        In Requests for Production Nos. 46 and 47, NXP seeks production of any licensing

18  agreements between LSI and TSMC and communications between LSI and TSMC related to any

19  of the Patents-In-Suit, NXP or this litigation.  (Schuman Decl., Ex. 1 at p. 12:23-27.)  Although

20  LSI has agreed to produce documents responsive to these requests, LSI's July 29, 2008

21  production included only one letter between LSI and TSMC and did not even include the patent

22  licensing agreement between LSI and TSMC.  It is NXP's understanding that TSMC, who

23  manufactures certain products on behalf of NXP, has a license with LSI (or Agere) that

24  potentially provides a license to the Patents-In-Suit for certain of the products TSMC

25  manufactures for NXP.  Thus, information related to this license, and in particular the license

26  agreement itself, clearly relates to the licensing phase of this case.  Moreover, LSI has not

27  challenged its relevance.  (*See* Schuman Decl., Ex. 3.)  Although LSI seemingly has agreed to

28  provide documents responsive to these requests, three months have passed since NXP served

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

13

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1  these requests, and LSI has yet to produce even its licensing agreement with TSMC.  NXP thus

2  requests that the Court compel LSI to produce documents responsive to these requests, including

3  but not limited to the licensing agreement(s) between LSI (and/or Agere) and TSMC within five

4  days of the Court's order.

5       The full text of NXP's Request for Production Nos. 46 and 47, and LSI's respective

6  responses thereto, are is as follows:

7       **REQUEST FOR PRODUCTION NO. 46:**

8       Any and all license agreements between Taiwan Semiconductor Manufacturing

9  Company Ltd. ("TSMC") and Agere Systems, Inc. or LSI in force from January 1, 2000

10  to the present.

11       **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

12       In addition to the General Objections, which are incorporated fully by reference

13  herein, LSI objects to this request to the extent it calls for information that is protected

14  from discovery under the attorney-client privilege, work product doctrine, settlement

15  privilege, or any other applicable privilege or protection.

16       LSI objects to this request as overbroad and unduly burdensome. For example, it

17  is not limited to the Patents-In-Suit or related technology.

18       LSI objects to this request to the extent that it seeks disclosure of LSI's or any

19  third party's trade secret, proprietary, or other confidential or competitively sensitive

20  information. LSI reserves the right not to provide any of this information until an

21  appropriate protective order is in place, and/or until it receives appropriate approvals.

22  LSI will not provide any of this information without consent of the third party. LSI

23  objects to this request to the extent it calls for information LSI does not have the legal

24  authority to release. LSI will not disclose any of this information without approval. LSI

25  objects to this request to the extent it requests information dependent upon documents or

26  other information in the possession, custody and control of NXP or third parties.

27       LSI reserves its right to modify or supplement its responses in view of the

28  discovery of information and review of documents received from NXP or third parties.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

14

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI

2    reserves the right to modify or supplement its responses as LSI receives additional

3    information from NXP or third parties, as it performs additional analysis of the facts and

4    legal issues currently known, as LSI locates additional information, or based on a ruling

5    by the Court.

6    Subject to, and without waiving, the foregoing, and the General Objections, LSI

7    will produce non-privileged responsive documents at a mutually agreeable time.

8    **REQUEST FOR PRODUCTION NO. 47:**

9    All communications with TSMC regarding any of the Patents-In-Suit, NXP, or

10    this action.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12    In addition to the General Objections, which are incorporated fully by reference

13    herein, LSI objects to this request to the extent it calls for information that is protected

14    from discovery under the attorney-client privilege, work product doctrine, settlement

15    privilege, or any other applicable privilege or protection. LSI objects to this request as

16    premature to the extent that it is not directed to information relevant to NXP's licensing

17    defense in this case.

18    LSI objects to this request to the extent that it seeks disclosure of LSI's or any

19    third party's trade secret, proprietary, or other confidential or competitively sensitive

20    information. LSI reserves the right not to provide any of this information until an

21    appropriate protective order is in place, and/or until it receives appropriate approvals.

22    LSI will not provide any of this information without consent of the third party. LSI

23    objects to this request to the extent it calls for information LSI does not have the legal

24    authority to release. LSI will not disclose any of this information without approval. LSI

25    objects to this request to the extent it requests information dependent upon documents or

26    other information in the possession, custody and control of NXP or third parties.

