MICHAEL E. MOLLAND (State Bar No. 111830)
DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
GREGG P. YATES (State Bar No. 224641)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:  mmolland@morganlewis.com
E-mail:  djjohnson@morganlewis.com
E-mail:  bschuman@morganlewis.com

Attorneys for Plaintiff and Counterclaim-Defendant
NXP SEMICONDUCTORS USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>            v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation<br><br>                    Defendant. | Case No. C 08-00775 JW<br><br>**DECLARATION OF BRETT M. SCHUMAN IN SUPPORT OF NXP'S MOTION TO COMPEL**<br><br>Date:        September 17, 2008<br>Time:       9:30 a.m.<br>Courtroom:  4, 5th Floor<br>Judge:      Hon. Richard Seeborg |
| AGERE SYSTEMS, INC., a Delaware Corporation,<br><br>                    Counterclaimant<br><br>            v.<br><br>NXP SEMICONDUCTORS USA, INC., a Delaware corporation<br><br>                    Counterclaim-Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/20805708.1

1

## DECLARATION OF BRETT M. SCHUMAN

2     I, Brett M. Schuman, declare:

3     1.     I am a partner with the law firm of Morgan, Lewis & Bockius LLP, counsel for

4  plaintiff NXP Semiconductors USA, Inc. ("NXP").  I have personal knowledge of the facts

5  contained in this declaration and, if called as a witness, would and could competently testify to

6  them.

7     2.     NXP served defendant LSI Corporation ("LSI") with NXP's First Set of Requests

8  for Production on or about May 13, 2008.  Attached hereto as Exhibit 1 is a true and accurate

9  copy of Plaintiff NXP Semiconductors USA, Inc.'s First Set of Requests for Production to

10  Defendant LSI Corporation d/b/a LSI Logic Corporation, dated May 13, 2008.

11     3.     NXP served defendant LSI with NXP's First Set of Interrogatories on or about

12  May 13, 2008.  Attached hereto as Exhibit 2 is a true and accurate copy of Plaintiff NXP

13  Semiconductors USA, Inc.'s First Set of Interrogatories to Defendant LSI Corporation d/b/a LSI

14  Logic Corporation (Nos. 1-25), dated May 13, 2008.

15     4.     On or about June 16, 2008, LSI served NXP with its responses to NXP's First Set

16  of Requests for Production.  Attached hereto as Exhibit 3 is a true and accurate copy of LSI

17  Corporation's Responses to NXP Semiconductors USA, Inc.'s First Set of Requests for

18  Production, dated June 16, 2008.

19     5.     On or about that same day, LSI also served NXP with its responses to NXP's First

20  Set of Interrogatories.  Attached hereto as Exhibit 4 is a true and accurate copy of LSI

21  Corporation's Responses to NXP Semiconductors USA, Inc.'s First Set of Interrogatories, dated

22  June 16, 2008.

23     6.     Upon receiving LSI's responses to NXP's discovery requests, NXP sent LSI a

24  letter, dated July 11, 2008, raising its concerns with LSI's responses to NXP's discovery requests,

25  and the parties participated in a telephonic conference on or about July 15, 2008 to meet and

26  confer concerning their disagreements with regard to the outstanding discovery requests.  In a

27  letter dated July 18, 2008, NXP provided LSI with a summary of its understanding of the

28  discovery issues discussed during the July 15, 2008 telephonic conference.  Attached hereto as

1  Exhibit 5 is a true and accurate copy of a letter from M. Taylor of Morgan, Lewis & Bockius LLP

2  to M. Wells of Irell & Manella LLP, dated July 18, 2008.

3       7.     On or about July 29, 2008, LSI produced an initial range of documents in response

4  to NXP's First Set of Requests for Production.

5       8.     On or about August 5, 2008, LSI served NXP with its Supplemental Responses to

6  NXP's First Set of Interrogatories, which supplemented its responses to Interrogatory Nos. 1, 11

7  and 14.  Attached hereto as Exhibit 6 is a true and accurate copy of LSI Corporation's First

8  Supplemental Responses to NXP Semiconductors USA, Inc.'s First Set of Interrogatories (Nos. 1,

9  11, and 14), dated August 5, 2008.

10      I declare under penalty of perjury under the laws of the United States that the foregoing is

11  true and correct.

12      Executed this 11th day of August, 2008, in San Francisco, CA.

13

14          __/s/ Brett M. Schuman____
           Brett M. Schuman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  MICHAEL E. MOLLAND (State Bar No. 111830)
   DANIEL JOHNSON, JR. (State Bar No. 57409)
2  BRETT M. SCHUMAN (State Bar No. 189247)
   GREGG P. YATES (State Bar No. 224641)
3  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1126
   Tel:  415.442.1000
5  Fax:  415.442.1001
   E-mail:  mmolland@morganlewis.com
6  E-mail:  djjohnson@morganlewis.com
   E-mail:  bschuman@morganlewis.com
7
   Attorneys for Plaintiff
8  NXP SEMICONDUCTORS USA, INC.

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

14  NXP SEMICONDUCTORS USA, INC.,          Case No. C 08-00775 JW
    a Delaware corporation,
15                                         **PLAINTIFF NXP SEMICONDUCTORS**
                        Plaintiff,         **USA, INC.'S FIRST SET OF REQUESTS**
16                                         **FOR PRODUCTION TO DEFENDANT LSI**
              v.                           **CORPORATION D/B/A LSI LOGIC**
17                                         **CORPORATION**
    LSI CORPORATION d/b/a LSI LOGIC
18  CORPORATION, a Delaware corporation,

19                      Defendant.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW        1-PA/3705250.1              1        PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

EXHIBIT __1__

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff NXP

2    Semiconductors USA, Inc. ("NXP") hereby serves on Defendant LSI Corporation d/b/a LSI

3    Logic Corporation ("LSI") the following requests to produce documents and things.  LSI shall

4    produce for inspection and copying at Morgan, Lewis & Bockius LLP, 2 Palo Alto Square, 3000

5    El Camino Real Suite 700, Palo Alto CA 94306 (to the attention of Michael Warner Kallus), all

6    documents and things that are responsive to these requests and that are in the possession, custody,

7    or control of LSI, or their agents, representatives, or attorneys.

8                                    **DEFINITIONS**

9        1.    The term "this action" or "present action" shall refer to NXP Semiconductors

10    USA, Inc. v. LSI Corporation d/b/a LSI Logic Corporation, Case No. C 08-00775 JW.

11       2.    The term "Communication" shall mean every manner of disclosure, transfer, or

12    exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by

13    electronic transmission, or otherwise.

14       3.    The term "Defendant" shall mean LSI.

15       4.    "Document" is used in the most comprehensive and inclusive sense permitted by

16    Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all of the

17    following matter in your actual or constructive possession, custody, or control:  all written, typed,

18    printed, recorded, textual, graphic or photographic matter, software, source code, object code,

19    communications including intra-company or intercompany communications and correspondence,

20    cablegrams, radiograms, telegrams, and telefaxes, however produced or reproduced, any notes or

21    drafts, and all copies on which any mark, alteration, writing, or any other change from the

22    original has been made.  It includes, by way of example and not by way of limitation, patents,

23    patent applications, reports, compilations, data, test results, laboratory, engineering, or other

24    notebooks, diaries, work papers, graphs, charts, blueprints, drawings, sketches, schematics,

25    operator manuals and handbooks, machinery manuals, directions, instruction books, books and

26    booklets, texts, memoranda, letters and other correspondence, sales and promotional literature,

27    brochures, press releases, forms, written contracts, licenses, sales agreements, ledgers, archive

28    records, minutes or records of meetings, conferences or telephone conversations, including lists of

1  persons attending the meetings or conferences, legal pleadings or filings, expired files, and

2  information that has been electronically stored or recorded, including voice mail and electronic

3  mail.

4       5.     The term "foreign counterpart(s)" shall mean any non-United States patent or

5  patent application (1) that claims priority from or through any U.S. patent or patent application, or

6  (2) from which any U.S. patent or application claims priority.

7       6.     When referring to a person, "to identify" (in all its various forms, *e.g.*,

8  "identifying," "identified," "identification") shall mean to give, to the extent known, the person's

9  full name, present or last know address, and when referring to a natural person, additionally, the

10  present or last known place of employment.  Once a person has been identified in accordance

11  with this subparagraph, only the name of that person need be listed in response to subsequent

12  discovery requesting the identification of that person.

13       7.     When referring to documents, "to identify" (in all its various forms, *e.g.*,

14  "identifying," "identified," "identification") shall mean to give, to the extent known, the (i) type

15  of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s)

16  and recipient(s); and (v) if produced in discovery, the production number of the document.

17       8.     When referring to a product or process, "to identify" (in all its various forms, *e.g.*,

18  "identifying," "identified," "identification") shall mean to provide information sufficient to

19  determine all names and model numbers under which the product or process is or was developed,

20  marketed, manufactured, distributed, imported, and/or sold in this or any other country.

21       9.     When referring to a Communication, "to identify" (in all its various forms, *e.g.*,

22  "identifying," "identified," "identification") shall mean to provide (i) the type of Communication,

23  (ii) the general subject matter of the Communication, (iii) the date of the communication, or if no

24  exact date is known, the approximate date of the communication, (iv) the Person(s) who authored

25  and/or sent the Communication, (v) the addressee(s) of the Communication, (vi) the recipient(s)

26  of the Communication, and (vii) if produced in discovery, the production number of the

27  Communication.

28

10.    The term "LSI," "You" and "Your" shall mean Defendant LSI as well as its predecessors and successors in interest, subsidiaries- including, but not limited to LSI's wholly owned subsidiary Agere Systems, Inc.- corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

11.    The term "NXP" shall mean Plaintiff NXP as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

12.    The term "Patents-In-Suit" or "Patents-At-Issue" shall mean U.S. Patent Nos. 4,914,500; 4,919,748; 5,022,958; 5,149,672; 5,227,335; 5,373,180; 5,599,739; 5,600,182; 5,827,777; 5,844,928; 5,909,149; 6,153,543; and 6,163,184.

13.    The term "Person" or "Persons" shall mean any natural person, or any business, legal or governmental entity or association.

14.    The term "prior art" shall mean all documents and things, communications, disclosures, sales, or other acts or occurrences that are included under the broadest possible interpretations of 35 U.S.C. §§ 102 or 103 when considering the application filing date of the patent-in-suit as the date of invention, including but not limited to materials and references sent or identified to LSI or its predecessors internally or by third parties as potentially relevant to validity of any of the patents-in-suit, regardless of whether said documents, things, communications, disclosures, sales, or other acts or occurrences meet LSI's interpretations of 35 U.S.C. §§ 102 or 103.

15.    The term "Related Application(s)" means any application that is in the chain of applications leading to the issuance of a Patent-In-Suit or that derives in-part or originates from one of those applications, including: (a) all applications listed in the "Related U.S. Application Data" for the Patent-In-Suit; (b) all applications from which a claim of a Patent-In-Suit is entitled to rely upon for priority under 35 U.S.C. § 120; (c) all parent, continuation, continuation-in-part, and divisional applications to the applications' for a Patent-In-Suit; (d) patents issuing from any

1  of the above applications; and (e) applications derived directly or indirectly from any of the above

2  applications, including applications listing the application for a Patent-In-Suit in the chain of

3  related applications.

4        16.    A document, thing or communication "relating to" or "related to" shall mean all

5  documents and things or communications that directly or indirectly constitute, contain, embody,

6  concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on,

7  respond to, describe, involve, mention, discuss, record, support, negate, or are in any way

8  pertinent to that subject.

9        17.    The term "thing" or "things" is used in the most comprehensive and inclusive

10  sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not

11  limited to, prototypes, models, specimens, or other devices, and commercially manufactured

12  items.

13                                       **REQUESTS FOR DOCUMENTS AND THINGS**

14        1.    All documents referring or relating to the Patent License Agreement attached to

15  the complaint in this action as Exhibit 1.

16        2.    All documents referring or relating to the October 2, 2003 letter attached hereto as

17  Exhibit A, including, but not limited to, any prior drafts of the letter.

18        3.    Documents and things relating or referring to document control, retention, or

19  destruction policies of LSI and its predecessors, including any electronic mail, electronic mail

20  backup or electronic mail deletion policy from 1986 to the present.

21        4.    Documents sufficient to show the corporate and organizational structure of LSI,

22  including but not limited to the hierarchical structure of its employees and a description of the

23  duties and responsibilities of each person listed.

24        5.    Documents and things sufficient to identify the legal status of LSI, the date and

25  place of its organization, the identity of its owners, officers, partners, directors, and the like as

26  appropriate, and the identity of any other entities related to LSI either by ownership or control.

27        6.    All documents and things pertaining to the validity or invalidity of the Patents-In-

28  Suit, including any prior art in LSI's possession, custody or control relating to the Patents-In-Suit.

7.      All documents and things constituting or pertaining to any assertion by any person or entity that any of the Patents-In-Suit are invalid, including, but not limited to, documents pertaining to any re-examination proceedings related to any of the Patents-In-Suit.

8.      All documents from any action, litigation, or legal proceeding (including any administrative proceeding) concerning any of the Patents-In-Suit, their foreign counterparts, or related application(s), including but not limited to the cases captioned *Agere Systems, Inc. v. Sony Corporation,* E.D. Tex. Case No. 2:2006cv00079, and *Agere Systems, Inc. v. Atmel Corp.,* E.D. Penn. Case No. 2:02-cv-00864-LDD.

9.      All documents and things evidencing or relating to the conception, first actual reduction to practice, or diligence between the conception and first actual reduction to practice of any invention claimed in any of the Patents-In-Suit, their foreign counterparts, or related application(s) including, without limitation, any engineering notebooks, laboratory notebooks, log books, records books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents or things which LSI contends corroborate the conception.

10.      All documents referring or relating to the transfer of any right or interest in any of the Patents-In-Suit, their foreign counterparts, or related application(s), including but not limited to documents sufficient to identify each past or present licensee; documents, periodic reports or summaries sufficient to reflect all royalties and other payments made by such licensees; forecasts, projections, and estimates of future royalty payments; and all documents referring or relating to any licensing agreements, plans or programs to license or not to license, licensing negotiations, or offers or attempts to license any of the Patents-In-Suit.

11.      All documents referring or relating to the ownership of any of the Patents-In-Suit, their foreign counterparts, or related application(s), including but not limited to documents sufficient to evidence the complete assignment histories of each Patent-In-Suit, and all documents referring or relating to the acquisition of any of the Patents-In-Suit, their foreign counterparts, or related application(s).

12.     All documents and things related to the inventorship of any of the Patents-In-Suit, their foreign counterparts, or related applications, including (a) documents related to the identification, selection, or determination of the proper inventors of a Patent-In-Suit, foreign counterparts, or related application; (b) documents related to an assertion that someone other than a named inventor to a Patent-In-Suit is an inventor or co-inventor of any subject matter of the Patent-In-Suit; (c) invention disclosure forms; (d) inventor notebooks.

13.     All documents and things reflecting the scope and content of the prior art, the level of skill in the art, and the differences between the art and the claims of any of the Patents-In-Suit.

14.     All documents relating to the first use, first public use, first offer to sell, first sale, first offer to license, first license, first printed publication containing a description, first written description, first advertisement, and other manner of first disclosure to a third party of any article or process embodying any of the alleged inventions claimed by any of the Patents-In-Suit, their foreign counterparts, or related application(s).

15.     All documents relating to each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, any invention claimed in any of the Patents-In-Suit, their foreign counterparts, or related application(s) prior to the date of the patent application; including but not limited to contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements.

16.     All documents relating to the design and development of any invention in any of the Patents-In-Suit, their foreign counterparts, or related application(s), which was created on or before the date of the patent application or the priority date relied on by said patent application.

17.     All published or unpublished articles, papers manuscripts, technical reports, conference papers, or other publications authored, co-authored, written or co-written by LSI and/or its predecessors and/or any of the inventors to any of the Patents-In-Suit, their foreign counterparts, or related application(s); relating to or discussing the subject matter described and/or claimed in said Patent(s)-In-Suit, foreign counterpart(s), or related application(s).

1    18.    All documents and things relating to the best mode of practicing the subject matter

2    of any claim of each of the LSI Patents-In-Suit contemplated by any of the named inventors at the

3    time of filing any patent application that led to or resulted in each of the LSI Patents-In-Suit.

4    19.    All documents and things relating to each mode of practicing the subject matter of

5    each claim of the LSI Patents-In-Suit.

6    20.    All documents and things relating to each mode, feature, aspect, or alternative

7    design, which is not disclosed in the specifications of the LSI Patents-In-Suit, but which allegedly

8    embodies, falls within the scope of, or is made in accordance with any claim of the LSI Patents-

9    In-Suit.

10    21.    All non-identical copies of prosecution histories of:

11    (a)    each of the LSI Patents-In-Suit;

12    (b)    any patent or patent application (including any pending or abandoned applications)

13    from or through which each of the LSI Patents-In-Suit claim priority;

14    (c)    any patent or patent application (including any pending or abandoned applications)

15    that claim priority from or through each of the LSI Patents-In-Suit; and

16    (d)    any foreign counterpart patents or patent applications (including any unpublished

17    applications) to any of (a), (b), or (c).

18    22.    All documents and things relating to the preparation, filing and/or prosecution of:

19    (a)    each of the LSI Patents-In-Suit;

20    (b)    any patent or patent application (including any pending or abandoned applications)

21    from or through which each of the LSI Patents-In-Suit claim priority;

22    (c)    any patent or patent application (including any pending or abandoned applications)

23    that claim priority from or through each of the LSI Patents-In-Suit; and

24    (d)    any foreign counterpart patents or patent applications (including any unpublished

25    applications) to any of (a), (b), or (c).

26    23.    All documents and things relating to any decision as to what prior art references to

27    cite, or to not cite, including all prior art search results, during the prosecution of:

28    (a)    each of the LSI Patents-In-Suit;

1        (b)    any patent or patent application (including any pending or abandoned applications)

2    from or through which each of the LSI Patents-In-Suit claim priority;

3        (c)    any patent or patent application (including any pending or abandoned applications)

4    that claim priority from or through each of the LSI Patents-In-Suit; and

5        (d)    any foreign counterpart patents or patent applications (including any unpublished

6    applications) to any of (a), (b), or (c).

7        24.    All documents and things constituting or relating to any communication, meeting

8    or contact with the U.S. Patent and Trademark Office or any foreign patent office concerning any

9    U.S. or foreign patents or patent applications, including, without limitation, any internal filing/no-

10   filing review, relating to:

11       (a)    each of the LSI Patents-In-Suit;

12       (b)    any patent or patent application (including any pending or abandoned applications)

13   from or through which each of the LSI Patents-In-Suit claim priority;

14       (c)    any patent or patent application (including any pending or abandoned applications)

15   that claim priority from or through each of the LSI Patents-In-Suit; and

16       (d)    any foreign counterpart patents or patent applications (including any unpublished

17   applications) to any of (a), (b), or (c).

18       25.    All documents and things relating to the first disclosure to a person (whether

19   employed by LSI or not) other than a named inventor of the LSI Patents-In-Suit of the subject

20   matter of any claim of the LSI Patents-In-Suit.

21       26.    With respect to any of the LSI Patents-In-Suit, all documents and things relating to

22   whether: (a) the subject matter of any claim allegedly satisfied a long felt need in the art to which

23   they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject

24   matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the

25   subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial

26   success, (e) the industry allegedly has recognized the significance of the subject matter of any

27   claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and

28   (g) the subject matter of any claim allegedly achieved unexpected results.

27.    With respect to each of the LSI Patents-In-Suit, all documents and things relating to any alleged nexus or lack thereof between any alleged commercial success of the subject matter of any claim and the alleged advantages of that subject matter.

28.    All documents and things relied upon by LSI to support a claim that NXP infringes any claim of any of the Patents-In-Suit, including: any analysis, consideration, evaluation, test, or reverse engineering of any NXP product, device, apparatus, method, process, or system conducted by LSI or on LSI' behalf.

29.    All documents and things relating to any product, device, apparatus, method, process, or system that LSI has accused of infringing any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit, in any other lawsuit, judicial proceeding, administrative proceeding, or arbitration.

30.    All documents and things relating to any statement or communication, including without limitation, demand letters, notice letters, or other correspondence, in which any person or entity was accused of, notified of, or charged with infringement of any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

31.    All documents and things relating to this action or any action or proceeding by LSI against NXP, including, without limitation, all corporate minutes and all other documents and things concerning meetings of the Board of Directors, Executive Committee or Committees, stockholders or any other of LSI' corporate boards, committees or sub-committees.

32.    All documents and things relating to LSI' first knowledge of NXP's alleged infringement of each of the LSI Patents-In-Suit.

33.    All documents and things relating to LSI' first knowledge of NXP's alleged manufacture, importation, and/or sale of any of the NXP products that LSI alleges infringe any of the LSI Patents-In-Suit.

34.    All documents and things relating to any meeting, discussion, or communication between LSI and any other person or entity concerning the alleged infringement by NXP of any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

35. All documents and things relating to any meeting, discussion, or communication with NXP, any third party, or any non-party concerning any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit, or the subject matter of the claims thereof.

36. All documents and things relating to any determination, assertion, notification, conclusion, charge, or contention by LSI that any person or entity other than NXP has infringed or is infringing, directly or indirectly, any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

37. All documents and things relating to any determination, assertion, notification, conclusion, charge, or contention by LSI that NXP has infringed or is infringing, directly or indirectly, any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

38. All documents and things relating to any negotiations, discussions, or other communications between NXP and LSI regarding any intellectual property matter.

39. All documents and things relating to any meetings, negotiations, discussions, agreements, or other communications regarding any of the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

40. With respect to any advice or opinion of counsel you have requested or received concerning any patents related to the LSI Patents-In-Suit, or concerning the validity or enforceability of any such patents, or licensing of such patents provide the following documents for each communication:

(a) the instructions and materials that were provided to the persons who rendered the advice or opinion; and

(b) all documents setting forth the substance of any oral or written advice or opinion.

41. All documents and things relating to the conception, design, development, manufacture, and marketing of any product embodying the invention claimed in any claim of any of the LSI Patents-In-Suit whether licensed, sold, imported, or offered for sale anywhere in the world. This request includes, but is not limited to:

(a) all original and all revised blueprints, design reports, illustrations, diagrams, test specifications, data sheets, flow charts, drawings, specifications, control drawings, sales outline

1  drawings, specifications, engineering documents, schematic diagrams, process schematics, design

2  documents, project books, project files, manufacturing documents, procurement documents

3  (including all invoices), requests for proposals, requests for quotations, and correspondence for all

4  versions of any prototype;

5        (b)     all prototypes, engineering models or other physical models used, constructed, or

6  made during the design or development of any of the products; and

7        (c)     all documents dated prior to, or which existed prior to, the filing date of the

8  application for each of the LSI Patents-In-Suit, including all agreements providing for

9  compensation or financing of any work performed in connection with the design or development

10  of any product embodying the invention claimed in any claim of any of the LSI Patents-In-Suit.

11        42.     All documents referring or relating to the design, development, assembly,

12  manufacture, packaging, use, testing, sampling, importation, or sale or offer for sale in the United

13  States of any product that you contend embody any of the inventions claimed by any claim of any

14  of the LSI Patents-In-Suit.

15        43.     All documents constituting licenses to any of the Patents-In-Suit.

16        44.     All documents referring or relating to offers to license any of the Patents-in-Suit

17  including, but not limited to, all proposed license agreements.

18        45.     All documents and things related to purported settlement of claims concerning US

19  Pat. No. 5,227,335 in the case captioned *Agere Systems, Inc. v. Atmel Corp.,* E.D. Penn. Case No.

20  2:02-cv-00864-LDD, including, but not limited to, the purported settlement agreement itself, all

21  prior drafts of the purported settlement agreement, and all correspondence pertaining to the

22  purported settlement.

23        46.     Any and all license agreements between Taiwan Semiconductor Manufacturing

24  Company Ltd. ("TSMC") and Agere Systems, Inc. or LSI in force from January 1, 2000 to the

25  present.

26        47.     All communications with TSMC regarding any of the Patents-In-Suit, NXP, or this

27  action.

28

1     48.    Documents sufficient to show the legal relationship between LSI and Agere

2  Systems, Inc.

3     49.    All documents constituting, referring or relating to the letter attached hereto as

4  Exhibit B, including, but not limited to, all subsequent pre-litigation communications between

5  LSI and NXP regarding any of the Patents-In-Suit.

6     50.    All documents constituting, referring or relating to the letter attached hereto as

7  Exhibit C, including, but not limited to, all subsequent pre-litigation communications between

8  LSI and NXP regarding any of the Patents-In-Suit

9     51.    All documents referring or relating to the Non-Disclosure Agreement attached

10  hereto as Exhibit D, including, but not limited to, all prior drafts of the agreement and all

11  correspondence referring or relating to it.

12     52.    All documents referring or relating to any of the materials presented by LSI to

13  NXP on March 21, 2007, June 20, 2007 and November 6, 2007 including, but not limited to, all

14  prior drafts of said materials and all correspondence pertaining to those materials.

15     53.    Any and all documents supporting LSI's assertion in its Answer that the court

16  "lacks subject matter jurisdiction over the complaint or, in the alternative, should exercise its

17  discretion to decline subject matter jurisdiction."

18     54.    Any and all documents supporting LSI's assertion in its Answer that NXP's first

19  claim for relief is barred "based on laches and/or estoppel."

20     55.    Any and all documents supporting LSI's assertion in paragraph 16 of its Answer

21  that NXP is not entitled to a declaratory judgment regarding the Patent License Agreement

22  attached as Exhibit I to the complaint in this action.

23     56.    Any and all documents supporting LSI's assertion in its Answer that "NXP USA

24  has failed to join parties required by Federal Rules of Civil Procedure 19."

25

26

27

28

1    Dated: May 13, 2008                          MORGAN, LEWIS & BOCKIUS LLP

2

3

4                                                 By _____
                                                     Brett M. Schuman
5                                                    Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A



Gerard A. deBlasi
Vice President
Intellectual Property
& Law

1110 American Parkway NE
Allentown, PA 18109-9138

Tel: 610 712 1695
Fax: 610 712 1449
gdeblasi@agere.com

Via Facsimile

October 2, 2003

Edward Blocker, Esq.
Principal Attorney
Philips Electronics N.A. Corp.
1109 McKay Drive, M/S –415J
San Jose, CA  95131

Re:     Agere Systems Inc. v. Intersil Corporation

Dear Mr. Blocker:

I am writing in response to your letter of September 22, 2003 to John Desmarais of Kirkland & Ellis.

This will confirm that Agere will respect the license agreement between AT&T Corp. and Philips dated July 1, 1987.  We have never challenged Philips' licenses under that agreement.

To my knowledge, Agere has not specifically alleged infringement of these patents with respect to manufacturing activities performed by Philips.

Please call me if you need to discuss this further.

