MICHAEL E. MOLLAND (State Bar No. 111830)
DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com

Attorneys for Plaintiff and Counterclaim-Defendant
NXP SEMICONDUCTORS USA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation, | Case No. C 08-00775 JW |
| Plaintiff, | **DECLARATION OF BRETT M. SCHUMAN IN SUPPORT OF NXP'S OPPOSITION TO MOTION TO COMPEL** |
| v. | Date:        September 10, 2008 |
| LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS. INC., a Delaware corporation | Time:        9:30 a.m. Courtroom:  4, 5th Floor Judge:       Hon. Richard Seeborg |
| Defendants. | |
| AGERE SYSTEMS, INC., a Delaware Corporation, | |
| Counterclaimant | |
| v. | |
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation | |
| Counterclaim-Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/20813347.1

# DECLARATION OF BRETT M. SCHUMAN

I, Brett M. Schuman, declare:

1.    I am a partner with the law firm of Morgan, Lewis & Bockius LLP, counsel for plaintiff NXP Semiconductors USA, Inc. ("NXP"). I have personal knowledge of the facts contained in this declaration and, if called as a witness, would and could competently testify to them.

2.    Attached hereto as Exhibit A is a true and accurate copy of a letter from C. M. Wells of Irell & Manella LLP to M. Taylor of Morgan, Lewis & Bockius LLP, dated July 18, 2008, regarding the parties' meet and confer on July 15, 2008.

3.    Attached hereto as Exhibit B is a true and accurate copy of a letter from C. M. Wells of Irell & Manella LLP to M. Taylor of Morgan, Lewis & Bockius LLP, dated July 21, 2008, regarding discovery issues.

4.    Attached hereto as Exhibit C is a true and accurate copy of a Non-Disclosure Agreement, effective March 20, 2007, between Agere Systems Inc. and NXP BV.

5.    Attached hereto as Exhibit D is a true and accurate copy of a letter from R. Wilkins of Morgan, Lewis & Bockius LLP to M. Wells of Irell & Manella LLP, dated July 29, 2008, enclosing a disc containing NXP's initial production of documents.

6.    Attached hereto as Exhibit E is a true and accurate copy of a letter from H. Hoying of Morgan, Lewis & Bockius LLP to M. Wells of Irell & Manella LLP, dated August 15, 2008, enclosing a disc containing NXP's supplemental production of documents.

7.    Attached hereto as Exhibit F is a true and accurate copy of an E-mail from M. Wells of Irell & Manella LLP to M. Taylor of Morgan, Lewis & Bockius LLP, dated July 25, 2008, regarding the parties' production of documents.

Executed this 20th day of August, 2008, in San Francisco, CA.


   /s/ Brett M. Schuman
   Brett M. Schuman

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/20813347.1

2

DECLARATION OF BRETT M. SCHUMAN
IN SUPPORT OF NXP'S OPPOSITION
TO MOTION TO COMPEL

# EXHIBIT A

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7656
FACSIMILE (310) 556-5382
MWELLS@IRELL.COM

July 18, 2008

**VIA E-MAIL**

bschuman@morganlewis.com
Brett M. Schuman
One Market, Spear Street Tower
San Francisco, CA 94105-1126

      Re:    <u>NXP v. LSI and Agere</u>

Dear Brett:

    I write regarding the parties' meet and confer on July 15, 2008 regarding discovery issues and other outstanding discovery issues in this matter.

### TSMC Documents

    In response to your July 9 e-mail regarding TSMC, you continue to claim that the information NXP provided to TSMC is not covered by the Non-Disclosure Agreement while denying LSI the only means to evaluate your claim. At the meet and confer, NXP agreed to produce all documents, materials, and other communications with TSMC, as they are responsive to outstanding document requests in this matter and necessary to evaluate NXP's claim that the information provided TSMC is unprotected by the Non-Disclosure Agreement.

    Please provide such materials immediately as NXP's potential violation of the Non-Disclosure Agreement needs to be addressed immediately. The information in TSMC's June 10, 2008 letter was designated as protected under the Non-Disclosure Agreement. NXP has no right to unilaterally ignore that designation.

