IRELL & MANELLA LLP
Jonathan H. Steinberg (98044)
Samuel K. Lu (171969)
Jason G. Sheasby (205455)
C. Maclain Wells (221609)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199
E-mail: jsteinberg@irell.com
E-mail: slu@irell.com
E-mail: jsheasby@irell.com
E-mail: mwells@irell.com

Attorneys for Defendant LSI CORPORATION and
Defendant and Counterclaimant AGERE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., | ) CASE NO. CV-08-00775 (JW & RS) |
| Plaintiff, | ) **DECLARATION OF C. MACLAIN WELLS IN SUPPORT OF LSI CORPORATION'S REPLY IN SUPPORT OF MOTION TO COMPEL NXP PRODUCT INFORMATION** |
| vs. | |
| LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware Corporation and AGERE SYSTEMS, INC., a Delaware corporation, | ) Date:      September 10, 2008<br>) Time:      9:30 a.m.<br>) Courtroom: 4, 5th Floor<br>) Judge:     Hon. Richard Seeborg |
| Defendants. | |
| AGERE SYSTEMS, INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation, | |
| Counterclaim-Defendant. | |

DECLARATION OF C. MACLAIN WELLS
ISO LSI'S REPLY ISO MOTION TO COMPEL
CASE NO. CV-08-00775 (JW & RS)

1909940

## DECLARATION OF C. MACLAIN WELLS

I, C. Maclain Wells, declare under penalty of perjury that the following is true and correct.

1. I am an attorney with the law firm of Irell & Manella, LLP, counsel of record for defendant LSI Corporation and defendant and counterclaimant Agere Systems, Inc. (collectively, "LSI"), in the above-captioned matter. I am a member of the State Bar of California and have been admitted to practice before this Court.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts of LSI's First Supplemental Response to NXP Semiconductor USA, Inc.'s ("NXP") First Set of Interrogatories (Rog. 1) served on NXP on August 5, 2008.

3. Attached hereto as Exhibit B is a true and correct copy of a true and correct copy of the Court's June 5, 2008 Scheduling Order [Docket No. 28] entered in the above-captioned matter.

4. Attached hereto as Exhibit C is a true and correct copy of excerpts of the Joint Case Management Conference Statement [Docket No. 22], entered in the above-captioned matter on May 23, 2008.

DATED: August 27, 2008            By:      /s/ C. Maclain Wells
                                                C. Maclain Wells

DECLARATION OF C. MACLAIN WELLS
ISO LSI'S REPLY ISO MOTION TO COMPEL
CASE NO. CV-08-00775 (JW & RS)

1909940

# EXHIBIT A

Case 5:08-cv-00775-JW     Document 48-2     Filed 08/27/2008     Page 1 of 6

| | |
|---|---|
| 1 | IRELL & MANELLA LLP |
| | Jonathan H. Steinberg (98044) |
| 2 | Samuel K. Lu (171969) |
| | Jason G. Sheasby (205455) |
| 3 | C. Maclain Wells (221609) |
| | 1800 Avenue of the Stars, Suite 900 |
| 4 | Los Angeles, California 90067-4276 |
| | Telephone: (310) 277-1010 |
| 5 | Facsimile:  (310) 203-7199 |
| | E-mail: jsteinberg@irell.com |
| 6 | E-mail: slu@irell.com |
| | E-mail: jsheasby@irell.com |
| 7 | E-mail: mwells@irell.com |
| 8 | Attorneys for Defendant LSI CORPORATION and |
| | Defendant and Counterclaimant AGERE SYSTEMS, INC. |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NXP SEMICONDUCTORS USA, INC., | ) | CASE NO. CV-08-00775 (JW & RS) |
| Plaintiff, | ) | |
| vs. | ) | **LSI CORPORATION'S FIRST SUPPLEMENTAL RESPONSES TO NXP SEMICONDUCTORS USA, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1, 11 AND 14)** |
| LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware Corporation and AGERE SYSTEMS, INC., a Delaware corporation, | ) | |
| Defendants. | ) | |
| AGERE SYSTEMS, INC., a Delaware corporation, | ) | |
| Counterclaimant, | ) | |
| vs. | ) | |
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation, and | ) | |
| Counterclaim-Defendant. | ) | |

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW & RS)

1903575

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES NOS. 1, 11 AND 14

**INTERROGATORY NO. 1:**

If you contend that NXP is not licensed to the Patents-In-Suit under the 1987 Patent License Agreement attached as Exhibit 1 to the complaint in this action, as amended by letter attached as Exhibit 2 to the complaint in this action, state all facts supporting that contention.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, which are incorporated fully by reference herein, LSI objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. LSI objects that this interrogatory is a premature contention interrogatory. This matter is still in its early stages. LSI is still analyzing the Patents-In-Suit and the 1987 Patent License Agreement and its amendments, as well as formulating its positions. LSI reserves the right to modify or supplement its response as it receives additional information from NXP or third parties, as it performs additional analysis of the facts and legal issues currently known, as it locates additional information, or based on a ruling by the Court. Furthermore, LSI objects that NXP has not yet identified any products for which NXP seeks a declaration of non-infringement. Until NXP identifies such products, it is improper to request that LSI present facts supporting any contention that NXP's products are not licensed under the Patents-In-Suit. NXP also objects that the phrase "not licensed" is vague and ambiguous.

