MICHAEL E. MOLLAND (State Bar No. 111830)
DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com

Attorneys for Plaintiff and Counterclaim-Defendant
NXP SEMICONDUCTORS USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation<br><br>Defendants.<br><br>AGERE SYSTEMS, INC., a Delaware Corporation,<br><br>Counterclaimant<br><br>v.<br><br>NXP SEMICONDUCTORS USA, INC., a Delaware corporation<br><br>Counterclaim-Defendant. | Case No. C 08-00775 JW<br><br>**REPLY IN SUPPORT OF NXP'S MOTION TO COMPEL**<br><br>Date: September 10, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Richard Seeborg |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20821579.4

REPLY IN SUPPORT OF NXP'S MOTION
TO COMPEL (CASE NO. C 08-00775 JW)

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................................1

II. ARGUMENT .......................................................................................................................3

    A.  NXP Met And Conferred With LSI/Agere In Good Faith Before Filing This Motion To Compel ..........................................................................................3

    B.  This Court Should Compel LSI/Agere To Supplement Its Response To NXP's Interrogatory No. 1 ..................................................................................4

    C.  This Court Should Compel LSI/Agere To Produce The TSMC-Agere License Agreement And Any Related Communications With TSMC Forthwith ...............................................................................................................6

    D.  This Court Should Compel LSI/Agere To Produce Documents Sufficient To Identify Proceedings Where The Patents-In-Suit Have Been Challenged .........7

    E.  This Court Should Compel LSI/Agere To Produce All Documents At Least Tangentially Related To The Patent License Agreement ........................................8

III. CONCLUSION ....................................................................................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20821579.4    i    REPLY IN SUPPORT OF NXP'S MOTION
TO COMPEL (CASE NO. C 08-00775 JW)

## I. INTRODUCTION

In response to NXP's Motion to Compel ("Motion"), Defendants LSI Corporation and Agere Systems, Inc. (collectively "LSI/Agere") fail to justify their failure to provide NXP with critically important and time-sensitive discovery.

<u>First</u>, LSI/Agere's claim that NXP failed to sufficiently "meet and confer" is pure nonsense. It is undisputed that the parties engaged in a three-plus hour conference call on July 15, 2008 regarding both sides' initial discovery responses. That conference was followed by multiple letters between the parties. When LSI/Agere unilaterally delayed supplementing its discovery responses on the agreed date, NXP responded to LSI/Agere: "LSI must also understand that if it delays supplementing its interrogatory responses until August 5 NXP will have no choice but to file any motion to compel, if necessary, without further meet and confer. The schedule is extremely tight and LSI's delay is already prejudicing NXP's ability to prepare for the upcoming summary judgment proceedings." *See* Supplemental Declaration of Brett M. Schuman in Support of NXP's Reply in Support of its Motion to Compel ("Supp. Schuman Decl.") ¶ 2, Ex. A.

<u>Second</u>, LSI/Agere's attempt to defend its response to Interrogatory No. 1 fails completely. LSI/Agere claims there are no facts to provide in response to NXP's interrogatory. However, LSI/Agere has (1) filed pleadings denying that NXP's products are licensed and, (2) affirmatively sued NXP for infringement of patents that fall within the capture period of the Patent License Agreement ("PLA"). LSI/Agere needed a Rule 11 basis for its assertions, including a basis for claiming that the accused products are not, in fact, licensed. LSI/Agere <u>expressly admits</u> it has additional responsive information that – for unexplained and unjustifiable reasons – it is withholding until up to five days after the hearing on NXP's Motion. *See* Opp'n at 5:24 ("LSI will provide additional information identified to date within five days of the hearing.").

LSI/Agere further <u>admits</u> that it has additional information supporting its rejection of NXP's license defense that it has failed to disclose: "LSI is not aware of any evidence establishing that any NXP current product and any historical Philips product are of the same

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20821579.4                              1                    REPLY IN SUPPORT OF NXP'S MOTION
                                                                 TO COMPEL (CASE NO. C 08-00775 JW)

1  kind." Opp'n at 6:24-25.  The factual basis for that statement is precisely the information that
2  NXP requested LSI/Agere to produce in response to Interrogatory No. 1.  LSI/Agere has
3  unjustifiably failed to do so.

