**\*E-FILED 9/23/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., | NO. C 08-0775 JW (RS) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANTS' MOTION TO COMPEL; AND (2) PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| LSI CORPORATION, et al., | |
| Defendants. | |
| AGERE SYSTEMS, INC. | |
| Counterclaimant, | |
| v. | |
| NXP SEMICONDUCTORS USA, INC., | |
| Counterclaim-Defendant | |

## I. INTRODUCTION

Defendants LSI Corporation and Agere Systems, Inc. (collectively "LSI") and plaintiff/counterclaim-defendant NXP Semiconductors USA, Inc. ("NXP") both move to compel production of documents and information from the other party pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and oppose their counterpart's motion. In this patent litigation, these motions are set against the backdrop of the presiding judge's decision to stage discovery directed

1

1 first to a determination on the issue of the product license defense and then, as needed, to questions
2 of patent infringement and invalidity. For the reasons explained below, each motion is granted in
3 part and denied in part.

## II. DISCUSSION

A. <u>LSI's Motion</u>

LSI claims that the 1987 Patent License Agreement ("1987 PLA") between AT&T (predecessor of Agere) and Phillips (predecessor of NXP) requires the parties to compare current NXP products to historical Philips products to understand if NXP's current products enjoy the protection of that license. LSI served document requests and interrogatories seeking information on the function, use, and design of NXP's current products in order to compare them to historical Philips products.[1] According to NXP, the discovery LSI seeks is not reasonably calculated to lead to the discovery of admissible evidence during the first phase of the litigation, and even if it was, NXP cannot provide the large amount of information behind all of its 50,000 products. In short, NXP refuses to produce the requested information on its current products until LSI designates a "fair" number of representative NXP products to allow LSI to make a determination of whether a given NXP product is "of the kind" that was sold by Philips in July 1987.

While some discovery seems appropriate on the "of the kind" comparison, the scope of what LSI seeks is too broad. After the hearing on September 10, 2008, the parties were ordered to meet and confer further in order to reach a middle ground as to the number of products about which NXP should provide information. By letter dated September 17, 2008, the parties advised the Court that they could not reach agreement or even narrow the dispute, but instead set forth alternative proposals. NXP on the one hand suggests that it categorizes its products along eighteen product lines, of which, LSI may select one product from within the top fifty products, based on total sales for 2007, from each of the listed lines for a total of eighteen commercially relevant products. For each product selected, NXP puts forth that it will identify any third party involved in the product's

---

[1] LSI seeks this information through production request numbers five, seven, eight, and seventeen, and interrogatory numbers three and twelve through seventeen. Those production requests and interrogatories are denied to the extent they are not addressed below.

2

1  manufacture, the product's datasheet, and relevant portions of the process flow for the product.  LSI
2  counters with the proposal that NXP identify, based by quarter rather than year, seventy of its top
3  selling products.  For each product, LSI wants NXP to identify any third party involved in the
4  product's manufacture, the role the third party manufacturer plays, and the identity of the customers
5  that purchased the products.

6  As the parties have left the Court with these disparate options, an undoubtedly imperfect
7  compromise will be the result.  In line with its proposal, NXP must produce information of the
8  largest revenue generating product from each of the identified eighteen product lines based on 2007
9  total sales plus one additional product, of NXP's choosing, from each product line for a total of
10 thirty-six products.  For each product NXP will: (1) identify any third party involved in the
11 manufacture of the product; (2) produce the datasheet for the product; and (3) produce the relevant
12 portions of the process flow for the product.  Information on these thirty-six products will allow LSI
13 to assess which products are "of the kind" that were sold by Philips in 1987, and to move for
14 summary judgment.  NXP is to make that designation and respond to the discovery concerning those
15 products within ten days of this order.

16 B.  <u>NXP's Motion</u>

17 On May 13, 2008, NXP served LSI with production requests and interrogatories which seek
18 information regarding the 1987 PLA and LSI's contention that NXP or its products were not licensed
19 thereunder.  NXP suggests that LSI's responses were stock objections and refusals to provide any
20 responsive documents or information.  After a meet and confer process, LSI produced supplemental
21 interrogatory responses.  According to NXP, however, these supplemental responses fall short of
22 LSI's obligations under the Federal Rules of Civil Procedure.  At issue in this motion are four topics:
23 (1) discovery of all facts supporting LSI's contention that NXP or its products are not licensed under
24 the 1987 PLA (interrogatory number one) ("contention interrogatory"); (2) any documents relating
25 to other legal proceedings in which the patents at issue were challenged (interrogatory number two
26 and document request number eight); (3) any licensing agreements between LSI and Taiwan
27 Semiconductor Manufacturing Co. ("TSMC") (document request numbers forty-six and forty-
28 seven); and (4) all documents relating to the 1987 PLA (document request number one).

3

As to NXP's contention interrogatory, LSI has represented that it will provide a supplemental response and it is ordered to do so. If not already exchanged, that supplemental response will be provided within ten days of the date of this order. As to the interrogatory and document request requesting information regarding other patent disputes, NXP agreed to narrow the scope to an identification by LSI of any litigation over the patents-at-issue. The interrogatory and document request, therefore, are granted to the extent that LSI will provide a list of cases in which those patents were the subject of formal litigation. The TSMC license document requests are similarly granted. TSMC's consent is not a necessary precondition to production. Finally, LSI maintains that it has produced all documents related to the 1987 PLA in response to the first document request. While NXP is entitled to such production, it has presented no reason to question LSI's statement that it has produced all such documents. Of course, if any further documents are found, LSI is ordered to produce them.

### III. CONCLUSION

Accordingly, both motions to compel are granted in part and denied in part. Under LSI's motion to compel, NXP is to designate thirty-six products and produce information and documents within ten days of the date of this order as outlined above. As to NXP's motion, interrogatory number one is granted, interrogatory number two and document request number eight are granted to the extent explained above, document request numbers forty-six and forty-seven are granted, and document request number one is granted to the extent provided above.

IT IS SO ORDERED.

Dated: September 23, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANTS' MOTION TO COMPEL; AND (2) PLAINTIFF'S MOTION TO COMPEL
C 08-0775 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Brett Michael Schuman    bschuman@morganlewis.com, aheidenreich@morganlewis.com, hhoying@morganlewis.com, mcwong@morganlewis.com, rluke@morganlewis.com

Crawford Maclain Wells    mwells@irell.com

Daniel Johnson , Jr    djjohnson@morganlewis.com

Gregg Paris Yates    gyates@morganlewis.com, mjensen@morganlewis.com, rwilkins@morganlewis.com, shaun.sullivan@morganlewis.com

Jason George Sheasby , ESQ    JSheasby@Irell.com, ewong@irell.com, mdonovan@irell.com

Jonathan Henry Steinberg    jsteinberg@irell.com, scolvin@irell.com

Michael Eric Molland    mmolland@morganlewis.com, mlowe@morganlewis.com

Samuel Kai Lu    slu@irell.com

Zachariah Bo Summers    zsummers@irell.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 9/23/08**                                                           **Richard W. Wieking, Clerk**

                                                                                       **By:         Chambers**

ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANTS' MOTION TO COMPEL; AND (2) PLAINTIFF'S MOTION TO COMPEL
C 08-0775 JW (RS)