IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NXP Semiconductors USA, Inc., | NO. C 08-00775 JW |
| Plaintiff, | **ORDER MODIFYING SCHEDULE; DENYING MOTION TO RELATE** |
| v. | |
| LSI Corp., et al., | |
| Defendants. | |

Presently before the Court are Defendants' Motion to Enlarge Time to File Opposition (hereafter, "Motion to Enlarge Time") and Plaintiff's Motion to Consider Whether Cases Should Be Related (hereafter, "Motion to Relate"). (See Docket Item Nos. 174, 187.) Plaintiff has filed an opposition to Defendants' motion. (See Docket Item No. 181.) The Court considers each motion in turn.

**A.      Motion to Enlarge Time**

Pursuant to the Court's June 5, 2008 Scheduling Order, the parties are currently scheduled for a hearing on Plaintiff's various motions for partial summary judgment[1] on February 23, 2009. (See Docket Item No. 38.) Under the June 5, 2008 Order, Defendants' opposition to Plaintiff's motions are due no later than January 15, 2009. (Id.) Defendants seek an extension of time to file their oppositions to Plaintiff's various motions on the ground that they will not be able to depose a key fact witness until after their oppositions are due. (Motion to Enlarge Time at 3.) Defendants

---

[1] (Docket Item Nos. 124, 128.)

also seek a corresponding extension for filing a Joint Statement of Undisputed Facts with Plaintiff and Plaintiff's reply briefs. (Id. at 4.) Plaintiff opposes Defendants' motion to enlarge the ground that Defendants delayed in noticing the needed deposition. (See Docket Item No. 181.)

Under Fed. R. Civ. P. 16(b)(4), a court may modify a schedule for "good cause." Here, Defendants represent that Jan Galama is an important fact witness in this case and that his deposition will not be conducted until January 16, 2008, one day after Defendants' oppositions are due and the same day that a Joint Statement of Undisputed Facts is due. (Motion to Enlarge Time at 2-3.) In light of these representations and the lack of any prejudice to Plaintiff, the Court finds that good cause exists for modification of the parties' briefing schedule.

Accordingly, the Court GRANTS Defendants' Motion to enlarge time and ORDERS as follows:

(1) Defendants shall file their oppositions[2] to Plaintiff's Partial Motions for Summary Judgment on or before **January 23, 2009**;

(2) The parties shall collaborate in good faith and submit a Joint Statement of Undisputed Facts on or before **January 30, 2009**;

(3) Plaintiff shall file its reply briefs on or before **February 6, 2009**;

(4) In light of the modification in the briefing schedule, the Court continues the hearing on Plaintiff's Motions for Partial Summary Judgment from February 23, 2009 to **March 9, 2009 at 9 a.m.** The Court also continues the Case Management Conference to the same day at the 10 a.m. calendar.

The Court encourages the parties to work together in good faith regarding these briefing schedule and other administrative issues as to not generate these types of motions. The Court will not entertain any further request for modification of the above schedule.

---

[2] Based the Court's preference for hearing both of Plaintiff's Motions for Partial Summary Judgment together, the Court finds it appropriate to assign identical briefing schedules.

2

### B.  Motion to Relate

Plaintiff seeks to have this action related to Case No. C 08-05682 MMC on the ground that both are patent cases involving the same parties and technology, and would avoid a burdensome duplication of labor and expense. (Motion to Relate at 1.)

Civil Local Rule 3-12(a) provides that an action is related to another when:

(1)  The actions concern substantially the same parties, property, transaction or event; and

(2)  It appears that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Plaintiff contends that the two cases are related because they involve the same parties and "concern semiconductor technology related to integrated circuits, namely, semiconductor devices built on semiconductor substrates." (Motion to Relate at 1.) Although Plaintiff represents that the patents in both cases generally involve the same type of technology, the two cases involve entirely different sets of patents. It does not appear, based on Plaintiff's representation and the Court's independent review of both complaints, that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases conducted before different judges. Thus, the cases are not related within the meaning of Rule 3-12.

Accordingly, the Court DENIES Plaintiff's Motion to Relate.

Dated: January 13, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brett Michael Schuman bschuman@morganlewis.com
Crawford Maclain Wells mwells@irell.com
Daniel Johnson djjohnson@morganlewis.com
Gregg Paris Yates gyates@morganlewis.com
Herman Joseph Freder Hoying hhoying@morganlewis.com
Jason George Sheasby JSheasby@Irell.com
Jonathan Henry Steinberg jsteinberg@irell.com
Michael Eric Molland mmolland@morganlewis.com
Ryan Lindsay Scher rscher@morganlewis.com
Samuel Kai Lu slu@irell.com
Zachariah Bo Summers zsummers@irell.com

**Dated: January 13, 2009**                                    **Richard W. Wieking, Clerk**

**By:      /s/ JW Chambers
          Elizabeth Garcia
          Courtroom Deputy**