**United States District Court**
For the Northern District of California

*E-FILED 2/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NXP SEMICONDUCTORS USA, INC.,

    Plaintiff,

v.

LSI CORPORATION, et al.,

    Defendants.

AGERE SYSTEMS, INC.

    Counterclaimant,

v.

NXP SEMICONDUCTORS USA, INC.,

    Counterclaim-Defendant

NO. C 08-0775 JW (RS)

**ORDER DENYING: (1) PLAINTIFF'S MOTION FOR LEGAL EXPENSES; AND (2) DEFENDANTS' MOTION FOR SANCTIONS**

In this patent litigation, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, plaintiff/counterclaim-defendant NXP Semiconductors USA, Inc. ("NXP") moves for $9,683.16 in legal expenses associated with its motion to compel production of documents from defendants LSI Corporation and Agere Systems, Inc. ("Agere") (collectively "LSI") as well as $9,472.38 in legal expenses associated with bringing the present motion. In turn, LSI moves for sanctions, pursuant to Civil Local Rule 1-4, to require NXP to: (1) meet and confer prior to filing any motion where a meet and confer is required; and (2) certify in any motion filed that the parties met and conferred. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the

1

reasons explained below, both motions will be denied.

On December 24, 2008, NXP filed a motion to compel seeking documents evidencing LSI's ownership of United States Patent No. 5,844,928 ("the '928 patent"). In particular, the motion sought: (1) assignments for the '928 patent from Agere Systems Optoelectronics Corp. ("Agere Opto") to Agere Guardian Corp. ("Agere Guardian") or to Agere; (2) an agreement with TriQuint Semiconductor, Inc. ("the TriQuint agreement"); and (3) an agreement with Emcore Corp. ("the Emcore agreement"). On January 6, 2009, a day before its opposition was due, LSI produced the assignment documents (what it terms the merger documents) as well as the TriQuint and Emcore agreements. The next day LSI filed its non-opposition to NXP's motion to compel. Pointing to LSI's alleged failure to cooperate in discovery in that it produced the relevant documents only after the filing of a motion to compel, NXP seeks expenses incurred in making its motion to compel and its present motion for expenses.

Pursuant to Rule 37(a)(5), when a motion for an order compelling discovery is granted, or if the requested discovery is provided after the motion is filed, a court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5). The court, however, must not order this payment if: (1) the movant filed the motion before making a good faith effort to obtain the discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust. *Id*.

The Court will not award expenses because it does not appear that NXP made a good faith effort to obtain the discovery of the assignments for the '928 patent and the TriQuint and Emcore agreements without court action. NXP initially requested that LSI produce documents evidencing its ownership of the '928 patent on September 19, 2008, and LSI produced merger documents in response on November 5, 2008, reflecting the chain of title from Agere Opto to Agere Guardian to Agere. While the parties dispute whether these documents adequately address the patent ownership issue, and whether the Emcore and TriQuint agreements are relevant to that question, the fact remains that almost two months passed before NXP brought its motion to compel. Indeed, in its non-opposition to the motion to compel, LSI again produced the same merger documents and even

1  sent an email explaining the legal effect of those documents.

2  On December 8, 2008, NXP requested that LSI produce the TriQuint agreement within four
3  days.  LSI agreed to produce the agreement, but informed NXP that because of the approaching
4  holiday season, and in preparation for NXP's motion for partial summary judgment, it could not
5  produce the agreement by December 12, 2008.  At this point, it appears the parties never met and
6  conferred regarding this issue.  Instead, NXP waited twelve additional days and filed their motion to
7  compel.  As noted above, in the end, LSI produced the agreement on January 6, 2009, less than a
8  month after the specific request for the document was made.  Finally, the record reflects that NXP
9  did not identify the Emcore agreement in particular as subject to its requests until its motion to
10 compel.

11 For all three classes of documents, this matter comes before the Court for decision as a result
12 of a manifest failure by the parties to engage in a properly functioning meet and confer process.  The
13 Court cannot and will not attempt to decide which, if either, party bears greater responsibility for
14 that breakdown, as it is apparent that there is blame enough to go around.  Consequently, the parties
15 are directed to engage in further meet and confer efforts to narrow or eliminate any issues prior to
16 the start of motion practice.  In accord with that instruction, each party shall certify in any
17 subsequent motion that the meet and confer process took place.  Accordingly, NXP's motion for
18 legal expenses and LSI's motion for sanctions are both denied.

19 IT IS SO ORDERED.

21 Dated: February 23, 2009

   RICHARD SEEBORG
22 United States Magistrate Judge

28 ORDER DENYING: (1) PLAINTIFF'S MOTION FOR LEGAL EXPENSES; AND (2) DEFENDANTS' MOTION FOR SANCTIONS
C 08-0775 JW (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Brett Michael Schuman     bschuman@morganlewis.com, hhoying@morganlewis.com, lortiz@morganlewis.com, mcwong@morganlewis.com

Crawford Maclain Wells     mwells@irell.com

Daniel Johnson , Jr     djjohnson@morganlewis.com

Gregg Paris Yates     gyates@morganlewis.com

Herman Joseph Freder Hoying     hhoying@morganlewis.com, cholsome@morganlewis.com

Jason George Sheasby , ESQ     JSheasby@Irell.com, ewong@irell.com, mdonovan@irell.com

Jonathan Henry Steinberg     jsteinberg@irell.com, scolvin@irell.com

Michael Eric Molland     mmolland@morganlewis.com, mlowe@morganlewis.com

Ryan Lindsay Scher     rscher@morganlewis.com, lrosenblatt@morganlewis.com, pneely@morganlewis.com

Samuel Kai Lu     slu@irell.com

Zachariah Bo Summers     zsummers@irell.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 2/23/09**                                                    **Richard W. Wieking, Clerk**

                                                                                  **By:        Chambers**

ORDER DENYING: (1) PLAINTIFF'S MOTION FOR LEGAL EXPENSES; AND (2) DEFENDANTS' MOTION FOR SANCTIONS
C 08-0775 JW (RS)

4