27    LSI reserves its right to modify or supplement its responses in view of the

28    discovery of information and review of documents received from NXP or third parties.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3    15    PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI

2  reserves the right to modify or supplement its responses as LSI receives additional

3  information from NXP or third parties, as it performs additional analysis of the facts and

4  legal issues currently known, as LSI locates additional information, or based on a ruling

5  by the Court.

6    Subject to, and without waiving, the foregoing, and the General Objections, LSI

7  will produce non-privileged responsive documents at a mutually agreeable time.

8         **3.    LSI Improperly Has Failed To Produce Documents Related To The**
          **PLA.**

9

10    The focus of this phase of the litigation is a determination of the applicability and scope of

11  the PLA.  Document Request No. 1 propounded by NXP seeks "[a]ll documents referring or

12  relating to the PLA." (Schuman Decl., Ex. 1.)  In response, LSI agreed to produce all "documents

13  directed to the substance of the Patent License Agreement" (Schuman Decl., Ex. 3), which LSI

14  clarified in the meet and confer process to mean all documents "at least tangentially related to the

15  Patent License Agreement" (*see* Schuman Decl., Ex. 5).  In spite of this, LSI's July 29, 2008,

16  production included few, if any, documents related to key aspects of the negotiation, execution

17  and enforcement of the PLA.  For example, LSI's initial production included less than ten

18  documents from its files that directly related to the PLA, including the PLA agreements

19  themselves.  Thus, seemingly it has not provided comprehensive production of communications

20  and other documents relating to the negotiation and course of conduct for the 1987 Patent License

21  Agreement or the 1995 letter agreement.

22    Given the abbreviated discovery period on these issues and the extended amount of time

23  NXP spent meeting and conferring with LSI about the need for expedient production of these

24  documents, NXP requests that the Court compel LSI to provide all documents "at least

25  tangentially related to the Patent License Agreement," as LSI previously agreed to produce,

26  including but not limited to all documents and communications related to the negotiation, course

27  of conduct and/or attempts to enforce the PLA and other related agreements within ten days of the

28  Court's Order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   The full text of NXP's Request for Production No. 1, and LSI's response thereto, is as

2   follows:

3   **REQUEST FOR PRODUCTION NO. 1:**

4       All documents referring or relating to the Patent License Agreement attached to

5   the complaint in this action as Exhibit 1.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7       In addition to the General Objections, which are incorporated fully by reference

8   herein, LSI objects to this request to the extent it calls for information that is protected

9   from discovery under the attorney-client privilege, work product doctrine, settlement

10  privilege, or any other applicable privilege or protection. LSI further objects that the

11  phrase "All documents referring to or relating to" is vague and ambiguous, as NXP has

12  not defined "referring to" and has defined "relating to" in an overly broad manner. LSI

13  also objects to this request as overbroad and unduly burdensome.

14      LSI objects to this request to the extent that it seeks disclosure of LSI's or any

15  third party's trade secret, proprietary, or other confidential or competitively sensitive

16  information. LSI reserves the right not to provide any of this information until an

17  appropriate protective order is in place, and/or until it receives appropriate approvals.

18  LSI will not provide any of this information without consent of the third party. LSI

19  objects to this request to the extent it calls for information LSI does not have the legal

20  authority to release. LSI will not disclose any of this information without approval. LSI

21  objects to this request to the extent it requests information dependent upon documents or

22  other information in the possession, custody and control of NXP or third parties.

23      LSI reserves its right to modify or supplement its responses in view of the

24  discovery of information and review of documents received from NXP or third parties.

25      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI

26  reserves the right to modify or supplement its responses as LSI receives additional

27  information from NXP or third parties, as it performs additional analysis of the facts and

28  legal issues currently known, as LSI locates additional information, or based on a ruling

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3

17

PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)

1    by the Court.

2        Subject to, and without waiving, the foregoing, and the General Objections, LSI

3    will produce non-privileged responsive documents directed to the substance of the Patent

4    License Agreement at a mutually agreeable time.

5    **IV.    <u>CONCLUSION</u>**

6        For the above reasons, NXP respectfully requests that the Court grant its motion and

7    compel LSI to provide all of the factual information in its possession responsive to Interrogatory

8    No. 1 and to provide documents and things responsive to Document Request Nos. 1, 8, 46 and 47

9    as expediently as reasonable.

10

11   Dated: August 11, 2008                      MORGAN, LEWIS & BOCKIUS LLP

12

13

14                                      By  /s/ Brett M. Schuman
                                            Brett M. Schuman
15                                          Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20804746.3                    18    PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL,
                                        AND MEMORANDUM IN SUPPORT (CV-08-0775 JW)