Sincerely,

Gerard A. deBlasi

cc:     G. Arovas, Esq., Kirkland & Ellis
        J. Desmarais, Esq., Kirkland & Ellis

# EXHIBIT B

# EXHIBIT B

ONTVANGEN 2 3 NOV 2006

**agere** systems

VIA OVERNIGHT COURIER

November 21, 2006

Mr. Hans Pennings
Senior Vice President - Intellectual Property Licensing
Philips Intellectual Property and Standards
P.O. Box 220
5600 AE Eindhoven
The Netherlands

Dear Mr. Pennings:

Please allow me to introduce myself.  My name is Dennis Melton and I am Director of Licensing for the Intellectual Property Group of Agere Systems Inc.  The intellectual property assets of Agere Systems span a range of diverse technologies and are based on the long history of Bell Laboratories innovations.  We in the Intellectual Property Business Organization work closely with a broad spectrum of international companies in order to establish mutually beneficial patent license agreements.  I am writing to you today in that regard.

I have assigned the responsibility of developing and managing an intellectual property relationship with Philips to Mr. Jim Zajko, one of my Senior Licensing Managers.  In preparation for meeting with you, Mr. Zajko's team has spent time analyzing products that have been manufactured or sold by Philips.  The analysis involves detailed reverse engineering and in-depth study with respect to Agere's patents.  Mr. Zajko and his team will be interested in meeting with you and other appropriate representatives of Philips to fully describe the findings of Agere's analysis and to commence discussions aimed at establishing a mutually suitable patent license arrangement between our companies. Mr. Zajko will contact you when Agere's investigations have progressed sufficiently to make such a meeting productive.

In the meantime, should you have any questions with respect to Agere and our licensing program, please feel free to contact us.  We travel to Europe quite often and are willing to arrange a brief introductory meeting the next time we are in the region if that would be

helpful.  I look forward to meeting you at some point in our discussions and believe a strong, amicable relationship can be forged along the way.

Sincerely,

Dennis M. Melton
Director of Licensing

Copy to:
    J. Zajko, Senior Licensing Manager, IP Business Group, Agere Systems Inc.
    J. Freund, Reverse Engineering Manager, IP Business Group, Agere Systems Inc.
    S. Merchant, Reverse Engineering Manager, IP Business Group, Agere Systems Inc.
    S. McLellen, IP Counsel, Mendelsohn & Associates, P. C.

# EXHIBIT C

# EXHIBIT C



Jim Zajko
Senior Manager
Intellectual Property

1110 American Parkway NE
Room 12L-312
Allentown, PA 18109-9138   USA

Tel: 610 712 3451
Fax: 610 712 3467
zajko@agere.com

<u>**VIA OVERNIGHT MAIL**</u>

January 22, 2007

Mr. Hans Pennings
Senior Vice President
Intellectual Property & Licensing IP Department
NXP Semiconductors
High Tech Campus 60
5656 AG Eindhoven, The Netherlands

Re:  NXP - Agere Systems Patent Licensing Meeting

Dear Mr. Pennings,

Please allow me to introduce myself.  My name is Jim Zajko and I am a Senior Licensing Manager in the Intellectual Property Business Group of Agere Systems. Mr. Dennis Melton, Agere's Director of Licensing, recently wrote to you on November 21, 2006 and introduced me as the Senior Licensing Manager assigned to work with you and NXP to create a license agreement between our two companies.

I would like to introduce Agere's Intellectual Property team to you and begin a dialogue, with the objective of having our companies enter into a new patent license agreement.  The starting point for these discussions would be a review of the patent license history with Philips as it relates to NXP.  The review would also include a discussion of how Agere relates to these agreements.

We have spent several months analyzing products that have been manufactured by either Philips or NXP with respect to Agere's patents.  We wish to share some preliminary information gained from our analyses in order to make our initial discussions concerning a patent license agreement more efficient.  Using exemplary NXP products that were either commercially purchased or found in a consumer product, we have focused our initial reverse-engineering effort on three (3) of NXP's CMOS manufacturing processes:  $0.18\mu m$, $0.25\mu m$, and $0.50\mu m$.   A summary matrix of our initial analysis is attached for your review. The chart shows the patents that we believe are infringed by these processes. Also attached is a copy of each patent referenced in the chart.   Please note that

Mr. Hans Pennings                    Page 2                    January 22, 2007

our reverse engineering investigation is an ongoing process and we will update you
with additional findings as they become available.

I am interested in meeting with you to more fully describe the findings of our
analysis and to commence discussions relating to a patent license agreement. I am
proposing the following dates for a meeting at your Eindhoven office: Tuesday,
Wednesday, or Thursday, February 20 - 22, 2007. Please let me know if either of
these dates is good for you, and if so, who will attend from NXP so I can plan
Agere's attendees accordingly.

I look forward to hearing from you by the end of January.


Regards,

James S. Zajko

Attachments:
US Patents - 4,914,500; 5,022,958; 5,373,180; 5,599,739; 6,153,543
EP Patents - 0267730; 0357221
Reverse Engineering Analysis – Selected Products Manufactured by NXP

Copy (with Attachments) to:
  J. Freund        - Reverse Engineering Manager, IP Business Group
  C. Hilyard       - Corporate Counsel, IP Business Group
  S. McLellan      - IP Counsel, Mendelsohn & Associates, P. C.
  D. Melton        - Director of Licensing, IP Business Group
  S. Merchant      - Reverse Engineering Manager, IP Business Group

# Agere's Reverse Engineering Analysis
### of
# Selected Products Manufactured by NXP

| NXP Manufacturing Process | NXP Product Code | Host Product | 4,914,500 Liu et al. | 5,022,958 Favreau et al. | EP035722 Lifshitz et al. | EP0267730 Holschwandner et al. | 5,373,180 Hillenius et al. | 5,599,739 Merchant et al. | 6,153,543 Chesire et al. |
|---|---|---|---|---|---|---|---|---|---|
| 0.18μm CMOS | PNX7850E | | ☒ | ☒ | ☒ | ☒ | | ☒ | ☒ |
| 0.18μm CMOS | PCF5213EL1 Die B | Samsung SGH-D500 Cell Phone | ☒ | ☒ | ☒ | ☒ | | ☒ | ☒ |
| 0.25μm CMOS | PCF5213EL1 Die A | Samsung SGH-D500 Cell Phone | | ☒ | | ☒ | ☒ | | |
| 0.25μm CMOS | 3587G Die A | Samsung SGH-D500 Cell Phone | | ☒ | | ☒ | | | |
| 0.50μm CMOS | CF50603 | Samsung SGH-D500 Cell Phone | | ☒ | | ☒ | | | |

AGERE SYSTEMS CONFIDENTIAL
PROVIDED FOR SETTLEMENT PURPOSES ONLY

# EXHIBIT D

# EXHIBIT D

## NON-DISCLOSURE AGREEMENT
### (Mutual)

Effective March 20, 2007, **Agere Systems Inc**., for itself and on behalf of its subsidiaries ("Agere"), having an office at 1110 American Parkway NE, Lehigh Valley Central Campus, Allentown, Pennsylvania 18109, and **NXP BV** ("Company"), having an office at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands agree as follows:

1. Either party may disclose or furnish to the other proprietary marketing, technical, or business/sales information, including, without limitation, products and/or software ("information"), for the purpose of engaging in patent licensing discussions regarding semiconductor products or other applicable products between the companies (the "Purpose"). Nothing in this Agreement shall obligate either party to disclose any information to the other party, or enter into any contemporaneous or subsequent agreement with the other party.

2. Information provided in tangible form shall be clearly marked as proprietary. With respect to any microelectronic chips or other devices delivered pursuant to paragraph 1, any technical information (including but not limited to circuit layout, design, or software, embedded in or accompanying any such device) is proprietary information notwithstanding the absence of any proprietary marking on such device. Information provided orally will be considered proprietary if the disclosing party says it is proprietary at the time of oral disclosure and summarizes it in a writing provided to the other party within 20 (twenty) business days of the oral disclosure.

3. The receiving party shall: (a) hold information in confidence using the same degree of care as it normally exercises to protect its own proprietary information, but not less than reasonable care, (b) restrict disclosure and use of information to employees who are bound by confidentiality obligations and who have a need-to-know, and otherwise not disclose it to any other parties, (c) advise those employees of their obligations with respect to the information, (d) not copy, duplicate, or otherwise reproduce information, except for such limited copies necessary to advance the Purpose, (e) not disassemble, reverse engineer or otherwise decompile information, and (f) use the information only for the Purpose .

4. The receiving party shall have no obligation to keep confidential information that it can establish: (a) was previously known to it free of any confidentiality obligation, (b) was independently developed by it, (c) is or becomes publicly available other than by unauthorized disclosure, (d) is disclosed to third parties by the disclosing party without confidentiality or use restrictions, (e) is received from a third party without confidentiality or use restrictions, and without violation of any confidentiality or use obligation, or (f) is the subject of a subpoena or other legal demand for disclosure, in which case the party required to disclose such information shall give the other party prompt notice thereof and make reasonable efforts appropriate to the circumstances to cooperate with the other party to either oppose such disclosure or secure an appropriate protective order.

5. Each party acknowledges that any information (including, but not limited to, business/sales information, licensing information, device /product specifications) provided under this Agreement by the other party is subject to U.S. export laws and regulations, and any use or transfer of such information must be authorized under those regulations. Each party agrees that it will not use, distribute, transfer, or transmit the information of the other party (even if incorporated into other products) except in compliance with U.S. export regulations. If requested, each party also agrees to sign written assurances and other export-related documents as may be required for the other party to comply with U.S. export regulations for any information provided under this Agreement. This obligation survives any termination of this Agreement.

1

6. Upon request, the receiving party will return all information provided under this Agreement or, with the prior written consent of the disclosing party, the receiving party may destroy it and certify such destruction in writing.

7. All information that is proprietary to a disclosing party before disclosure under this Agreement remains proprietary to the disclosing party after the disclosure. Neither this Agreement nor the disclosure of information hereunder shall be construed as (a) granting rights by license or otherwise in any information, (b) creating warranties or representations of any kind, (c) creating a commitment as to any product, (d) soliciting any business or incurring any obligation not specified herein, or (e) prohibiting either party from proceeding independently to develop services or product competitive with those involved herein and/or associating themselves with competitors of the other party for purposes substantially similar to the Purpose.

8. Except for each party's right to assign this Agreement to its respective affiliates, neither party shall have the right to assign this Agreement without the prior written consent of the other, and any such purported assignment shall be void and ineffective. Notwithstanding the foregoing, Agere shall have the right to assign this Agreement to LSI Corporation at any time after the merger between Agere and LSI Corporation becomes effective.

9. This Agreement may be terminated by either party upon thirty (30) days' prior written notice and, in any case, shall terminate automatically on the two year anniversary of the later execution date set forth below (unless such term is extended by the parties' in writing) . The obligation to protect the confidentiality of information received prior to termination shall survive for five (5) years from the termination date, except as to any information comprising computer software (as to which the obligation continues unless and until an event of Section 4 applies).  While an obligation to protect any information survives under this Agreement, the terms and conditions of this Agreement also survive as to such protected information.

10. This Agreement supersedes any prior oral or written understandings and constitutes the entire agreement between the parties with respect to its subject matter; any modification or other amendment of this Agreement shall be effective only if in writing and executed by both parties; and, any waiver of any particularly breach or of any specific failing under this Agreement shall be effective only as to such breach or other failing and, then, only if in writing.

11. This Agreement shall be governed in all respects by the laws of the state of New York, excluding its conflicts of law provisions.

12. If a dispute for damages arises out of or relates to this Agreement, and if said dispute cannot be settled through good faith negotiations within thirty (30) days, the parties agree to submit the dispute to mediation by a sole mediator selected by the parties or, at any time at the option of a party, to mediation by a mediator selected by the American Arbitration Association ("AAA").  The parties agree to make good faith efforts to resolve any dispute by mediation within thirty (30) days.  Each party shall bear its own expenses and those of the mediator shall be borne equally.  The mediator, parties, their representatives, and other participants shall hold the existence, content and result of the mediation in confidence.  The mediation shall be conducted in New York City, NY.

13. Notwithstanding Section 12, each party acknowledges that the disclosing party is entitled to pursue, via court action, equitable relief (including, but not limited to, a preliminary or permanent injunction) as to breach of confidentiality or use.

14. All requests, consents, communications and other notices to be given under this Agreement shall be in writing and shall be deemed delivered upon receipt, if delivered by (i) hand delivery, (ii) internationally recognized courier service (e.g., FedEx, UPS, DHL), or (iii) certified first class mail (or equivalent), return receipt requested, postage prepaid, to the parties at their addresses set forth above.

2

NDA 2007\ NXP BV

15. Each party intends the facsimile of its signature printed by a receiving fax machine to be an original signature.

16. Any and all discussions conducted between the parties under this Agreement, including information disclosed or furnished in or in connection with the discussion (whether or not otherwise subject to confidentiality or use limitations hereunder) are and shall be: (a) treated as settlement discussions looking toward a "compromise" or "offer to compromise", as such terms are provided in Federal Rule of Evidence 408 and California Evidence Code Section 1152; (b) subject to the provisions of such Rule and Section, and (c) conducted, disclosed and/or furnished without prejudice to, and do not constitute a waiver of, either party's respective rights, claims, and/or defenses that may be asserted in any present or future litigation relating to the subject matter thereof.

Agere Systems Inc.

_____
(Signature)

Yihiye Twu, Sr. I. P. Manager
(Name and Title)

Apr 9, 2007
(Date)

NXP BV

_____ (James W. (ABE4)
(Signature)   Authorized Signatory

VP d General Counsel NXP Semiconductors BV8
(Name and Title)

April 9 2007
(Date)

3

# EXHIBIT 2

MICHAEL E. MOLLAND (State Bar No. 111830)
DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
GREGG P. YATES (State Bar No. 224641)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com

Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. C 08-00775 JW<br><br>**PLAINTIFF NXP SEMICONDUCTORS USA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT LSI CORPORATION D/B/A LSI LOGIC CORPORATION (NOS. 1-25)** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3705228.2

1

EXHIBIT 2

1    Pursuant to Federal Rule of Civil Procedure 33, Plaintiff NXP Semiconductors USA, Inc.

2  ("NXP") hereby serves on Defendant LSI Corporation d/b/a LSI Logic Corporation ("LSI") the

3  following interrogatories. LSI shall answer separately, fully, and under oath within thirty (30)

4  days of service. The following definitions apply.

5                                   **DEFINITIONS**

6    1.    The term "this action" shall refer to NXP Semiconductors USA, Inc. v. LSI

7  Corporation d/b/a LSI Logic Corporation, Case No. C 08-00775 JW.

8    2.    The term "Communication" shall mean every manner of disclosure, transfer, or

9  exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by

10  electronic transmission, or otherwise.

11    3.    The term "Defendant" shall mean LSI.

12    4.    "Document" is used in the most comprehensive and inclusive sense permitted by

13  Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all of the

14  following matter in your actual or constructive possession, custody, or control: all written, typed,

15  printed, recorded, textual, graphic or photographic matter, software, source code, object code,

16  communications including intra-company or intercompany communications and correspondence,

17  cablegrams, radiograms, telegrams, and telefaxes, however produced or reproduced, any notes or

18  drafts, and all copies on which any mark, alteration, writing, or any other change from the

19  original has been made. It includes, by way of example and not by way of limitation, patents,

20  patent applications, reports, compilations, data, test results, laboratory, engineering, or other

21  notebooks, diaries, work papers, graphs, charts, blueprints, drawings, sketches, schematics,

22  operator manuals and handbooks, machinery manuals, directions, instruction books, books and

23  booklets, texts, memoranda, letters and other correspondence, sales and promotional literature,

24  brochures, press releases, forms, written contracts, licenses, sales agreements, ledgers, archive

25  records, minutes or records of meetings, conferences or telephone conversations, including lists of

26  persons attending the meetings or conferences, legal pleadings or filings, expired files, and

27  information that has been electronically stored or recorded, including voice mail and electronic

28  mail.

5.    The term "foreign counterpart(s)" shall mean any non-United States patent or patent application (1) that claims priority from or through any U.S. patent or patent application, or (2) from which any U.S. patent or application claims priority.

6.    When referring to a person, "to identify" (in all its various forms, *e.g.,* "identifying," "identified," "identification") shall mean to give, to the extent known, the person's full name, present or last know address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7.    When referring to documents, "to identify" (in all its various forms, *e.g.,* "identifying," "identified," "identification") shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); and (v) if produced in discovery, the production number of the document.

8.    When referring to a product or process, "to identify" (in all its various forms, *e.g.,* "identifying," "identified," "identification") shall mean to provide information sufficient to determine all names and model numbers under which the product or process is or was developed, marketed, manufactured, distributed, imported, and/or sold in this or any other country.

9.    When referring to a Communication, "to identify" (in all its various forms, *e.g.,* "identifying," "identified," "identification") shall mean to provide (i) the type of Communication, (ii) the general subject matter of the Communication, (iii) the date of the communication, or if no exact date is known, the approximate date of the communication, (iv) the Person(s) who authored and/or sent the Communication, (v) the addressee(s) of the Communication, (vi) the recipient(s) of the Communication, and (vii) if produced in discovery, the production number of the Communication.

10.    The term "LSI," "You" and "Your" shall mean Defendant LSI as well as its predecessors and successors in interest, subsidiaries- including but not limited to LSI's wholly owned subsidiary Agere Systems, Inc.-  corporate parents, affiliates, assigns, joint venturers,

1    partners, and all their present and former officers, directors, employees, partners, consultants,

2    representatives, agents, attorneys and Persons acting or purporting to act on their behalf.

3          11.    The term "NXP" shall mean plaintiff NXP Semiconductors USA, Inc. as well as

4    its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint

5    venturers, partners, and all their present and former officers, directors, employees, partners,

6    consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

7          12.    The term "Patents-In-Suit" or "Patents-At-Issue" shall mean U.S. Patent Nos.

8    4,914,500; 4,919,748; 5,022,958; 5,149,672; 5,227,335; 5,373,180; 5,599,739; 5,600,182;

9    5,827,777; 5,844,928; 5,909,149; 6,153,543; and 6,163,184.

10          13.    The term "Person" or "Persons" shall mean any natural person, or any business,

11    legal or governmental entity or association.

12          14.    The term "prior art" shall mean all documents and things, communications,

13    disclosures, sales, or other acts or occurrences that are included under the broadest possible

14    interpretations of 35 U.S.C. §§ 102 or 103 when considering the application filing date of the

15    Patent-in-suit as the date of invention, including but not limited to materials and references sent

16    or identified to LSI or its predecessors internally or by third parties as potentially relevant to

17    validity of any of the patents-in-suit, regardless of whether said documents, things,

18    communications, disclosures, sales, or other acts or occurrences meet LSI's interpretations of 35

19    U.S.C. §§ 102 or 103.

20          15.    The term "Related Application(s)" means any application that is in the chain of

21    applications leading to the issuance of a Patent-In-Suit or that derives in-part or originates from

22    one of those applications, including:  (a) all applications listed in the "Related U.S. Application

23    Data" for the Patent-In-Suit; (b) all applications from which a claim of a Patent-In-Suit is entitled

24    to rely upon for priority under 35 U.S.C. § 120; (c) all parent, continuation, continuation-in-part,

25    and divisional applications to the applications' for a Patent-In-Suit; (d) patents issuing from any

26    of the above applications; and (e) applications derived directly or indirectly from any of the above

27    applications, including applications listing the application for a Patent-In-Suit in the chain of

28    related applications.

16.    A document, thing or communication "relating to" or "related to" shall mean all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

17.    The term "thing" or "things" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If you contend that NXP is not licensed to the Patents-In-Suit under the 1987 Patent License Agreement attached as Exhibit 1 to the complaint in this action, as amended by letter attached as Exhibit 2 to the complaint in this action, state all facts supporting that contention.

### INTERROGATORY NO. 2:

If any person or entity has ever contended, in litigation or otherwise, that any asserted claims of the LSI Patents-In-Suit or patents related to the LSI Patents-In-Suit are invalid, defective, or unenforceable identify the person(s) so contending, describe each such communication wherein such claim was alleged invalid, and identify (a) the specific prior art mentioned or referenced in the communication, (b) each limitation of each claim of the LSI Patents-In-Suit alleged to have been found in the prior art, (c) any specific combination or combinations of prior art that the person(s) contended rendered the claim obvious to one of ordinary skill, (d) what the person(s) so contending alleged suggested such combination, combinations, and/or motivation to deviate from or combine the art, and (e) any documents relating or referring to the communication.

### INTERROGATORY NO. 3:

State all facts relating to LSI's knowledge of prior art (including instances of alleged or actual prior use, sales, or offers for sale), affecting the validity, enforceability, or scope of any

1   claim of any Patent-In-Suit including without limitation the prior art cited during the prosecution
2   of the Patent-In-Suit and all prior art or alleged prior art considered by or on behalf of LSI or
3   brought to the attention of LSI by any other person at any time.  For each prior art item state all
4   facts relating to the circumstances by which it was brought to or came to the attention of LSI and
5   identify the LSI employee or representative who first became aware of such item and identify all
6   documents and things relating to any such facts, including without limitation all documents
7   relating to any analysis or study of each such item of prior art or the patentability and/or validity
8   of any claim of the Patent-In-Suit over any such items or prior art.
9   **INTERROGATORY NO. 4:**
10          Separately for each claim of each of the LSI Patents-In-Suit, specifically define the
11   relevant field of art and specifically describe the level of ordinary skill in the relevant art which
12   LSI contends is applicable, including the date against which you contend the level of ordinary
13   skill in the art is measured.
14   **INTERROGATORY NO. 5:**
15          Explain in detail all facts and circumstances that support or otherwise relate to any
16   secondary considerations of non-obviousness of any Patent-In-Suit, including without limitation,
17   that the subject matter of any such claim satisfied a long-felt need, solved problems the industry
18   failed to solve, was the subject of skepticism expressed in the industry, has been a commercial
19   success, has had its significance recognized by the industry, has been copied by others, and/or has
20   achieved unexpected results.
21   **INTERROGATORY NO. 6:**
22          Separately for each Patent-In-Suit, on an element-by-element basis, state the date on
23   which the claimed invention was conceived, the date on which the claimed invention was reduced
24   to practice, and the amount of diligent work on the invention from conception to reduction to
25   practice, describing in detail all facts and circumstances relating to the conception and reduction
26   to practice of each such claimed invention, identify each person with knowledge of such
27   conception or reduction to practice, including the nature of each person's participation,
28   involvement, and/or contribution to such conception and/or reduction to practice, and identify all

1   documents by Bates Numbers relating to such conception or reduction to practice.

2   **INTERROGATORY NO. 7:**

3        Separately for each Patent-In-Suit , describe in detail all facts and circumstances relating

4   to the first written description of the invention, the first disclosure of the invention to another, the

5   first manufacture of the claimed invention, the first use of the claimed invention, the first public

6   use of the claimed invention , the first offer for sale of the claimed invention, the first sale of the

7   claimed invention, and the first offer for sale of the claimed invention for inclusion in a product to

8   be sold in the United States, including, without limitation, the date on which each such event

9   occurred, the identity of each person with knowledge of any of the foregoing, the price of any

10  such offers for sale or sales, and the identity of all documents relating to any of the foregoing.

11  **INTERROGATORY NO. 8:**

12       Identify and describe any communications of which LSI is aware, either written or oral,

13  that allege or discuss infringement of any of the LSI Patents-In-Suit, or patents related to the LSI

14  Patents-In-Suit, or question or challenge the validity or enforceability of any of the such patents,

15  including, without limitation :

16       (a) each communication in which notification has been made to someone that he, she, or it

17  was allegedly infringing any of the LSI Patents-In-Suit;

18       (b) each communication in response to any such notification;

19       (c) all subsequent communications sent or received concerning the same; and

20       (d) any domestic or foreign, litigation or administrative proceedings, including

21  proceedings before the Patent and Trademark Office, to which you have been a party that relates

22  to any of the LSI Patents-In-Suit or the patent applications which led to any of the LSI Patents-In-

23  Suit, patents related to the LSI Patents-In-Suit, the LSI Products, or the products identified in

24  your response to Interrogatory

25  **INTERROGATORY NO. 9:**

26       Identify with particularity each instance, including but not limited to litigation, in which

27  LSI has asserted that any person or entity infringes the LSI Patents-In-Suit, patents related to the

28  LSI Patents-In-Suit, or any of their foreign counterparts, and identify the specific claims asserted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3705228.2                                         7

to have been infringed, the allegedly infringing product or method, the details of any action taken with regards to the allegedly infringing product or method, and all LSI personnel knowledgeable thereof, including their names, bases for their knowledge, current employer, and current address.

**INTERROGATORY NO. 10:**

If you contend that all pre-litigation assertions by LSI of infringement of the Patents-In-Suit by NXP are inadmissible, state all the facts supporting that contention.

**INTERROGATORY NO.11:**

Identify all persons who have, or previously held, any interest in the LSI Patents-In-Suit, any patents or patent applications related to the LSI Patents-In-Suit, and any foreign counterparts to the LSI Patents-In-Suit.

**INTERROGATORY NO.12:**

State all facts supporting your contention, at paragraph 16 of your Answer, that NXP USA is not entitled to a declaratory judgment regarding the rights and duties of the parties under the 1987 Patent License Agreement attached as Exhibit I to the complaint in this action.

**INTERROGATORY NO.13:**

State all facts supporting your purported "Second Defense" that "[t]he Court lacks subject matter jurisdiction over the complaint or, in the alternative, should exercise its discretion to decline subject matter jurisdiction."

**INTERROGATORY NO.14:**

State all facts supporting your purported "Third Defense" that "NXP USA's First Claim for Relief is bared based on laches and/or estoppel."

**INTERROGATORY NO. 15:**

In the event that you answered any of NXP's Requests for Admissions with anything other than an unqualified admission, explain the reasons, facts, events, and grounds for any such response.

1    Dated:  May 13, 2008

MORGAN LEWIS & BOCKIUS LLP

2

By: _____

3          Brett Schuman
          Attorneys for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21          .

22

23

24

25

26

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126. I served the within document(s):

**PLAINTIFF NXP SEMICONDUCTORS USA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT LSI CORPORATION D/B/A LSI LOGIC CORPORATION (NOS. 1-25);**

**PLAINTIFF NXP SEMICONDUCTORS USA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO LSI CORPORATION D/B/A LSI LOGIC CORPORATION; AND**

**PLAINTIFF NXP SEMICONDUCTORS USA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT LSI CORPORATION D/B/A LSI LOGIC CORPORATION**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

IRELL & MANELLA LLP
Jonathan H. Steinberg, Esq.
Samuel K. Lu, Esq.
Jason G. Sheasby, Esq.
C. Maclain Wells, Esq.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

13 May 2008

_____
EUNICE A. WALLACE-DUNCAN

# EXHIBIT 3

1 | IRELL & MANELLA LLP
Jonathan H. Steinberg (98044)
2 | Samuel K. Lu (171969)
Jason G. Sheasby (205455)
3 | C. Maclain Wells (221609)
1800 Avenue of the Stars, Suite 900
4 | Los Angeles, California 90067-4276
Telephone: (310) 277-1010
5 | Facsimile: (310) 203-7199
E-mail: jsteinberg@irell.com
6 | E-mail: slu@irell.com
E-mail: jsheasby@irell.com
7 | E-mail: mwells@irell.com

8 | Attorneys for Defendant LSI CORPORATION and
Defendant and Counterclaimant AGERE SYSTEMS, INC.