### Discussions at the Meet and Confer

    Regarding the parties meet and confer, the parties have agreed that in order to accommodate the Court's expedited schedule regarding NXP's licensing defense, the parties will focus in the immediate future on discovery necessary for the parties' respective anticipated motions for summary judgment relating to the 1987 PLA.

1899496

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Brett M. Schuman
July 18, 2008
Page 2


NXP requested a list of all litigations in which the validity of the patents-in-suit had been challenged. LSI fails to see the relevance of such information at the current stage of the litigation.

The parties agreed that privileged materials created by litigation counsel on or after the filing date of this action need not be logged on a privilege log.

The parties agreed to abide by the terms of the Stipulated Protective Order until the Court enters an order regarding the same.

The parties agreed to a tentative date of July 29, 2008, for a reciprocal initial production of documents with the understanding that supplementation and further productions will likely be necessary. It is our understanding that NXP will produce documents responsive to the following LSI discovery requests at that time:

- Request 1

- Request 4

- Requests 9-12

- Requests 13-14

- Requests 15 and 18

- Requests 26-29

- Request 32

- Interrogatory No. 6 (under FRCP 33(d))

NXP has also agreed to supplement its response to LSI Interrogatory 1 to identify persons knowledgeable about the Patents-In-Suit and third-party manufacturing lines and to confirm that Pieter Hoojimans is the person most knowledgeable about differences between NXP products and Philips products available in 1987.

In response to Interrogatory 2, NXP has agreed to identify which of the Patents-In-Suit it contends are subject to the PLA.

In response to Interrogatory 4, NXP has taken the position that all NXP products are licensed under the 1987 PLA because all are semiconductor devices and Philips sold semiconductor devices in 1987 and has agreed to confirm so in writing.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Brett M. Schuman
July 18, 2008
Page 3

In response to Interrogatories 12-15, NXP has stated that it would consider providing a list of the products with the recited attributes. Please confirm in writing that NXP will do so.

In response to Interrogatory 16, NXP takes the position that the Patents-In-Suit relating to phase-locked loop technology are not within the capture period of the 1987 PLA or any amendment thereto. This is not a sufficient response. This interrogatory seeks information regarding a class of products that LSI will want to establish are not licensed under the 1987 PLA. As a result, it is highly relevant to the phase of the litigation unless NXP is willing to stipulate that NXP products containing phase-locked loop technology are not subject to the PLA.

NXP has agreed to produce documents responsive to LSI Document Request 3 as they are received by NXP.

## NXP has Refused to Collect Documents From or Respond on Behalf of Philips

NXP has taken the position that it has no obligation to collect documents from any Philips entity or to respond to discovery on behalf of Philips. NXP asserts that it has no agreement with Philips to provide any form of litigation assistance, including the ability to rely on Philips to make available documents. LSI disagrees with NXP's position and maintains that NXP must use reasonable efforts to collect responsive information, including, as a divested Philips entity, approaching Philips for responsive information.

To the extent that NXP has agreed to produce responsive information in this matter, NXP has agreed that such responses will include documents and information in NXP's possession originating from Philips, including information about products that predate Philips' divestiture of NXP.

We again request that NXP agree to collect responsive information from Philips. To avoid approaching the Court with this matter, please confirm by Monday, July 21, that NXP will do so.

## NXP is Improperly Withholding Information Regarding Its Products

NXP has taken the position that despite seeking a declaratory judgment that its products are licensed under the PLA it will not produce the requested discovery regarding its products at this time. Instead, NXP insists that LSI must first agree to NXP's proposal of "representative products" to lessen the burden on NXP.

NXP's position and delay are unreasonable, especially given the agreed-upon need to expedited discovery in this matter.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Brett M. Schuman
July 18, 2008
Page 4


NXP's proposal that products addressed in pre-filing communications between the parties be chosen as "representative products" is unreasonable. Such pre-filing negotiations concerned only a small subset of NXP's potentially infringing products. During our meet and confer, NXP admitted that its declaratory judgment claims regarding the scope of the 1987 PLA are not limited to such products.

During the meet and confer, NXP requested that LSI designate representative products in order to determine whether they are inside or outside of the license scope. In order for LSI to consider selection of representative products, however, NXP must make available certain requested information regarding its products on which LSI can make such determinations.

For example, NXP refused to provide discovery regarding LSI Requests 7-8 regarding the amounts of certain NXP products sold to customers over the last six years and NXP's top selling products in certain categories. Such information may allow us to narrow the dispute between the parties.