Subject to the foregoing, and the General Objections, LSI responds as follows:

NXP must establish that the Patents-In-Suit are within the capture period of the 1987 Patent License Agreement or any amendment thereto.

Furthermore, NXP's products must satisfy multiple requirements of the 1987 Patent License Agreement to be licensed, including, among others, Section 1.01(a)'s requirement that they be "products and services of the kinds which are furnished or used by PHILIPS or any of its present RELATED COMPANIES in the operation of the business in which it is engaged on the effective date of this Agreement," which entails a factual inquiry.

1  Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter
2  agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which
3  entails a factual inquiry.

4  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**
5  Subject to the foregoing, and the General Objections, LSI further responds as follows:
6  NXP bears the burden of proof on this issue.
7  NXP has failed to identify which of the Patents-In-Suit it contends are within the capture
8  period of the 1987 PLA and has failed to establish that such patents are within the capture period
9  of the 1987 PLA.
10  NXP has failed to establish that the patents assigned to Lucent upon its divestment from
11  AT&T, which were subsequently assigned to Agere upon its divestment from Lucent, are limited
12  by the 1987 PLA.
13  Furthermore, NXP has failed to demonstrate that its products satisfy the requirements of
14  the 1987 Patent License Agreement, including, among others, Section 1.01(a)'s requirement that
15  they be "products and services of the kinds which are furnished or used by PHILIPS or any of its
16  present RELATED COMPANIES in the operation of the business in which it is engaged on the
17  effective date of this Agreement." In particular, NXP must, for each product that was sold by
18  Philips as of July 1, 1987 (a "historical Philips Product"):
19  (a) Identify what businesses these products were sold in; and
20  (b) Define the methods of manufacture, designs, functions, and uses of the products.
21  Then, for current NXP products, NXP must:
22  (1) Identify what businesses the products are sold in; and
23  (2) Define the methods of manufacture, designs, functions, and uses of the products.
24  For a current NXP product to be licensed, a necessary condition is for NXP to compare (1) and (2)
25  to (a) and (b) and establish a match.
26  Furthermore, NXP must, among other things, satisfy the requirements of the 1995 letter
27  agreement between Jan Galama and M.R. Greene, including Section 1 of the agreement, which
28

LSI'S RESPONSES TO NXP'S FIRST SET
OF INTERROGATORIES
CASE NO. CV-08-00775 (JW & RS)                - 8 -

entails a factual inquiry. This includes establishing that each current NXP product "[is] substantially similar to products and services sold by it prior to its divestiture."

Furthermore, NXP must establish satisfaction of the requirement that "sublicenses may be granted and retained only while the future divested business operates as a separately identifiable business and not for any existing or other acquired business of a third party acquiring the future divested business." NXP has failed to provide any information demonstrating that this obligation has been satisfied. In particular, LSI requires information regarding communications and documents exchanged between NXP and Philips Electronics N.V. regarding the 1987 PLA and information regarding the nature of the process of divestment of NXP from Philips Electronics N.V.

**INTERROGATORY NO. 11**:

Identify all persons who have, or previously held, any interest in the LSI Patents-In-Suit, any patents or patent applications related to the LSI Patents-In-Suit, and any foreign counterparts to the LSI Patents-In-Suit.

**RESPONSE TO INTERROGATORY NO. 11**:

In addition to the General Objections, which are incorporated fully by reference herein, LSI objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. LSI further objects to this interrogatory as vague and ambiguous. For example, the phrase "any interest" is vague and ambiguous. LSI further objects to this interrogatory as overbroad and unduly burdensome as it is not limited to the Patents-In-Suit.

LSI objects to this interrogatory as premature. This matter is still in its early stages. LSI reserves the right to modify or supplement its response as it receives additional information from NXP or third parties, as it performs additional analysis of the facts and legal issues currently known, and as LSI locates additional information, or based on a ruling by the Court.

Subject to the foregoing, and the General Objections, LSI responds as follows:

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to the foregoing, and the General Objections, LSI further responds as follows:

Because the 1987 PLA does not require the payment of royalties, if NXP establishes that one or more of the Patents-In-Suit are licensed under the 1987 PLA, licensee estoppel prevents NXP from pursuing invalidity claims against such patents.