4      Third, LSI/Agere's flawed justification for its failure to produce the license agreement
5  between Agere and Taiwan Semiconductor Manufacturing Company ("TSMC") must be rejected.
6  LSI/Agere does not deny that the license agreement is highly relevant.  Indeed, TSMC has told
7  the parties that some of the NXP accused products are licensed under the TSMC-Agere license
8  agreement.  See Supp. Schuman Decl. ¶ 3, Ex. B.  Irrespective of LSI/Agere's position regarding
9  the scope of this agreement, NXP is entitled to conduct its own analysis.  LSI/Agere must be
10 ordered to produce the TSMC-Agere license agreement forthwith so NXP can evaluate its impact
11 in this case.  It is a waste of judicial and party resources to evaluate NXP products that are already
12 fully licensed under the TSMC-Agere license agreement.  NXP requested this license agreement
13 (and related communications between LSI/Agere and TSMC) in May 2008 and, to date,
14 LSI/Agere has produced nothing in response.

15     In its Opposition, LSI/Agere contends that NXP must wait for TSMC's consent before
16 sharing this agreement with NXP.  Opp'n at 1:28-2:3.  However, LSI/Agere fails to establish that
17 TSMC's consent is required in the first place.  LSI/Agere vaguely asserts that it has asked TSMC
18 for its consent, but it fails to describe when the purported request was made, to whom the request
19 was made, whether TSMC has responded, whether and when LSI/Agere followed up with TSMC,
20 etc.  LSI/Agere does not tell the Court or NXP when, if ever, NXP will receive the TSMC-Agere
21 license agreement under its approach.

22     Fourth, LSI/Agere's response to NXP's request for information regarding prior assertions
23 of invalidity of the patents-in-suit is unintelligible.  LSI/Agere has sued NXP for infringement of
24 at least one patent (U.S. Patent No. 5,227,335, hereinafter "'335") that has been found invalid by
25 a jury and judge in the Eastern District of Pennsylvania.  See Mot. Partial Summ. J. 2:6-12
26 (Docket No. 33).  NXP's Motion for Summary Judgment on this patent argues that the prior
27 invalidity findings collaterally estop LSI/Agere's present assertion of this patent against NXP.  Id.
28 at 4-6.  For this reason, NXP asks LSI/Agere to merely identify other "litigations or . . .

1  proceedings in which the validity of any of the patents-in-suit has been challenged or overturned."
2  *See* Declaration of Brett M. Schuman in Support of NXP's Motion to Compel ("Schuman Decl.")
3  (Docket No. 42) ¶ 6, Ex. 5 at 4. LSI/Agere now inexplicably claims that "NXP has already
4  withdrawn its demand for [this] discovery" – even though LSI/Agere quotes NXP's express
5  request for the information in its Opposition. *See* Opp'n at 8:25-9:4. LSI/Agere then resorts to
6  hyperbolic mischaracterization, claiming NXP is seeking "every document produced in every
7  litigation involving the patents in suit . . . and a detailed explanation of every substantive validity
8  allegation ever made against the patents in suit," even though NXP agreed to accept mere
9  identification of proceedings where such challenges were made. *Compare* Opp'n at 8:21-25
10 (hyperbole) *with* Opp'n at 9:1-3 (quoting NXP's actual request).

11  <u>Finally</u>, notwithstanding LSI/Agere's vague assurance that "LSI has produced all non-
12 privileged documents it has located that are directed to the substance of the PLA," there is
13 evidence showing that (1) that is simply untrue, and/or (2) LSI/Agere's search for documents was
14 not sufficiently thorough. *See* Opp'n at 11:25-26. LSI/Agere has produced only a handful of
15 documents responsive to this request, two of which are the contract documents themselves. *See*
16 Supp. Schuman Decl. ¶ 4. NXP is aware of at least some documents that LSI/Agere has not
17 produced – such as a presentation prepared by Agere for a July 30, 2001 meeting between Agere
18 and Philips to discuss the potential renewal of the Patent License Agreement. *See* Supp. Schuman
19 Decl. ¶ 5, Ex. C. Of course, NXP does not – and cannot – know the extent of the documents that
20 LSI/Agere has failed to locate or produce, but the evidence certainly suggests that LSI/Agere has
21 failed to produce responsive, non-privileged documents within its possession, custody, and
22 control.

23  **II.    ARGUMENT**

24      **A.    NXP Met And Conferred With LSI/Agere In Good Faith Before Filing This Motion To Compel**

26  LSI/Agere concedes that the parties engaged in extended meet and confer discussions
27 spanning almost a month, which included the exchange of multiple letters and a multi-hour long
28 phone conference, prior to the filings of both parties' motions to compel. *See* Opp'n at 2:23-3:2.