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN JOSE DIVISION

13 | NXP SEMICONDUCTORS USA, INC.,               ) CASE NO. CV-08-00775 (JW)
                                                )
14 |               Plaintiff,                    )
                                                ) **LSI CORPORATION'S RESPONSES**
15 |       vs.                                   ) **TO NXP SEMICONDUCTORS USA,**
                                                ) **INC.'S FIRST SET OF REQUESTS**
16 | LSI CORPORATION d/b/a LSI LOGIC            ) **FOR PRODUCTION**
CORPORATION, a Delaware Corporation             )
17 | and AGERE SYSTEMS, INC., a Delaware         )
corporation,                                    )
18 |                                             )
              Defendants.                        )
19 |                                             )
_____            )
20 | AGERE SYSTEMS, INC., a Delaware            )
corporation,                                    )
21 |                                             )
              Counterclaimant,                   )
22 |                                             )
       vs.                                       )
23 | NXP SEMICONDUCTORS USA, INC.,              )
a Delaware corporation, and                     )
24 |                                             )
              Counterclaim-Defendant.            )
25 | _____        )

26

27                                          EXHIBIT __3__

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules

2    for the Northern District of California, Defendant LSI Corporation ("LSI") hereby responds to

3    Plaintiff NXP Semiconductors USA, Inc's ("NXP") First Set of Requests for Production (Nos. 1-

4    56) as follows:

5    **INTRODUCTION**

6    This response is made solely for the purpose of this action. The response is subject to all

7    objections as to competence, relevance, materiality, propriety and admissibility, and to any and all

8    other objections on any grounds that would require the exclusion of any statements contained

9    herein if such request for production were asked of, or statements contained herein were made by,

10    a witness present and testifying in court, all of which objections and grounds are expressly

11    reserved and may be interposed at the time of trial.

12    This response is being provided at the beginning of discovery in this case and necessarily

13    reflects only the limited information that is available to LSI at this time. This response is therefore

14    given without prejudice to LSI's right to produce evidence of any subsequently discovered fact or

15    facts that it may later recall or discover. LSI further reserves the right to change, amend or

16    supplement any or all of the matters contained in this response as additional facts are ascertained,

17    analyses are made, research is completed and contentions are made.

18    Objections to each request for production are made on an individual basis below. From

19    time to time, for special emphasis, LSI will repeat in the specific objections certain objections also

20    set forth in the General Objections. The specific objections are submitted without prejudice to,

21    and without in any way waiving, the General Objections listed below, but not expressly set forth

22    in the response. The assertion of any objection to any request for production below is neither

23    intended as, nor shall in any way be deemed, a waiver of LSI's right to assert that or any other

24    objection at a later date.

25    No incidental or implied admissions are intended by the response below. The fact that LSI

26    has answered or objected to any request for production should not be taken as an admission that

27    LSI accepts or admits the existence of any "facts" set forth or assumed by such request. The fact

28

that LSI has answered part or all of any request for production is not intended to be, and shall not be construed to be, a waiver by LSI of any part of any objection to the request.

## GENERAL OBJECTIONS

1.     LSI objects to the First Set of Requests for Production and to each definition, instruction, and request for production therein to the extent that they purport to impose on LSI obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California ("Local Rules"), or any order or ruling by the Court in this action. LSI shall not comply with any purported obligation not imposed by law.

2.     LSI objects to the First Set of Requests for Production and to each request therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, the attorney-client privilege, the settlement privilege, or any other privilege or restriction on discovery. LSI will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege.

3.     LSI objects to the First Set of Requests for Production and to each request therein to the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

4.     LSI objects to the First Set of Requests for Production and to each request therein to the extent that they are vague, ambiguous, or without sufficient specificity to identify what information is requested.

5.     LSI objects to the First Set of Requests for Production and to each request therein to the extent they seek premature expert discovery.

6.     LSI objects to the First Set of Requests for Production and to each request therein to the extent that they do not describe with reasonable particularity each item or category of items to be inspected, do not specify a reasonable time, place, and manner for the inspection and for performing the related acts; or do not specify the form or forms in which electronically stored

1    information is to be produced.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii), LSI

2    will produce electronically stored information responsive to the First Set of Requests for

3    Production and to each request therein in a form or forms in which it is ordinarily maintained or in

4    a form or forms that are reasonably usable, subject to any agreement the parties may reach on the

5    form of the parties' productions.

6         7.    LSI objects to the First Set of Requests for Production and to each request therein

7    to the extent that they seek information that is publicly available, in the possession, custody or

8    control of NXP or any person or entity other than LSI, and is equally accessible to NXP.

9         8.    LSI objects to the First Set of Requests for Production and to each request therein

10   to the extent that they call for legal conclusions.

11        9.    LSI objects to the First Set of Requests for Production and to each request therein

12   to the extent that they seek disclosure of LSI's trade secret, proprietary, or other confidential or

13   competitively sensitive information or personal information that is protected by statutory,

14   constitutional, common law or privacy rights.  LSI reserves the right not to provide any of this

15   information until an appropriate protective order is in place.

16        10.   LSI objects to the First Set of Requests for Production and each request therein to

17   the extent they call for trade secret, proprietary, or other confidential or competitively sensitive

18   information of third parties.  LSI will not provide any of this information without consent of the

19   third party.

20        11.   LSI objects to the First Set of Requests for Production and to each request therein

21   to the extent they request information concerning patent claims and claim terms that have not yet

22   been construed by the Court.  LSI reserves its right to modify or supplement its responses as a

23   result of any rulings by the Court bearing on claim construction, and/or discovery bearing on

24   claim construction.

25        12.   LSI objects to the First Set of Requests for Production and to each request therein

26   as premature to the extent they are not directed to information relevant to NXP's licensing defense

27   in this case.  LSI also objects to the extent they seek to circumvent the schedule set out in the

28   Patent Local Rules, including Patent Local Rule 2-5.

1        13.    LSI objects to the First Set of Requests for Production and to each request therein

2 to the extent they are inconsistent with Federal Rule of Evidence 408 or the non-disclosure

3 agreement signed by NXP and LSI.

4        14.    LSI objects to the definition of "Communication" as set forth in paragraph 2 of the

5 Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds

6 those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

7 the Court in this action.

8        15.    LSI objects to the definition of "Document" as set forth in paragraph 4 of the

9 Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds

10 those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

11 the Court in this action.

12       16.    LSI objects to the definitions of "to identify" as set forth in paragraphs 6 through 9

13 of the Definitions to the extent these definitions purport to impose on LSI any obligation that

14 differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or

15 any order or ruling by the Court in this action.

16       17.    LSI objects to the definitions of "LSI," "You" and "Your" as set forth in paragraph

17 10 of the Definitions to the extent that those definitions purport to impose any discovery

18 obligation on persons or entities other than the parties to this action, and to the extent they seek

19 discovery from individuals or entities over which LSI has no control. LSI objects to the definition

20 of "LSI" as overly broad. LSI will only respond as to LSI Corporation and Agere Systems, Inc.

21       18.    LSI objects to the definitions of "NXP" as set forth in paragraph 11 of the

22 Definitions to the extent that those definitions purport to impose any discovery obligation on

23 persons or entities other than the parties to this action, and to the extent they seek discovery from

24 individuals or entities over which LSI has no control. LSI objects to the definition of "NXP" as

25 overly broad. LSI will only respond as to NXP Semiconductors USA, Inc.

26       19.    LSI objects to the definition of "Person" or "Persons" as set forth in paragraph 13

27 of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

28

1   exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

2   ruling by the Court in this action.

3       20.     LSI objects to the definition of "prior art" as set forth in paragraph 14 of the

4   Definitions and to the instruction to include "materials and references sent or identified to LSI or

5   its predecessors internally or by third parties" to the extent it seeks information protected by the

6   work product doctrine, the attorney-client privilege, the settlement privilege, or any other privilege

7   or restriction on discovery.  LSI further objects to the definition because "the broadest possible

8   interpretations of 35 U.S.C. §§ 102 or 103" is vague, ambiguous, and calls for a legal conclusion.

9   LSI further objects to the definition of "prior art" to the extent it purports to impose on LSI any

10  obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the

11  Local Rules, or any order or ruling by the Court in this action.

12      21.     LSI objects to the definition of "relating to" or "related to" set forth in paragraph 16

13  of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

14  exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

15  ruling by the Court in this action.

16      22.     LSI objects to the definition of "thing" or "things" set forth in paragraph 17 of the

17  Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds

18  those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

19  the Court in this action.

20      23.     LSI objects to the First Set of Requests for Production and to each request therein

21  to the extent they seek information that is not reasonably accessible because of undue burden or

22  cost.

23      24.     LSI expressly incorporates each of the foregoing General Objections into each

24  specific response to the requests for production set forth below as if set forth in full therein.  An

25  answer to a request for production shall not work as a waiver of any applicable specific or general

26  objection to that request.

27

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                - 6 -

1

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

2

## REQUEST FOR PRODUCTION NO. 1.

3

      All documents referring or relating to the Patent License Agreement attached to the

4

complaint in this action as Exhibit 1.

5

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1.

6

      In addition to the General Objections, which are incorporated fully by reference herein,

7

LSI objects to this request to the extent it calls for information that is protected from discovery

8

under the attorney-client privilege, work product doctrine, settlement privilege, or any other

9

applicable privilege or protection. LSI further objects that the phrase "All documents referring to

10

or relating to" is vague and ambiguous, as NXP has not defined "referring to" and has defined

11

"relating to" in an overly broad manner. LSI also objects to this request as overbroad and unduly

12

burdensome.

13

      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third

14

party's trade secret, proprietary, or other confidential or competitively sensitive information. LSI

15

reserves the right not to provide any of this information until an appropriate protective order is in

16

place, and/or until it receives appropriate approvals. LSI will not provide any of this information

17

without consent of the third party. LSI objects to this request to the extent it calls for information

18

LSI does not have the legal authority to release. LSI will not disclose any of this information

19

without approval. LSI objects to this request to the extent it requests information dependent upon

20

documents or other information in the possession, custody and control of NXP or third parties.

21

LSI reserves its right to modify or supplement its responses in view of the discovery of

22

information and review of documents received from NXP or third parties.

23

      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

24

right to modify or supplement its responses as LSI receives additional information from NXP or

25

third parties, as it performs additional analysis of the facts and legal issues currently known, as

26

LSI locates additional information, or based on a ruling by the Court.

27

28

1      Subject to, and without waiving, the foregoing, and the General Objections, LSI will

2  produce non-privileged responsive documents directed to the substance of the Patent License

3  Agreement at a mutually agreeable time.

4  **REQUEST FOR PRODUCTION NO. 2.**

5      All documents referring or relating to the October 2, 2003 letter attached hereto as Exhibit

6  A, including, but not limited to, any prior drafts of the letter.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

8      In addition to the General Objections, which are incorporated fully by reference herein,

9  LSI objects to this request to the extent it calls for information that is protected from discovery

10  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

11  applicable privilege or protection.  LSI further objects that the phrase "All documents referring to

12  or relating to" is vague and ambiguous, as NXP has not defined "referring to" and has defined

13  "relating to" in an overly broad manner.

14      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third

15  party's trade secret, proprietary, or other confidential or competitively sensitive information.  LSI

16  reserves the right not to provide any of this information until an appropriate protective order is in

17  place, and/or until it receives appropriate approvals.  LSI will not provide any of this information

18  without consent of the third party.  LSI objects to this request to the extent it calls for information

19  LSI does not have the legal authority to release.  LSI will not disclose any of this information

20  without approval.  LSI objects to this request to the extent it requests information dependent upon

21  documents or other information in the possession, custody and control of NXP or third parties.

22  LSI reserves its right to modify or supplement its responses in view of the discovery of

23  information and review of documents received from NXP or third parties.

24      Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

25  right to modify or supplement its responses as LSI receives additional information from NXP or

26  third parties, as it performs additional analysis of the facts and legal issues currently known,  as

27  LSI locates additional information, or based on a ruling by the Court.

28

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

2 and confer with NXP in good faith to discuss a proper scope of production.

3 **REQUEST FOR PRODUCTION NO. 3.**

4    Documents and things relating or referring to document control, retention, or destruction

5 policies of LSI and its predecessors, including any electronic mail, electronic mail backup or

6 electronic mail deletion policy from 1986 to the present.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

8    In addition to the General Objections, which are incorporated fully by reference herein,

9 LSI objects to this request to the extent it calls for information that is protected from discovery

10 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

11 applicable privilege or protection.  LSI further objects to this request as overbroad and unduly

12 burdensome.  LSI objects to this request to the extent it is not directed toward the discovery of

13 information relevant to this case.  For example, LSI's document retention policies prior to its

14 acquisition of Agere are not relevant to this case.

15    LSI further objects that the phrase "Documents and things relating or referring to" is vague

16 and ambiguous, as NXP has not defined "referring to" and has defined "relating to" in an overly

17 broad manner.  The phrases "document control, retention, or destruction policies," "its

18 predecessors," and "electronic mail, electronic mail backup or electronic mail deletion policy" are

19 also vague and ambiguous.

20    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third

21 party's trade secret, proprietary, or other confidential or competitively sensitive information.  LSI

22 reserves the right not to provide any of this information until an appropriate protective order is in

23 place, and/or until it receives appropriate approvals.

24    Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

25 right to modify or supplement its responses as LSI receives additional information from NXP or

26 third parties, as it performs additional analysis of the facts and legal issues currently known,  as

27 LSI locates additional information, or based on a ruling by the Court.

28

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

2 produce non-privileged responsive documents sufficient to fully describe current document

3 retention policies at LSI at a mutually agreeable time.

4 **REQUEST FOR PRODUCTION NO. 4.**

5    Documents sufficient to show the corporate and organizational structure of LSI, including

6 but not limited to the hierarchical structure of its employees and a description of the duties and

7 responsibilities of each person listed.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4.**

9    In addition to the General Objections, which are incorporated fully by reference herein,

10 LSI objects to this request to the extent it calls for information that is protected from discovery

11 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

12 applicable privilege or protection. LSI further objects to this request as overbroad and unduly

13 burdensome. LSI further objects to this request to the extent it is not directed toward the

14 discovery of information relevant to this case. For example, this request seeks organizational

15 materials and descriptions for every employee.

16    LSI further objects that the phrases "hierarchical structure of its employees" and "a

17 description of the duties and responsibilities" are vague and ambiguous.

18    LSI objects to this request to the extent that it seeks disclosure of LSI's trade secret,

19 proprietary, or other confidential or competitively sensitive information. LSI reserves the right not

20 to provide any of this information until an appropriate protective order is in place.

21    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

22 right to modify or supplement its responses as LSI receives additional information from NXP or

23 third parties, as it performs additional analysis of the facts and legal issues currently known, as

24 LSI locates additional information, or based on a ruling by the Court.

25    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

26 and confer with NXP in good faith to discuss a proper scope of production.

27 **REQUEST FOR PRODUCTION NO. 5.**

28

1    Documents and things sufficient to identify the legal status of LSI, the date and place of its

2    organization, the identity of its owners, officers, partners, directors, and the like as appropriate,

3    and the identity of any other entities related to LSI either by ownership or control.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

5    In addition to the General Objections, which are incorporated fully by reference herein,

6    LSI objects to this request to the extent it calls for information that is protected from discovery

7    under the attorney-client privilege, work product doctrine, settlement privilege, or any other

8    applicable privilege or protection. LSI further objects to this request as overbroad and unduly

9    burdensome in that it requests information for entities unrelated to this action. LSI further objects

10   to this request to the extent it is not directed toward the discovery of information relevant to this

11   case. LSI objects to the extent this request seeks personal information that is protected by

12   statutory, constitutional, common law or privacy rights. LSI reserves the right not to provide any

13   of this information until an appropriate protective order is in place, and/or until it receives

14   appropriate approvals. LSI also objects to this request because the phrases "the legal status," "and

15   the like," and "other entities related to LSI" are vague and ambiguous.

16   LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

17   trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

18   the right not to provide any of this information until an appropriate protective order is in place,

19   and/or until it receives appropriate approvals. LSI will not provide any of this information without

20   consent of the third party. LSI objects to this request to the extent it calls for information LSI does

21   not have the legal authority to release. LSI will not disclose any of this information without

22   approval.

23   Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

24   right to modify or supplement its responses as LSI receives additional information from NXP or

25   third parties, as it performs additional analysis of the facts and legal issues currently known, as

26   LSI locates additional information, or based on a ruling by the Court.

27   Subject to, and without waiving, the foregoing, and the General Objections, LSI will

28   produce non-privileged responsive documents at a mutually agreeable time sufficient to identify

1   the legal status of LSI, the date and place of its organization, and the identity of any other

2   subsidiaries of LSI.

3   **REQUEST FOR PRODUCTION NO. 6.**

4        All documents and things pertaining to the validity or invalidity of the Patents-In-Suit,

5   including any prior art in LSI's possession, custody or control relating to the Patents-In-Suit.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

7        In addition to the General Objections, which are incorporated fully by reference herein,

8   LSI objects to this request to the extent it calls for information that is protected from discovery

9   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

10  applicable privilege or protection.  LSI objects to this request as premature to the extent it is not

11  directed to information relevant to NXP's licensing defense in this case.

12       LSI objects to this request as overbroad and unduly burdensome.  For example, the

13  requested materials are publicly available to NXP from less burdensome sources.  LSI further

14  objects that the phrase "pertaining to the validity or invalidity of the Patents-in-Suit" is vague and

15  ambiguous, as NXP has not defined "pertaining to."

16       Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

17  right to modify or supplement its responses as LSI receives additional information from NXP or

18  third parties, as it performs additional analysis of the facts and legal issues currently known, as

19  LSI locates additional information, or based on a ruling by the Court.

20       Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

21  and confer with NXP to discuss an appropriate scope of production.

22  **REQUEST FOR PRODUCTION NO. 7.**

23       All documents and things constituting or pertaining to any assertion by any person or

24  entity that any of the Patents-In-Suit are invalid, including, but not limited to, documents

25  pertaining to any re-examination proceedings related to any of the Patents-In-Suit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7.**

27       In addition to the General Objections, which are incorporated fully by reference herein,

28  LSI objects to this request to the extent it calls for information that is protected from discovery

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                     - 12 -

1   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

2   applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

3   agreement between the parties.  LSI objects to this request as premature to the extent it is not

4   directed to information relevant to NXP's licensing defense in this case.

5        LSI further objects to this request as overbroad and unduly burdensome.  For example, the

6   requested materials are publicly available to NXP from less burdensome sources.  LSI further

7   objects that the phrase "constituting or pertaining to any assertion by any person or entity" is

8   vague and ambiguous, as NXP has not defined "pertaining to" or "constituting."

9        Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

10  right to modify or supplement its responses as LSI receives additional information from NXP or

11  third parties, as it performs additional analysis of the facts and legal issues currently known, as

12  LSI locates additional information, or based on a ruling by the Court.

13       Subject to, and without waiving, the foregoing, and the General Objections, LSI will

14  produce non-privileged responsive documents at a mutually agreeable time.

15  **REQUEST FOR PRODUCTION NO. 8.**

16       All documents from any action, litigation, or legal proceeding (including any

17  administrative proceeding) concerning any of the Patents-In-Suit, their foreign counterparts, or

18  related application(s), including but not limited to the cases captioned Agere Systems, Inc. v. Sony

19  Corporation, E.D. Tex. Case No. 2:2006cv00079, and Agere Systems, Inc. v. Atmel Corp., E.D.

20  Penn. Case No. 2:02-cv-00864-LDD.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8.**

22       In addition to the General Objections, which are incorporated fully by reference

23  herein, LSI objects to this request to the extent it calls for information that is protected from

24  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

25  other applicable privilege or protection.  LSI objects to this request as premature to the extent it is

26  not directed to information relevant to NXP's licensing defense in this case.

27       LSI objects to this request as overbroad and unduly burdensome.  For example, the

28  requested materials are publicly available to NXP from less burdensome sources.  LSI further

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                    - 13 -

1 | objects to this request as vague and ambiguous. For example, the phrases "from any action,

2 | litigation or legal proceeding" and "concerning any of the Patents-in-Suit" are vague and

3 | ambiguous. The phrase "related application" is also vague and ambiguous.

4 |      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

5 | trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

6 | the right not to provide any of this information until an appropriate protective order is in place,

7 | and/or until it receives appropriate approvals. LSI will not provide any of this information without

8 | consent of the third party. LSI objects to this request to the extent it calls for information LSI does

9 | not have the legal authority to release. LSI will not disclose any of this information without

10 | approval. LSI objects to this request to the extent it requests information dependent upon

11 | documents or other information in the possession, custody and control of NXP or third parties.

12 | LSI reserves its right to modify or supplement its responses in view of the discovery of

13 | information and review of documents received from NXP or third parties.

14 |      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

15 | right to modify or supplement its responses as LSI receives additional information from NXP or

16 | third parties, as it performs additional analysis of the facts and legal issues currently known, as

17 | LSI locates additional information, or based on a ruling by the Court.

18 |      Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

19 | and confer with NXP in good faith to discuss an appropriate scope of production.

20 | **REQUEST FOR PRODUCTION NO. 9.**

21 |      All documents and things evidencing or relating to the conception, first actual reduction to

22 | practice, or diligence between the conception and first actual reduction to practice of any invention

23 | claimed in any of the Patents-In-Suit, their foreign counterparts, or related application(s)

24 | including, without limitation, any engineering notebooks, laboratory notebooks, log books, records

25 | books, memoranda, design reviews, progress reports, technical reports, drawings, schematics,

26 | specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures,

27 | patent prosecution records, or any other documents or things which LSI contends corroborate the

28 | conception.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9.**

2      In addition to the General Objections, which are incorporated fully by reference herein,

3  LSI objects to this request to the extent it calls for information that is protected from discovery

4  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

5  applicable privilege or protection. LSI objects to this request as premature, as it is not directed to

6  information relevant to NXP's licensing defense in this case. The parties have agreed to a staging

7  proposal in which the parties will perform discovery regarding and the court will rule on NXP's

8  license defense before any patent-related issues are reached.

9      LSI objects that this request is premature to the extent it seeks information required to be

10  disclosed by Patent Local Rule 3-2.

11      LSI further objects to this request as overbroad and unduly burdensome. For example, LSI

12  has not indicated whether it will assert that one or more of the Patents-In-Suit are entitled to a

13  priority date other than the filing date of that patent or a related patent. LSI further objects that the

14  phrase "All documents and things evidencing or relating to" is vague and ambiguous. For

15  example, NXP has not defined "evidencing" and has defined "relating to" in an overly broad

16  manner.

17      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

18  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

19  the right not to provide any of this information until an appropriate protective order is in place,

20  and/or until it receives appropriate approvals. LSI will not provide any of this information without

21  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

22  not have the legal authority to release. LSI will not disclose any of this information without

23  approval. LSI objects to this request to the extent it requests information dependent upon

24  documents or other information in the possession, custody and control of NXP or third parties.

25  LSI reserves its right to modify or supplement its responses in view of the discovery of

26  information and review of documents received from NXP or third parties.

27      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

28  right to modify or supplement its responses as LSI receives additional information from NXP or

1  third parties, as it performs additional analysis of the facts and legal issues currently known, as

2  LSI locates additional information, or based on a ruling by the Court.

3      Subject to, and without waiving, the foregoing, and the General Objections, LSI will

4  produce non-privileged responsive documents at a mutually agreeable time sufficient to evidence

5  the conception and reduction to practice, and diligence between conception and reduction to

6  practice of the Patents-In-Suit.

7  **REQUEST FOR PRODUCTION NO. 10.**

8      All documents referring or relating to the transfer of any right or interest in any of the

9  Patents-In-Suit, their foreign counterparts, or related application(s), including but not limited to

10  documents sufficient to identify each past or present licensee; documents, periodic reports or

11  summaries sufficient to reflect all royalties and other payments made by such licensees; forecasts,

12  projections, and estimates of future royalty payments; and all documents referring or relating to

13  any licensing agreements, plans or programs to license or not to license, licensing negotiations, or

14  offers or attempts to license any of the Patents-In-Suit.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

16      In addition to the General Objections, which are incorporated fully by reference herein,

17  LSI objects to this request to the extent it calls for information that is protected from discovery

18  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

19  applicable privilege or protection.

20      LSI objects to this request as overbroad and unduly burdensome. For example, it is not

21  limited to the Patents-In-Suit. LSI objects that the request is vague and ambiguous. For example,

22  the phrase "the transfer of any right or interest" is vague and ambiguous. LSI further objects that

23  the phrase "All documents referring or relating to" is vague and ambiguous. For example, NXP

24  has defined "relating to" in an overly broad manner.

25      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

26  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

27  the right not to provide any of this information until an appropriate protective order is in place,

28  and/or until it receives appropriate approvals. LSI will not provide any of this information without

1  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

2  not have the legal authority to release. LSI will not disclose any of this information without

3  approval. LSI objects to this request to the extent it requests information dependent upon

4  documents or other information in the possession, custody and control of NXP or third parties.

5  LSI reserves its right to modify or supplement its responses in view of the discovery of

6  information and review of documents received from NXP or third parties.

7      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

8  right to modify or supplement its responses as LSI receives additional information from NXP or

9  third parties, as it performs additional analysis of the facts and legal issues currently known, as

10  LSI locates additional information, or based on a ruling by the Court.

11      Subject to, and without waiving, the foregoing, and the General Objections, LSI will

12  produce non-privileged responsive documents at a mutually agreeable time sufficient to fully

13  describe any licensing agreements, plans or programs to license or not to license, licensing

14  negotiations, or offers or attempts to license any of the Patents-In-Suit or any applications or

15  patents that claim priority to a common application.

16  **REQUEST FOR PRODUCTION NO. 11.**

17      All documents referring or relating to the ownership of any of the Patents-In-Suit, their

18  foreign counterparts, or related application(s), including but not limited to documents sufficient to

19  evidence the complete assignment histories of each Patent-In-Suit, and all documents referring or

20  relating to the acquisition of any of the Patents-In-Suit, their foreign counterparts, or related

21  application(s).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11.**

23      In addition to the General Objections, which are incorporated fully by reference herein,

24  LSI objects to this request to the extent it calls for information that is protected from discovery

25  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

26  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

27  directed to information relevant to NXP's licensing defense in this case.

28

1    LSI objects to this request as overbroad and unduly burdensome. For example, it is not

2  limited to the Patents-In-Suit. LSI further objects that the phrases "All documents referring or

3  relating to," "the ownership of," and "complete assignment histories" are vague and ambiguous.

4  Furthermore, NXP has defined "relating to" in an overly broad manner.

5    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

6  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

7  the right not to provide any of this information until an appropriate protective order is in place,

8  and/or until it receives appropriate approvals. LSI will not provide any of this information without

9  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

10  not have the legal authority to release. LSI will not disclose any of this information without

11  approval. LSI objects to this request to the extent it requests information dependent upon

12  documents or other information in the possession, custody and control of NXP or third parties.

13  LSI reserves its right to modify or supplement its responses in view of the discovery of

14  information and review of documents received from NXP or third parties.

15    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

16  right to modify or supplement its responses as LSI receives additional information from NXP or

17  third parties, as it performs additional analysis of the facts and legal issues currently known, as

18  LSI locates additional information, or based on a ruling by the Court.

19    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

20  produce non-privileged responsive documents at a mutually agreeable time sufficient to fully

21  describe the ownership history of the Patents-In-Suit.