We also note that NXP refused our counteroffer that NXP designate representative products available from Philips in the 1987 time period. Such refusal belies NXP's assertions that it is trying to narrow the issues in dispute.

NXP also refuses to produce any materials regarding the manufacturing of its products—materials that may be useful in evaluating the differences between NXP's current products and products sold by Philips in 1987—stating that the 1987 PLA is a license to products not processes.

We propose the following: produce within the next two weeks, for each NXP product sold since six years before the date of initiation of this litigation, a list by quarter of the number of units of each product sold, the purchaser of the product, the price of the product, the location of manufacture of the product and identify of the manufacturer. We can then use this information to focus discovery on commercially relevant products.

To avoid approaching the Court with this matter, please confirm by Monday, July 21, that NXP will agree to this proposal.

## NXP Is Improperly Withholding Information Regarding Philips Products as of 1987

NXP has refused to designate representative Philips products available in 1987 and has refused to provide the requested discovery on Philips products.

We again request that NXP agree to collect responsive information regarding Philips products in the 1987 time-frame and produce such information forthwith. To avoid

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Brett M. Schuman
July 18, 2008
Page 5

approaching the Court with this matter, please confirm by Monday, July 21, that NXP will do so.

## NXP Refuses To Identify Its Licensing Contentions

In its discovery responses (*i.e.*, NXP's Response to LSI Interrogatory 2 and 3), NXP has only contended that accused products identified by LSI are licensed under the 1987 PLA. NXP has failed to provide the requested information regarding the products it contends are licensed, or the information, documents, and facts supporting such contentions. NXP has also failed to address other potentially infringing products that are the subject of its declaratory judgment claims.

Despite these failures, NXP asserts that LSI has failed to respond adequately to NXP's corresponding contention interrogatory—Interrogatory 1. LSI agrees to supplement its response to NXP Interrogatory 1 by July 28. Please confirm in writing by Monday, July 21 that NXP will also do so on the same schedule to address our concerns.

Please also note that LSI will supplement its response to Interrogatory 14 to the extent that the response relates to NXP's licensing defense by July 28.

## NXP Refuses To Respond To Other Proper Discovery

In response to LSI Document Request 2, NXP has refused to produce factual materials forming a basis for its pleadings and filings in this matter. NXP has claimed that this material is protected attorney work product. But attorney work product protection does not insulate underlying factual material from production. To avoid approaching the Court with this matter, please confirm by Monday, July 21, that NXP will produce non-privileged responsive material.

If anything in this letter does not accurately reflect NXP's agreement, please notify me immediately. In addition, to the extent NXP's position has changed on any of the concerns voiced in our June 30, 2008 letter, we ask that you state this in writing by Monday, July 21.

Sincerely,

/s/ C. Maclain Wells

C. Maclain Wells

# EXHIBIT B

I R E L L  &  M A N E L L A  L L P
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7656
FACSIMILE (310) 556-5382
MWELLS@IRELL.COM

July 21, 2008

**VIA E-MAIL**

mark.taylor@morganlewis.com
Mark W. Taylor
1111 Pennsylvania Ave, NW
Washington, DC 20004

      Re:    <u>NXP v. LSI and Agere</u>

Dear Mark:

I write to clear up inaccuracies and mischaracterizations in your July 18 letter regarding the parties' July 15 meet and confer on discovery issues. Please note, my own July 18, 2008 letter also addresses the meet and confer and still requires specific responses from NXP.

The parties need not log privileged materials created by litigation counsel <u>after the filing of this action</u>.

Your self-serving characterization of the scope of NXP's document requests is inaccurate. NXP has sought a variety of documents that have no relation to its licensing defense, including information relating to invalidity issues and the prosecution of the patents-in-suit. You also mischaracterize LSI's document requests. LSI has requested the production of "background" documents and documents needed to respond to NXP's asserted licensing defense. That NXP disagrees with LSI's interpretation, and means for interpreting, the 1987 PLA, does not make the documents any less relevant.