DATED: August 5, 2008

Respectfully Submitted,

IRELL & MANELLA LLP
Jonathan H. Steinberg
Samuel K. Lu
Jason G. Sheasby
C. Maclain Wells

By: ___/s/ C. Maclain Wells___
    C. Maclain Wells

Attorneys for Defendant LSI CORPORATION and Defendant and Counterclaimant AGERE SYSTEMS, INC.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP Semiconductors USA, Inc., | No. C 08-00775 JW |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| LSI Corporation, et al., | |
| Defendants. | |

The Court conducted a Case Management Conference on June 2, 2008. Counsel for the respective parties were present. [At the conference, the parties represented that they wish to file summary judgment motions (re: the patent license at issue in this case) before proceeding with claim construction under the Patent Local Rules.] In light of the discussion at the conference, the Court orders as follows:

### CASE SCHEDULE

| | |
|---|---|
| **Motion Re: Patent License Filing Date** | December 15, 2008 |
| **Opposition to Motion Re: Patent License** | January 15, 2008 |
| **Reply to Opposition to Motion Re: Patent License** | January 30, 2008 |
| **Hearing Motion Re: Patent License** | February 23, 2009 at 9 a.m. |
| **Case Management Conference** | February 23, 2009 at 10 a.m. |
| **Case Management Conference Statement** *(Due 10 days before conference)* | February 13, 2009 |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2. The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on

a division which will avoid duplication (<u>e.g.</u>, Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

Dated: June 5, 2008

_____
JAMES WARE
United States District Judge

# EXHIBIT C

Case 5:08-cv-00775-JW   Document 48-4   Filed 08/27/2008   Page 1 of 4

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Michael E. Molland (State Bar No. 111830)<br>Daniel Johnson, Jr. (State Bar No. 57409)<br>Brett Schuman (State Bar No. 189247)<br>Gregg P. Yates (State Bar No. 224641)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br>E-mail: mmolland@morganlewis.com<br>E-mail: djjohnson@morganlewis.com<br>E-mail: bschuman@morganlewis.com<br>E-mail: gyates@morganlewis.com | IRELL & MANELLA LLP<br>Jonathan H. Steinberg (State Bar No. 98044)<br>Samuel K. Lu (State Bar No. 171969)<br>Jason G. Sheasby (State Bar No. 205455)<br>C. Maclain Wells (State Bar No. 221609)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Tel: 310.277-1010<br>Fax: 310-203-7199<br>E-mail: jsteinberg@irell.com<br>E-mail: slu@irell.com<br>E-mail: jsheasby@irell.com<br>E-mail: mwells@irell.com |
| Attorneys for Plaintiff<br>NXP SEMICONDUCTORS USA, INC. | Attorneys for Defendant<br>LSI CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV-08-0775 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

1

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER
C 08-0775 JW

1  issues.

2  XV.  **Narrowing of the Issues**

3  NXP proposes that the Court phase this litigation, and that the parties litigate through
4  dispositive motion practice NXP's declaratory judgment claim regarding the effect of the Patent
5  License Agreement before issues relating to the noninfringement or invalidity of the patents-in-
6  suit. Eight of thirteen patents currently being disputed are potentially subject to a complete
7  defense under the 1987 license agreement that is the subject of NXP's First Claim for Relief in
8  this case. By litigating the effect of the Patent License Agreement first, the Court could
9  significantly clarify the scope of this dispute.

10  LSI does not believe that NXP will succeed on a motion for summary judgment.
11  However, because denial of summary judgment may facilitate resolution of this dispute, LSI
12  requests that the Court phase the litigation by allowing ample time for discovery on licensing-
13  related issues before deadlines for patent disclosures begin. This will give NXP the opportunity
14  to file a motion for summary judgment on the license defense to the extent, after taking discovery,
15  it believes such a motion is appropriate.

16  XVI.  **Expedited Schedule**

17  The parties do not believe that this case is appropriate for an expedited schedule.

18  XVII.  **Scheduling**

19  If the Court were to agree to phase the litigation, the parties would propose the following
20  schedule:

| | |
|---|---|
| Case Management Conference | June 2, 2008 |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | June 16, 2008 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production, as to those patents where LSI/AGERE have counterclaimed for infringement and Patent L.R. 3-5 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have not counterclaimed for infringement | March 16, 2009 |
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production, as to those patents where LSI/AGERE have | April 30, 2009 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707412.1

7

JT. CASE MGMT. CONF. STATEMENT &
[PROPOSED] ORDER
C 08-0775 JW

     Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Gregg P. Yates, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed this 23d day of May 2008, at San Francisco.

                            /s/ Gregg P. Yates  
                                Gregg P. Yates

Morgan, Lewis & Bockius LLP  
Attorneys At Law  
San Francisco

1-SF/7707412.1

12

JT. CASE MGMT. CONF. STATEMENT & [PROPOSED] ORDER  
C 08-0775 JW