1  The parties eventually agreed to supplement their productions and interrogatory responses on
2  agreed-upon dates.  LSI/Agere then unilaterally postponed the agreed-upon date to supplement its
3  interrogatory responses, and NXP told LSI/Agere that it would file a motion without further meet
4  and confer if LSI/Agere's supplemental responses failed to comply with the Rules.  *See* Supp.
5  Schuman Decl. ¶ 2, Ex. A.  That is exactly what happened.

6        LSI/Agere does not – and cannot – claim that any additional meet and confer discussions
7  would have yielded anything but further delay.  Throughout the meet and confer process, NXP
8  has clearly articulated what it seeks from LSI/Agere; LSI/Agere's discovery responses to date
9  have failed to satisfy those requirements.

10        Tellingly, although LSI/Agere's Opposition suggests that certain issues raised in NXP's
11  Motion might have been resolved had NXP initiated another round of meet and confer
12  discussions, LSI/Agere has made no effort to resolve any of these issues.  *See, e.g.*, Opp'n at
13  1:11-14.  In the three weeks that have transpired since NXP filed the present Motion, LSI/Agere
14  has not supplemented its production.  Moreover, while LSI/Agere makes vague and ambiguous
15  promises to correct certain aspects of its production, it fails to offer any specific dates for doing
16  so and provides no explanation for its delay in producing such information to date.  *See Id.*
17  Clearly, NXP requires the assistance of the Court to force LSI/Agere to provide the requested
18  discovery without further delay.

19      **B.**    **This Court Should Compel LSI/Agere To Supplement Its Response To NXP's Interrogatory No. 1**
20

21        As detailed in NXP's Motion, NXP is entitled to know the factual bases, if any, for
22  LSI/Agere's contention that NXP's products are not licensed under the PLA.  As NXP explained
23  in its July 18th letter to LSI/Agere, "you stated during the teleconference that changes in a
24  process from 1987 to the present would be indicative of changes in the kinds of products.
25  However, you have not expressed such a theory in response to Interrogatory No. 1, nor have you
26  provided NXP with Agere and LSI's interpretations of terms from the Patent License Agreement
27  . . . or any basis for your contention that NXP is not licensed."  *See* Schuman Decl. ¶ 6, Ex. 5 at 5.
28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/20821579.4                                             4                         REPLY IN SUPPORT OF NXP'S MOTION
                                                                           TO COMPEL (CASE NO. C 08-00775 JW)

NXP's contention interrogatory seeks the factual basis for LSI/Agere's allegation that NXP's products are not licensed under the PLA. LSI/Agere's list of issues it contends NXP must establish to prevail on its license defense is clearly non-responsive to this interrogatory. By way of example only, LSI/Agere asserts, in its supplemental interrogatory response, that "NXP has failed to establish that the patents assigned to Lucent upon its divestment from AT&T, which were subsequently assigned to Agere upon its divestment from Lucent, are limited by the 1987 PLA." Schuman Decl. ¶ 8, Ex. 6 at 9. If LSI/Agere contends that these patents are somehow no longer limited by the PLA, LSI/Agere must provide the factual basis for that contention in response to NXP's interrogatory. It is wholly insufficient for LSI/Agere to identify purported issues and then fail to set forth LSI/Agere's position on those issues, including providing the factual basis (if any) for LSI/Agere's position on the purported issue.

In its Opposition, LSI/Agere offers no justification or support for its approach in responding to the contention interrogatory of merely identifying the purported issues that NXP allegedly "must establish" without offering any factual information about its own position with regard to those issues. LSI/Agere does not address any of the caselaw establishing that NXP is entitled to the facts, if any, that support LSI/Agere's position on those purported issues.

Instead, LSI/Agere attempts to shift the blame to NXP for its own discovery failures. *See* Opp'n at 6:1-13, 7:1-25. Contrary to LSI/Agere's characterization, NXP has produced thousands of pages of data books and other materials describing Philips' 1987 products – on the agreed-upon date for supplementing productions. *See* Declaration of Brett M. Schuman in Support of NXP's Opposition to LSI's Motion to Compel, (Docket No. 45) ¶ 6, Ex. E.[1] LSI/Agere does not dispute that similar information regarding NXP's current and accused products is publicly and readily available to LSI/Agere. *See* Supp. Schuman Decl. ¶ 6, Ex. D (attaching illustrative publicly available product information and datasheet for one of the accused products). Indeed, LSI/Agere does not deny that it actually had this information for the nine accused products identified by NXP on July 23 – two weeks before LSI/Agere provided its insufficient

---

[1] Data books, SEC filings and other materials describing the kinds of products offered by Philips and others in 1987 are publicly available. That NXP did not produce them until July 29 is irrelevant. *See* Opp'n at 7:18-20.