22  **REQUEST FOR PRODUCTION NO. 12.**

23    All documents and things related to the inventorship of any of the Patents-In-Suit, their

24  foreign counterparts, or related applications, including (a) documents related to the identification,

25  selection, or determination of the proper inventors of a Patent-In-Suit, foreign counterparts, or

26  related application; (b) documents related to an assertion that someone other than a named

27  inventor to a Patent-In-Suit is an inventor or co-inventor of any subject matter of the Patent-In-

28  Suit; (c) invention disclosure forms; (d) inventor notebooks.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12.**

2      In addition to the General Objections, which are incorporated fully by reference herein,

3  LSI objects to this request to the extent it calls for information that is protected from discovery

4  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

5  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

6  directed to information relevant to NXP's licensing defense in this case.

7      LSI objects to this request as overbroad and unduly burdensome. For example, it is not

8  limited to the Patents-In-Suit. LSI further objects that the phrases "All documents and things

9  related to" and " identification, selection, or determination of the proper inventors" are vague and

10  ambiguous. Furthermore, NXP has defined "related to" in an overly broad manner.

11      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

12  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

13  the right not to provide any of this information until an appropriate protective order is in place,

14  and/or until it receives appropriate approvals. LSI will not provide any of this information without

15  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

16  not have the legal authority to release. LSI will not disclose any of this information without

17  approval. LSI objects to this request to the extent it requests information dependent upon

18  documents or other information in the possession, custody and control of NXP or third parties.

19  LSI reserves its right to modify or supplement its responses in view of the discovery of

20  information and review of documents received from NXP or third parties.

21      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

22  right to modify or supplement its responses as LSI receives additional information from NXP or

23  third parties, as it performs additional analysis of the facts and legal issues currently known, as

24  LSI locates additional information, or based on a ruling by the Court.

25      Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

26  and confer with NXP in good faith to discuss an appropriate scope of production.

27  **REQUEST FOR PRODUCTION NO. 13.**

28

1   All documents and things reflecting the scope and content of the prior art, the level of skill

2   in the art, and the differences between the art and the claims of any of the Patents-In-Suit.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13.**

4   In addition to the General Objections, which are incorporated fully by reference herein,

5   LSI objects to this request to the extent it calls for information that is protected from discovery

6   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

7   applicable privilege or protection.  LSI objects to this request as premature to the extent it is not

8   directed to information relevant to NXP's licensing defense in this case.

9   LSI objects to this request as overbroad and unduly burdensome.  For example, the

10  requested materials are publicly available to NXP from less burdensome sources.  LSI further

11  objects that the phrases "the scope and content of the prior art," "the level of skill in the art," and

12  "things reflecting" are vague and ambiguous.  NXP has not defined the term "reflecting."

13  LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

14  trade secret, proprietary, or other confidential or competitively sensitive information.  LSI reserves

15  the right not to provide any of this information until an appropriate protective order is in place,

16  and/or until it receives appropriate approvals.  LSI will not provide any of this information without

17  consent of the third party.  LSI objects to this request to the extent it calls for information LSI does

18  not have the legal authority to release.  LSI will not disclose any of this information without

19  approval.  LSI objects to this request to the extent it requests information dependent upon

20  documents or other information in the possession, custody and control of NXP or third parties.

21  LSI reserves its right to modify or supplement its responses in view of the discovery of

22  information and review of documents received from NXP or third parties.

23  Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

24  right to modify or supplement its responses as LSI receives additional information from NXP or

25  third parties, as it performs additional analysis of the facts and legal issues currently known, as

26  LSI locates additional information, or based on a ruling by the Court.

27  Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

28  and confer with NXP in good faith to discuss an appropriate scope of production.

1    **REQUEST FOR PRODUCTION NO. 14.**

2        All documents relating to the first use, first public use, first offer to sell, first sale, first

3    offer to license, first license, first printed publication containing a description, first written

4    description, first advertisement, and other manner of first disclosure to a third party of any article

5    or process embodying any of the alleged inventions claimed by any of the Patents-In-Suit, their

6    foreign counterparts, or related application(s).

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14.**

8        In addition to the General Objections, which are incorporated fully by reference herein,

9    LSI objects to this request to the extent it calls for information that is protected from discovery

10   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

11   applicable privilege or protection. LSI objects to this request as premature to the extent that it is

12   not directed to information relevant to NXP's licensing defense in this case.

13       LSI objects to this request as overbroad and unduly burdensome. For example, it is not

14   limited to the Patents-In-Suit. LSI further objects that the phrases "All documents relating to,"

15   "first use," "first printed publication containing a description," "first written description," "first

16   advertisement," "other manner of first disclosure" and "any article or process embodying" are

17   vague and ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

18       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

19   trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

20   the right not to provide any of this information until an appropriate protective order is in place,

21   and/or until it receives appropriate approvals. LSI will not provide any of this information without

22   consent of the third party. LSI objects to this request to the extent it calls for information LSI does

23   not have the legal authority to release. LSI will not disclose any of this information without

24   approval. LSI objects to this request to the extent it requests information dependent upon

25   documents or other information in the possession, custody and control of NXP or third parties.

26   LSI reserves its right to modify or supplement its responses in view of the discovery of

27   information and review of documents received from NXP or third parties.

28

1    Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

2  right to modify or supplement its responses as LSI receives additional information from NXP or

3  third parties, as it performs additional analysis of the facts and legal issues currently known, as

4  LSI locates additional information, or based on a ruling by the Court.

5    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

6  and confer with NXP in good faith to discuss an appropriate scope of production.

7  **REQUEST FOR PRODUCTION NO. 15.**

8    All documents relating to each discussion with, disclosure to, or other manner of providing

9  to a third party, or sale of or offer to sell, any invention claimed in any of the Patents- In-Suit, their

10  foreign counterparts, or related application(s) prior to the date of the patent application; including

11  but not limited to contracts, purchase orders, invoices, advertisements, marketing materials, offer

12  letters, beta site testing agreements, and third party or joint development agreements.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15.**

14    In addition to the General Objections, which are incorporated fully by reference herein,

15  LSI objects to this request to the extent it calls for information that is protected from discovery

16  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

17  applicable privilege or protection.  LSI objects to this request as premature to the extent it is not

18  directed to information relevant to NXP's licensing defense in this case.

19    LSI objects to this request as overbroad and unduly burdensome.  For example, it is not

20  limited to the Patents-In-Suit.  LSI further objects that the phrases "All documents relating to" and

21  "other manner of providing to" are vague and ambiguous.  For example, NXP has defined

22  "relating to" in an overly broad manner.  Moreover, disclosures within a year of the filing date of

23  the patent are not relevant.

24    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

25  trade secret, proprietary, or other confidential or competitively sensitive information.  LSI reserves

26  the right not to provide any of this information until an appropriate protective order is in place,

27  and/or until it receives appropriate approvals.  LSI will not provide any of this information without

28  consent of the third party.  LSI objects to this request to the extent it calls for information LSI does

1   not have the legal authority to release.  LSI will not disclose any of this information without

2   approval.  LSI objects to this request to the extent it requests information dependent upon

3   documents or other information in the possession, custody and control of NXP or third parties.

4   LSI reserves its right to modify or supplement its responses in view of the discovery of

5   information and review of documents received from NXP or third parties.

6          Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

7   right to modify or supplement its responses as LSI receives additional information from NXP or

8   third parties, as it performs additional analysis of the facts and legal issues currently known, as

9   LSI locates additional information, or based on a ruling by the Court.

10         Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

11  and confer with NXP in good faith to discuss an appropriate scope of production.

12  **REQUEST FOR PRODUCTION NO. 16.**

13         All documents relating to the design and development of any invention in any of the

14  Patents-In-Suit, their foreign counterparts, or related application(s), which was created on or

15  before the date of the patent application or the priority date relied on by said patent application.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16.**

17         In addition to the General Objections, which are incorporated fully by reference herein,

18  LSI objects to this request to the extent it calls for information that is protected from discovery

19  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

20  applicable privilege or protection.  LSI objects to this request as premature to the extent it is not

21  directed to information relevant to NXP's licensing defense in this case.

22         LSI objects that this request is premature to the extent it seeks information required to be

23  disclosed by Patent Local Rule 3-2.

24         LSI objects to this request as overbroad and unduly burdensome.  For example, it is not

25  limited to the Patents-In-Suit.  LSI further objects that the phrases "All documents relating to" and

26  "design and development of any invention" are vague and ambiguous.  For example, NXP has

27  defined "relating to" in an overly broad manner.

28

1    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

2 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

3 the right not to provide any of this information until an appropriate protective order is in place,

4 and/or until it receives appropriate approvals. LSI will not provide any of this information without

5 consent of the third party. LSI objects to this request to the extent it calls for information LSI does

6 not have the legal authority to release. LSI will not disclose any of this information without

7 approval. LSI objects to this request to the extent it requests information dependent upon

8 documents or other information in the possession, custody and control of NXP or third parties.

9 LSI reserves its right to modify or supplement its responses in view of the discovery of

10 information and review of documents received from NXP or third parties.

11    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

12 right to modify or supplement its responses as LSI receives additional information from NXP or

13 third parties, as it performs additional analysis of the facts and legal issues currently known, as

14 LSI locates additional information, or based on a ruling by the Court.

15    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

16 and confer with NXP in good faith to discuss an appropriate scope of production.

17 **REQUEST FOR PRODUCTION NO. 17.**

18    All published or unpublished articles, papers manuscripts, technical reports, conference

19 papers, or other publications authored, co-authored, written or co-written by LSI and/or its

20 predecessors and/or any of the inventors to any of the Patents-In-Suit, their foreign counterparts,

21 or related application(s); relating to or discussing the subject matter described and/or claimed in

22 said Patent(s)-In-Suit, foreign counterpart(s), or related application(s).

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17.**

24    In addition to the General Objections, which are incorporated fully by reference herein,

25 LSI objects to this request to the extent it calls for information that is protected from discovery

26 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

27 applicable privilege or protection. LSI objects to this request as premature to the extent it is not

28 directed to information relevant to NXP's licensing defense in this case.

1          LSI objects that this request is premature to the extent it seeks information required to be

2    disclosed by Patent Local Rule 3-2.

3          LSI objects to this request as overbroad and unduly burdensome. For example, it is not

4    limited to the Patents-In-Suit. LSI further objects that the phrases "relating to or discussing the

5    subject matter described and/or claimed in said Patent(s)-in-Suit," "unpublished articles,"

6    "authored, co-authored, written or co-written by LSI and/or its predecessors" and "the subject

7    matter described and/or claimed" are vague and ambiguous. Furthermore, NXP has defined

8    "relating to" in an overly broad manner.

9          LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

10    trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

11    the right not to provide any of this information until an appropriate protective order is in place,

12    and/or until it receives appropriate approvals. LSI will not provide any of this information without

13    consent of the third party. LSI objects to this request to the extent it calls for information LSI does

14    not have the legal authority to release. LSI will not disclose any of this information without

15    approval. LSI objects to this request to the extent it requests information dependent upon

16    documents or other information in the possession, custody and control of NXP or third parties.

17    LSI reserves its right to modify or supplement its responses in view of the discovery of

18    information and review of documents received from NXP or third parties.

19          Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

20    right to modify or supplement its responses as LSI receives additional information from NXP or

21    third parties, as it performs additional analysis of the facts and legal issues currently known, as

22    LSI locates additional information, or based on a ruling by the Court.

23          Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

24    and confer with NXP in good faith to discuss an appropriate scope of production.

25    **REQUEST FOR PRODUCTION NO. 18.**

26          All documents and things relating to the best mode of practicing the subject matter of any

27    claim of each of the LSI Patents-In-Suit contemplated by any of the named inventors at the time of

28    filing any patent application that led to or resulted in each of the LSI Patents-In-Suit.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18.**

2       In addition to the General Objections, which are incorporated fully by reference herein,

3  LSI objects to this request to the extent it calls for information that is protected from discovery

4  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

5  applicable privilege or protection. LSI objects to this request as premature. It is not directed to

6  information relevant to NXP's licensing defense in this case. The parties have agreed to a staging

7  proposal in which the parties will perform discovery regarding and the court will rule on NXP's

8  license defense before any patent-related issues are reached.

9       LSI objects to this request as overbroad and unduly burdensome. For example, this request

10 is not limited to the asserted claims in this matter. LSI further objects that the phrases "All

11 documents and things relating to," "best mode of practicing the subject matter" and "contemplated

12 by any of the named inventors" are vague and ambiguous. For example, NXP has defined

13 "relating to" in an overly broad manner and "contemplated by any of the named inventors" is

14 vague and ambiguous.

15      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

16 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

17 the right not to provide any of this information until an appropriate protective order is in place,

18 and/or until it receives appropriate approvals. LSI will not provide any of this information without

19 consent of the third party. LSI objects to this request to the extent it calls for information LSI does

20 not have the legal authority to release. LSI will not disclose any of this information without

21 approval. LSI objects to this request to the extent it requests information dependent upon

22 documents or other information in the possession, custody and control of NXP or third parties.

23 LSI reserves its right to modify or supplement its responses in view of the discovery of

24 information and review of documents received from NXP or third parties.

25      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26 right to modify or supplement its responses as LSI receives additional information from NXP or

27 third parties, as it performs additional analysis of the facts and legal issues currently known, as

28 LSI locates additional information, or based on a ruling by the Court.

1        Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

2  and confer with NXP in good faith to discuss an appropriate scope of production.

3  **REQUEST FOR PRODUCTION NO. 19.**

4        All documents and things relating to each mode of practicing the subject matter of each

5  claim of the LSI Patents-In-Suit.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19.**

7        In addition to the General Objections, which are incorporated fully by reference herein,

8  LSI objects to this request to the extent it calls for information that is protected from discovery

9  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

10  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

11  directed to information relevant to NXP's licensing defense in this case.

12        LSI objects to this request as overbroad and unduly burdensome. For example, this request

13  is not limited to the asserted claims in this matter. LSI further objects that the phrases "All

14  documents and things relating to" and "each mode of practicing the subject matter" are vague and

15  ambiguous.

16        LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

17  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

18  the right not to provide any of this information until an appropriate protective order is in place,

19  and/or until it receives appropriate approvals. LSI will not provide any of this information without

20  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

21  not have the legal authority to release. LSI will not disclose any of this information without

22  approval. LSI objects to this request to the extent it requests information dependent upon

23  documents or other information in the possession, custody and control of NXP or third parties.

24  LSI reserves its right to modify or supplement its responses in view of the discovery of

25  information and review of documents received from NXP or third parties.

26        Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

27  right to modify or supplement its responses as LSI receives additional information from NXP or

28

1  third parties, as it performs additional analysis of the facts and legal issues currently known, as

2  LSI locates additional information, or based on a ruling by the Court.

3       Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

4  and confer with NXP in good faith to discuss an appropriate scope of production.

5  **REQUEST FOR PRODUCTION NO. 20.**

6       All documents and things relating to each mode, feature, aspect, or alternative design,

7  which is not disclosed in the specifications of the LSI Patents-In-Suit, but which allegedly

8  embodies, falls within the scope of, or is made in accordance with any claim of the LSI Patents-In-

9  Suit.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20.**

11       In addition to the General Objections, which are incorporated fully by reference herein,

12  LSI objects to this request to the extent it calls for information that is protected from discovery

13  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

14  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

15  directed to information relevant to NXP's licensing defense in this case.

16       LSI objects to this request as overbroad and unduly burdensome. For example, this request

17  is not limited to the asserted claims in this matter. LSI further objects that the phrases "All

18  documents and things relating to" and "each mode, feature, aspect, or alternative design, which is

19  not disclosed in the specifications of the LSI Patents-In-Suit, but which allegedly embodies, falls

20  within the scope of, or is made in accordance with any claim" are vague and ambiguous.

21       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

22  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

23  the right not to provide any of this information until an appropriate protective order is in place,

24  and/or until it receives appropriate approvals. LSI will not provide any of this information without

25  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

26  not have the legal authority to release. LSI will not disclose any of this information without

27  approval. LSI objects to this request to the extent it requests information dependent upon

28  documents or other information in the possession, custody and control of NXP or third parties.

1   LSI reserves its right to modify or supplement its responses in view of the discovery of

2   information and review of documents received from NXP or third parties.

3        Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

4   right to modify or supplement its responses as LSI receives additional information from NXP or

5   third parties, as it performs additional analysis of the facts and legal issues currently known, as

6   LSI locates additional information, or based on a ruling by the Court.

7        Subject to, and without waiving, the foregoing, and the General Objections, and to the

8   extent that this request can be understood, LSI will meet and confer with NXP in good faith to

9   discuss an appropriate scope of production.

10 **REQUEST FOR PRODUCTION NO. 21.**

11        All non-identical copies of prosecution histories of: (a) each of the LSI Patents-In-Suit; (b)

12   any patent or patent application (including any pending or abandoned applications) from or

13   through which each of the LSI Patents-In-Suit claim priority; (c) any patent or patent application

14   (including any pending or abandoned applications) that claim priority from or through each of the

15   LSI Patents-In-Suit; and (d) any foreign counterpart patents or patent applications (including any

16   unpublished applications) to any of (a), (b), or (c).

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21.**

18        In addition to the General Objections, which are incorporated fully by reference herein,

19   LSI objects to this request to the extent it calls for information that is protected from discovery

20   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

21   applicable privilege or protection. LSI objects to this request as premature to the extent it is not

22   directed to information relevant to NXP's licensing defense in this case.

23        LSI objects to this request as overbroad and unduly burdensome. For example, it is not

24   limited to the Patents-In-Suit.

25        Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26   right to modify or supplement its responses as LSI receives additional information from NXP or

27   third parties, as it performs additional analysis of the facts and legal issues currently known, as

28   LSI locates additional information, or based on a ruling by the Court.

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

2  produce non-privileged responsive documents at a mutually agreeable time sufficient to represent

3  a complete copy of the prosecution histories of: (a) each of the LSI Patents-In-Suit; (b) any patent

4  or patent application (including any pending or abandoned applications) from or through which

5  each of the LSI Patents-In-Suit claim priority; (c) any patent or patent application (including any

6  pending or abandoned applications) that claim priority from or through each of the LSI Patents-In-

7  Suit; and (d) any foreign counterpart patents or patent applications (including any unpublished

8  applications) to any of (a), (b), or (c).

9  **REQUEST FOR PRODUCTION NO. 22.**

10    All documents and things relating to the preparation, filing and/or prosecution of: (a) each

11  of the LSI Patents-In-Suit; (b) any patent or patent application (including any pending or

12  abandoned applications) from or through which each of the LSI Patents-In-Suit claim priority; (c)

13  any patent or patent application (including any pending or abandoned applications) that claim

14  priority from or through each of the LSI Patents-In-Suit; and (d) any foreign counterpart patents or

15  patent applications (including any unpublished applications) to any of (a), (b), or (c).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22.**

17    In addition to the General Objections, which are incorporated fully by reference herein,

18  LSI objects to this request to the extent it calls for information that is protected from discovery

19  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

20  applicable privilege or protection.  LSI objects to this request as premature to the extent it is not

21  directed to information relevant to NXP's licensing defense in this case.  LSI further objects to this

22  request as overbroad and unduly burdensome.  For example, it is not limited to the Patents-In-Suit.

23  LSI objects that the phrases "All documents and things relating to" and "the preparation, filing

24  and/or prosecution" are vague and ambiguous.  For example, NXP has defined "relating to" in an

25  overly broad manner.

26    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

27  trade secret, proprietary, or other confidential or competitively sensitive information.  LSI reserves

28  the right not to provide any of this information until an appropriate protective order is in place,

1  and/or until it receives appropriate approvals. LSI will not provide any of this information without

2  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

3  not have the legal authority to release. LSI will not disclose any of this information without

4  approval. LSI objects to this request to the extent it requests information dependent upon

5  documents or other information in the possession, custody and control of NXP or third parties.

6  LSI reserves its right to modify or supplement its responses in view of the discovery of

7  information and review of documents received from NXP or third parties.

8       Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

9  right to modify or supplement its responses as LSI receives additional information from NXP or

10  third parties, as it performs additional analysis of the facts and legal issues currently known, as

11  LSI locates additional information, or based on a ruling by the Court.

12       Subject to, and without waiving, the foregoing, and the General Objections, LSI will

13  produce non-privileged responsive documents at a mutually agreeable time that make reference to

14  or constitute the prosecution histories of (a) each of the LSI Patents-In-Suit; (b) any patent or

15  patent application (including any pending or abandoned applications) from or through which each

16  of the LSI Patents-In-Suit claim priority; (c) any patent or patent application (including any

17  pending or abandoned applications) that claim priority from or through each of the LSI Patents-In-

18  Suit; and (d) any foreign counterpart patents or patent applications (including any unpublished

19  applications) to any of (a), (b), or (c).

20  **REQUEST FOR PRODUCTION NO. 23.**

21       All documents and things relating to any decision as to what prior art references to cite, or

22  to not cite, including all prior art search results, during the prosecution of: (a) each of the LSI

23  Patents-In-Suit; (b) any patent or patent application (including any pending or abandoned

24  applications) from or through which each of the LSI Patents-In-Suit claim priority; (c) any patent

25  or patent application (including any pending or abandoned applications) that claim priority from or

26  through each of the LSI Patents-In-Suit; and (d) any foreign counterpart patents or patent

27  applications (including any unpublished applications) to any of (a), (b), or (c).

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23.**

1    In addition to the General Objections, which are incorporated fully by reference herein,

2  LSI objects to this request to the extent it calls for information that is protected from discovery

3  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

4  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

5  directed to information relevant to NXP's licensing defense in this case.

6    LSI objects to this request as overbroad and unduly burdensome. For example, it is not

7  limited to the Patents-In-Suit. LSI objects that the phrases "All documents and things relating to"

8  and "any decision as to what prior art references to cite, or to not cite" are vague and ambiguous.

9  For example, NXP has defined "relating to" in an overly broad manner.

10    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

11  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

12  the right not to provide any of this information until an appropriate protective order is in place,

13  and/or until it receives appropriate approvals. LSI will not provide any of this information without

14  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

15  not have the legal authority to release. LSI will not disclose any of this information without

16  approval. LSI objects to this request to the extent it requests information dependent upon

17  documents or other information in the possession, custody and control of NXP or third parties.

18  LSI reserves its right to modify or supplement its responses in view of the discovery of

19  information and review of documents received from NXP or third parties.

20    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

21  right to modify or supplement its responses as LSI receives additional information from NXP or

22  third parties, as it performs additional analysis of the facts and legal issues currently known, as

23  LSI locates additional information, or based on a ruling by the Court.

24  **REQUEST FOR PRODUCTION NO. 24.**

25    All documents and things constituting or relating to any communication, meeting or

26  contact with the U.S. Patent and Trademark Office or any foreign patent office concerning any

27  U.S. or foreign patents or patent applications, including, without limitation, any internal filing/no

28  filing review, relating to: (a) each of the LSI Patents-In-Suit; (b) any patent or patent application

1 (including any pending or abandoned applications) from or through which each of the LSI Patents-

2 In-Suit claim priority; (c) any patent or patent application (including any pending or abandoned

3 applications) that claim priority from or through each of the LSI Patents-In-Suit; and (d) any

4 foreign counterpart patents or patent applications (including any unpublished applications) to any

5 of (a), (b), or (c).

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24.**

7        In addition to the General Objections, which are incorporated fully by reference herein,

8 LSI objects to this request to the extent it calls for information that is protected from discovery

9 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

10 applicable privilege or protection. LSI objects to this request as premature to the extent it is not

11 directed to information relevant to NXP's licensing defense in this case. LSI objects to this

12 request as overbroad and unduly burdensome. For example, it is not limited to the Patents-In-Suit.

13 LSI objects that the phrase "All documents and things constituting or relating to" is vague and

14 ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

15        LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

16 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

17 the right not to provide any of this information until an appropriate protective order is in place,

18 and/or until it receives appropriate approvals. LSI will not provide any of this information without

19 consent of the third party. LSI objects to this request to the extent it calls for information LSI does

20 not have the legal authority to release. LSI will not disclose any of this information without

21 approval. LSI objects to this request to the extent it requests information dependent upon

22 documents or other information in the possession, custody and control of NXP or third parties.

23 LSI reserves its right to modify or supplement its responses in view of the discovery of

24 information and review of documents received from NXP or third parties.

25        Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26 right to modify or supplement its responses as LSI receives additional information from NXP or

27 third parties, as it performs additional analysis of the facts and legal issues currently known, as

28 LSI locates additional information, or based on a ruling by the Court.

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

2    and confer in good faith with NXP to discuss a proper scope of production.

3    **REQUEST FOR PRODUCTION NO. 25.**

4    All documents and things relating to the first disclosure to a person (whether employed by

5    LSI or not) other than a named inventor of the LSI Patents-In-Suit of the subject matter of any

6    claim of the LSI Patents-In-Suit.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25.**

8    In addition to the General Objections, which are incorporated fully by reference herein,

9    LSI objects to this request to the extent it calls for information that is protected from discovery

10   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

11   applicable privilege or protection. LSI objects to this request as premature to the extent it is not

12   directed to information relevant to NXP's licensing defense in this case.

13   LSI objects to this request as overbroad and unduly burdensome. For example, this request

14   is not limited to the asserted claims in this matter. LSI further objects that the request is vague and

15   ambiguous. For example, the phrases "All documents and things relating to" and "the subject

16   matter of any claim of the LSI Patents-In-Suit" are vague and ambiguous. For example, NXP has

17   defined "relating to" in an overly broad manner.

18   LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

19   trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

20   the right not to provide any of this information until an appropriate protective order is in place,

21   and/or until it receives appropriate approvals. LSI will not provide any of this information without

22   consent of the third party. LSI objects to this request to the extent it calls for information LSI does

23   not have the legal authority to release. LSI will not disclose any of this information without

24   approval. LSI objects to this request to the extent it requests information dependent upon

25   documents or other information in the possession, custody and control of NXP or third parties.

26   LSI reserves its right to modify or supplement its responses in view of the discovery of

27   information and review of documents received from NXP or third parties.

28

1    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

2  right to modify or supplement its responses as LSI receives additional information from NXP or

3  third parties, as it performs additional analysis of the facts and legal issues currently known, as

4  LSI locates additional information, or based on a ruling by the Court.

5    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

6  and confer in good faith with NXP to discuss a proper scope of production.

7  **REQUEST FOR PRODUCTION NO. 26.**

8    With respect to any of the LSI Patents-In-Suit, all documents and things relating to

9  whether: (a) the subject matter of any claim allegedly satisfied a long felt need in the art to which

10  they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject

11  matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the

12  subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial

13  success, (e) the industry allegedly has recognized the significance of the subject matter of any

14  claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and

15  (g) the subject matter of any claim allegedly achieved unexpected results.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26.**

17    In addition to the General Objections, which are incorporated fully by reference herein,

18  LSI objects to this request to the extent it calls for information that is protected from discovery

19  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

20  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

21  directed to information relevant to NXP's licensing defense in this case.