Your continued insistence on using products identified in LSI's pre-filing communications as the basis for your contract defense claim is not fair or reasonable. First, the subject matter of our pre-filing communications is protected by a Non-Disclosure Agreement, preventing any use of these communications. Your continued reference to them is inappropriate. Second, the only fair way to determine if it is possible to select representative products is to allow LSI to take the discovery it seeks. We have made a counterproposal in my July 18, 2008 letter. We strongly urge NXP to accept this proposal.

Regarding 1987 products referred to in the 1987 PLA, we do not understand the basis of your questions. NXP has an obligation to produce the information we have requested regarding 1987 products. We asked whether NXP intended to propose that it rely

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Mark Taylor
July 21, 2008
Page 2

on representative 1987 products when presenting its license defense. NXP indicated that it did not. We therefore expect NXP to produce the requested information. We propose the following solution: (1) produce on July 29, 2008 materials in NXP's possession regarding 1987 products and (2) if NXP chooses to rely on representative 1987 products, identify such products by August 4, 2008.

We continue to object to NXP's delay in providing discovery on its present and historical products. Please see my July 18, 2008 letter for further detail.

Below are our responses to specific discovery topics addressed in your letter. We continue to expect NXP to produce documents as detailed in my July 18, 2008 letter.

Interrogatory 1: NXP must, as agreed, identify the individual most knowledgeable about the Patents-In-Suit and confirm that Pieter Hoojimans is the person most knowledgeable about differences between NXP products offered in the last six years and 1987 products.

Interrogatory 2 and 3: Your offer to supplement Interrogatories 2 and 3 after the identification of representative products is not reasonable. NXP has provided no reasoning whatsoever regarding the interpretation of the critical terms 1987 PLA, nor of the reasons why its current products are within the scope of the 1987 PLA. At this, we believe LSI has satisfied its obligation to meet and confer on this matter.

Interrogatory 4: Your reference to a supplement of Interrogatory 4 after the identification of representative products likewise makes no sense. NXP represented at the meet and confer that all of its products are licensed under the PLA. We expect NXP to supplement its interrogatory response immediately to confirm this position.

Interrogatory 6: Please confirm what NXP considers "related to this phase of the litigation" and please confirm that NXP will produce information relating to communications with TSMC now.

Interrogatories 12-15, 17: NXP's offer to explore the feasibility of supplements its responses to Interrogatories 12-15 and 17 is not acceptable. NXP must, by a date certain, supplement its response.

Interrogatory 16: Please confirm that NXP will stipulate that phase-locked-loop technology is not within the scope of the 1987 PLA or produce responsive information forthwith. If NXP cannot so stipulate, a response must be provided.

LSI expects NXP to supplement its interrogatory responses by July 28. If it cannot do so, please contact us immediately.

1900376

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Mark Taylor
July 21, 2008
Page 3

Document Request 2: NXP's response is not appropriate. The underyling documents at issue are not privileged and must be produced.

Document Request 11: NXP must produce all communications relating to the substance of the 1987 PLA, including those relating to its scope and enforceability, not just its interpretation.

Document Requests 13-14: NXP agreed to produce all licenses to intellectual property to which it is a party, not just those strictly related to the patents-in-suit or the 1987 PLA.

We will provide a supplemental response to other matter's in NXP's letter shortly. We would like a response to this letter by Wednesday, July 23.

Sincerely,

/s/ C. Maclain Wells

C. Maclain Wells

1900376

# EXHIBIT C

## NON-DISCLOSURE AGREEMENT
### (Mutual)

Effective March 20, 2007, **Agere Systems Inc.**, for itself and on behalf of its subsidiaries ("Agere"), having an office at 1110 American Parkway NE, Lehigh Valley Central Campus, Allentown, Pennsylvania 18109, and **NXP BV** ("Company"), having an office at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands agree as follows:

1.  Either party may disclose or furnish to the other proprietary marketing, technical, or business/sales information, including, without limitation, products and/or software ("information"), for the purpose of engaging in patent licensing discussions regarding semiconductor products or other applicable products between the companies (the "Purpose"). Nothing in this Agreement shall obligate either party to disclose any information to the other party, or enter into any contemporaneous or subsequent agreement with the other party.

2.  Information provided in tangible form shall be clearly marked as proprietary. With respect to any microelectronic chips or other devices delivered pursuant to paragraph 1, any technical information (including but not limited to circuit layout, design, or software, embedded in or accompanying any such device) is proprietary information notwithstanding the absence of any proprietary marking on such device. Information provided orally will be considered proprietary if the disclosing party says it is proprietary at the time of oral disclosure and summarizes it in a writing provided to the other party within 20 (twenty) business days of the oral disclosure.