1  supplemental interrogatory response.  *See* Opp'n at 7:6-12.

2  LSI/Agere concedes that it has additional information to produce in response to this interrogatory that it is withholding for some unknown reason until after the hearing on this Motion.  *See* Opp'n at 5:21-24.  LSI/Agere also makes additional assertions indicating that it has other facts in support of its contention that it has not provided.  LSI/Agere states that its "current <u>factual</u> contention is that no evidence of a match between the relevant parameters for historical and current products exist." Opp'n at 6:25-27 (emphasis in original).  NXP is entitled to know the factual basis for that assertion in response to its Interrogatory No. 1.

### C. This Court Should Compel LSI/Agere To Produce The TSMC-Agere License Agreement And Any Related Communications With TSMC Forthwith

After this litigation commenced, TSMC informed LSI/Agere, by letter, that certain accused NXP products were licensed under an agreement between TSMC and Agere.  *See* Supp. Schuman Decl. ¶ 3, Ex. B.  LSI/Agere has not produced any response to that letter, nor has it conceded that TSMC's position is correct.

LSI/Agere previously committed to produce documents responsive to NXP's requests for documents that are related to licensing agreements between TSMC and LSI or Agere, as well as communications between TSMC and LSI or Agere that relate to any of the Patents-In-Suit, NXP, or this litigation.  *See* Schuman Decl. ¶ 4, Ex. 3.  Although almost three months have lapsed since LSI/Agere agreed to this production, it has produced nothing to date, and argues in its Opposition that it requires even more time to secure TSMC's consent to produce the TSMC-Agere license agreement.  *See* Opp'n at 11:5-23.[2]

Moreover, LSI/Agere fails to establish that TSMC's consent is even required to produce the license.  LSI/Agere has not provided the license agreement for *in camera* inspection.  Nor has LSI/Agere established that it actually asked TSMC to consent, or provided evidence of a written

---

[2] More specifically, LSI/Agere contends that "it is appropriate to give TSMC time to consider LSI's request for consent," and requests that even if the Court is inclined to compel the production of these documents that the Court should allow TSMC "sufficient time to make a motion to the Court objecting to the production." Opp'n at 11:13-21. LSI/Agere fails to explain why the nearly four months that have passed since NXP first served these requests is insufficient time for it to obtain TSMC's consent.

1  request for consent in conjunction with its Opposition.[3]  For this reason alone, LSI/Agere should

2  be ordered to produce the TSMC-Agere license agreement without any further delay.  LSI/Agere

3  offers no explanation as to why the stipulated protective order in this case, restricting the use of

4  documents that are produced in discovery, insufficiently protects LSI/Agere and/or TSMC.

5        Lastly, LSI/Agere offers no opinion on what would happen if TSMC were to decline to

6  consent to the production of the Agere-TSMC license agreement.  Surely NXP cannot be

7  deprived of the defense suggested in TSMC's June 10, 2008 letter simply because either

8  LSI/Agere and/or TSMC refuses to produce the license.  *See* Supp. Schuman Decl. ¶ 3, Ex. B.

### D.  This Court Should Compel LSI/Agere To Produce Documents Sufficient To Identify Proceedings Where The Patents-In-Suit Have Been Challenged

11   NXP served its First Set of Requests for Production prior to this Court's order to phase the

12  present litigation.  As such, NXP's Requests include discovery requests related to future phases of

13  this litigation.  The parties have agreed that discovery during this present phase will be limited to

14  discovery related to the current phase of the case.

15   After this Court phased the litigation, NXP agreed to limit its requests for production

16  regarding the validity of the patents-in-suit to information or documents sufficient <u>to identify</u>

17  "litigations or other proceedings in which the validity of any of the patents-in-suit has been

18  challenged or overturned."  *See* Mot. at 10, n. 2; Schuman Decl. ¶ 6, Ex. 5 at 4.  Production of

19  such information will allow NXP to properly focus its licensing defense.  To the extent that any

20  of the patents-in-suit have previously been found invalid – as in the case of the '335 patent – NXP

21  should not have to litigate whether it is licensed to the invalid patent.