22    LSI objects to this request as overbroad and unduly burdensome. For example, this request

23  is not limited to the asserted claims in this matter. LSI further objects that the phrases "all

24  documents and things relating to," "the subject matter of any claim," "satisfied a long felt need,"

25  "the industry failed to solve problems that allegedly are solved by the subject matter of any

26  claim," "expressed skepticism concerning the subject matter," "a commercial success," "the

27  significance of the subject matter" and "achieved unexpected results" are vague and ambiguous.

28

1    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

2    trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

3    the right not to provide any of this information until an appropriate protective order is in place,

4    and/or until it receives appropriate approvals. LSI will not provide any of this information without

5    consent of the third party. LSI objects to this request to the extent it calls for information LSI does

6    not have the legal authority to release. LSI will not disclose any of this information without

7    approval. LSI objects to this request to the extent it requests information dependent upon

8    documents or other information in the possession, custody and control of NXP or third parties.

9    LSI reserves its right to modify or supplement its responses in view of the discovery of

10    information and review of documents received from NXP or third parties.

11    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

12    right to modify or supplement its responses as LSI receives additional information from NXP or

13    third parties, as it performs additional analysis of the facts and legal issues currently known, as

14    LSI locates additional information, or based on a ruling by the Court.

15    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

16    and confer in good faith with NXP to discuss a proper scope of production.

17    **REQUEST FOR PRODUCTION NO. 27.**

18    With respect to each of the LSI Patents-In-Suit, all documents and things relating to any

19    alleged nexus or lack thereof between any alleged commercial success of the subject matter of any

20    claim and the alleged advantages of that subject matter.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27.**

22    In addition to the General Objections, which are incorporated fully by reference herein,

23    LSI objects to this request to the extent it calls for information that is protected from discovery

24    under the attorney-client privilege, work product doctrine, settlement privilege, or any other

25    applicable privilege or protection. LSI objects to this request as premature to the extent it is not

26    directed to information relevant to NXP's licensing defense in this case.

27

28

1    LSI objects to this request as overbroad and unduly burdensome. For example, this request

2  is not limited to the asserted claims in this matter. LSI further objects that the phrase "subject

3  matter" is vague and ambiguous.

4    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

5  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

6  the right not to provide any of this information until an appropriate protective order is in place,

7  and/or until it receives appropriate approvals. LSI will not provide any of this information without

8  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

9  not have the legal authority to release. LSI will not disclose any of this information without

10  approval. LSI objects to this request to the extent it requests information dependent upon

11  documents or other information in the possession, custody and control of NXP or third parties.

12  LSI reserves its right to modify or supplement its responses in view of the discovery of

13  information and review of documents received from NXP or third parties.

14    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

15  right to modify or supplement its responses as LSI receives additional information from NXP or

16  third parties, as it performs additional analysis of the facts and legal issues currently known, as

17  LSI locates additional information, or based on a ruling by the Court.

18    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

19  and confer in good faith with NXP to discuss a proper scope of production.

20  **REQUEST FOR PRODUCTION NO. 28.**

21    All documents and things relied upon by LSI to support a claim that NXP infringes any

22  claim of any of the Patents-In-Suit, including: any analysis, consideration, evaluation, test, or

23  reverse engineering of any NXP product, device, apparatus, method, process, or system conducted

24  by LSI or on LSI's behalf.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28.**

26    In addition to the General Objections, which are incorporated fully by reference herein,

27  LSI objects to this request to the extent it calls for information that is protected from discovery

28  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                - 37 -

1  applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

2  agreement signed by the parties. LSI objects to this request as premature to the extent it is not

3  directed to information relevant to NXP's licensing defense in this case.

4    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

5  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

6  the right not to provide any of this information until an appropriate protective order is in place,

7  and/or until it receives appropriate approvals. LSI will not provide any of this information without

8  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

9  not have the legal authority to release. LSI will not disclose any of this information without

10  approval. LSI objects to this request to the extent it requests information dependent upon

11  documents or other information in the possession, custody and control of NXP or third parties.

12  LSI reserves its right to modify or supplement its responses in view of the discovery of

13  information and review of documents received from NXP or third parties.

14    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

15  right to modify or supplement its responses as LSI receives additional information from NXP or

16  third parties, as it performs additional analysis of the facts and legal issues currently known, as

17  LSI locates additional information, or based on a ruling by the Court.

18    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

19  produce non-privileged responsive documents at a mutually agreeable time.

20  **REQUEST FOR PRODUCTION NO. 29.**

21    All documents and things relating to any product, device, apparatus, method, process, or

22  system that LSI has accused of infringing any of the LSI Patents-In-Suit, or any patents related to

23  the LSI Patents-In-Suit, in any other lawsuit, judicial proceeding, administrative proceeding, or

24  arbitration.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29.**

26    In addition to the General Objections, which are incorporated fully by reference herein,

27  LSI objects to this request to the extent it calls for information that is protected from discovery

28  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

1  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

2  directed to information relevant to NXP's licensing defense in this case.

3      LSI objects to this request as overbroad and unduly burdensome. For example, it is not

4  limited to the Patents-In-Suit or NXP's products. LSI further objects that the phrases "all

5  documents and things relating to" and "any product, device, apparatus, method, process, or

6  system" are vague and ambiguous. For example, NXP has defined "relating to" in an overly broad

7  manner.

8      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

9  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

10  the right not to provide any of this information until an appropriate protective order is in place,

11  and/or until it receives appropriate approvals. LSI will not provide any of this information without

12  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

13  not have the legal authority to release. LSI will not disclose any of this information without

14  approval. LSI objects to this request to the extent it requests information dependent upon

15  documents or other information in the possession, custody and control of NXP or third parties.

16  LSI reserves its right to modify or supplement its responses in view of the discovery of

17  information and review of documents received from NXP or third parties.

18      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

19  right to modify or supplement its responses as LSI receives additional information from NXP or

20  third parties, as it performs additional analysis of the facts and legal issues currently known, as

21  LSI locates additional information, or based on a ruling by the Court.

22      Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

23  and confer in good faith with NXP to discuss a proper scope of production.

24  **REQUEST FOR PRODUCTION NO. 30.**

25      All documents and things relating to any statement or communication, including without

26  limitation, demand letters, notice letters, or other correspondence, in which any person or entity

27  was accused of, notified of, or charged with infringement of any of the LSI Patents-In-Suit, or any

28  patents related to the LSI Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30.**

1. In addition to the General Objections, which are incorporated fully by reference herein, LSI objects to this request to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure agreement signed by the parties. LSI objects to this request as premature to the extent it is not directed to information relevant to NXP's licensing defense in this case.

LSI objects to this request as overbroad and unduly burdensome. For example, it is not limited to the Patents-In-Suit or NXP's products. LSI further objects that the phrases "all documents and things relating to" and "any statement or communication" are vague and ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves the right not to provide any of this information until an appropriate protective order is in place, and/or until it receives appropriate approvals. LSI will not provide any of this information without consent of the third party. LSI objects to this request to the extent it calls for information LSI does not have the legal authority to release. LSI will not disclose any of this information without approval. LSI objects to this request to the extent it requests information dependent upon documents or other information in the possession, custody and control of NXP or third parties. LSI reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from NXP or third parties.

Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the right to modify or supplement its responses as LSI receives additional information from NXP or third parties, as it performs additional analysis of the facts and legal issues currently known, as LSI locates additional information, or based on a ruling by the Court.

Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet and confer in good faith with NXP to discuss a proper scope of production.

1 | **REQUEST FOR PRODUCTION NO. 31.**

2 |    All documents and things relating to this action or any action or proceeding by LSI against

3 | NXP, including, without limitation, all corporate minutes and all other documents and things

4 | concerning meetings of the Board of Directors, Executive Committee or Committees, stockholders

5 | or any other of LSI's corporate boards, committees or sub-committees.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 31.**

7 |    In addition to the General Objections, which are incorporated fully by reference herein,

8 | LSI objects to this request to the extent it calls for information that is protected from discovery

9 | under the attorney-client privilege, work product doctrine, settlement privilege, or any other

10 | applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

11 | agreement between the parties. LSI objects to this request as premature to the extent that it is not

12 | directed to information relevant to NXP's licensing defense in this case.

13 |    LSI objects to this request as overbroad and unduly burdensome. For example, it is not

14 | limited to this action. LSI further objects that the phrases "all documents and things relating to"

15 | and "any action or proceeding by LSI against NXP" are vague and ambiguous. For example, NXP

16 | has defined "relating to" in an overly broad manner.

17 |    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

18 | trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

19 | the right not to provide any of this information until an appropriate protective order is in place,

20 | and/or until it receives appropriate approvals. LSI will not provide any of this information without

21 | consent of the third party. LSI objects to this request to the extent it calls for information LSI does

22 | not have the legal authority to release. LSI will not disclose any of this information without

23 | approval. LSI objects to this request to the extent it requests information dependent upon

24 | documents or other information in the possession, custody and control of NXP or third parties.

25 | LSI reserves its right to modify or supplement its responses in view of the discovery of

26 | information and review of documents received from NXP or third parties.

27 |    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

28 | right to modify or supplement its responses as LSI receives additional information from NXP or

1 third parties, as it performs additional analysis of the facts and legal issues currently known, as

2 LSI locates additional information, or based on a ruling by the Court.

3     Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

4 and confer in good faith with NXP to discuss a proper scope of production.

5 **REQUEST FOR PRODUCTION NO. 32.**

6     All documents and things relating to LSI's first knowledge of NXP's alleged infringement

7 of each of the LSI Patents-In-Suit.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32.**

9     In addition to the General Objections, which are incorporated fully by reference herein,

10 LSI objects to this request to the extent it calls for information that is protected from discovery

11 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

12 applicable privilege or protection. LSI objects to this request as premature to the extent it is not

13 directed to information relevant to NXP's licensing defense in this case.

14     LSI further objects that the phrases "all documents and things relating to" and "first

15 knowledge" are vague and ambiguous. For example, NXP has defined "relating to" in an overly

16 broad manner.

17     LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

18 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

19 the right not to provide any of this information until an appropriate protective order is in place,

20 and/or until it receives appropriate approvals. LSI will not provide any of this information without

21 consent of the third party. LSI objects to this request to the extent it calls for information LSI does

22 not have the legal authority to release. LSI will not disclose any of this information without

23 approval. LSI objects to this request to the extent it requests information dependent upon

24 documents or other information in the possession, custody and control of NXP or third parties.

25 LSI reserves its right to modify or supplement its responses in view of the discovery of

26 information and review of documents received from NXP or third parties.

27     Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

28 right to modify or supplement its responses as LSI receives additional information from NXP or

1  third parties, as it performs additional analysis of the facts and legal issues currently known, as

2  LSI locates additional information, or based on a ruling by the Court.

3      Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

4  and confer in good faith with NXP to discuss a proper scope of production.

5  **REQUEST FOR PRODUCTION NO. 33.**

6      All documents and things relating to LSI's first knowledge of NXP's alleged manufacture,

7  importation, and/or sale of any of the NXP products that LSI alleges infringe any of the LSI

8  Patents-In-Suit.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33.**

10      In addition to the General Objections, which are incorporated fully by reference herein,

11  LSI objects to this request to the extent it calls for information that is protected from discovery

12  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

13  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

14  directed to information relevant to NXP's licensing defense in this case.

15      LSI further objects that the phrases "all documents and things relating to," "first

16  knowledge" and "manufacture, importation, and/or sale of any of the NXP products" are vague

17  and ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

18      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

19  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

20  the right not to provide any of this information until an appropriate protective order is in place,

21  and/or until it receives appropriate approvals. LSI will not provide any of this information without

22  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

23  not have the legal authority to release. LSI will not disclose any of this information without

24  approval. LSI objects to this request to the extent it requests information dependent upon

25  documents or other information in the possession, custody and control of NXP or third parties.

26  LSI reserves its right to modify or supplement its responses in view of the discovery of

27  information and review of documents received from NXP or third parties.

28

1    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

2  right to modify or supplement its responses as LSI receives additional information from NXP or

3  third parties, as it performs additional analysis of the facts and legal issues currently known, as

4  LSI locates additional information, or based on a ruling by the Court.

5    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

6  and confer in good faith with NXP to discuss a proper scope of production.

7  **REQUEST FOR PRODUCTION NO. 34.**

8    All documents and things relating to any meeting, discussion, or communication between

9  LSI and any other person or entity concerning the alleged infringement by NXP of any of the LSI

10  Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34.**

12    In addition to the General Objections, which are incorporated fully by reference herein,

13  LSI objects to this request to the extent it calls for information that is protected from discovery

14  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

15  applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

16  agreement signed by the parties. LSI objects to this request as premature to the extent that it is not

17  directed to information relevant to NXP's licensing defense in this case.

18    LSI objects to this request as overbroad and unduly burdensome. For example, it is not

19  limited to the Patents-In-Suit.

20    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

21  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

22  the right not to provide any of this information until an appropriate protective order is in place,

23  and/or until it receives appropriate approvals. LSI will not provide any of this information without

24  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

25  not have the legal authority to release. LSI will not disclose any of this information without

26  approval. LSI objects to this request to the extent it requests information dependent upon

27  documents or other information in the possession, custody and control of NXP or third parties.

28

1  LSI reserves its right to modify or supplement its responses in view of the discovery of

2  information and review of documents received from NXP or third parties.

3      Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

4  right to modify or supplement its responses as LSI receives additional information from NXP or

5  third parties, as it performs additional analysis of the facts and legal issues currently known, as

6  LSI locates additional information, or based on a ruling by the Court.

7      Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

8  and confer in good faith with NXP to discuss a proper scope of production.

9  **REQUEST FOR PRODUCTION NO. 35.**

10      All documents and things relating to any meeting, discussion, or communication with

11  NXP, any third party, or any non-party concerning any of the LSI Patents-In-Suit, or any patents

12  related to the LSI Patents-In-Suit, or the subject matter of the claims thereof.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35.**

14      In addition to the General Objections, which are incorporated fully by reference herein,

15  LSI objects to this request to the extent it calls for information that is protected from discovery

16  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

17  applicable privilege or protection.  LSI objects to this request as premature to the extent that it is

18  not directed to information relevant to NXP's licensing defense in this case.  LSI objects to this

19  request as overbroad and unduly burdensome.  For example, it is not limited to the Patents-In-Suit.

20  LSI further objects that the phrases "all documents and things relating to" and "the subject matter

21  of the claims thereof" are vague and ambiguous.  For example, NXP has defined "relating to" in

22  an overly broad manner.

23      LSI objects to this request to the extent it is inconsistent with Federal Rule of Evidence

24  408 and the non-disclosure agreement signed by the parties

25      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

26  trade secret, proprietary, or other confidential or competitively sensitive information.  LSI reserves

27  the right not to provide any of this information until an appropriate protective order is in place,

28  and/or until it receives appropriate approvals.  LSI will not provide any of this information without

1   consent of the third party. LSI objects to this request to the extent it calls for information LSI does

2   not have the legal authority to release. LSI will not disclose any of this information without

3   approval. LSI objects to this request to the extent it requests information dependent upon

4   documents or other information in the possession, custody and control of NXP or third parties.

5   LSI reserves its right to modify or supplement its responses in view of the discovery of

6   information and review of documents received from NXP or third parties.

7         Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

8   right to modify or supplement its responses as LSI receives additional information from NXP or

9   third parties, as it performs additional analysis of the facts and legal issues currently known, as

10  LSI locates additional information, or based on a ruling by the Court.

11        Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

12  and confer in good faith with NXP to discuss a proper scope of production.

13  **REQUEST FOR PRODUCTION NO. 36.**

14        All documents and things relating to any determination, assertion, notification, conclusion,

15  charge, or contention by LSI that any person or entity other than NXP has infringed or is

16  infringing, directly or indirectly, any of the LSI Patents-In-Suit, or any patents related to the LSI

17  Patents-In-Suit.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36.**

19        In addition to the General Objections, which are incorporated fully by reference herein,

20  LSI objects to this request to the extent it calls for information that is protected from discovery

21  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

22  applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

23  agreement signed by the parties. LSI objects to this request as premature to the extent it is not

24  directed to information relevant to NXP's licensing defense in this case.

25        LSI objects to this request as overbroad and unduly burdensome. For example, it is not

26  limited to the Patents-In-Suit or NXP. LSI further objects that the phrases "all documents and

27  things relating to" and "any person or entity other than NXP" are vague and ambiguous. For

28  example, NXP has defined "relating to" in an overly broad manner.

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                - 46 -

1    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

2    trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

3    the right not to provide any of this information until an appropriate protective order is in place,

4    and/or until it receives appropriate approvals. LSI will not provide any of this information without

5    consent of the third party. LSI objects to this request to the extent it calls for information LSI does

6    not have the legal authority to release. LSI will not disclose any of this information without

7    approval. LSI objects to this request to the extent it requests information dependent upon

8    documents or other information in the possession, custody and control of NXP or third parties.

9    LSI reserves its right to modify or supplement its responses in view of the discovery of

10   information and review of documents received from NXP or third parties.

11       Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

12   right to modify or supplement its responses as LSI receives additional information from NXP or

13   third parties, as it performs additional analysis of the facts and legal issues currently known, as

14   LSI locates additional information, or based on a ruling by the Court.

15       Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

16   and confer in good faith with NXP to discuss a proper scope of production.

17   **REQUEST FOR PRODUCTION NO. 37.**

18       All documents and things relating to any determination, assertion, notification, conclusion,

19   charge, or contention by LSI that NXP has infringed or is infringing, directly or indirectly, any of

20   the LSI Patents-In-Suit, or any patents related to the LSI Patents-In-Suit.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37.**

22       In addition to the General Objections, which are incorporated fully by reference herein,

23   LSI objects to this request to the extent it calls for information that is protected from discovery

24   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

25   applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

26   agreement between the parties. LSI objects to this request as premature to the extent it is not

27   directed to information relevant to NXP's licensing defense in this case.

28

1    LSI objects to this request as overbroad and unduly burdensome. For example, it is not

2    limited to the Patents-In-Suit or LSI's actual contentions. LSI further objects that the phrases "all

3    documents and things relating to" and "any determination, assertion, notification, conclusion,

4    charge, or contention" are vague and ambiguous. For example, NXP has defined "relating to" in

5    an overly broad manner.

6           LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

7    trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

8    the right not to provide any of this information until an appropriate protective order is in place,

9    and/or until it receives appropriate approvals. LSI will not provide any of this information without

10   consent of the third party. LSI objects to this request to the extent it calls for information LSI does

11   not have the legal authority to release. LSI will not disclose any of this information without

12   approval. LSI objects to this request to the extent it requests information dependent upon

13   documents or other information in the possession, custody and control of NXP or third parties.

14   LSI reserves its right to modify or supplement its responses in view of the discovery of

15   information and review of documents received from NXP or third parties.

16          Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

17   right to modify or supplement its responses as LSI receives additional information from NXP or

18   third parties, as it performs additional analysis of the facts and legal issues currently known, as

19   LSI locates additional information, or based on a ruling by the Court.

20          Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

21   and confer in good faith with NXP to discuss a proper scope of production.

22   **REQUEST FOR PRODUCTION NO. 38.**

23          All documents and things relating to any negotiations, discussions, or other

24   communications between NXP and LSI regarding any intellectual property matter.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38.**

26          In addition to the General Objections, which are incorporated fully by reference herein,

27   LSI objects to this request to the extent it calls for information that is protected from discovery

28   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

1   applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

2   agreement between the parties.

3       LSI objects to this request as overbroad and unduly burdensome. For example, it is not

4   limited to the Patents-In-Suit. LSI further objects that the phrases "all documents and things

5   relating to" and "any intellectual property matter" are vague and ambiguous. For example, NXP

6   has defined "relating to" in an overly broad manner.

7       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

8   trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

9   the right not to provide any of this information until an appropriate protective order is in place,

10  and/or until it receives appropriate approvals. LSI will not provide any of this information without

11  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

12  not have the legal authority to release. LSI will not disclose any of this information without

13  approval. LSI objects to this request to the extent it requests information dependent upon

14  documents or other information in the possession, custody and control of third parties. LSI

15  reserves its right to modify or supplement its responses in view of the discovery of information

16  and review of documents received from NXP or third parties.

17      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

18  right to modify or supplement its responses as LSI receives additional information from NXP or

19  third parties, as it performs additional analysis of the facts and legal issues currently known, as

20  LSI locates additional information, or based on a ruling by the Court.

21      Subject to, and without waiving, the foregoing and the General Objections, LSI will meet

22  and confer in good faith with NXP to identify an appropriate scope of production.

23  **REQUEST FOR PRODUCTION NO. 39.**

24      All documents and things relating to any meetings, negotiations, discussions, agreements,

25  or other communications regarding any of the LSI Patents-In-Suit, or any patents related to the

26  LSI Patents-In-Suit.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39.**

28

1     In addition to the General Objections, which are incorporated fully by reference herein,

2   LSI objects to this request to the extent it calls for information that is protected from discovery

3   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

4   applicable privilege or protection, including Federal Rule of Evidence 408 and the non-disclosure

5   agreement signed by the parties.

6     LSI objects to this request as overbroad and unduly burdensome. For example, it is not

7   limited to the Patents-In-Suit or NXP. LSI further objects that the phrases "all documents and

8   things relating to" and "any meetings, negotiations, discussions, agreements, or other

9   communications" are vague and ambiguous. For example, NXP has defined "relating to" in an

10  overly broad manner.

11    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

12  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

13  the right not to provide any of this information until an appropriate protective order is in place,

14  and/or until it receives appropriate approvals. LSI will not provide any of this information without

15  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

16  not have the legal authority to release. LSI will not disclose any of this information without

17  approval. LSI objects to this request to the extent it requests information dependent upon

18  documents or other information in the possession, custody and control of third parties. LSI

19  reserves its right to modify or supplement its responses in view of the discovery of information

20  and review of documents received from NXP or third parties.

21    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

22  right to modify or supplement its responses as LSI receives additional information from NXP or

23  third parties, as it performs additional analysis of the facts and legal issues currently known, as

24  LSI locates additional information, or based on a ruling by the Court.

25    Subject to, and without waiving, the foregoing, and the General Objections, LSI will meet

26  and confer in good faith with NXP to discuss a proper scope of production.

27

28

1  **REQUEST FOR PRODUCTION NO. 40**.

2       With respect to any advice or opinion of counsel you have requested or received

3  concerning any patents related to the LSI Patents-In-Suit, or concerning the validity or

4  enforceability of any such patents, or licensing of such patents provide the following documents

5  for each communication: (a) the instructions and materials that were provided to the persons who

6  rendered the advice or opinion; and (b) all documents setting forth the substance of any oral or

7  written advice or opinion.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40.**

9       In addition to the General Objections, which are incorporated fully by reference herein,

10  LSI objects to this request to the extent it calls for information that is protected from discovery

11  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

12  applicable privilege or protection. LSI objects to this request as premature to the extent that it is

13  not directed to information relevant to NXP's licensing defense in this case. Moreover, this

14  request is premature given the disclosure schedule in the Patent Local Rules.

15       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

16  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

17  the right not to provide any of this information until an appropriate protective order is in place,

18  and/or until it receives appropriate approvals. LSI will not provide any of this information without

19  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

20  not have the legal authority to release. LSI will not disclose any of this information without

21  approval. LSI objects to this request to the extent it requests information dependent upon

22  documents or other information in the possession, custody and control of NXP or third parties.

23  LSI reserves its right to modify or supplement its responses in view of the discovery of

24  information and review of documents received from NXP or third parties.

25       Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26  right to modify or supplement its responses as LSI receives additional information from NXP or

27  third parties, as it performs additional analysis of the facts and legal issues currently known, as

28  LSI locates additional information, or based on a ruling by the Court.

1  **REQUEST FOR PRODUCTION NO. 41.**

2      All documents and things relating to the conception, design, development, manufacture,

3  and marketing of any product embodying the invention claimed in any claim of any of the LSI

4  Patents-In-Suit whether licensed, sold, imported, or offered for sale anywhere in the world. This

5  request includes, but is not limited to:

6      (a)      all original and all revised blueprints, design reports, illustrations, diagrams, test

7              specifications, data sheets, flow charts, drawings, specifications, control

8              drawings, sales outline drawings, specifications, engineering documents,

9              schematic diagrams, process schematics, design documents, project books,

10             project files, manufacturing documents, procurement documents (including all

11             invoices), requests for proposals, requests for quotations, and correspondence

12             for all versions of any prototype;

13     (b)     all prototypes, engineering models or other physical models used, constructed,

14             or made during the design or development of any of the products; and

15     (c)     all documents dated prior to, or which existed prior to, the filing date of the

16             application for each of the LSI Patents-In-Suit, including all agreements

17             providing for compensation or financing of any work performed in connection

18             with the design or development of any product embodying the invention

19             claimed in any claim of any of the LSI Patents-In-Suit.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41.**

21     In addition to the General Objections, which are incorporated fully by reference herein,

22  LSI objects to this request to the extent it calls for information that is protected from discovery

23  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

24  applicable privilege or protection. LSI objects to this request as premature to the extent it is not

25  directed to information relevant to NXP's licensing defense in this case.

26     LSI objects to this request as overbroad and unduly burdensome. For example, it is not

27  limited to the claims actually asserted in this matter. LSI further objects that the phrases "all

28

1  documents and things relating to" and "any product embodying the invention" are vague and

2  ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

3         LSI objects that this request is premature in light of the fact that LSI is not required to

4  identify LSI products that practice the patents-in-suit until its Patent Local Rule 3-1 disclosures.

5  LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's trade

6  secret, proprietary, or other confidential or competitively sensitive information. LSI reserves the

7  right not to provide any of this information until an appropriate protective order is in place, and/or

8  until it receives appropriate approvals. LSI will not provide any of this information without

9  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

10  not have the legal authority to release. LSI will not disclose any of this information without

11  approval. LSI objects to this request to the extent it requests information dependent upon

12  documents or other information in the possession, custody and control of NXP or third parties.

13  LSI reserves its right to modify or supplement its responses in view of the discovery of

14  information and review of documents received from NXP or third parties.

15         Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

16  right to modify or supplement its responses as LSI receives additional information from NXP or

17  third parties, as it performs additional analysis of the facts and legal issues currently known, as

18  LSI locates additional information, or based on a ruling by the Court.

19  **REQUEST FOR PRODUCTION NO. 42.**

20         All documents referring or relating to the design, development, assembly, manufacture,

21  packaging, use, testing, sampling, importation, or sale or offer for sale in the United States of any

22  product that you contend embody any of the inventions claimed by any claim of any of the LSI

23  Patents-In-Suit.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42.**

25         In addition to the General Objections, which are incorporated fully by reference herein,

26  LSI objects to this request to the extent it calls for information that is protected from discovery

27  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

28

1  applicable privilege or protection. LSI objects to this request as premature. to the extent it is not

2  directed to information relevant to NXP's licensing defense in this case.

3      LSI objects to this request as overbroad and unduly burdensome. For example, it is not

4  limited to the claims actually asserted in this matter. LSI further objects that the phrases "all

5  documents and things relating to" and "embody any of the inventions claimed" are vague and

6  ambiguous. For example, NXP has defined "relating to" in an overly broad manner.

7      LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

8  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

9  the right not to provide any of this information until an appropriate protective order is in place,

10  and/or until it receives appropriate approvals. LSI will not provide any of this information without

11  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

12  not have the legal authority to release. LSI will not disclose any of this information without

13  approval. LSI objects to this request to the extent it requests information dependent upon

14  documents or other information in the possession, custody and control of NXP or third parties.