3.  The receiving party shall: (a) hold information in confidence using the same degree of care as it normally exercises to protect its own proprietary information, but not less than reasonable care, (b) restrict disclosure and use of information to employees who are bound by confidentiality obligations and who have  a need-to-know, and otherwise not disclose it to any other parties, (c) advise those employees of their obligations with respect to the information, (d) not copy, duplicate, or otherwise reproduce information, except for such limited copies necessary to advance the Purpose, (e) not disassemble, reverse engineer or otherwise decompile information, and (f) use the information only for the Purpose .

4.  The receiving party shall have no obligation to keep confidential information that it can establish:  (a) was previously known to it free of any confidentiality obligation, (b) was independently developed by it, (c) is or becomes publicly available other than by unauthorized disclosure, (d) is disclosed to third parties by the disclosing party without confidentiality or use restrictions, (e) is received from a third party without confidentiality or use restrictions, and without violation of any confidentiality or use obligation, or (f) is the subject of a subpoena or other legal demand for disclosure, in which case the party required to disclose such information shall give the other party prompt notice thereof and make reasonable efforts appropriate to the circumstances to cooperate with the other party to either oppose such disclosure or secure an appropriate protective order.

5.  Each party acknowledges that any information (including, but not limited to, business/sales information, licensing information, device /product specifications) provided under this Agreement by the other party is subject to U.S. export laws and regulations, and any use or transfer of such information must be authorized under those regulations. Each party agrees that it will not use, distribute, transfer, or transmit the information of the other party (even if incorporated into other products) except in compliance with U.S. export regulations. If requested, each party also agrees to sign written assurances and other export-related documents as may be required for the other party to comply with U.S. export regulations for any information provided under this Agreement. This obligation survives any termination of this Agreement.

1

6.   Upon request, the receiving party will return all information provided under this Agreement or, with the prior written consent of the disclosing party, the receiving party may destroy it and certify such destruction in writing.

7.   All information that is proprietary to a disclosing party before disclosure under this Agreement remains proprietary to the disclosing party after the disclosure. Neither this Agreement nor the disclosure of information hereunder shall be construed as (a) granting rights by license or otherwise in any information, (b) creating warranties or representations of any kind, (c) creating a commitment as to any product, (d) soliciting any business or incurring any obligation not specified herein, or (e) prohibiting either party from proceeding independently to develop services or product competitive with those involved herein and/or associating themselves with competitors of the other party for purposes substantially similar to the Purpose.

8.   Except for each party's right to assign this Agreement to its respective affiliates, neither party shall have the right to assign this Agreement without the prior written consent of the other, and any such purported assignment shall be void and ineffective. Notwithstanding the foregoing, Agere shall have the right to assign this Agreement to LSI Corporation at any time after the merger between Agere and LSI Corporation becomes effective.

9.   This Agreement may be terminated by either party upon thirty (30) days' prior written notice and, in any case, shall terminate automatically on the two year anniversary of the later execution date set forth below (unless such term is extended by the parties' in writing) . The obligation to protect the confidentiality of information received prior to termination shall survive for five (5) years from the termination date, except as to any information comprising computer software (as to which the obligation continues unless and until an event of Section 4 applies). While an obligation to protect any information survives under this Agreement, the terms and conditions of this Agreement also survive as to such protected information.

10.  This Agreement supersedes any prior oral or written understandings and constitutes the entire agreement between the parties with respect to its subject matter; any modification or other amendment of this Agreement shall be effective only if in writing and executed by both parties; and, any waiver of any particularly breach or of any specific failing under this Agreement shall be effective only as to such breach or other failing and, then, only if in writing.

11.  This Agreement shall be governed in all respects by the laws of the state of New York, excluding its conflicts of law provisions.

12.  If a dispute for damages arises out of or relates to this Agreement, and if said dispute cannot be settled through good faith negotiations within thirty (30) days, the parties agree to submit the dispute to mediation by a sole mediator selected by the parties or, at any time at the option of a party, to mediation by a mediator selected by the American Arbitration Association ("AAA"). The parties agree to make good faith efforts to resolve any dispute by mediation within thirty (30) days. Each party shall bear its own expenses and those of the mediator shall be borne equally. The mediator, parties, their representatives, and other participants shall hold the existence, content and result of the mediation in confidence. The mediation shall be conducted in New York City, NY.