22   LSI/Agere argues that NXP has "withdrawn its demand for" this discovery.  *See* Opp'n at

23  8:25-26.  To the contrary, NXP has narrowed its requests in light of the Court's Order phasing the

24  litigation, and has precisely stated the limited amount of information it needs "for now."  *See*

---

[3] On September 2, 2008, NXP sent its own inquiry to TSMC to determine if TSMC had any concerns regarding LSI/Agere's production of the TSMC-Agere license agreement in this case. *See* Supp. Schuman Decl. ¶ 7, Ex. E.  The following day, September 3, 2008, counsel for TSMC provided a response in which he stated that it was his understanding that TSMC would provide LSI/Agere its consent to produce the TSMC-Agere license agreement subject to the protective order in this case.  *Id.*

Opp'n at 9:1-3 (quoting NXP's meet and confer letter).

LSI/Agere asks: "If NXP wants to determine whether any other courts have found the patents in suit invalid, why does it need every single document ever produced in any litigation involving the patents in suit and every single validity argument ever presented involving the patents in suit?" Opp'n at 10:1-5. This is nonresponsive to NXP's far narrower request. As the excerpt quoted in LSI/Agere's Opposition clearly shows, NXP is not seeking "every single document ever produced" involving validity challenges to the patents in suit.

### E. This Court Should Compel LSI/Agere To Produce All Documents At Least Tangentially Related To The Patent License Agreement

During the meet and confer process, LSI/Agere agreed to produce all documents "at least tangentially related to the Patent License Agreement." See Mot. at 16:10-21; Schuman Decl. ¶ 6, Ex. 5. LSI/Agere has only produced a handful of responsive documents, two of which were the PLA and the 1995 extension of the PLA. See Supp. Schuman Decl., ¶ 4. LSI/Agere has not produced any documents in support of its claim that NXP's products are not licensed. Indeed, based on the limited documents LSI/Agere has produced regarding the PLA, it is hard to understand how LSI/Agere could form *any* view other than that certain NXP products are licensed.

Further, other documents show that LSI/Agere has not produced all potentially responsive documents. For example, Agere created a presentation for a July 30, 2001 meeting between representatives of Agere and representatives of Philips in Berkeley Heights, New Jersey regarding a potential renewal of the PLA. See Supp. Schuman Decl. ¶ 5, Ex. C. LSI/Agere has not produced this document, or any other documents related to it. This alone shows that LSI/Agere has not produced all responsive documents in its possession, custody or control. LSI/Agere's vague assurance that it has "produced all non-privileged documents it has located that are directed to the substance of the PLA" must be disregarded. See Opp'n at 11:25-26.

Perhaps the problem lies in LSI/Agere's shifting and confusing phraseology. LSI/Agere initially responded to NXP's discovery requests by stating it would produce documents "directed

to the substance of the PLA." Schuman Decl. ¶ 4, Ex. 3 at 9. NXP requested clarification of this ambiguous phrase during the meet and confer process, which resulted in LSI/Agere's agreement to produce all documents "at least <u>tangentially</u> related to the Patent License Agreement." *See* Schuman Decl. ¶ 6, Ex. 5 at 5 (emphasis added). Now, in its Opposition, LSI/Agere reverts to claiming that it has produced all documents "directed to the <u>substance</u> of the PLA." Opp'n at 11:25-26 (emphasis added). Regardless of the phrase used, it is clear that LSI/Agere has not produced all the documents in its possession, custody or control related to the PLA.

LSI/Agere represents that it has "produced the file for the 1987 PLA that it located on Agere's license database." Opp'n at 12:4-5. Without more, this is plainly insufficient. LSI/Agere fails to describe the database, the details of its creation, and whether the database is the only source of potentially responsive documents. Of course, if "the file for the 1987 PLA that it located on Agere's license database" is the only place LSI/Agere searched for potentially responsive documents, it is blatantly clear that LSI/Agere has not complied with its discovery obligations under the Rules.

### III. <u>CONCLUSION</u>

In light of the foregoing, NXP respectfully requests that the Court grant its Motion to Compel. LSI/Agere should be ordered to:

(1) Supplement, within five (5) business days after the Court's Order, its response to NXP's Interrogatory No. 1 to provide all facts supporting any basis for any contention by LSI/Agere that NXP's products are not licensed under the PLA;

(2) Produce, within five (5) business days after the Court's Order, the TSMC-Agere license agreement, and any correspondence between TSMC and LSI/Agere relating to that agreement, the patents-in-suit or this litigation;

(3) Identify, within five (5) business days after the Court's Order, all other litigation or proceedings where the validity of any of the patents-in-suit has been challenged or defeated; and

(4) Produce, within ten (10) business days after the Court's Order, all documents in its possession, custody or control relating to the PLA, and to certify to the Court all efforts it has undertaken to search for responsive documents.

Dated: September 3, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Brett M. Schuman
Brett M. Schuman
Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.