15  LSI reserves its right to modify or supplement its responses in view of the discovery of

16  information and review of documents received from NXP or third parties.

17      LSI objects that this request is premature in light of the fact that LSI is not required to

18  identify LSI products that practice the patents-in-suit until its Patent Local Rule 3-1 disclosures.

19      Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

20  right to modify or supplement its responses as LSI receives additional information from NXP or

21  third parties, as it performs additional analysis of the facts and legal issues currently known, as

22  LSI locates additional information, or based on a ruling by the Court.

23  **REQUEST FOR PRODUCTION NO. 43.**

24      All documents constituting licenses to any of the Patents-In-Suit.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43.**

26      In addition to the General Objections, which are incorporated fully by reference herein,

27  LSI objects that the request to the extent it calls for information that is protected from discovery

28

1  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

2  applicable privilege or protection.

3       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

4  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

5  the right not to provide any of this information until an appropriate protective order is in place,

6  and/or until it receives appropriate approvals. LSI will not provide any of this information without

7  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

8  not have the legal authority to release. LSI will not disclose any of this information without

9  approval. LSI objects to this request to the extent it requests information dependent upon

10 documents or other information in the possession, custody and control of NXP or third parties.

11 LSI reserves its right to modify or supplement its responses in view of the discovery of

12 information and review of documents received from NXP or third parties.

13       Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

14 right to modify or supplement its responses as LSI receives additional information from NXP or

15 third parties, as it performs additional analysis of the facts and legal issues currently known, as

16 LSI locates additional information, or based on a ruling by the Court.

17       Subject to, and without waiving, the foregoing, and the General Objections, LSI will

18 produce non-privileged responsive documents at a mutually agreeable time.

19 **REQUEST FOR PRODUCTION NO. 44.**

20       All documents referring or relating to offers to license any of the Patents-in-Suit including,

21 but not limited to, all proposed license agreements.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44.**

23       In addition to the General Objections, which are incorporated fully by reference herein,

24 LSI objects to this request to the extent it calls for information that is protected from discovery

25 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

26 applicable privilege or protection.

27       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

28 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

1    the right not to provide any of this information until an appropriate protective order is in place,

2    and/or until it receives appropriate approvals. LSI will not provide any of this information without

3    consent of the third party. LSI objects to this request to the extent it calls for information LSI does

4    not have the legal authority to release. LSI will not disclose any of this information without

5    approval. LSI objects to this request to the extent it requests information dependent upon

6    documents or other information in the possession, custody and control of NXP or third parties.

7    LSI reserves its right to modify or supplement its responses in view of the discovery of

8    information and review of documents received from NXP or third parties.

9         Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

10   right to modify or supplement its responses as LSI receives additional information from NXP or

11   third parties, as it performs additional analysis of the facts and legal issues currently known, as

12   LSI locates additional information, or based on a ruling by the Court.

13        Subject to, and without waiving, the foregoing, and the General Objections, LSI will

14   produce non-privileged responsive documents at a mutually agreeable time documents sufficient

15   to fully describe all offers to license the Patents-In-Suit.

16   **REQUEST FOR PRODUCTION NO. 45.**

17        All documents and things related to purported settlement of claims concerning US Pat. No.

18   5,227,335 in the case captioned Agere Systems, Inc. v. Atmel Corp., E.D. Penn. Case No. 2:02-cv-

19   00864-LDD, including, but not limited to, the purported settlement agreement itself, all prior

20   drafts of the purported settlement agreement, and all correspondence pertaining to the purported

21   settlement.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45.**

23        In addition to the General Objections, which are incorporated fully by reference herein,

24   LSI objects to this request to the extent it calls for information that is protected from discovery

25   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

26   applicable privilege or protection.

27        LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

28   trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

1  the right not to provide any of this information until an appropriate protective order is in place,

2  and/or until it receives appropriate approvals.  LSI will not provide any of this information without

3  consent of the third party.  LSI objects to this request to the extent it calls for information LSI does

4  not have the legal authority to release.  LSI will not disclose any of this information without

5  approval.  LSI objects to this request to the extent it requests information dependent upon

6  documents or other information in the possession, custody and control of NXP or third parties.

7  LSI reserves its right to modify or supplement its responses in view of the discovery of

8  information and review of documents received from NXP or third parties.

9       Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

10  right to modify or supplement its responses as LSI receives additional information from NXP or

11  third parties, as it performs additional analysis of the facts and legal issues currently known, as

12  LSI locates additional information, or based on a ruling by the Court.

13  **REQUEST FOR PRODUCTION NO. 46.**

14       Any and all license agreements between Taiwan Semiconductor Manufacturing Company

15  Ltd. ("TSMC") and Agere Systems, Inc. or LSI in force from January 1, 2000 to the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46.**

17       In addition to the General Objections, which are incorporated fully by reference herein,

18  LSI objects to this request to the extent it calls for information that is protected from discovery

19  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

20  applicable privilege or protection.

21       LSI objects to this request as overbroad and unduly burdensome.  For example, it is not

22  limited to the Patents-In-Suit or related technology.

23       LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

24  trade secret, proprietary, or other confidential or competitively sensitive information.  LSI reserves

25  the right not to provide any of this information until an appropriate protective order is in place,

26  and/or until it receives appropriate approvals.  LSI will not provide any of this information without

27  consent of the third party.  LSI objects to this request to the extent it calls for information LSI does

28  not have the legal authority to release.  LSI will not disclose any of this information without

1  approval. LSI objects to this request to the extent it requests information dependent upon

2  documents or other information in the possession, custody and control of NXP or third parties.

3  LSI reserves its right to modify or supplement its responses in view of the discovery of

4  information and review of documents received from NXP or third parties.

5     Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

6  right to modify or supplement its responses as LSI receives additional information from NXP or

7  third parties, as it performs additional analysis of the facts and legal issues currently known, as

8  LSI locates additional information, or based on a ruling by the Court.

9     Subject to, and without waiving, the foregoing, and the General Objections, LSI will

10 produce non-privileged responsive documents at a mutually agreeable time.

11 **REQUEST FOR PRODUCTION NO. 47.**

12    All communications with TSMC regarding any of the Patents-In-Suit, NXP, or this action.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47.**

14    In addition to the General Objections, which are incorporated fully by reference herein,

15 LSI objects to this request to the extent it calls for information that is protected from discovery

16 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

17 applicable privilege or protection. LSI objects to this request as premature to the extent that it is

18 not directed to information relevant to NXP's licensing defense in this case.

19    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

20 trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

21 the right not to provide any of this information until an appropriate protective order is in place,

22 and/or until it receives appropriate approvals. LSI will not provide any of this information without

23 consent of the third party. LSI objects to this request to the extent it calls for information LSI does

24 not have the legal authority to release. LSI will not disclose any of this information without

25 approval. LSI objects to this request to the extent it requests information dependent upon

26 documents or other information in the possession, custody and control of NXP or third parties.

27 LSI reserves its right to modify or supplement its responses in view of the discovery of

28 information and review of documents received from NXP or third parties.

1    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

2  right to modify or supplement its responses as LSI receives additional information from NXP or

3  third parties, as it performs additional analysis of the facts and legal issues currently known, as

4  LSI locates additional information, or based on a ruling by the Court.

5    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

6  produce non-privileged responsive documents at a mutually agreeable time.

7  **REQUEST FOR PRODUCTION NO. 48.**

8    Documents sufficient to show the legal relationship between LSI and Agere Systems, Inc.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48.**

10    In addition to the General Objections, which are incorporated fully by reference herein,

11  LSI objects to this request to the extent it calls for information that is protected from discovery

12  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

13  applicable privilege or protection. LSI further objects that the phrase "legal relationship" is vague

14  and ambiguous.

15    LSI objects to this request to the extent that it seeks disclosure of LSI's or any third party's

16  trade secret, proprietary, or other confidential or competitively sensitive information. LSI reserves

17  the right not to provide any of this information until an appropriate protective order is in place,

18  and/or until it receives appropriate approvals. LSI will not provide any of this information without

19  consent of the third party. LSI objects to this request to the extent it calls for information LSI does

20  not have the legal authority to release. LSI will not disclose any of this information without

21  approval. LSI objects to this request to the extent it requests information dependent upon

22  documents or other information in the possession, custody and control of NXP or third parties.

23  LSI reserves its right to modify or supplement its responses in view of the discovery of

24  information and review of documents received from NXP or third parties.

25    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26  right to modify or supplement its responses as LSI receives additional information from NXP or

27  third parties, as it performs additional analysis of the facts and legal issues currently known, as

28  LSI locates additional information, or based on a ruling by the Court.

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

2    produce non-privileged responsive documents at a mutually agreeable time.

3    **REQUEST FOR PRODUCTION NO. 49.**

4    All documents constituting, referring or relating to the letter attached hereto as Exhibit B,

5    including, but not limited to, all subsequent pre-litigation communications between LSI and NXP

6    regarding any of the Patents-In-Suit.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 49.**

8    In addition to the General Objections, which are incorporated fully by reference herein,

9    LSI objects to this request to the extent it calls for information that is protected from discovery

10   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

11   applicable privilege or protection. For example, such materials are protected under FRE 408 and

12   the non-disclosure agreement between the parties. LSI objects to this request as overbroad and

13   unduly burdensome. For example, NXP should already be in possession of communications

14   between LSI and NXP.

15   Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

16   right to modify or supplement its responses as LSI receives additional information from NXP or

17   third parties, as it performs additional analysis of the facts and legal issues currently known, as

18   LSI locates additional information, or based on a ruling by the Court.

19   **REQUEST FOR PRODUCTION NO. 50.**

20   All documents constituting, referring or relating to the letter attached hereto as Exhibit C,

21   including, but not limited to, all subsequent pre-litigation communications between LSI and NXP

22   regarding any of the Patents-In-Suit

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50.**

24   In addition to the General Objections, which are incorporated fully by reference herein,

25   LSI objects to this request to the extent it calls for information that is protected from discovery

26   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

27   applicable privilege or protection. For example, such materials are protected under FRE 408 and

28   the non-disclosure agreement between the parties. LSI objects to this request as overbroad and

1  unduly burdensome.  For example, NXP should already be in possession of communications

2  between LSI and NXP.

3        Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

4  right to modify or supplement its responses as LSI receives additional information from NXP or

5  third parties, as it performs additional analysis of the facts and legal issues currently known, as

6  LSI locates additional information, or based on a ruling by the Court.

7  **REQUEST FOR PRODUCTION NO. 51.**

8        All documents referring or relating to the Non-Disclosure Agreement attached hereto as

9  Exhibit D, including, but not limited to, all prior drafts of the agreement and all correspondence

10  referring or relating to it.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51.**

12        In addition to the General Objections, which are incorporated fully by reference herein,

13  LSI objects to this request to the extent it calls for information that is protected from discovery

14  under the attorney-client privilege, work product doctrine, settlement privilege, or any other

15  applicable privilege or protection.  For example, such materials are protected under FRE 408 and

16  the non-disclosure agreement between the parties.  LSI objects to this request as overbroad and

17  unduly burdensome.  For example, NXP should already be in possession of communications

18  between LSI and NXP.

19        Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

20  right to modify or supplement its responses as LSI receives additional information from NXP or

21  third parties, as it performs additional analysis of the facts and legal issues currently known, as

22  LSI locates additional information, or based on a ruling by the Court.

23  **REQUEST FOR PRODUCTION NO. 52.**

24        All documents referring or relating to any of the materials presented by LSI to NXP on

25  March 21, 2007, June 20, 2007 and November 6, 2007 including, but not limited to, all prior drafts

26  of said materials and all correspondence pertaining to those materials.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52.**

28

1    In addition to the General Objections, which are incorporated fully by reference herein,

2    LSI objects to this request to the extent it calls for information that is protected from discovery

3    under the attorney-client privilege, work product doctrine, settlement privilege, or any other

4    applicable privilege or protection. For example, such materials are protected under FRE 408 and

5    the non-disclosure agreement between the parties. LSI objects to this request as premature to the

6    extent that it is not directed to information relevant to NXP's licensing defense in this case. LSI

7    objects to this request as overbroad and unduly burdensome. For example, NXP should already be

8    in possession of communications between LSI and NXP.

9    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

10   right to modify or supplement its responses as LSI receives additional information from NXP or

11   third parties, as it performs additional analysis of the facts and legal issues currently known, as

12   LSI locates additional information, or based on a ruling by the Court.

13   **REQUEST FOR PRODUCTION NO. 53.**

14   Any and all documents supporting LSI's assertion in its Answer that the court "lacks

15   subject matter jurisdiction over the complaint or, in the alternative, should exercise its discretion

16   to decline subject matter jurisdiction."

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53.**

18   In addition to the General Objections, which are incorporated fully by reference herein,

19   LSI objects to this request to the extent it calls for information that is protected from discovery

20   under the attorney-client privilege, work product doctrine, settlement privilege, or any other

21   applicable privilege or protection. LSI also objects to this request as irrelevant. On May 30, 2008,

22   NXP served an Amended Complaint for Declaratory Judgment & Demand for Jury Trial.

23   LSI also objects to this request to the extent it calls for information in the possession of

24   NXP or third parties not under LSI's control.

25   Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

26   right to modify or supplement its responses as LSI receives additional information from NXP or

27   third parties, as it performs additional analysis of the facts and legal issues currently known, as

28   LSI locates additional information, or based on a ruling by the Court.

1    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

2 produce non-privileged responsive documents at a mutually agreeable time.

3 **REQUEST FOR PRODUCTION NO. 54.**

4    Any and all documents supporting LSI's assertion in its Answer that NXP's first claim for

5 relief is barred "based on laches and/or estoppel."

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54.**

7    In addition to the General Objections, which are incorporated fully by reference herein,

8 LSI objects to this request to the extent it calls for information that is protected from discovery

9 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

10 applicable privilege or protection. LSI also objects to this request to the extent it calls for

11 information in the possession of NXP or third parties not under LSI's control.

12    Furthermore, LSI objects to this request insofar as discovery is ongoing. LSI reserves the

13 right to modify or supplement its responses as LSI receives additional information from NXP or

14 third parties, as it performs additional analysis of the facts and legal issues currently known,  as

15 LSI locates additional information, or based on a ruling by the Court.

16    Subject to, and without waiving, the foregoing, and the General Objections, LSI will

17 produce non-privileged responsive documents at a mutually agreeable time.

18 **REQUEST FOR PRODUCTION NO. 55.**

19    Any and all documents supporting LSI's assertion in paragraph 16 of its Answer that NXP

20 is not entitled to a declaratory judgment regarding the Patent License Agreement attached as

21 Exhibit 1 to the complaint in this action.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55.**

23    In addition to the General Objections, which are incorporated fully by reference herein,

24 LSI objects to this request to the extent it calls for information that is protected from discovery

25 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

26 applicable privilege or protection. LSI also objects to this request as irrelevant. On May 30, 2008,

27 NXP served an Amended Complaint for Declaratory Judgment & Demand for Jury Trial. LSI also

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF REQUESTS FOR PRODUCTION
CASE NO. CV-08-00775 (JW)                - 63 -

1  objects to this request to the extent it calls for information in the possession of NXP or third

2  parties not under LSI's control.

3       Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

4  right to modify or supplement its responses as LSI receives additional information from NXP or

5  third parties, as it performs additional analysis of the facts and legal issues currently known,  as

6  LSI locates additional information, or based on a ruling by the Court.

7       Subject to, and without waiving, the foregoing, and the General Objections, LSI will

8  produce non-privileged responsive documents at a mutually agreeable time.

9  **REQUEST FOR PRODUCTION NO. 56.**

10      Any and all documents supporting LSI's assertion in its Answer that "NXP USA has failed

11 to join parties required by Federal Rules of Civil Procedure 19."

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56.**

13      In addition to the General Objections, which are incorporated fully by reference herein,

14 LSI objects to this request to the extent it calls for information that is protected from discovery

15 under the attorney-client privilege, work product doctrine, settlement privilege, or any other

16 applicable privilege or protection.  LSI also objects to this request as irrelevant.  On May 30, 2008,

17 NXP served an Amended Complaint for Declaratory Judgment & Demand for Jury Trial.  LSI also

18 objects to this request to the extent it calls for information in the possession of NXP or third

19 parties not under LSI's control.

20      Furthermore, LSI objects to this request insofar as discovery is ongoing.  LSI reserves the

21 right to modify or supplement its responses as LSI receives additional information from NXP or

22 third parties, as it performs additional analysis of the facts and legal issues currently known,  as

23 LSI locates additional information, or based on a ruling by the Court.

24      Subject to, and without waiving, the foregoing, and the General Objections, LSI will

25 produce non-privileged responsive documents at a mutually agreeable time.

26

27

28

1  DATED:  June 16, 2008                    Respectfully Submitted,

2                                           IRELL & MANELLA LLP
3                                           Jonathan H. Steinberg
                                            Samuel K. Lu
                                            Jason G. Sheasby
4                                           C. Maclain Wells

5
                                            By:    /s/ C. Maclain Wells
6                                                  C. Maclain Wells
                                            Attorneys for Defendant LSI CORPORATION and
7                                           Defendant and Counterclaimant AGERE SYSTEMS,
                                            INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

1  IRELL & MANELLA LLP
   Jonathan H. Steinberg (98044)
2  Samuel K. Lu (171969)
   Jason G. Sheasby (205455)
3  C. Maclain Wells (221609)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
5  Facsimile: (310) 203-7199
   E-mail: jsteinberg@irell.com
6  E-mail: slu@irell.com
   E-mail: jsheasby@irell.com
7  E-mail: mwells@irell.com

8  Attorneys for Defendant LSI CORPORATION and
   Defendant and Counterclaimant AGERE SYSTEMS, INC.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  NXP SEMICONDUCTORS USA, INC.,        ) CASE NO. CV-08-00775 (JW)
                                         )
14            Plaintiff,                 )
                                         ) **LSI CORPORATION'S RESPONSES**
15       vs.                             ) **TO NXP SEMICONDUCTORS USA,**
                                         ) **INC.'S FIRST SET OF**
16  LSI CORPORATION d/b/a LSI LOGIC      ) **INTERROGATORIES**
   CORPORATION, a Delaware Corporation   )
17  and AGERE SYSTEMS, INC., a Delaware  )
   corporation,                          )
18                                       )
              Defendants.                )
19                                       )
   ──────────────────────────────       )
20  AGERE SYSTEMS, INC., a Delaware      )
   corporation,                          )
21                                       )
              Counterclaimant,           )
22                                       )
         vs.                             )
23                                       )
   NXP SEMICONDUCTORS USA, INC.,         )
24  a Delaware corporation, and          )
                                         )
25            Counterclaim-Defendant.    )

26

27

28
                                         EXHIBIT 4

   LSI'S RESPONSES TO NXP'S FIRST SET
   OF INTERROGATORIES
   CASE NO. CV-08-00775 (JW)

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules

2  for the Northern District of California, Defendant LSI Corporation ("LSI") hereby responds to

3  Plaintiff NXP Semiconductors USA, Inc.'s ("NXP") First Set of Interrogatories (Nos. 1-15) served

4  on May 13, 2008 as follows:

5                                      **INTRODUCTION**

6    This response is made solely for the purpose of this action. The response is subject to all

7  objections as to competence, relevance, materiality, propriety and admissibility, and to any and all

8  other objections on any grounds that would require the exclusion of any statements contained

9  herein if such interrogatory were asked of, or statements contained herein were made by, a witness

10  present and testifying in court, all of which objections and grounds are expressly reserved and may

11  be interposed at the time of trial.

12    This response is being provided at the beginning of discovery in this case and necessarily

13  reflects only the limited information that is available to LSI at this time. This response is therefore

14  given without prejudice to LSI's right to produce evidence of any subsequently discovered fact or

15  facts that it may later recall or discover. LSI further reserves the right to change, amend or

16  supplement any or all of the matters contained in this response as additional facts are ascertained,

17  analyses are made, research is completed and contentions are made.

18    Objections to each interrogatory are made on an individual basis below. From time to

19  time, for special emphasis, LSI will repeat in the specific objections certain objections also set

20  forth in the General Objections. The specific objections are submitted without prejudice to, and

21  without in any way waiving, the General Objections listed below, but not expressly set forth in the

22  response. The assertion of any objection to any interrogatory below is neither intended as, nor

23  shall in any way be deemed, a waiver of LSI's right to assert that or any other objection at a later

24  date.

25    No incidental or implied admissions are intended by the response below. The fact that LSI

26  has answered or objected to any interrogatory should not be taken as an admission that LSI accepts

27  or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW)                        - 2 -

1  LSI has answered part or all of any interrogatory is not intended to be, and shall not be construed

2  to be, a waiver by LSI of any part of any objection to the interrogatory.

3  **GENERAL OBJECTIONS**

4      1.    LSI objects to the First Set of Interrogatories and to each definition, instruction, and

5  interrogatory therein to the extent that they purport to impose on LSI obligations that differ from

6  or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the Northern

7  District of California ("Local Rules"), or any order or ruling by the Court in this action. LSI shall

8  not comply with any purported obligation not imposed by law.

9      2.    LSI objects to the First Set of Interrogatories and to each interrogatory therein on

10  the ground and to the extent that they purport to seek information protected by the work product

11  doctrine, the attorney-client privilege, the settlement privilege, or any other privilege or restriction

12  on discovery. LSI will not produce information protected by such privileges or restrictions. Any

13  inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any

14  applicable privilege.

15      3.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

16  the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is

17  beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not

18  limited to Federal Rule of Civil Procedure 26(b).

19      4.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

20  the extent that they are vague, ambiguous, or without sufficient specificity to identify what

21  information is requested.

22      5.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

23  the extent they seek premature expert discovery.

24      6.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

25  the extent that they are compound and are actually multiple interrogatories, on the ground that they

26  are an impermissible attempt to circumvent limits set by Federal Rule of Civil Procedure 33(a)(1)

27  and/or agreed to by the parties.

28

1    7.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

2    the extent that they seek information that is publicly available, in the possession, custody or

3    control of NXP or any person or entity other than LSI, and is equally accessible to NXP.

4    8.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

5    the extent that they call for legal conclusions.

6    9.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

7    the extent that they seek disclosure of LSI's trade secret, proprietary, or other confidential or

8    competitively sensitive information or personal information that is protected by statutory,

9    constitutional, common law or privacy rights. LSI reserves the right not to provide any of this

10    information until an appropriate protective order is in place. To the extent that LSI responds to

11    these Interrogatories by referring NXP to documents pursuant to Federal Rule of Civil Procedure

12    33(d), nothing herein shall affect in any way the confidentiality designations, if any, of those

13    documents.

14    10.    LSI objects to the First Set of Interrogatories and each interrogatory therein to the

15    extent they call for trade secret, proprietary, or other confidential or competitively sensitive

16    information of third parties. LSI will not provide any of this information without consent of the

17    third party.

18    11.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

19    the extent they request information concerning patent claims and claim terms that have not yet

20    been construed by the Court. LSI reserves its right to modify or supplement its responses as a

21    result of any rulings by the Court bearing on claim construction, and/or discovery bearing on

22    claim construction.

23    12.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

24    the extent they request information dependent upon documents or other information in the

25    possession, custody and control of NXP or third parties. LSI reserves its right to modify or

26    supplement its responses in view of the discovery of information and review of documents

27    received from NXP or third parties.

28

13.     LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are premature in light of the schedule set by the Court in its June 5, 2008 scheduling order.  LSI also objects to the extent they seek to circumvent the schedule set out in the Patent Local Rules, including Patent Local Rule 2-5.

14.     LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are inconsistent with Federal Rule of Evidence 408 or the non-disclosure agreement signed by NXP and LSI.

15.     LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they seek information that is not reasonably accessible because of undue burden or cost.

16.     LSI objects to the definition of "Communication" as set forth in paragraph 2 of the Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

17.     LSI objects to the definition of "Document" as set forth in paragraph 4 of the Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

18.     LSI objects to the definitions of "to identify" as set forth in paragraphs 6 through 9 of the Definitions to the extent these definitions purport to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

19.     LSI objects to the definitions of "LSI," "YOU," and "YOUR" as set forth in paragraph 10 of the Definitions to the extent that those definitions purport to impose any discovery obligation on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which LSI has no control.  LSI objects to the definition of "LSI" as overly broad.  LSI will only respond as to LSI Corporation and Agere Systems, Inc.

20.     LSI objects to the definition of "NXP" as set forth in paragraph 11 of the Definitions to the extent that it purports to impose any discovery obligation on persons or entities

1    other than the parties to this action, and to the extent it seeks discovery from individuals or entities

2    over which LSI has no control. LSI objects to the definition of "NXP" as overly broad. LSI will

3    only respond as to NXP Semiconductors USA, Inc.

4         21.    LSI objects to the definition of "Person" or "Persons" as set forth in paragraph 13

5    of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

6    exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

7    ruling by the Court in this action.

8         22.    LSI objects to the definition of "prior art" as set forth in paragraph 14 of the

9    Definitions and to the instruction to include "materials and references sent or identified to LSI or

10   its predecessors internally or by third parties" to the extent they seek information protected by the

11   work product doctrine, the attorney-client privilege, the settlement privilege, or any other privilege

12   or restriction on discovery. LSI further objects to the instruction because "the broadest possible

13   interpretations of 35 U.S.C. §§ 102 or 103" is vague, ambiguous, and calls for a legal conclusion.

14   LSI further objects to the definition of "prior art" to the extent it purports to impose on LSI any

15   obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the

16   Local Rules, or any order or ruling by the Court in this action.

17        23.    LSI objects to the definition of "relating to" or "related to" set forth in paragraph 16

18   of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

19   exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

20   ruling by the Court in this action.

21        24.    LSI objects to the definition of "thing" or "things" set forth in paragraph 17 of the

22   Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds

23   those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

24   the Court in this action.

25        25.    LSI expressly incorporates each of the foregoing General Objections into each

26   specific response to the interrogatories set forth below as if set forth in full therein. An answer to

27   an interrogatory shall not work as a waiver of any applicable specific or general objection to an

28   interrogatory.

1

## RESPONSES TO SPECIFIC INTERROGATORIES

2

3 **INTERROGATORY NO. 1:**

4          If you contend that NXP is not licensed to the Patents-In-Suit under the 1987 Patent

5 License Agreement attached as Exhibit 1 to the complaint in this action, as amended by letter

6 attached as Exhibit 2 to the complaint in this action, state all facts supporting that contention.

7 **RESPONSE TO INTERROGATORY NO. 1:**

8          In addition to the General Objections, which are incorporated fully by reference herein,

9 LSI objects to this interrogatory to the extent it calls for information that is protected from

10 discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

11 other applicable privilege or protection. LSI objects that this interrogatory is a premature

12 contention interrogatory. This matter is still in its early stages. LSI is still analyzing the Patents-

13 In-Suit and the 1987 Patent License Agreement and its amendments, as well as formulating its

14 positions. LSI reserves the right to modify or supplement its response as it receives additional

15 information from NXP or third parties, as it performs additional analysis of the facts and legal

16 issues currently known, as it locates additional information, or based on a ruling by the Court.