13.  Notwithstanding Section 12, each party acknowledges that the disclosing party is entitled to pursue, via court action, equitable relief (including, but not limited to, a preliminary or permanent injunction) as to breach of confidentiality or use.

14.  All requests, consents, communications and other notices to be given under this Agreement shall be in writing and shall be deemed delivered upon receipt, if delivered by (i) hand delivery, (ii) internationally recognized courier service (e.g., FedEx, UPS, DHL), or (iii) certified first class mail (or equivalent), return receipt requested, postage prepaid, to the parties at their addresses set forth above.

2

NDA 2007\ NXP BV

15. Each party intends the facsimile of its signature printed by a receiving fax machine to be an original signature.

16. Any and all discussions conducted between the parties under this Agreement, including information disclosed or furnished in or in connection with the discussion (whether or not otherwise subject to confidentiality or use limitations hereunder) are and shall be: (a) treated as settlement discussions looking toward a "compromise" or "offer to compromise", as such terms are provided in Federal Rule of Evidence 408 and California Evidence Code Section 1152; (b) subject to the provisions of such Rule and Section; and (c) conducted, disclosed and/or furnished without prejudice to, and do not constitute a waiver of, either party's respective rights, claims, and/or defenses that may be asserted in any present or future litigation relating to the subject matter thereof.

Agere Systems Inc.

_____
(Signature)

Yihjye Twu, Sr. I. P. Manager
(Name and Title)

_____
Apr. 9, 2007
(Date)

NXP BV

_____
(Signature)

_____
(Name and Title)

_____
April 9 2007
(Date)

3

# EXHIBIT D

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:  650.843.4000
Fax:  650.843.4001
www.morganlewis.com

# Morgan Lewis
### C O U N S E L O R S   A T   L A W

**Randy A. Wilkins**
Senior Paralegal
650.843.7848
rwilkins@morganlewis.com


July 29, 2008

**VIA FEDERAL EXPRESS**

Maclain Wells, Esq.
Irell & Manella
1800 Avenue of the Stars #900
Los Angeles, CA 90067-4276

Re:    NXP Semiconductors USA, Inc. v LSI Corporation

Dear Mr. Wells:

Enclosed please find a disc containing NXP Semiconductor's document production, bates
numbered NXP00000001-7600.

Sincerely,

Randy A. Wilkins
Enclosure

DB2/20782267.1

# EXHIBIT E

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Herman J. Hoying***
Associate
415-442-1359
hhoying@morganlewis.com
*Admitted in New York and Georgia only

August 15, 2008

## VIA E-MAIL AND FEDERAL EXPRESS

Maclain Wells, Esq.
Irell & Manella
1800 Avenue of the Stars #900
Los Angeles, CA 90067-4276

Re:    NXP Semiconductors USA, Inc. v LSI Corporation

Dear Mr. Wells:

Enclosed please find disc NXP-002 containing NXP's document production, Bates numbered
NXP00007556-NXP00023140.

Sincerely,

Herman J. Hoying

HJH/Enclosure (by federal express only)

cc:  LSI-NXP@Irell.com; NXP0029@morganlewis.com

# EXHIBIT F



|  | "Wells, Maclain" <MWells@irell.com> 07/25/2008 08:56 AM | To | "'Mark W. Taylor'" <mark.taylor@morganlewis.com>, "'NXP0029@morganlewis.com'" <NXP0029@morganlewis.com> |
|  |  | cc |  |
|  |  | bcc |  |
|  |  | Subject | RE: 2008-7-18 Letter re: 30(b)(6) deposition of NXP |

History:          ↪ This message has been forwarded.

Mark:

LSI agrees that the parties are to complete initial productions of documents on July 29, 2008 with rolling productions thereafter.

LSI agrees to meet and confer regarding the scheduling of the 30(b)(6) deposition on Aug. 1. If the meet and confer does not happen by August 1 or if NXP fails to come to the meet and confer prepared to offer proposed dates for the deposition, we will consider the meet and confer completed.