17 Furthermore, LSI objects that NXP has not yet identified any products for which NXP seeks a

18 declaration of non-infringement. Until NXP identifies such products, it is improper to request that

19 LSI present facts supporting any contention that NXP's products are not licensed under the

20 Patents-In-Suit. NXP also objects that the phrase "not licensed" is vague and ambiguous.

21          Subject to the foregoing, and the General Objections, LSI responds as follows:

22          NXP must establish that the Patents-In-Suit are within the capture period of the 1987

23 Patent License Agreement or any amendment thereto.

24          Furthermore, NXP's products must satisfy multiple requirements of the 1987 Patent

25 License Agreement to be licensed, including, among others, Section 1.01(a)'s requirement that

26 they be "products and services of the kinds which are furnished or used by PHILIPS or any of its

27 present RELATED COMPANIES in the operation of the business in which it is engaged on the

28 effective date of this Agreement," which entails a factual inquiry.

1    Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter

2    agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which

3    entails a factual inquiry.

4    **INTERROGATORY NO. 2:**

5    If any person or entity has ever contended, in litigation or otherwise, that any asserted

6    claims of the LSI Patents-In-Suit or patents related to the LSI Patents-In-Suit are invalid,

7    defective, or unenforceable identify the person(s) so contending, describe each such

8    communication wherein such claim was alleged invalid, and identify (a) the specific prior art

9    mentioned or referenced in the communication, (b) each limitation of each claim of the LSI

10   Patents-In-Suit alleged to have been found in the prior art, (c) any specific combination or

11   combinations of prior art that the person(s) contended rendered the claim obvious to one of

12   ordinary skill, (d) what the person(s) so contending alleged suggested such combination,

13   combinations, and/or motivation to deviate from or combine the art, and (e) any documents

14   relating or referring to the communication.

15   **RESPONSE TO INTERROGATORY NO. 2:**

16   In addition to the General Objections, which are incorporated fully by reference herein,

17   LSI objects to this interrogatory to the extent it calls for information that is protected from

18   discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

19   other applicable privilege or protection. LSI objects to this interrogatory as seeking information

20   that is publicly available and is equally accessible to NXP from less burdensome sources. LSI

21   objects to this interrogatory as compound and consisting of multiple subparts which properly

22   should be counted as separate interrogatories. LSI objects to this interrogatory as vague and

23   ambiguous. For example, the terms "defective," "related to," and "describe" are vague and

24   ambiguous. LSI also objects to the interrogatory to the extent it calls for information that is in the

25   possession of NXP or third parties not under LSI's control.

26   LSI objects that this interrogatory is premature. This matter is still in its early stages. LSI

27   reserves the right to modify or supplement its response as it receives additional information from

28

1  NXP or third parties, as it performs additional analysis of the facts and legal issues currently

2  known, and as LSI locates additional information, or based on a ruling by the Court.

3      LSI objects to the extent that this interrogatory is not directed to information relevant to

4  NXP's licensing defense in this case.

5      Subject to the foregoing, and the General Objections, LSI responds as follows:

6      LSI will meet and confer with NXP in good faith to determine an appropriate narrowing of

7  this interrogatory.

8  **INTERROGATORY NO. 3:**

9      State all facts relating to LSI's knowledge of prior art (including instances of alleged or

10  actual prior use, sales, or offers for sale), affecting the validity, enforceability, or scope of any

11  claim of any Patent-In-Suit including without limitation the prior art cited during the prosecution

12  of the Patent-In-Suit and all prior art or alleged prior art considered by or on behalf of LSI or

13  brought to the attention of LSI by any other person at any time. For each prior art item state all

14  facts relating to the circumstances by which it was brought to or came to the attention of LSI and

15  identify the LSI employee or representative who first became aware of such item and identify all

16  documents and things relating to any such facts, including without limitation all documents

17  relating to any analysis or study of each such item of prior art or the patentability and/or validity

18  of any claim of the Patent-In-Suit over any such items or prior art.

19  **RESPONSE TO INTERROGATORY NO. 3:**

20      In addition to the General Objections, which are incorporated fully by reference herein,

21  LSI objects to this interrogatory to the extent it calls for information that is protected from

22  discovery under the attorney-client privilege, the work product doctrine, the settlement privilege,

23  or other applicable privileges or protections. LSI objects to this interrogatory as compound and

24  consisting of multiple subparts which properly should be counted as separate interrogatories. LSI

25  objects to this interrogatory as calling for a legal conclusion. LSI objects to this interrogatory as

26  vague and ambiguous. For example, the phrases "LSI's knowledge of prior art," "affecting the

27  validity, enforceability, or scope of any claim of any Patent-In-Suit," "considered by or on behalf

28  of," and "LSI employee or representative" are vague and ambiguous. LSI objects to this

1  interrogatory as overbroad and unduly burdensome. LSI also objects to this interrogatory to the
2  extent it calls for information that is publicly available or in the possession of NXP or third parties
3  not under LSI's control.

4        LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI
5  reserves the right to modify or supplement its response as it receives additional information from
6  NXP or third parties, as it performs additional analysis of the facts and legal issues currently
7  known, and as LSI locates additional information, or based on a ruling by the Court.

8        LSI objects to the extent that this interrogatory is not directed to information relevant to
9  NXP's licensing defense in this case.

10        LSI objects to the extent this interrogatory seeks information in violation of Federal Rule
11  of Evidence 408 or the non-disclosure agreement signed by the parties. Subject to the foregoing,
12  and the General Objections, LSI responds as follows:

13        LSI will meet and confer with NXP in good faith to determine an appropriate narrowing of
14  this interrogatory.

15  **INTERROGATORY NO. 4:**

16        Separately for each claim of each of the LSI Patents-In-Suit, specifically define the
17  relevant field of art and specifically describe the level of ordinary skill in the relevant art which
18  LSI contends is applicable, including the date against which you contend the level of ordinary skill
19  in the art is measured.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        In addition to the General Objections, which are incorporated fully by reference herein,
22  LSI objects to this interrogatory to the extent it calls for information that is protected from
23  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any
24  other applicable privilege or protection. LSI objects to this interrogatory as compound and
25  consisting of multiple subparts which properly should be counted as separate interrogatories. LSI
26  objects to this interrogatory as calling for a legal conclusion. LSI objects to this interrogatory as
27  vague and ambiguous. For example, the phrase "the relevant field of art" is vague and ambiguous.

28

1    LSI objects that this interrogatory is a premature contention interrogatory. This matter is

2    still in its early stages. LSI reserves the right to modify or supplement its response as it receives

3    additional information from NXP or third parties, as it performs additional analysis of the facts

4    and legal issues currently known, and as LSI locates additional information, or based on a ruling

5    by the Court.

6    LSI objects to the extent that this interrogatory is not directed to information relevant to

7    NXP's licensing defense in this case.

8    Subject to the foregoing, and the General Objections, LSI responds as follows:

9    LSI is performing additional analysis of the facts and legal issues on this topic. As LSI

10   locates additional information or develops its positions, it will supplement this response. This is

11   information appropriately provided by an expert.

12   **INTERROGATORY NO. 5:**

13   Explain in detail all facts and circumstances that support or otherwise relate to any

14   secondary considerations of non-obviousness of any Patent-In-Suit, including without limitation,

15   that the subject matter of any such claim satisfied a long-felt need, solved problems the industry

16   failed to solve, was the subject of skepticism expressed in the industry, has been a commercial

17   success, has had its significance recognized by the industry, has been copied by others, and/or has

18   achieved unexpected results.

19   **RESPONSE TO INTERROGATORY NO. 5:**

20   In addition to the General Objections, which are incorporated fully by reference herein,

21   LSI objects to this interrogatory to the extent it calls for information that is protected from

22   discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

23   other applicable privilege or protection. LSI objects to this interrogatory as compound and

24   consisting of multiple subparts which properly should be counted as separate interrogatories. LSI

25   objects to this interrogatory as calling for a legal conclusion. LSI objects to this interrogatory as

26   vague and ambiguous. For example, the phrases "long-felt need," "solved problems the industry

27   failed to solve," "the subject of skepticism expressed in the industry," "commercial success," "its

28   significance recognized by the industry," and "achieved unexpected results" are vague and

1  ambiguous. LSI objects to this interrogatory as overbroad and unduly burdensome in that it is not

2  limited to secondary considerations of non-obviousness on which LSI intends to rely. LSI also

3  objects to the interrogatory to the extent it calls for information that is publicly available or in the

4  possession of NXP or third parties not under LSI's control.

5       LSI objects that this interrogatory is a premature contention interrogatory. This matter is

6  still in its early stages. LSI reserves the right to modify or supplement its response as it receives

7  additional information from NXP or third parties, as it performs additional analysis of the facts

8  and legal issues currently known, and as LSI locates additional information, or based on a ruling

9  by the Court.

10       LSI objects to the extent that this interrogatory is not directed to information relevant to

11  NXP's licensing defense in this case.

12       Subject to the foregoing, and the General Objections, LSI responds as follows:

13       At a mutually agreeable time, and once a suitable protective order is in place, LSI will

14  identify responsive information, including information pursuant to Federal Rule of Civil

15  Procedure 33(d).

16  **INTERROGATORY NO. 6:**

17       Separately for each Patent-In-Suit, on an element-by-element basis, state the date on which

18  the claimed invention was conceived, the date on which the claimed invention was reduced to

19  practice, and the amount of diligent work on the invention from conception to reduction to

20  practice, describing in detail all facts and circumstances relating to the conception and reduction to

21  practice of each such claimed invention, identify each person with knowledge of such conception

22  or reduction to practice, including the nature of each person's participation, involvement, and/or

23  contribution to such conception and/or reduction to practice, and identify all documents by Bates

24  Numbers relating to such conception or reduction to practice.

25  **RESPONSE TO INTERROGATORY NO. 6:**

26       In addition to the General Objections, which are incorporated fully by reference herein,

27  LSI objects to this interrogatory to the extent it calls for information that is protected from

28  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

1   other applicable privilege or protection. LSI objects to this interrogatory as calling for a legal

2   conclusion. LSI objects to this interrogatory as compound and consisting of multiple subparts

3   which properly should be counted as separate interrogatories. LSI objects to this interrogatory as

4   calling for a legal conclusion. LSI objects to this interrogatory as vague and ambiguous. For

5   example, the phrases "the amount of diligent work," "element by element basis," and "the nature

6   of each person's participation, involvement, and/or contribution" are vague and ambiguous. LSI

7   objects to this interrogatory as overbroad and unduly burdensome in that it is not limited to patents

8   for which LSI intends to claim a priority date other than the filing date of the patent application or

9   a related application. LSI also objects to the interrogatory to the extent it calls for information that

10  is in the possession of third parties not under LSI's control.

11        LSI objects that this interrogatory is a premature contention interrogatory. This matter is

12  still in its early stages. LSI reserves the right to modify or supplement its response as it receives

13  additional information from NXP or third parties, as it performs additional analysis of the facts

14  and legal issues currently known, and as LSI locates additional information, or based on a ruling

15  by the Court.

16        LSI objects that this interrogatory is not directed to information relevant to NXP's

17  licensing defense in this case.

18        Subject to the foregoing, and the General Objections, LSI responds as follows:

19        At a mutually agreeable time, subsequent to the disclosure in Patent Rule 3-1 and 3-2, after

20  NXP has provided a disclosure of its prior art, and once a suitable protective order is in place, LSI

21  will provide responsive information.

22  **INTERROGATORY NO. 7:**

23        Separately for each Patent-In-Suit, describe in detail all facts and circumstances relating to

24  the first written description of the invention, the first disclosure of the invention to another, the

25  first manufacture of the claimed invention, the first use of the claimed invention, the first public

26  use of the claimed invention , the first offer for sale of the claimed invention, the first sale of the

27  claimed invention, and the first offer for sale of the claimed invention for inclusion in a product to

28  be sold in the United States, including, without limitation, the date on which each such event

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW)                           - 13 -

1 occurred, the identity of each person with knowledge of any of the foregoing, the price of any such

2 offers for sale or sales, and the identity of all documents relating to any of the foregoing.

3 **RESPONSE TO INTERROGATORY NO. 7**:

4      In addition to the General Objections, which are incorporated fully by reference herein,

5 LSI objects to this interrogatory to the extent it calls for information that is protected from

6 discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

7 other applicable privilege or protection. LSI objects to this interrogatory as compound and

8 consisting of multiple subparts which properly should be counted as separate interrogatories. LSI

9 objects to this interrogatory as calling for a legal conclusion. LSI objects to this interrogatory as

10 vague and ambiguous. For example, the phrases "the first written description," "the first

11 disclosure of the invention to another," and "the claimed invention," are vague and ambiguous.

12 LSI objects to this interrogatory as overbroad and unduly burdensome in that the interrogatory is

13 not limited to circumstances occurring more than one year before the filing date of the respective

14 patents. LSI also objects to the interrogatory to the extent it calls for information that is in the

15 possession of third parties not under LSI's control.

16      LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI

17 reserves the right to modify or supplement its response as it receives additional information from

18 NXP or third parties, as it performs additional analysis of the facts and legal issues currently

19 known, and as LSI locates additional information, or based on a ruling by the Court.

20      LSI objects to the extent that this interrogatory is not directed to information relevant to

21 NXP's licensing defense in this case.

22      Subject to the foregoing, and the General Objections, LSI responds as follows:

23      LSI will meet and confer with NXP in good faith to define an appropriate scope for this

24 interrogatory.

25 **INTERROGATORY NO. 8**:

26      Identify and describe any communications of which LSI is aware, either written or oral,

27 that allege or discuss infringement of any of the LSI Patents-In-Suit, or patents related to the LSI

28

1 | Patents-In-Suit, or question or challenge the validity or enforceability of any of the such patents,

2 | including, without limitation:

3 |     (a) each communication in which notification has been made to someone that he, she, or it was

4 |         allegedly infringing any of the LSI Patents-In-Suit;

5 |     (b) each communication in response to any such notification;

6 |     (c) all subsequent communications sent or received concerning the same; and

7 |     (d) any domestic or foreign, litigation or administrative proceedings, including proceedings

8 |         before the Patent and Trademark Office, to which you have been a party that relates to any

9 |         of the LSI Patents-In-Suit or the patent applications which led to any of the LSI Patents-In-

10 |         Suit, patents related to the LSI Patents-In-Suit, the LSI Products, or the products identified

11 |         in your response to Interrogatory

12 | **RESPONSE TO INTERROGATORY NO. 8:**

13 |       In addition to the General Objections, which are incorporated fully by reference herein,

14 | LSI objects to this interrogatory to the extent it calls for information that is protected from

15 | discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

16 | other applicable privilege or protection. LSI objects to this interrogatory as vague and ambiguous.

17 | For example, the phrases "patents related to the LSI Patents-In-Suit," "question or challenge the

18 | validity or enforceability," and "LSI Products" are vague and ambiguous. LSI objects to this

19 | interrogatory as nonsensical with regard to the phrase "the products identified in your response to

20 | Interrogatory." LSI objects to this interrogatory as compound and consisting of multiple subparts

21 | which properly should be counted as separate interrogatories. LSI further objects to this

22 | interrogatory as overbroad and unduly burdensome. LSI also objects to this interrogatory to the

23 | extent it calls for information that is in the possession of NXP or third parties not under LSI's

24 | control.

25 |       LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI

26 | reserves the right to modify or supplement its response as it receives additional information from

27 | NXP or third parties, as it performs additional analysis of the facts and legal issues currently

28 | known, and as LSI locates additional information, or based on a ruling by the Court.

1       LSI objects to the extent that this interrogatory is not directed to information relevant to

2   NXP's licensing defense in this case. LSI objects to the extent this interrogatory seeks

3   information in violation of Federal Rule of Evidence 408 or the non-disclosure agreement signed

4   by the parties.

5       Subject to the foregoing, and the General Objections, LSI responds as follows:

6       LSI will meet and confer with NXP in good faith to define an appropriate scope for this

7   interrogatory.

8   **INTERROGATORY NO. 9**:

9       Identify with particularity each instance, including but not limited to litigation, in which

10  LSI has asserted that any person or entity infringes the LSI Patents-In-Suit, patents related to the

11  LSI Patents-In-Suit, or any of their foreign counterparts, and identify the specific claims asserted

12  to have been infringed, the allegedly infringing product or method, the details of any action taken

13  with regards to the allegedly infringing product or method, and all LSI personnel knowledgeable

14  thereof, including their names, bases for their knowledge, current employer, and current address.

15  **RESPONSE TO INTERROGATORY NO. 9**:

16      In addition to the General Objections, which are incorporated fully by reference herein,

17  LSI objects to this interrogatory to the extent it calls for information that is protected from

18  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

19  other applicable privilege or protection. LSI further objects to this interrogatory as vague and

20  ambiguous. For example, the phrases "patents related to the LSI Patents-In-Suit" and "any action

21  taken with regards to the allegedly infringing product or method" are vague and ambiguous. LSI

22  further objects to this interrogatory as overbroad and unduly burdensome to the extent that this

23  information is equally available to NXP from public sources. LSI objects to this interrogatory as

24  compound and consisting of multiple subparts which properly should be counted as separate

25  interrogatories.

26      LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI

27  reserves the right to modify or supplement its response as it receives additional information from

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW)     - 16 -

1   NXP or third parties, as it performs additional analysis of the facts and legal issues currently

2   known, and as LSI locates additional information, or based on a ruling by the Court.

3        LSI objects that this interrogatory is not directed to information relevant to NXP's

4   licensing defense in this case.  The parties have agreed to and the Court has ordered staging of

5   discovery in this matter.  The parties will perform discovery regarding NXP's licensing defense

6   and the court will rule on summary judgment motions related thereto before any patent-related

7   issues are reached.

8        LSI objects to the extent this interrogatory seeks information in violation of Federal Rule

9   of Evidence 408 or the Non-disclosure Agreement signed by the parties.

10       Subject to the foregoing, and the General Objections, LSI responds as follows:

11   LSI will meet and confer with NXP in good faith to define an appropriate scope for this

12   interrogatory.

13  **INTERROGATORY NO. 10**:

14       If you contend that all pre-litigation assertions by LSI of infringement of the Patents-In-

15   Suit by NXP are inadmissible, state all the facts supporting that contention.

16  **RESPONSE TO INTERROGATORY NO. 10**:

17       In addition to the General Objections, which are incorporated fully by reference herein,

18   LSI objects to this interrogatory to the extent it calls for information that is protected from

19   discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

20   other applicable privilege or protection. LSI further objects to this interrogatory as vague and

21   ambiguous.  For example, the term "all pre-litigation assertions by LSI of infringement" is vague

22   and ambiguous.  LSI interprets this phrase as meaning statements by LSI that NXP infringes a

23   certain patent.

24       LSI objects that this interrogatory is a premature contention interrogatory.  This matter is

25   still in its early stages.  LSI reserves the right to modify or supplement its response as it receives

26   additional information from NXP or third parties, as it performs additional analysis of the facts

27   and legal issues currently known, and as LSI locates additional information, or based on a ruling

28   by the Court.

1    Subject to the foregoing, and the General Objections, LSI responds as follows:

2    Statements by LSI that NXP infringes a certain patent are inadmissible based on Federal

3    Rule of Evidence 408. These statements are further barred admission based on the non-disclosure

4    agreement signed by the parties.

5    **INTERROGATORY NO. 11**:

6    Identify all persons who have, or previously held, any interest in the LSI Patents-In-Suit,

7    any patents or patent applications related to the LSI Patents-In-Suit, and any foreign counterparts

8    to the LSI Patents-In-Suit.

9    **RESPONSE TO INTERROGATORY NO. 11**:

10    In addition to the General Objections, which are incorporated fully by reference herein,

11    LSI objects to this interrogatory to the extent it calls for information that is protected from

12    discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

13    other applicable privilege or protection. LSI further objects to this interrogatory as vague and

14    ambiguous. For example, the phrase "any interest" is vague and ambiguous. LSI further objects

15    to this interrogatory as overbroad and unduly burdensome as it is not limited to the Patents-In-

16    Suit.

17    LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI

18    reserves the right to modify or supplement its response as it receives additional information from

19    NXP or third parties, as it performs additional analysis of the facts and legal issues currently

20    known, and as LSI locates additional information, or based on a ruling by the Court.

21    Subject to the foregoing, and the General Objections, LSI responds as follows:

22    LSI is the assignee of U.S. Patent Nos. 5,600,182 and 5,827,777, and Agere is the assignee

23    of U.S. Patent Nos. 5,373,180; 5,227,335; 5,599,739; 5,149,672; 5,022,958; 6,153,543; 4,914,500;

24    4,919,748; 5,844,928; 5,909,149; and 6,163,184. Defendants will produce documents, under

25    Federal Rule of Civil Procedure 33(d), or provide information sufficient to demonstrate persons

26    who have previously held any ownership interest in the LSI Patents-In-Suit once a suitable

27    protective order has been entered in this matter.

28

1  **INTERROGATORY NO. 12:**

2     State all facts supporting your contention, at paragraph 16 of your Answer, that NXP USA

3  is not entitled to a declaratory judgment regarding the rights and duties of the parties under the

4  1987 Patent License Agreement attached as Exhibit 1 to the complaint in this action.

5  **RESPONSE TO INTERROGATORY NO. 12:**

6     In addition to the General Objections, which are incorporated fully by reference herein,

7  LSI objects to this interrogatory to the extent it calls for information that is protected from

8  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

9  other applicable privilege or protection.

10    LSI objects that this interrogatory is a premature contention interrogatory. This matter is

11 still in its early stages. LSI reserves the right to modify or supplement its response as it receives

12 additional information from NXP or third parties, as it performs additional analysis of the facts

13 and legal issues currently known, and as LSI locates additional information, or based on a ruling

14 by the Court. LSI further objects to this interrogatory as irrelevant in that NXP served an

15 Amended Complaint for Declaratory Judgment & Demand for Jury Trial on May 30, 2008.

16    Subject to the foregoing, and the General Objections, LSI responds as follows:

17    At the time of its answer, LSI had no evidence that NXP, as opposed to another subsidiary

18 of NXP B.V., has or is committing an allegedly infringing act. LSI is investigating additional

19 bases for this contention.

20 **INTERROGATORY NO. 13:**

21    State all facts supporting your purported "Second Defense" that "[t]he Court lacks subject

22 matter jurisdiction over the complaint or, in the alternative, should exercise its discretion to

23 decline subject matter jurisdiction."

24 **RESPONSE TO INTERROGATORY NO. 13:**

25    In addition to the General Objections, which are incorporated fully by reference herein,

26 LSI objects to this interrogatory to the extent it calls for information that is protected from

27 discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

28 other applicable privilege or protection.

1     LSI objects that this interrogatory is a premature contention interrogatory. This matter is

2   still in its early stages. LSI reserves the right to modify or supplement its response as it receives

3   additional information from NXP or third parties, as it performs additional analysis of the facts

4   and legal issues currently known, and as LSI locates additional information, or based on a ruling

5   by the Court. LSI further objects to this interrogatory as irrelevant in that NXP served an

6   Amended Complaint for Declaratory Judgment & Demand for Jury Trial on May 30, 2008.

7         Subject to the foregoing, and the General Objections, LSI responds as follows:

8         At the time of LSI's answer, it had no evidence that NXP, as opposed to another subsidiary

9   of NXP B.V., has or is committing any allegedly infringing acts. LSI is investigating additional

10   bases for this contention.

11  **INTERROGATORY NO. 14**:

12         State all facts supporting your purported "Third Defense" that "NXP USA's First Claim

13   for Relief is bared based on laches and/or estoppel."

14  **RESPONSE TO INTERROGATORY NO. 14**:

15         In addition to the General Objections, which are incorporated fully by reference herein,

16   LSI objects to this interrogatory to the extent it calls for information that is protected from

17   discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

18   other applicable privilege or protection.

19         LSI objects that this interrogatory is a premature contention interrogatory. This matter is

20   still in its early stages. LSI reserves the right to modify or supplement its response as it receives

21   additional information from NXP or third parties, as it performs additional analysis of the facts

22   and legal issues currently known, and as LSI locates additional information, or based on a ruling

23   by the Court. LSI further objects to this interrogatory as irrelevant in that NXP served an

24   Amended Complaint for Declaratory Judgment & Demand for Jury Trial on May 30, 2008.

25         Subject to the foregoing, and the General Objections, LSI responds as follows:

26         The 1987 PLA no longer requires the payment of royalties. LSI is investigating additional

27   basis for this contention.

28

1    **INTERROGATORY NO. 15**:

2          In the event that you answered any of NXP's Requests for Admissions with anything

3    other than an unqualified admission, explain the reasons, facts, events, and grounds for any such

4    response.

5    **RESPONSE TO INTERROGATORY NO. 15**:

6          In addition to the General Objections, which are incorporated fully by reference herein,

7    LSI objects to this interrogatory to the extent it calls for information that is protected from

8    discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

9    other applicable privilege or protection.  LSI objects that this interrogatory is a premature

10   contention interrogatory.  This matter is still in its early stages.  LSI is still analyzing the Patents-

11   In-Suit and the 1987 Patent License Agreement and its amendments, as well as formulating its

12   positions.  LSI reserves the right to modify or supplement its response as it receives additional

13   information from NXP or third parties, as LSI locates additional information, or based on a ruling

14   by the Court.

15          LSI further objects to this interrogatory as overbroad and unduly burdensome.

16   Specifically, under Northern District of California Local Rule 33-2, "A demand that a party set

17   forth the basis for a denial of an admission requested under FRCivP 36 will be treated as a

18   separate discovery request (an interrogatory) and is allowable only to the extent that a party is

19   entitled to propound additional interrogatories."  For each Request for Admission, LSI will treat

20   the response below as a separate interrogatory, and LSI will provide responses to these

21   interrogatories only until NXP has reached the limit on the number of interrogatories it is allowed

22   to propound.  LSI will not respond to any interrogatories beyond that limit.

23          LSI objects that to the extent that this interrogatory is not directed to information relevant

24   to NXP's licensing defense in this case.

25          LSI objects to the extent the interrogatory is premature in light of Patent L.R. 3-1 and in

26   violation of Patent L.R. 2-5.

27          Requests for Admission 1-13 have been admitted.

28

1    Requests for Admission Nos. 18-20, 24 and 26 have been denied.  Defendants have

2  asserted infringement counterclaims with respect to the patents mentioned therein.

3    Requests for Admission 14-17, 21-23, and 25 have been denied on the basis that LSI lacks

4  sufficient information on which to base an admission or denial.  LSI will supplement its response

5  based upon discovery received in this matter.

6    At a mutually agreeable time, and once a suitable protective order is in place, LSI will

7  identify additional responsive information.