LSI agrees to the parties providing supplemental interrogatory responses on August 5, 2008.

Regards,
Maclain


**From:** Mark W. Taylor [mailto:mark.taylor@morganlewis.com]
**Sent:** Thursday, July 24, 2008 8:59 AM
**To:** Summers, Zach
**Cc:** NXP-LSI (Local); #LSI NXP/litigation [Int]
**Subject:** RE: 2008-7-18 Letter re: 30(b)(6) deposition of NXP


Zach:

The good faith meet and confer provision of the Northern District of California local rules does not contemplate imposing unilateral short deadlines, accompanied by threats to take action if those deadlines are not met. Yet this practice seems to be a continuing trend for Irell attorneys of late.

We do not believe that it is appropriate to discuss 30(b)(6) depositions until the upcoming supplementation of interrogatory responses and initial exchange of documents have taken place, so that the parties may evaluate the full scope of the topics and take into consideration the schedules of the proper personnel to designate. NXP's discovery requests were served on May 13, 2008. More than ten weeks later, neither LSI nor Agere has produced a single document or any interrogatory responses in compliance with FRCP 33(b). Indeed, LSI/Agere has continued to stall and equivocate regarding recently agreed upon dates for production and supplementation. Once

these long outstanding issues have been remedied, 30(b)(6) depositions may be suitable for discussion. Therefore, please confirm that the supplementation of interrogatory responses will be completed on July 28, LSI/Agere's initial production will be completed on July 29, and that the parties will then meet and confer by telephone on August 1 at 11am PDT regarding 30(b)(6) depositions. Please let us know if a later time or date is preferred for the meet and confer.

Unilaterally choosing the date and location without NXP's input would be considered an attempt to circumvent the good faith meet and confer process, and NXP would not appear for a deposition noticed as such.

Regards,

Mark W. Taylor
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Tel: 202.739.5030
Cell: 202.271.0698
Fax: 202.739.3001

mark.taylor@morganlewis.com
www.morganlewis.com
   "Summers, Zach" <ZSummers@irell.com>

| | |
|---|---|
| **"Summers, Zach"** **<ZSummers@irell.com>** | |
| 07/23/2008 09:33 PM | To "~Schuman, Brett" <bschuman@morganlewis.com> |
| | cc "'NXP0029@morganlewis.com'" <NXP0029@morganlewis.com> |
| | Subject RE: 2008-7-18 Letter re: 30(b)(6) deposition of NXP |

Brett:
In my July 18 letter regarding a 30(b)(6) deposition of NXP, I requested that by Tuesday you propose a date to meet and confer on or before Friday, July 25th. It is now Wednesday, and you have not proposed a date to meet and confer. If you are not willing to meet and confer with us by Friday, we will be forced to choose a date and location for the deposition without NXP's input. Please immediately propose a date and time for the meet and confer.

Zach Summers
1800 Avenue of the Stars, Suite 900

Los Angeles, CA 90067
Direct: (310) 203-7131
Fax: (310) 556-5382
E-mail: zsummers@irell.com

---

**From:** Summers, Zach
**Sent:** Friday, July 18, 2008 8:08 PM
**To:** ~Schuman, Brett
**Cc:** 'NXP0029@morganlewis.com'
**Subject:** 2008-7-18 Letter re: 30(b)(6) deposition of NXP

Brett:

Attached, please find a letter regarding a 30(b)(6) deposition of NXP, as well as a draft notice of such a deposition for your review.

Zach Summers
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Direct: (310) 203-7131
Fax: (310) 556-5382
E-mail: zsummers@irell.com

<< File: 2008-07-18 Letter to B. Schuman re 30(b)(6) Meet & Confer.pdf >> << File: LSI Corporations First Notice of 30(b)(6)Deposition of NXP (Draft for NXP review).pdf >>

ccmailg.irell.com made the following annotations----------------------------------------------------------------PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---------------------------------------------------------------

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged

and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.


ccmailg.irell.com made the following
annotations--------------------------------------------------------------PLEASE NOTE: This
message, including any attachments, may include privileged, confidential and/or inside
information. Any distribution or use of this communication by anyone other than the intended
recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient,
please notify the sender by replying to this message and then delete it from your system. Thank
you.



--------------------------------------------------------------------