8

9  DATED: June 16, 2008                    Respectfully Submitted,

10                                         IRELL & MANELLA LLP
                                           Jonathan H. Steinberg
11                                         Samuel K. Lu
                                           Jason G. Sheasby
12                                         C. Maclain Wells

13

14                                         By:___/s/ C. Maclain Wells_____
                                                   C. Maclain Wells
15
                                           Attorneys for Defendant LSI CORPORATION and
16                                         Defendant and Counterclaimant AGERE SYSTEMS,
                                           INC.
17

18

19

20

21

22

23

24

25

26

27

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW)                  - 22 -

# EXHIBIT 5

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

# Morgan Lewis
C O U N S E L O R S   A T   L A W

**Mark W. Taylor**
202.739.5030
mark.taylor@morganlewis.com

July 18, 2008

## VIA ELECTRONIC AND U.S. MAIL

C. Maclain Wells
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

   Re: NXP Semiconductors USA, Inc. v. LSI Corporation and Agere Systems, Inc.
     No. CV-08-0775 JW

Dear Maclain:

I write on behalf of NXP Semiconductors USA, Inc. ("NXP") to confirm our understanding of topics discussed during our July 15, 2008 teleconference, during which we met and conferred regarding discovery issues.

The parties agree that the protective order is effectively in place, even if it has not yet been signed by Judge Ware, and document production should commence by July 29, 2008. The parties will provide privilege logs, exclusive of privileged documents prepared by, for, or at the direction of litigation counsel and their agents. The parties agree to produce to the other party all documents obtained from third parties pursuant to a subpoena.

LSI confirmed that its agreement to produce documents includes an agreement to produce documents in Agere's possession, custody, or control, and therefore, that duplicate sets of discovery need not be served on Agere by NXP. The parties agreed that, in responding to discovery requests, LSI and Agere will conduct reasonable searches of documents in their possession, custody, or control from AT&T or Lucent, and NXP will conduct reasonable searches of documents in its possession, custody, or control from Philips.

The parties further agree that the phasing of the litigation and resulting schedule dictate that discovery be taken first on the licensing issue, without prejudice to the right of the parties to seek additional discovery during subsequent phases. NXP has reasonably limited its current requests to the production by LSI and Agere of simple background information and information relevant to the licensing issue. LSI and Agere, on the other hand, seek documents and interrogatory

EXHIBIT 5



Irell & Manella LLP
C. Maclain Wells
July 18, 2008
Page 2

responses from NXP that far exceed any reasonable interpretation of the scope of the current phase of this litigation.

**NXP's Discovery Responses**

As we explained during the teleconference, NXP does not have access to Philips' facilities. Indeed, the overwhelming majority of Philips' information and documents are not in the possession, custody, or control of NXP. However, those non-privileged documents that are responsive to LSI's discovery requests and are in NXP's possession, custody, or control will be produced to the extent they are relevant to the current stage of this litigation.

That said, LSI and Agere seek an inordinate amount of irrelevant and burdensome production from NXP relating to NXP and Philips products. It is both irrational and unreasonable to expect NXP to provide documentation that identifies and describes each and every one of NXP's 50,000+ licensed products (not to mention every iteration of those products going back, in some cases, to 1985), along with design, manufacture, and sale dates for each. NXP by no means has the burden to make an individualized showing that each and every product is covered by the license.

For these reasons, we proposed during out teleconference that the parties agree to proceed with discovery on the basis of representative products, namely those identified by LSI and Agere prior to this litigation, to narrow the scope of discovery to a reasonable and manageable level. Surprisingly, this proposal was rejected by you out of hand. You further declined our request that LSI/Agere consider proposing alternative representative products.

After revisiting the issue and considering your comments, we believe that our proposal is quite fair and clearly is the most reasonable suggestion to date. To clarify, NXP proposes to proceed using the representative products identified by LSI and Agere prior to this litigation, and when appropriate, to provide lists of products for which they are representative, rather than litigating over and asking the Court to adjudicate each product individually.

In order to further evaluate your proposal that representative products from Philips' 1987 products be identified, please explain: (i) how this is necessary or helpful; (ii) what advantages it presents beyond those presented by our proposal; and (iii) how it addresses the concerns dealt with by our proposal.

    <u>NXP's Interrogatory Responses</u>

NXP agrees to supplement Interrogatory No. 1 to identify person(s), to the extent such persons exist, knowledgeable about: (i) what third parties manufacture products for NXP and which

**Morgan Lewis**
COUNSELORS AT LAW

Irell & Manella LLP
C. Maclain Wells
July 18, 2008
Page 3

products they manufacture; and (ii) material differences between Philips' July 1987 products and NXP's current products. In lieu of identifying an individual knowledgeable about the patents-in-suit, NXP agrees to stipulate that the '180, '335, '739, '672, '958, '500, '748, and '928 patents are captured by the Patent License Agreement at issue, and that the remaining patents-in-suit, the '182, '777, '149, '543, and '184 patents, fall outside of the capture period of the Patent License Agreement and, therefore, are not at issue during this phase of the litigation.

In addition to the irrelevance of the comprehensive product-related discovery requested in LSI's discovery requests, it would be unreasonable to expect NXP to provide such discovery on all of NXP's products, let alone all of Philips' products. Further, as explained during our teleconference, product data sheets for all of NXP's products are publicly available. Accordingly, once an agreement is reached regarding representative products, NXP will supplement its responses to Interrogatory Nos. 2, 3, and 4 as appropriate. Interrogatory No. 5 will be supplemented to the extent NXP has any responsive, relevant information in its possession, custody, or control.

If NXP has any non-privileged communications responsive to Interrogatory No. 6 and related to this phase of the litigation, our response will be supplemented. Finally, with regard to Interrogatory Nos. 12-15 and 17, NXP agrees to examine the feasibility of providing lists of products with the recited features. The parties agreed that the subject matter of Interrogatory Nos. 7-11 and 16 is not relevant to this stage of the litigation.

<u>NXP's Responses to Requests for Production</u>

NXP's objections, on the basis of work product and attorney-client privilege, stand with respect to Request No. 2.

NXP agrees to provide appropriate documents responsive to Request No. 5 once an agreement is reached with regard to representative products. Request Nos. 6, 7, and 8, however, are beyond the scope of the current phase of this litigation, and appropriate responsive documents may be produced during a later phase of this litigation.

In accordance with Request No. 11, NXP will produce all non-privileged documents relating to the interpretation of the Patent License Agreement. To the extent they are within the possession, custody, or control of NXP, we will also produce copies of agreements responsive to Request Nos. 13 and 14 to the extent they are related to the patents-in-suit or the Patent License Agreement.

Subject to NXP's objections regarding the relevance and public availability of this information, NXP will produce relevant documents responsive to Request Nos. 15, 16, and 18, to the extent



Irell & Manella LLP
C. Maclain Wells
July 18, 2008
Page 4

any such documents are in the possession, custody, or control of NXP. Request Nos. 17, 19, 20, and 21, however, should be addressed after we have reached a mutually acceptable agreement regarding representative products.

## LSI Discovery Responses

### LSI and Agere's Responses to Requests for Production

LSI and Agere agreed to collect and produce all non-privileged documents responsive to Request Nos. 1, 2, 38, and 39, including but not limited to all pre-litigation communications between the parties, as long as those documents are at least tangentially related to the Patent License Agreement issue. This agreement also includes any documents in files Agere may have received from Lucent regarding the original 1987 license agreement or the 1995 amendment thereto.

LSI agreed to produce any non-privileged documents responsive to Request No. 40 to the extent they are related to the license issue.

LSI and Agere agreed to collect and produce all documents responsive to Request Nos. 43, 44, 46, and 47 – including but not limited to any license agreements with TSMC and associated communications – that relate to this action, the patents-in-suit, or the Patent License Agreement. Likewise, LSI and Agere agreed to produce all documents responsive to Request Nos. 3, 4, 5, and 48. NXP agrees that a description is not necessary for the duties of every employee of LSI and Agere in response to Request No. 4.

NXP proposes to narrow the scope of Request Nos. 7 and 8 (and Interrogatory Nos. 2, 8, and 9) for this stage of the litigation only. For now, NXP requests identification of litigations or other proceedings in which the validity of any of the patents-in-suit has been challenged or overturned. NXP reserves its right to seek further responses to all requests during later phases of this litigation.

With regard to Request Nos. 10 and 11, LSI and Agere agreed to collect and produce all non-privileged documents reflecting the ownership or transfer of the patents-in-suit, including but not limited to the transfer from Lucent or AT&T to Agere and LSI and the divestiture of Agere from Lucent. LSI and Agere further agreed to produce documents that mention any licenses to which the patents-at-issue were subject at the time of transfer.

In response to Request Nos. 21 and 22, LSI and Agere agreed to produce copies of the prosecution histories of the patents-in-suit. LSI and Agere will also collect and produce documents responsive to Request No. 54 to the extent they involve the licensing issue.

DB2/20766660

Morgan Lewis
COUNSELORS AT LAW

Irell & Manella LLP
C. Maclain Wells
July 18, 2008
Page 5

LSI and Agere's Interrogatory Responses

As discussed during our teleconference, LSI/Agere's assertion that NXP bears the ultimate burden of persuasion on the license issue does not relieve LSI or Agere of their obligations to respond fully to Interrogatory No. 1. LSI and Agere must explain fully their contentions regarding the Patent License Agreement and the bases therefor. Your refusal to supplement this response until documents are produced is improper, especially in light of the fact that LSI and Agere have clearly developed and articulated positions regarding the interpretation of the Patent License Agreement to which NXP is entitled discovery. For example, you stated during the teleconference that changes in a process from 1987 to the present would be indicative of changes in the kind of products. However, you have not expressed such a theory in response to Interrogatory No. 1, nor have you provided NXP with Agere and LSI's interpretations of terms from the Patent License Agreement such as "products" and "of the kind," or any basis for your contention that NXP is not licensed. Therefore, LSI and Agere must immediately supplement their response to Interrogatory No. 1, or NXP will move to compel such supplementation.

LSI and Agere agreed to supplement their response to Interrogatory No. 11 to identify assignment documents produced pursuant to Request for Production Nos. 10 and 11.

Finally, NXP again requests supplementation of Interrogatory No. 14. As we discussed during our teleconference, LSI and Agere must identify any additional bases for their laches and estoppel contentions. The license issue is not a new one, and NXP is entitled to discovery of any additional bases of which LSI and Agere are aware. Furthermore, the statement in LSI's response regarding the payment of royalties is not clear and needs further explanation. During the teleconference, you explained LSI's theory that NXP's declaratory judgment claims of invalidity may be barred if NXP prevails on the Patent License Agreement issue. NXP requests that you supplement the response to Interrogatory No. 14 to confirm that this is the only purported basis that LSI and Agere have for its laches and/or estoppel argument.

Very truly yours,

Mark W. Taylor

# EXHIBIT 6

1  IRELL & MANELLA LLP
   Jonathan H. Steinberg (98044)
2  Samuel K. Lu (171969)
   Jason G. Sheasby (205455)
3  C. Maclain Wells (221609)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
5  Facsimile:  (310) 203-7199
   E-mail: jsteinberg@irell.com
6  E-mail: slu@irell.com
   E-mail: jsheasby@irell.com
7  E-mail: mwells@irell.com

8  Attorneys for Defendant LSI CORPORATION and
   Defendant and Counterclaimant AGERE SYSTEMS, INC.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  NXP SEMICONDUCTORS USA, INC.,        ) CASE NO. CV-08-00775 (JW & RS)
                                         )
14            Plaintiff,                 )
                                         ) **LSI CORPORATION'S FIRST**
15       vs.                             ) **SUPPLEMENTAL RESPONSES TO**
                                         ) **NXP SEMICONDUCTORS USA,**
16  LSI CORPORATION d/b/a LSI LOGIC      ) **INC.'S FIRST SET OF**
    CORPORATION, a Delaware Corporation  ) **INTERROGATORIES (NOS. 1, 11**
17  and AGERE SYSTEMS, INC., a Delaware  ) **AND 14)**
    corporation,                         )
18                                       )
              Defendants.                )
19                                       )
    ─────────────────────────────────── )
20  AGERE SYSTEMS, INC., a Delaware      )
    corporation,                         )
21                                       )
              Counterclaimant,           )
22                                       )
         vs.                             )
23                                       )
    NXP SEMICONDUCTORS USA, INC.,        )
24  a Delaware corporation, and          )
                                         )
25            Counterclaim-Defendant.    )
    ─────────────────────────────────── )
26

27

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW & RS)

EXHIBIT __6__

1903575

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules

2    for the Northern District of California, Defendant LSI Corporation ("LSI") hereby further

3    responds to Plaintiff NXP Semiconductors USA, Inc.'s ("NXP") First Set of Interrogatories (Nos.

4    1, 11 and 14) as follows:

5                                         **INTRODUCTION**

6    This response is made solely for the purpose of this action. The response is subject to all

7    objections as to competence, relevance, materiality, propriety and admissibility, and to any and all

8    other objections on any grounds that would require the exclusion of any statements contained

9    herein if such interrogatory were asked of, or statements contained herein were made by, a witness

10   present and testifying in court, all of which objections and grounds are expressly reserved and may

11   be interposed at the time of trial.

12   This response is being provided at the beginning of discovery in this case and necessarily

13   reflects only the limited information that is available to LSI at this time. This response is therefore

14   given without prejudice to LSI's right to produce evidence of any subsequently discovered fact or

15   facts that it may later recall or discover. LSI further reserves the right to change, amend or

16   supplement any or all of the matters contained in this response as additional facts are ascertained,

17   analyses are made, research is completed and contentions are made.

18   Objections to each interrogatory are made on an individual basis below. From time to

19   time, for special emphasis, LSI will repeat in the specific objections certain objections also set

20   forth in the General Objections. The specific objections are submitted without prejudice to, and

21   without in any way waiving, the General Objections listed below, but not expressly set forth in the

22   response. The assertion of any objection to any interrogatory below is neither intended as, nor

23   shall in any way be deemed, a waiver of LSI's right to assert that or any other objection at a later

24   date.

25   No incidental or implied admissions are intended by the response below. The fact that LSI

26   has answered or objected to any interrogatory should not be taken as an admission that LSI accepts

27   or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that

28

1  LSI has answered part or all of any interrogatory is not intended to be, and shall not be construed

2  to be, a waiver by LSI of any part of any objection to the interrogatory.

3  **GENERAL OBJECTIONS**

4      1.    LSI objects to the First Set of Interrogatories and to each definition, instruction, and

5  interrogatory therein to the extent that they purport to impose on LSI obligations that differ from

6  or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the Northern

7  District of California ("Local Rules"), or any order or ruling by the Court in this action. LSI shall

8  not comply with any purported obligation not imposed by law.

9      2.    LSI objects to the First Set of Interrogatories and to each interrogatory therein on

10  the ground and to the extent that they purport to seek information protected by the work product

11  doctrine, the attorney-client privilege, the settlement privilege, or any other privilege or restriction

12  on discovery. LSI will not produce information protected by such privileges or restrictions. Any

13  inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any

14  applicable privilege.

15      3.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

16  the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is

17  beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not

18  limited to Federal Rule of Civil Procedure 26(b).

19      4.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

20  the extent that they are vague, ambiguous, or without sufficient specificity to identify what

21  information is requested.

22      5.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

23  the extent they seek premature expert discovery.

24      6.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

25  the extent that they are compound and are actually multiple interrogatories, on the ground that they

26  are an impermissible attempt to circumvent limits set by Federal Rule of Civil Procedure 33(a)(1)

27  and/or agreed to by the parties.

28

1    7.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

2   the extent that they seek information that is publicly available, in the possession, custody or

3   control of NXP or any person or entity other than LSI, and is equally accessible to NXP.

4    8.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

5   the extent that they call for legal conclusions.

6    9.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

7   the extent that they seek disclosure of LSI's trade secret, proprietary, or other confidential or

8   competitively sensitive information or personal information that is protected by statutory,

9   constitutional, common law or privacy rights. LSI reserves the right not to provide any of this

10  information until an appropriate protective order is in place. To the extent that LSI responds to

11  these Interrogatories by referring NXP to documents pursuant to Federal Rule of Civil Procedure

12  33(d), nothing herein shall affect in any way the confidentiality designations, if any, of those

13  documents.

14   10.    LSI objects to the First Set of Interrogatories and each interrogatory therein to the

15  extent they call for trade secret, proprietary, or other confidential or competitively sensitive

16  information of third parties. LSI will not provide any of this information without consent of the

17  third party.

18   11.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

19  the extent they request information concerning patent claims and claim terms that have not yet

20  been construed by the Court. LSI reserves its right to modify or supplement its responses as a

21  result of any rulings by the Court bearing on claim construction, and/or discovery bearing on

22  claim construction.

23   12.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to

24  the extent they request information dependent upon documents or other information in the

25  possession, custody and control of NXP or third parties. LSI reserves its right to modify or

26  supplement its responses in view of the discovery of information and review of documents

27  received from NXP or third parties.

28

13.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are premature in light of the schedule set by the Court in its June 5, 2008 scheduling order. LSI also objects to the extent they seek to circumvent the schedule set out in the Patent Local Rules, including Patent Local Rule 2-5.

14.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are inconsistent with Federal Rule of Evidence 408 or the non-disclosure agreement signed by NXP and LSI.

15.    LSI objects to the First Set of Interrogatories and to each interrogatory therein to the extent they seek information that is not reasonably accessible because of undue burden or cost.

16.    LSI objects to the definition of "Communication" as set forth in paragraph 2 of the Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

17.    LSI objects to the definition of "Document" as set forth in paragraph 4 of the Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

18.    LSI objects to the definitions of "to identify" as set forth in paragraphs 6 through 9 of the Definitions to the extent these definitions purport to impose on LSI any obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

19.    LSI objects to the definitions of "LSI," "YOU," and "YOUR" as set forth in paragraph 10 of the Definitions to the extent that those definitions purport to impose any discovery obligation on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which LSI has no control. LSI objects to the definition of "LSI" as overly broad. LSI will only respond as to LSI Corporation and Agere Systems, Inc.

20.    LSI objects to the definition of "NXP" as set forth in paragraph 11 of the Definitions to the extent that it purports to impose any discovery obligation on persons or entities

1   other than the parties to this action, and to the extent it seeks discovery from individuals or entities

2   over which LSI has no control. LSI objects to the definition of "NXP" as overly broad. LSI will

3   only respond as to NXP Semiconductors USA, Inc.

4        21.   LSI objects to the definition of "Person" or "Persons" as set forth in paragraph 13

5   of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

6   exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

7   ruling by the Court in this action.

8        22.   LSI objects to the definition of "prior art" as set forth in paragraph 14 of the

9   Definitions and to the instruction to include "materials and references sent or identified to LSI or

10  its predecessors internally or by third parties" to the extent they seek information protected by the

11  work product doctrine, the attorney-client privilege, the settlement privilege, or any other privilege

12  or restriction on discovery. LSI further objects to the instruction because "the broadest possible

13  interpretations of 35 U.S.C. §§ 102 or 103" is vague, ambiguous, and calls for a legal conclusion.

14  LSI further objects to the definition of "prior art" to the extent it purports to impose on LSI any

15  obligation that differs from or exceeds those required by the Federal Rules of Civil Procedure, the

16  Local Rules, or any order or ruling by the Court in this action.

17       23.   LSI objects to the definition of "relating to" or "related to" set forth in paragraph 16

18  of the Definitions to the extent it purports to impose on LSI any obligation that differs from or

19  exceeds those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or

20  ruling by the Court in this action.

21       24.   LSI objects to the definition of "thing" or "things" set forth in paragraph 17 of the

22  Definitions to the extent it purports to impose on LSI any obligation that differs from or exceeds

23  those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

24  the Court in this action.

25       25.   LSI expressly incorporates each of the foregoing General Objections into each

26  specific response to the interrogatories set forth below as if set forth in full therein. An answer to

27  an interrogatory shall not work as a waiver of any applicable specific or general objection to an

28  interrogatory.

1

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES NOS. 1, 11 AND 14

2

3  **INTERROGATORY NO. 1:**

4      If you contend that NXP is not licensed to the Patents-In-Suit under the 1987 Patent

5  License Agreement attached as Exhibit 1 to the complaint in this action, as amended by letter

6  attached as Exhibit 2 to the complaint in this action, state all facts supporting that contention.

7  **RESPONSE TO INTERROGATORY NO. 1:**

8      In addition to the General Objections, which are incorporated fully by reference herein,

9  LSI objects to this interrogatory to the extent it calls for information that is protected from

10 discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

11 other applicable privilege or protection. LSI objects that this interrogatory is a premature

12 contention interrogatory. This matter is still in its early stages. LSI is still analyzing the Patents-

13 In-Suit and the 1987 Patent License Agreement and its amendments, as well as formulating its

14 positions. LSI reserves the right to modify or supplement its response as it receives additional

15 information from NXP or third parties, as it performs additional analysis of the facts and legal

16 issues currently known, as it locates additional information, or based on a ruling by the Court.

17 Furthermore, LSI objects that NXP has not yet identified any products for which NXP seeks a

18 declaration of non-infringement. Until NXP identifies such products, it is improper to request that

19 LSI present facts supporting any contention that NXP's products are not licensed under the

20 Patents-In-Suit. NXP also objects that the phrase "not licensed" is vague and ambiguous.

21      Subject to the foregoing, and the General Objections, LSI responds as follows:

22      NXP must establish that the Patents-In-Suit are within the capture period of the 1987

23 Patent License Agreement or any amendment thereto.

24      Furthermore, NXP's products must satisfy multiple requirements of the 1987 Patent

25 License Agreement to be licensed, including, among others, Section 1.01(a)'s requirement that

26 they be "products and services of the kinds which are furnished or used by PHILIPS or any of its

27 present RELATED COMPANIES in the operation of the business in which it is engaged on the

28 effective date of this Agreement," which entails a factual inquiry.

1    Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter

2    agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which

3    entails a factual inquiry.

4    **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

5    Subject to the foregoing, and the General Objections, LSI further responds as follows:

6    NXP bears the burden of proof on this issue.

7    NXP has failed to identify which of the Patents-In-Suit it contends are within the capture

8    period of the 1987 PLA and has failed to establish that such patents are within the capture period

9    of the 1987 PLA.

10    NXP has failed to establish that the patents assigned to Lucent upon its divestment from

11    AT&T, which were subsequently assigned to Agere upon its divestment from Lucent, are limited

12    by the 1987 PLA.

13    Furthermore, NXP has failed to demonstrate that its products satisfy the requirements of

14    the 1987 Patent License Agreement, including, among others, Section 1.01(a)'s requirement that

15    they be "products and services of the kinds which are furnished or used by PHILIPS or any of its

16    present RELATED COMPANIES in the operation of the business in which it is engaged on the

17    effective date of this Agreement." In particular, NXP must, for each product that was sold by

18    Philips as of July 1, 1987 (a "historical Philips Product"):

19    (a) Identify what businesses these products were sold in; and

20    (b) Define the methods of manufacture, designs, functions, and uses of the products.

21    Then, for current NXP products, NXP must:

22    (1) Identify what businesses the products are sold in; and

23    (2) Define the methods of manufacture, designs, functions, and uses of the products.

24    For a current NXP product to be licensed, a necessary condition is for NXP to compare (1) and (2)

25    to (a) and (b) and establish a match.

26    Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter

27    agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW & RS)          - 8 -

1  entails a factual inquiry. This includes establishing that each current NXP product "[is]

2  substantially similar to products and services sold by it prior to its divestiture."

3    Furthermore, NXP must establish satisfaction of the requirement that "sublicenses may be

4  granted and retained only while the future divested business operates as a separately identifiable

5  business and not for any existing or other acquired business of a third party acquiring the future

6  divested business." NXP has failed to provide any information demonstrating that this obligation

7  has been satisfied. In particular, LSI requires information regarding communications and

8  documents exchanged between NXP and Philips Electronics N.V. regarding the 1987 PLA and

9  information regarding the nature of the process of divestment of NXP from Philips Electronics

10 N.V.

11 **INTERROGATORY NO. 11**:

12    Identify all persons who have, or previously held, any interest in the LSI Patents-In-Suit,

13 any patents or patent applications related to the LSI Patents-In-Suit, and any foreign counterparts

14 to the LSI Patents-In-Suit.

15 **RESPONSE TO INTERROGATORY NO. 11**:

16    In addition to the General Objections, which are incorporated fully by reference herein,

17 LSI objects to this interrogatory to the extent it calls for information that is protected from

18 discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

19 other applicable privilege or protection. LSI further objects to this interrogatory as vague and

20 ambiguous. For example, the phrase "any interest" is vague and ambiguous. LSI further objects

21 to this interrogatory as overbroad and unduly burdensome as it is not limited to the Patents-In-

22 Suit.

23    LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI

24 reserves the right to modify or supplement its response as it receives additional information from

25 NXP or third parties, as it performs additional analysis of the facts and legal issues currently

26 known, and as LSI locates additional information, or based on a ruling by the Court.

27    Subject to the foregoing, and the General Objections, LSI responds as follows:

28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW & RS)          - 9 -

1       LSI is the assignee of U.S. Patent Nos. 5,600,182 and 5,827,777, and Agere is the assignee

2  of U.S. Patent Nos. 5,373,180; 5,227,335; 5,599,739; 5,149,672; 5,022,958; 6,153,543; 4,914,500;

3  4,919,748; 5,844,928; 5,909,149; and 6,163,184.  Defendants will produce documents, under

4  Federal Rule of Civil Procedure 33(d), or provide information sufficient to demonstrate persons

5  who have previously held any ownership interest in the LSI Patents-In-Suit once a suitable

6  protective order has been entered in this matter.

7  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

8       Subject to the foregoing, and the General Objections, LSI further responds as follows:

9       Documents responsive to this request are located at LANC00016506 - LANC00017173.

10  Further documents will be located and produced.

11  **INTERROGATORY NO. 14:**

12       State all facts supporting your purported "Third Defense" that "NXP USA's First Claim

13  for Relief is bared based on laches and/or estoppel."

14  **RESPONSE TO INTERROGATORY NO. 14:**

15       In addition to the General Objections, which are incorporated fully by reference herein,

16  LSI objects to this interrogatory to the extent it calls for information that is protected from

17  discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any

18  other applicable privilege or protection.

19       LSI objects that this interrogatory is a premature contention interrogatory.  This matter is

20  still in its early stages.  LSI reserves the right to modify or supplement its response as it receives

21  additional information from NXP or third parties, as it performs additional analysis of the facts

22  and legal issues currently known, and as LSI locates additional information, or based on a ruling

23  by the Court.  LSI further objects to this interrogatory as irrelevant in that NXP served an

24  Amended Complaint for Declaratory Judgment & Demand for Jury Trial on May 30, 2008.

25       Subject to the foregoing, and the General Objections, LSI responds as follows:

26       The 1987 PLA no longer requires the payment of royalties.  LSI is investigating additional

27  basis for this contention.

28

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**:

2      Subject to the foregoing, and the General Objections, LSI further responds as follows:

3      Because the 1987 PLA does not require the payment of royalties, if NXP establishes that

4  one or more of the Patents-In-Suit are licensed under the 1987 PLA, licensee estoppel prevents

5  NXP from pursuing invalidity claims against such patents.

6

7

8  DATED:  August 5, 2008                    Respectfully Submitted,

9                                            IRELL & MANELLA LLP
                                             Jonathan H. Steinberg
10                                           Samuel K. Lu
                                             Jason G. Sheasby
11                                           C. Maclain Wells

12
                                             By:  /s/ C. Maclain Wells
13                                                  C. Maclain Wells

14                                           Attorneys for Defendant LSI CORPORATION and
                                             Defendant and Counterclaimant AGERE SYSTEMS,
15                                           INC.

16

17

18

19

20

21

22

23

24

25

26

27

28